

RECEIVED GMM
10/11/2023
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**James Chelmowski**

               Plaintiff,

v.

The United States Environment
Protection Agency ("EPA")

               Defendant.

Case No. 23cv14725

**COMPLAINT FOR DECLARATORY AND
EMERGENCY INJUNCTIVE RELIEF**

23cv14725
Judge Steven C. Seeger
Magistrate Judge Keri L.
Holleb Hotaling
RANDOM

i

# Table of Contents

I.   INTRODUCTION ............................................................................................... 1

EPA's Lack of Respect for the FOIA Process Documented by Federal Courts ....................... 1

EPA Provided Only About 10% of the Located Documents in the 2020 FOIA Response and Not Provide FOIA Exemptions for the other 90% Documents Withheld in Full ..................... 2

EPA Provided Only About 17% of the Located Documents in the 2019 FOIA Response and Not Provide FOIA Exemptions for the other 83% Documents Withheld in Full ..................... 3

U.S. Supreme Court and Congress Main Purpose of the FOIA ................................................. 4

II.   JURISDICTION AND VENUE ...................................................................... 5

III.   PARTIES ........................................................................................................ 5

IV.   STATUTORY BACKGROUND ..................................................................... 6

FOIA ....................................................................................................................................... 6

V.   STATEMENT OF FACTS ............................................................................. 6

A. Chelmowski's October 18, 2018 First-Party FOIA and Privacy Act Request ...................... 6

FOIA and Privacy Act Request ............................................................................................... 6

A1. EPA Processing October 18, 2018 Under the FOIA ........................................................ 7

EPA's May 10, 2019 FOIA Response .................................................................................... 7

A3. Chelmowski's FOIA Appeal ............................................................................................ 8

A4. EPA FOIA Appeal Decision ............................................................................................ 9

A5. Chelmowski Exhausted All Administrative Remedies ..................................................... 9

A6. EPA Never Provided Chelmowski a Privacy Act Response for the First-Party Request as the EPA Did in 2017 .......................................................................................................... 10

B. Chelmowski's June 22, 2020 First- Party Request ............................................................ 12

First-Party Request .............................................................................................................. 12

B1. EPA Processing June 22, 2020 Request Under the FOIA ............................................... 13

EPA's July 30, 2020 FOIA Partial Release Response ......................................................... 13

EPA Never Provide Another Release of Records After the July 30, 2020 Partial Release ... 14

B2. Chelmowski's FOIA Appeal .......................................................................................... 16

B3. EPA FOIA Appeal Decision on Chelmowski's Arguments............................................. 17

B4. EPA Produced No More Records as Ordered by EPA FOIA Appeal Decision.................17

B4. Chelmowski Exhausted All Administrative Remedies .......................................................18

A5. EPA Never Provided Chelmowski a Privacy Act Response for the First-Party Request as the EPA Did in 2017 .....................................................................................................................19

C. Samples of EPA's Illegal Redactions for False FOIA Exemptions .....................................23

D. Chelmowski's Right to Over 250 Documents Loaded in EPA's Review Database Not Produced in in July 30, 2020 Partial Release Without a Lawsuit ............................................27

  EPA Document Reviewing Review Software -Relativity....................................................27

  Number of Documents Located In the October 18, 2018 Request & May 10, 2019 Response ....................................................................................................................................28

  Number of Documents Located In the June 22, 2020 Request & July 30, 2020 Response ..30

E Chelmowski's Rights to These Responsive Records Regarding Himself ...........................31

  Documents Illegally Concealing from the October 18, 2018 Request .................................31

  Documents Illegally Concealing from the June 22, 2020 Request.......................................32

F. EPA's Continues Lack of Respect for the FOIA Process Documented by Federal Courts...32

G.  The EPA Must Be Accountable and Need to Be Against the EPA's On Going Chilling Corruption ...............................................................................................................................33

  Chelmowski's Rights to These Responsive Records Regarding Himself ...........................33

  Chelmowski, the Public, and the Courts Should Know the EPA Corruption Being Illegally Concealed .................................................................................................................................33

H. The EPA Never Provided Chelmowski's Rights to Records the EPA Admitted they Could Locate in 2016 and Now Planning to Destroy these Records in January 2024 .......................35

I. Congress and the US Supreme Court Agree the Government Which Includes the EPA Must Be Heald Accountable Against Their Corruption ...................................................................36

Summary ..................................................................................................................................36

CAUSES OF ACTION ................................................................................................................37

PRAYER FOR RELIEF ..............................................................................................................39

# I.    <u>INTRODUCTION</u>

1.      This is an action against the United States Environmental Protections Agency ("EPA") for violations of the Freedom of Information Act ("FOIA"), 5 USC § 552, and Privacy Act ("PA"), 5 USC § 552a *as amended*. Under the judicial review provisions, the FOIA. PA and the Administrative Procedure Act ("APA"), 5 USC §§ 701–706, pro se Plaintiff James Chelmowski ("Plaintiff" or "Chelmowski") seeks relief and emergency relief in this lawsuit for the Chelmowski's First-Party FOIA, and Privacy Act request submitted to EPA on June 28, 2018, and June 22, 2020.

2.      The statute of limitations expired under the Privacy Act for these requests. Therefore, this lawsuit is only on Chelmowski's rights under the FOIA which has a statute od limitations of six (6) years.

3.      These two (2) requests are for two (2) email searches for EPA Jennifer Hammitt and Tim Crawford who were involved in not providing Chelmowski's rights to records regarding Chelmowski in the EPA's Privacy Act System of Records EPA-9 FOIAonline in 2016 to 2020.

## <u>EPA's Lack of Respect for the FOIA Process Documented by Federal Courts</u>

4.      The EPA will not comply with FOIA statute as documented by Federal Courts including Chelmowski's requests for the EPA's records regarding himself, his requests, and his appeals. The EPA won't even provide Chelmowski's rights to the records regarding himself in the EPA's Privacy Act System of Records.

5.      "<u>Despite prior admonitions from this Court</u> and others, ***EPA continues to demonstrate a lack of respect for the FOIA process***.... The Court is left wonder whether EPA has learned from its mistakes or if it will merely continue to address FOIA requests

1

in the clumsy manner that has seemingly become its custom. **Given the <u>offensively</u>**

**<u>unapologetic nature of EPA's recent withdrawal notice, the Court is not optimistic that the</u>**

**<u>agency has learned anything</u>**." *Landmark Legal v. EPA*, 82 F.Supp.3d 211 (2015) (Judge Royce

Lamberth) (emphasis added).

## <u>EPA Provided Only About 10% of the Located Documents in the 2020 FOIA Response and Not Provide FOIA Exemptions for the other 90% Documents Withheld in Full</u>

6.      The EPA would only provide one partial response on July 30, 2020, accounting

for only 30 documents for Chelmowski's rights to Tim Crawford's emails related to

Chelmowski's and the EPA denying Chelmowski's rights to EPA's records in the Privacy Act

System of Records EPA-9.

7.      The EPA located at least 295 documents based on the EPA's Relativity review

document stamp on the bottom of pages of the only 30 document pages produced. The EPA was

illegally withholding over 260 documents without identifying these documents or providing

FOIA exemptions for withholding these documents in full. See the following snapshot from the

bottom of document number 295 in EPA's Relativity review database "ED_004848".

ED_004848_00000295-00001

8.      The EPA will not provide Chelmowski's rights to the documents already located

at least 295 documents, there could be documents with document numbers greater than 295. The

document illegally concealed including but not limited to documents with numbers 1-54, 56-58,

59-60, 65-95, 96, 98, 101-102, 104-108,110-116, 118-123, 125-140, 142-143, 146, 149-159,

161-163, 166-168, 170-200, 203-225, 227-235, 237-251, 253-260, 262-268, 270-271, 274-276,

278-279, 281, and 284-293. See Exhibit 10 for the documents produced which was only about

10% of the documents located.

2

9.      The EPA will not provide Chelmowski's rights to over about 90% of documents located in 2020 Tim Crawford's communications with the facts regarding Chelmowski's rights to the EPA records regarding himself from his Privacy Act requests, FOIA requests, and US District Court subpoena.

10.     Chelmowski has the right to these over 260 documents located and withheld in full regarding the facts on why the EPA refused to comply with rights from 2016 to 2020. The EPA cannot just carefully hand pick about 10% of documents located and illegally concealed 90% in full without identifying these documents and providing the FOIA exemptions for legally withholding these documents.

## EPA Provided Only About 17% of the Located Documents in the 2019 FOIA Response and Not Provide FOIA Exemptions for the other 83% Documents Withheld in Full

11.     The EPA would only provide one partial response on May 10, 2019, accounting for only 30 documents for Chelmowski's rights to Jennifer Hammitt communications related to Chelmowski's including but not limited to the EPA denying Chelmowski's rights to EPA's records in the Privacy Act System of Records EPA-9.

12.     The EPA located at least 147 documents based on the EPA's Relativity review document stamp on the bottom of pages of the only 26 documents produced. The EPA was illegally withholding over 125 documents without identifying these documents. See the following snapshot from the bottom of document number 147 in the EPA's Relativity review database "ED_002298".

EPA-HQ-2019-000357                                    ED_002298_00000147-00001

13.     The EPA will not provide Chelmowski's rights to the documents already located at least 147 documents, there could be documents with document numbers greater than 147. The

documents illegally concealed including but not limited to documents with numbers 4-95,97-101, 104-109, 111,112, 114-115, 122-138, and 146. See Exhibit 9 for the documents located for the documents produced which was only about 17% of the documents located..

14.     The EPA will not provide Chelmowski's rights to over about 85% of documents located in 2019 Jennifer Hammitt's communications with the facts regarding Chelmowski's rights to the EPA records regarding himself from his Privacy Act requests, FOIA requests, and US District Court subpoena.

15.     Chelmowski has the right to these over 125 documents located and withheld in full regarding the facts on why the EPA refused to comply with rights from 2016 to 2019. The EPA cannot just carefully hand pick about 15% of documents located and illegally concealed 85% in full without identifying these documents and providing the FOIA exemptions for legally withholding these documents.

## U.S. Supreme Court and Congress Main Purpose of the FOIA

16.     EPA illegally withholding chilling facts of the EPA's corruption in the over 380 documents of the facts on why the EPA will no provide Chelmowski right to the EPA documents regarding himself by his rights to obtain these documents by the FOIA, the Privacy Act, and US District subpoena.

17.     The EPA cannot keep concealed the EPA's documents regarding Chelmowski even if facts contained in these EPA's emails prove the EPA's decision to use Fraud to the Court, illegal concealment, corruption, malfeasance and/or nefarious actions.

18.     Congress enacted FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (citation omitted). "**The basic purpose of FOIA is to**

**ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed**." *John Doe Agency v. John Doe Corp*., 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989) (citation omitted). The statute thus provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ... **shall make the records promptly available to any person**." 5 U.S.C. § 552(a)(3)(A). **Consistent with this mandate, federal courts have jurisdiction to order the production of records that an agency improperly withholds**. See id. § 552(a)(4)(B); *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 754–55, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). (with emphasis added)

## II.   <u>JURISDICTION AND VENUE</u>

19.     This Court has jurisdiction pursuant to 5 U.S.C. §552a(g)(3)(A) (Privacy Act),  5 U.S.C. § 552(a)(4)(B) (FOIA), 28 U.S.C. §§ 1331 (federal question), 1346 (the United States as defendant), 2201 (declaratory judgment), and 2202 (further relief).

20.     The venue is properly vested in this Court under 5 U.S.C. § 552(a)(4)(B), 5 USC § 552a(g)(3)(A), and under 28 U.S.C. § 1391(e) because the United States is a defendant and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## III.   <u>PARTIES</u>

21.     Plaintiff JAMES CHELMOWSKI is a United States citizen who resides in Cook County in the state of Illinois.

22.     Defendant UNITED STATES ENIVORMENTIAL PROTECTION AGENCY ("EPA") is an agency of the executive branch of the United States government subject to the

FOIA, under 5 USC § 552(f); subject to the PA, under 5 USC § 552a; and subject to the judicial review provisions of the APA, 5 USC §§ 701– 702. EPA  is in possession or control of federal records requested and sought by Chelmowski.

# IV.   STATUTORY BACKGROUND

## FOIA

23.     FOIA states that any person has a right – enforceable in Court – of access to federal agencies' records, except to the extent that such records (or portions thereof) are protected from disclosure by one of the nine exemptions and three exclusions. See FOIA law 5 U.S.C. § 552.

24.     **[W]ithin 20 working days (or 30 working days** in "unusual circumstances"), **an agency must process a FOIA request and make a "determination."** At that point, the agency may still need some additional time to physically redact, duplicate, or assemble for production the documents that it has already gathered and decided to produce. FOIA requires that the agency make the **records "promptly available," which depending on the circumstances typically would mean within days or a few weeks of a "determination," not months or years**. 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i). *CREW* 711 F.3d 180, 189 (2013). (emphasis added).

# V.   STATEMENT OF FACTS

## A. Chelmowski's October 18, 2018 First-Party FOIA and Privacy Act Request

### FOIA and Privacy Act Request

25.     On October 18, 2018, Chelmowski submitted a First-Party FOIA and Privacy Act request.  This October 18, 2018 request was assigned control number EPA-HQ-2019-000357 under the FOIA. The request is in Exhibit 1 :

> FOIA/Privacy Act Request Description:  Copy of all EPA's Jennifer Hammitt's internal and external communications including but not limited to emails, attachments, letters,

memos, phone conversation notes and meeting notes for records related to this FOIA/Privacy Act requester and his name "Chelmowski" from January 1, 2015 to October 11, 2018.

Of course, the Search must include all likely files, systems, and places that may contain responsive records including but not limited to using the EPA's eDiscovery in Microsoft Office 365 centralized search pursuant to EPA's FOIA procedures published in September of 2017.

EPA and FCC identified and documented as fact some of the Jennifer Hammitt's communications with numerous EPA staff and the FCC staff.

## A1. EPA Processing October 18, 2018 Under the FOIA

### EPA's May 10, 2019 FOIA Response

26.    On May 10, 2019, EPA Wendy Blake provided the FOIA response only stated

the EPA completed a search only identified 39 of the records located not identified what

locations were searched the total records located. See Exhibit 2 and the following statements.

> This letter is in reference to your Freedom of Information Act (FOIA) request received by the U.S. Environmental Protection Agency (EPA or Agency) on October 11 , 2018. In your request, you asked for copies of former Office of General Counsel attorney Jennifer Hammitt's internal and external communications related to you and dated from January l, 2015 to October 11, 2018.

> The Office of General Counsel has concluded its search for records responsive to your request and is releasing 26 documents in full or in part. Three additional responsive records are being withheld in full under applicable FOIA exemptions. The records or portions of the records being withheld are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(5), the deliberative process privilege and the attorney client privilege, and 5 U.S.C. § 552(b)(6), personal privacy.

27.    The EPA produced only documents with bates stamp for the numbers 1-3, 96,

102, 103, 110, 113, 116-121, 139-142, 145, and 147. See Exhibit 9 for EPA records produced.

28.    EPA provide a partial Index of only three (3) Withheld documents with the

document numbers of 114, 115, and 136. EPA did not provide for the other about 123 documents

withheld with bates stamp for the numbers 4-95, 97-101, 104-109, 111, 112, 114-115, 122-138,

and 146. See the following snapshot of the EPA  produced Index of only 3 of the about 126

documents withheld in full.

7

Index of Documents Withheld in Full (EPA-HQ-2019-000357)

| Document No. | Document Type | Date | Sent to | Sent from | Subject | FOIA exemption |
|---|---|---|---|---|---|---|
| 00000114 | Email | 9/27/17 | Hammitt, Jennifer | Buchsbaum, Seth | RE: Request for quick research help by COB Wednesday – NRDC v. EPA | Ex. 5: deliberative process & attorney-client privileges |
| 00000115 | Legal memorandum | 9/26/17 | n/a | n/a | n/a | Ex. 5: deliberative process & attorney-client privileges |
| 00000136 | Email | 9/27/17 | Rogers, Joshua (USADC) | Hammitt, Jennifer | Case Law on Voluntary Withdrawal (NRDC v. EPA) | Ex. 5: deliberative process & attorney-client privileges |

29.     The EPA appeared to cherry pick only certain documents located to produce and exclude about 83% of the documents that must provide facts on the EPA's corruption, malfeasance, etc.

## A3. Chelmowski's FOIA Appeal

30.     On July 31, 2019, Chelmowski filed a six (6) page FOIA Appeal. See Exhibit 3. The EPA provides this July 31, 2019 FOIA Appeal control number EPA-HQ-2019-0007750 with the following arguments.

**Argument 1 - Inadequate Search and/or Responsive Records being Wrongfully/Improperly Withheld.**

**Argument 2 - Improper Redacting Responsive Records being Wrongfully/Improperly withheld FOIA Exemptions for a FOIA and PA request which Requires both FOIA and PA Exemptions to Withhold any Records or any Redacting**

**Argument 3 - Improper Redacting Responsive Records being Wrongfully/Improperly Withheld Exemptions**

## A4. EPA FOIA Appeal Decision

31.     On September 12, 2019, EPA Elise Packard affirmed on Appeal the EPA FOIA

Partial Grant/Partial Denial in a four (4) page FOIA Appeal Decision. See Exhibit 4.

32.     EPA confirmed Chelmowski met all requirements for judicial review including

the following paragraph.

> This letter constitutes EPA's final determination on this matter. Pursuant to 5 U.S.C. § 552(a)(4)(B), you may obtain judicial review of this determination by filing a complaint in the United States District Court for the district in which you reside or have your principal place of business, or the district in which the records are situated, or in the District of Columbia.  Additionally, as part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) within the National Archives and Records Administration was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, Room 2510, 8610 Adelphi Road, College Park, MD, 20740-6001; e-mail, ogis@nara.gov; telephone, 202-741-5770 or 1-877-684-6448; and fax, 202-741-5769.
>
> Sincerely,
>
> Elise Packard
> Deputy General Counsel for Operations
> Environmental Protection Agency

## A5. Chelmowski Exhausted All Administrative Remedies

33.     Chelmowski exhausted all FOIA administrative remedies when EPA provided

the September 12, 2019 FOIA Appeal decision.

34.     The EPA produced only documents with bates stamp for the numbers 1-3, 96,

102, 103, 110, 113, 116-121, 139-142, 145, and 147. See Exhibit 9 for EPA records produced.

35.     The EPA will not provide Chelmowski's rights to the documents already located

at least 147 documents, there could be documents with document numbers greater 147. The

document numbers being illegally concealed including but not limited to document numbers 4-

95, 97-101, 104-109, 111, 112, 114-115, 122-138, and 146.

## A6. EPA Never Provided Chelmowski a Privacy Act Response for the First-Party Request as the EPA Did in 2017

36.     The FCC never provided any Privacy Act Request as the EPA did for only one of

Chelmowski's 2017 First-Party request under the Privacy Act. See the following 2017 Privacy

Act for Control Sheet and Response Letter.

**PRIVACY ACT REQUEST CONTROL SHEET**

| Tracking Number: | Requester: | Date of Request: 05/02/17 |
|---|---|---|
| PA-0001-2017 A | Chelmowski | Date Received: 03/20/17 |
| Program Office: | Subject: | Due Date: 08/04/17 |
| OA | All records about requester | |
| Comments: | | |
| Seeking records related to requester from Correspondence Management System (EPA-22). | | |



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C.  20460

October 20, 2017

OFFICE OF THE
EXECUTIVE SECRETARIAT

Mr. James Chelmowski
6650 North Northwest Highway #300
Chicago, Illinois  60631

Dear Mr. Chelmowski:

This letter responds to the Privacy Act request submitted by you and received by the U.S. Environmental Protection Agency on May 2, 2017, and assigned tracking number PA-0001-2017. The request seeks records about you contained in two Federal Information Systems that are Privacy Act Systems of Records and other EPA databases and email systems. This letter responds to the portion of your request concerning the Correspondence Management System, EPA-22.

The U.S. Environmental Protection Agency conducted a search of the Correspondence Management System and located no records responsive to your request.

If you have any concerns with this response you may appeal to the EPA Privacy Officer at:

Records, FOIA and Privacy Branch
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW (2822T)
Washington, D.C.  20460

Please note that only correspondence mailed through the United States Postal Service can be delivered to the address above. If you want to deliver your appeal in person, via courier service or via an overnight delivery service, you must address your correspondence to 1301 Constitution Avenue, NW, Room 6416J, Washington, D.C. 20001.

Your appeal must be submitted no later than 30 calendar days from the date of this letter and should include the request number listed above. The agency will not consider appeals received after the 30 calendar-day limit. For the quickest possible handling, the appeal letter and its envelope should be marked "Privacy Act Appeal."

Sincerely,

Brian T. Hope
AO Privacy Liaison Official

Internet Address (URL) • http://www.epa.gov
Recycled/Recyclable •Printed with Vegetable Oil Based Inks on Recycled Paper (Minimum 50% Postconsumer content)

37.     This was the only EPA Privacy Act request response letter for his first-party

FOIA And Privacy Act requests filed with the EPA between 2017 to 2020.

## B. Chelmowski's June 22, 2020 First- Party Request

### First-Party Request

38.     On June 22, 2020, Chelmowski submitted the First-Party Request. See Exhibit 5

for the First-Party Request and the following.

> This is being filed under both FOIA 5 USC 552 and Privacy Act for records related to the
> Requester. The request is for all Tim Crawford's communications related to the FOIA
> and Privacy Act request James Chelmowski, EPA used derivatives of his name and all
> EPA identifiers including all his privacy act requests (filed as Privacy act requests alone
> or as both FOIA and Privacy Act like this request) of  from April 2016 to later of this
> FOIA and Privacy Act Request or the date of the FOIA and Privacy Act Search.
>
> FACTS:
>
> The EPA identified the Tim Crawford responsible for EPA-9 the entire FOIAonline. See
> Federal Registry 81 FR 81096
>
> **Summary of EPA Privacy Act System of Records EPA-9**:
> The FOIA Request and Appeal File system of records is being amended to include all
> information and data elements that are being collected by the Environmental Protection
> Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and
> responses. This information is being removed from the Federal Docket Management
> System (FDMS) system of records and being added to the FOIA Request and Appeal File
> (EPA-9) system of records.
>
> SYSTEM MANAGER(S):
> Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information,
> …
>
> The EPA has identified requirements of the electronically documenting all
> communications including text messages. The EPA stated as fact provided copies of all
> their FOIA and Privacy Act policies and procedures through past FOIA requests.
>
> Microsoft states this eDiscovery content search should take seconds or many be a few
> minutes, see Microsoft webpage https://docs.microsoft.com/en-us/microsoft-
> 365/compliance/content-search?view=o365-worldwide and below snippet:

**Content search limits**

- For a description of the limits that are applied to the Content Search feature, see Limits for Content Search.

- Microsoft collects performance information for Content Searches run by all organizations. While the complexity of the search query can impact search times, the biggest factor that affects how long searches take is the number of mailboxes searched. Although Microsoft doesn't provide a Service Level Agreement for search times, the following table lists average search times for a Content Search based on the number of mailboxes included in the search.

| Number of mailboxes | Average search time |
| --- | --- |
| 100 | 30 seconds |
| 1,000 | 45 seconds |
| 10,000 | 4 minutes |
| 25,000 | 10 minutes |
| 50,000 | 20 minutes |
| 100,000 | 25 minutes |

## B1. EPA Processing June 22, 2020 Request Under the FOIA

### EPA's July 30, 2020 FOIA Partial Release Response

39.    On July 30, 2020, EPA Shannon Perkins provided a Partial Grant / Partial Denial

response which states this is **a partial release and this letter concludes our response**. See

Exhibit 6 which includes the following paragraphs with emphasis added.

> This letter is in reference to your Freedom of Information Act (FOIA) request received by the U.S. Environmental Protection Agency on 6/22/2020 in which you requested records regarding Tim Crawford's communications related to the FOIA and Privacy Act requester James Chelmowski, EPA used derivatives of his name and all EPA identifiers including all his privacy act requests from April 2016 and forward.

> The Office of Mission Support (OMS) has reviewed your request and **is providing a partial release.** **Thirty (30) records are being released in full, while eight (8) records are being withheld in part under Exemptions 5 and 6 of the FOIA**. 5 U.S.C. § 7114(b)(5) and § 552 (b)(6). Information is being withheld in part under Exemption 5's Deliberative Process Privilege because it consists of internal, pre-decisional deliberations that would harm agency decision-making processes if released. Information is also being withheld in part pursuant to Exemption 6 because it consists of information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy.

> **You can access the records via FOIAonline.**

> This letter concludes our response to your request. You may appeal this determination by email at hq.foia@epa.gov, or by mail to the EPA's National FOIA Office, U.S. EPA, 1200 Pennsylvania

13

Avenue, N.W. (2310A), Washington, DC 20460 or through FOIAonline if you are an account holder.

40.     Why would EPA only provide a partial release of only 30 records and never provide another release? Chelmowski has the right to all these documents no matter what the facts in these documents will prove.

41.     The EPA produced only documents with bates stamp for the numbers 55, 58, 61-64, 95, 97, 99-100, 103, 109, 117, 124, 141, 144-145, 147-148, 160, 164, 165, 169, 201, 202, 226, 236, 252, 261, 269, 272, 273, 277, 280, 282, 283, 294, and 295. See Exhibit 10 for EPA records produced.

42.     The EPA would not produce the documents with bates stamp for the numbers 1-54, 56-58, 59-60, 65-95, 96, 98, 101-102, 104-108,110-116, 118-123, 125-140, 142-143, 146, 149-159, 161-163, 166-168, 170-200, 203-225, 227-235, 237-251, 253-260, 262-268, 270-271, 274-276, 278-279, 281, and 284-293.

43.     The EPA appeared to cherry pick only certain documents located to produce and exclude about 90% of the documents that must provide facts on the EPA's corruption, malfeasance, etc.

**EPA Never Provide Another Release of Records After the July 30, 2020 Partial Release**

44.     The EPA never provided another FOIA response or release of responsive records not included in this partial FOIA release of only 30 documents of the at least 295 documents located.

45.     Chelmowski will provide facts in the following section of Statement of Facts on the EPA's software Relativity used to have the search results in database for EPA's staff to review of records and redact exempt portions of these documents.

14

46.    See FOIAonline snapshot of released records with date released and Relativity document numbers with the largest Relativity document number of 295.





47.     The EPA will not provide Chelmowski's rights to the documents already located

at least 295 documents, there could be documents with document numbers greater than 295. The

document numbers being illegally concealed including but not limited to document numbers 1-

54, 56-58, 59-60, 65-95, 96, 98, 101-102, 104-108,110-116, 118-123, 125-140, 142-143, 146,

149-159, 161-163, 166-168, 170-200, 203-225, 227-235, 237-251, 253-260, 262-268, 270-271,

274-276, 278-279, 281, and 284-293.

## B2. Chelmowski's FOIA Appeal

48.     On August 17. 2020, Chelmowski filed an FOIA Appeal with three (3)

arguments. See Exhibit 7 and the following argument titles.

Argument 1 - Inadequate Search and/or Responsive Records being
Wrongfully/Improperly Withheld.

Argument 2 - Improper Redacting Responsive Records being Wrongfully/Improperly
Withheld FOIA Exemptions for a FOIA and PA request which Requires both FOIA and
PA Exemptions to Withhold any Records or any Redacting.

Argument 3 - Improper Redacting Responsive Records being Wrongfully/Improperly Withheld Exemptions

## B3. EPA FOIA Appeal Decision on Chelmowski's Arguments

49.     On September 25, 2020, Kevin Miller provided the EPA FOIA Appeal Decision of Partially Affirmed and Partial Reversed/Remanded on appeal. See Exhibit 8.

## B4. EPA Produced No More Records as Ordered by EPA FOIA Appeal Decision

50.     EPA Kevin Miller's September 25, 2020 Appeal decision Partially Affirmed and Partial Reversed/Remanded on Appeal. The EPA provide no additional records in over three (3) years.

51.     The EPA never produced any additional records or required timeline of production of the non-produced FOIA responsive records within 10 business days of EPA Kevin Miller's September 25, 2020 FOIA Decision to Partial Deny and Partial Reverse/Remand. On September 25, 2020 Kevin Miller stated, "OMS staff will produce the withheld information within the next 10 business days or provide you a timeline for completion."  The deadline was on or about October 5, 2020.

52.     EPA confirmed Chelmowski met all requirements for judicial review including the following paragraph.

17

This letter constitutes EPA's final determination on this matter. Pursuant to 5 U.S.C. § 552(a)(4)(B), you may obtain judicial review of this determination by filing a complaint in the United States District Court for the district in which you reside or have your principal place of business, or the district in which the records are situated, or in the District of Columbia. Additionally, as part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) within the National Archives and Records Administration was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, Room 2510, 8610 Adelphi Road, College Park, MD, 20740-6001; e-mail, ogis@nara.gov; telephone, 202-741-5770 or 1-877-684-6448; and fax, 202-741-5769.

Sincerely,

KEVIN MILLER
Digitally signed by KEVIN MILLER
Date: 2020.09.25 16:36:12 -04'00'

Kevin M. Miller
Assistant General Counsel
General Law Office

## B4. Chelmowski Exhausted All Administrative Remedies

53.     Chelmowski exhausted administrative remedies on September 25, 2020 with EPA's FOIA Appeal decision. See Exhibit 8.

54.     The EPA produced only documents with bates stamp for the numbers 55, 58, 61-64, 95, 97, 99-100, 103, 109, 117, 124, 141, 144-145, 147-148, 160, 164, 165, 169, 201, 202, 226, 236, 252, 261, 269, 272, 273, 277, 280, 282, 283, 294, and 295. See Exhibit 10 for EPA records produced.

55.     The EPA will not produce the approximate 258 withheld records after EPA's decision Partially Affirmed and Partial Reversed/Remanded on Appeal. Chelmowski has the right to all responsive including but not limited to document numbers 1-54, 56-58, 59, 60, 65-95, 96, 98, 101, 102, 104-108, 110-116, 118-123, 125-140, 142, 143, 146, 149-159, 161-163, 166-168, 170-200, 203-225, 227-235, 237-251, 253-260, 262-268, 270, 271, 274-276, 278, 279, 281, and 284-293.

## A5. EPA Never Provided Chelmowski a Privacy Act Response for the First-Party Request as the EPA Did in 2017

56.     The FCC never provided any Privacy Act Request as the EPA did for only one of Chelmowski's 2017 First-Party requests under the Privacy Act.

57.     EPA complied with Chelmowski's rights to a Privacy Act response for the Privacy Act response for EPA-22 Correspondence Management System EPA-22 in 2017 with a Privacy Act Response letter. See the EPA Privacy Act Request Control Sheet.

**PRIVACY ACT REQUEST CONTROL SHEET**

| Tracking Number: | Requester: | Date of Request: 05/02/17 |
|---|---|---|
| PA-0001-2017 A | Chelmowski | Date Received: 03/20/17 |
| Program Office: | Subject: | Due Date: 08/04/17 |
| OA | All records about requester | |
| Comments: | | |
| Seeking records related to requester from Correspondence Management System (EPA-22). | | |

58.     Tim Crawford System Manager for EPA-9 FOIAonline never provided his mandatory Privacy Act response letter for Privacy Act System of Records EPA-9 FOIAonline in 2017 or 2018. See the following Privacy Act Control Number PA-0001-2017.

**PRIVACY ACT REQUEST CONTROL SHEET**

| Tracking Number: | Requester: | Date of Request: 05/02/17 |
|---|---|---|
| PA-0001-2017 | Chelmoski | Date Received: 03/20/17 |
| Program Office: | Subject: | Due Date: 07/19/17 |
| OEI | All records about requester | |
| Comments: | | |
| Seeking records related to requester from FOIAonline (EPA-9) and FDMS (EPA-Govt-2). | | |

59.     Tim Crawford System Manager for FOIAonline EPA-9 never complied with his

mandatory duties in 2017 on providing at least a Privacy Act response letter.

60.     See the EPA's Privacy Act regulations 40 C.F.R. § 16.6 with emphasis added.

40 CFR § 16.6 Initial decision on request for access to, or correction or amendment of,
records

(a) **Within 10 working days of receipt of a request, the Agency Privacy Act
Officer <u>will send a letter</u> to the requester acknowledging receipt** of the request and
promptly forward it to the manager of the system of records where the requested
record is located with instructions to:

**1)** Make a determination whether to permit access to the record, or to make the
requested correction or amendment;

**(2)** Inform the requester of that determination and, if the determination is to deny
access to the record, or to not correct or amend it, the reason for that decision and
the procedures for appeal.

(b)<u> **If the system manager** is unable to decide whether to grant a request of access to,
or amendment or correction of a record within 20 working days</u> of the Agency's
receipt of the request, <u>he or she will inform the requester reasons for the delay, and an
estimate of when a decision will be made.</u>

61.     Brian Hope System Manager for Correspondence Manager System EPA-22

complied with his mandatory duties in 2017 in provided a Privacy Act response letter.



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C.  20460

October 20, 2017

OFFICE OF THE
EXECUTIVE SECRETARIAT

Mr. James Chelmowski
6650 North Northwest Highway #300
Chicago, Illinois  60631

Dear Mr. Chelmowski:

      This letter responds to the Privacy Act request submitted by you and received by the U.S. Environmental Protection Agency on May 2, 2017, and assigned tracking number PA-0001-2017. The request seeks records about you contained in two Federal Information Systems that are Privacy Act Systems of Records and other EPA databases and email systems. This letter responds to the portion of your request concerning the Correspondence Management System, EPA-22.

      The U.S. Environmental Protection Agency conducted a search of the Correspondence Management System and located no records responsive to your request.

      If you have any concerns with this response you may appeal to the EPA Privacy Officer at:

Records, FOIA and Privacy Branch
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW (2822T)
Washington, D.C.  20460

      Please note that only correspondence mailed through the United States Postal Service can be delivered to the address above. If you want to deliver your appeal in person, via courier service or via an overnight delivery service, you must address your correspondence to 1301 Constitution Avenue, NW, Room 6416J, Washington, D.C. 20001.

      Your appeal must be submitted no later than 30 calendar days from the date of this letter and should include the request number listed above. The agency will not consider appeals received after the 30 calendar-day limit. For the quickest possible handling, the appeal letter and its envelope should be marked "Privacy Act Appeal."

      Sincerely,

Brian T. Hope
AO Privacy Liaison Official

Internet Address (URL) • http://www.epa.gov
Recycled/Recyclable •Printed with Vegetable Oil Based Inks on Recycled Paper (Minimum 50% Postconsumer content)

62.     On February 9, 2022, Brian Thompson, the new System Manager for

FOIAonline EPA-9 provided a Privacy Act response letter. This was the only Privacy Act

response letter the EPA provided for FOIAonline EPA-9.  See the following snapshot of the

letter.



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C.  20460

February 9, 2022

OFFICE OF MISSION SUPPORT

Mr. James Chelmowski
6650 N Northwest Hwy #300
Chicago, IL 60631

Re: Privacy Request No. PA-2022-0007

Dear Mr. Chelmowski:

This letter is in reference to your Privacy Act request received by the U.S. Environmental Protection Agency (EPA or Agency) on December 22, 2021, in which you requested records relating to:

… all the EPA records regarding the requester James Chelmowski, and all created personal identifiers including but not limited to case number of my FOIA and Privacy Act requests and Appeals in the EPA Privacy Act System of Records EPA-9 created beginning in 2015 to date of Privacy Act search. This request is for everything in Privacy Act System of Records EPA-9 FOIAonline regarding me the Requester including but not limited to all records, all files, all uploaded documents, all communications, all uploaded databases, all entries, all logs, etc.

Chelmowski Privacy Act Request, dated December 22, 2021.

In reviewing your request, EPA notes that the system of records identified by your request contains three categories of records:  A copy of each Freedom of Information Act (FOIA) request received by the EPA and other participating agencies; AND A copy of all correspondence related to the request; AND Communications with requesters, internal FOIA administrative documents (e.g., billing invoices) and responsive records. To the degree any Privacy Act records responsive to your document request may be identified within these categories of records, I have determined that you already have access to them within FOIAonline and/or have already received them in response to your past document requests. Therefore, for the above reasons, your Privacy Act request is denied.

You may appeal this denial by email to EPA's Privacy Act Officer at privacy@epa.gov in accordance with 40 CFR 16.6. Your appeal must identify and restate the initial request, and the appeal letter should include the Privacy Act request tracking number listed above. For quickest possible handling, the subject line of your email, should state "Privacy Act Appeal." Any appeal letter must be received by EPA's Privacy Act Officer no later than 30 calendar days from your receipt of this letter. The Agency will not consider appeals received after the 30-calendar-day limit. Appeals received after 5:00 pm EST will be considered received the next business day.

Sincerely,

Thompson,
BrianK

Digitally signed by Thompson, BrianK
Date: 2022.02.09 09:32:05 -05'00'

Brian Thompson
Director, eDiscovery Division
Office of Mission Support, EPA

63.     See the following System Manager Brian Thompson's description of the contents in FOIAonline EPA-9 System of Records with emphasis added.

> EPA notes that the system of records identified by your request contains three categories of records: A copy of each Freedom of Information Act (FOIA) request received by the EPA **and other participating agencies**; AND A copy of all correspondence related to the request; AND Communications with requesters, internal FOIA administrative documents (e.g., billing invoices) and responsive records.

64.     Chelmowski had the right in 2017 under the Privacy Act (and FOIA) for all the records regarding his FOIA requests and appeals filed in 2015 to 2017 in FOIAonline EPA-9 including the ones in FOIAonline filed with FCC's control numbers.

65.     Chelmowski, the Public, and the Courts have the right to the facts in the over 280 withheld in full must provide the facts on why Tim Crawford refused to even provide a Privacy Act letter in 2017 for Chelmowski's records in FOIAonline EPA-9.

66.     Why did the EPA deny Chelmowski's rights to all the records for his 2015 to 2017 FOIA requests and appeals in the System of Records EPA-9 FOIAonline in this 2017 Privacy Act request? The illegally withheld Tim Crawford's communications from this June 22, 2020 request will provide these facts to Chelmowski, the Public, and the Courts.

## C. Samples of EPA's Illegal Redactions for False FOIA Exemptions

67.     These two requests prove the EPA's illegally using FOIA exemptions to conceal facts the EPA did not want Chelmowski or Courts to know.

68.     The produced the same email involving both Jennifer Hammitt and Tim Crawford on Chelmowski's rights to records and facts in the EPA FOIAonline system used by the FCC in 2016. These records and facts were about Chelmowski's 2015 and 2016 FOIA requests and appeals in the FOIAonline System.

69.     The EPA received a US District Court subpoena for the records the records with material facts regarding Chelmowski's FCC 2015 and 2016 FOIA requests and appeals in the EPA FOIAonline system.

70.     The EPA redacted the following statements of facts in 2019 FOIA response and did not redacted statements in 2020 FOIA response that both the FCC and EPA has access and could provide Chelmowski's rights to the records on his 2015 and 2016 FOIA requests and appeals with the FCC. However, neither would provide Chelmowski's rights. See the following snapshots of the emails in the 2020 unredacted versions and 2019 redacted version.

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 10:32 AM
**To:** Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

I know Jennifer Hammitt, in EPA's OGC was planning to speak with the AUSA today. Jennifer can be reached on 202-564-5097.

Having taken a look at the subpoena, it appears this info can be obtained by the FCC from FOIAonline, without contractor support. I can provide you with any of my insight, if you desire.

If that is not the case and you need contractor support, please contact Tim Crawford on 202-566-1574 or by email.

Thanks

Larry F. Gottesman

From: Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
Sent: Thursday, August 18, 2016 10:32 AM
To: Walter Boswell <Walter.Boswell@fcc.gov>
Cc: Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
Subject: RE: Subpoena

I know Jennifer Hammitt, in EPA's OGC was planning to speak with the AUSA today. Jennifer can be reached on 202-564-5097.

> ## Deliberative Process / Ex. 5

If that is not the case and you need contractor support, please contact Tim Crawford on 202-566-1574 or by email.

Thanks


Larry F. Gottesman

71.    The EPA redacted the following statements of facts in 2019 FOIA response and did not redacted statements in 2020 FOIA response that the FCC wanted the EPA produce these subpoena records only with the coordination of the FCC, the Defendant in the litigation involving the subpoena.  See the following snapshots of the emails in the 2020 unredacted versions and 2019 redacted version.

From: Walter Boswell [mailto:Walter.Boswell@fcc.gov]
Sent: Thursday, August 18, 2016 10:13 AM
To: Gottesman, Larry <Gottesman.Larry@epa.gov>
Cc: Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>
Subject: FW: Subpoena

ED_004848_00000236-00002

HI Larry,

I'm sorry to hear that you've needed to be out of the office for a number of days due to family matters.  I'm hoping you can help us understand what needs to be done to meet the deadline of 5:00 PM today after just having received the subpoena from you this morning, and why the document production shouldn't be done by EPA (via your FOIA Online contractors) in coordination with FCC?  What are you expecting from our agency at this point?  Your assistance would be greatly appreciated.

Thanks,
Walt Boswell

**From:** Walter Boswell [mailto:Walter.Boswell@fcc.gov]
**Sent:** Thursday, August 18, 2016 10:13 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>
**Subject:** FW: Subpoena

EPA-HQ-2019-000357                                                    ED_002298_00000096-00002

HI Larry,

> # Deliberative Process / Ex. 5 & Ex. 6

Thanks,
Walt Boswell

72.     The party of a lawsuit, the FCC, should not be allowed manipulate or obstruct actual material facts from a third party subpoena for a decision to be based on false and intentional misrepresentation. The EPA aided and abetted by the EPA non-compliance to the subpoena and requests under the FOIA and Privacy Act denying Chelmowski's rights so he could not file an appeal with the actual material fact .

73.     The EPA redacted the following statements of facts in 2019 FOIA response and did not redacted statements in 2020 FOIA response that the FCC wanted to know what the EPA would produce responsive to the subpoena and follow up with a phone to discuss on the phone vs in an email subject to Court discovery or a FOIA request.  See the following snapshots of the emails in the 2020 unredacted versions and 2019 redacted version.

From: Vanessa Lamb [mailto:Vanessa.Lamb@fcc.gov]
Sent: Thursday, August 18, 2016 11:00 AM
To: Gottesman, Larry <Gottesman.Larry@epa.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
Cc: Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
Subject: RE: Subpoena

Thanks Larry — Will the print case file produce everything sought in the subpoena?

Vanessa

---

From: Vanessa Lamb [mailto:Vanessa.Lamb@fcc.gov]
Sent: Thursday, August 18, 2016 11:00 AM
To: Gottesman, Larry <Gottesman.Larry@epa.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
Cc: Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
Subject: RE: Subpoena

Thanks Larry —     **Deliberative Process / Ex. 5**

Vanessa

74.    The EPA proved in 2020 the EPA's redactions in 2019 were not legal FOIA

exemptions. The EPA wants to conceal facts of the EPA denying Chelmowski's rights.

## D. Chelmowski's Right to Over 250 Documents Loaded in EPA's Review Database Not Produced in in July 30, 2020 Partial Release Without a Lawsuit

### EPA Document Reviewing Review Software -Relativity

75.    Chelmowski discovered the EPA uses Relativity as the EPA software to

review and redact FOIA responsive records. EPA Software Relativity Numbering is available

on line at

https://help.relativity.com/10.3/Content/Relativity/Production/Production_sets.htm#Document

## Numbering

On the Production Set form, you can define multiple options that control how numbering is applied to images in your production.

Relativity provides the following numbering types for productions:

| Numbering type | Description |
|---|---|
| Page level numbering | Generates a new incremental number (also known as a Bates number) on every page across your production documents. This number is branded on the images in your production. |
| Document level numbering | Generates a new document number for each document, which is branded on the images in your production. |
| Original image numbering | Retains the identifiers originally associated with your images. For example, you may want to retain the Bates or other numbers already assigned to images uploaded to Relativity. Relativity utilizes these values to create the production and attachment numbers. |
| Existing production numbering | Re-uses the Bates numbering fields from a previously-run production set, changes the images of the documents produced, or produces only a subset of documents contained in the existing production. |
| Document field numbering | Uses any fixed-length text field on the Document object for your numbering. Reflective fields are not available for this numbering option. |

76.     The Relativity bates stamp number includes Workspace#_Document #-Page # used by the EPA bates stamp at the bottom right of all EPA's produced documents including the production of documents in these two (2) FOIA request in this lawsuit.

**Number of Documents Located In the October 18, 2018 Request & May 10, 2019 Response**

77.     The EPA has the Relativity stamp with the Workspace#_Document #-Page # on all the pages produced in the May 10, 2019 FOIA response.  These documents are located in the ED_002298 workspace.

78.     The last document produced in the document number 147. See the following snapshot of the first page of document number 147 which is a almost fully redacted email between the EPA and FCC regarding the EPA non-compliance of the District Court subpoena and also the EPA illegally denied Chelmowski's right to the same records from his 2017 FOIA and Privacy Act Request.

Message

| | |
|---|---|
| **From:** | Hammitt, Jennifer [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0993DF4A3FDC4CB5B2EE1F017FB76AF1-HAMMITT, JENNIFER] |
| **Sent:** | 8/18/2016 2:17:09 PM |
| **To:** | Walter Boswell [Walter.Boswell@fcc.gov]; Gottesman, Larry [Gottesman.Larry@epa.gov] |
| **CC:** | Ryan Yates [Ryan.Yates@fcc.gov]; Laurence Schecker [Laurence.Schecker@fcc.gov]; Stephanie Kost [Stephanie.Kost@fcc.gov]; Vanessa Lamb [Vanessa.Lamb@fcc.gov]; Scott Noveck [Scott.Noveck@fcc.gov]; Susan Launer [Susan.Launer@fcc.gov]; Elizabeth Lyle [Elizabeth.Lyle@fcc.gov]; Joanne Wall [Joanne.Wall@fcc.gov]; Miller, Kevin [miller.kevin@epa.gov] |
| **Subject:** | RE: Subpoena |

Hi all – let me step in if I may-

We also received this subpoena here in OGC this morning.

**Deliberative Process / Ex. 5**

# Attorney Client / Ex. 5

Please give me a call with any questions – thanks!

Jennifer Hammitt
Attorney-Advisor, Information Law Practice Group
Office of General Counsel, General Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW, MC-2377A
Washington, DC 20460
(202) 564-5097

---

**From:** Walter Boswell [mailto:Walter.Boswell@fcc.gov]
**Sent:** Thursday, August 18, 2016 10:13 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>
**Subject:** FW: Subpoena

HI Larry,

# Deliberative Process / Ex. 5 & Ex. 6

Thanks,
Walt Boswell

EPA-HQ-2019-000357                                    ED_002298_00000147-00001

79.    The EPA's software stamp proves the FOIA search for EPA-HQ-2019-000357

located at least 147 documents. The EPA has emails with the eDiscovery team and documents

placed in the EPA's FOIAonline with the exact number of documents located which would be 147 or greater.

**Number of Documents Located In the June 22, 2020 Request & July 30, 2020 Response**

80.    The EPA has the Relativity stamp with the Workspace#_Document #-Page # on all the pages produced in the July 30, 2020 FOIA response.  These documents are located in the ED_004848 FOIA-Public-Liaison@fcc.gov. workspace.

81.    The last document produced in the document number 147. See the following snapshot of the first page of document number 295 which is produced in full an internal email with the facts on the EPA processing EPA-HQ-2018-004357.

Message

| | |
|---|---|
| **From:** | Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY] |
| **Sent:** | 3/19/2018 4:47:00 PM |
| **To:** | Gottesman, Larry [Gottesman.Larry@epa.gov] |
| **Subject:** | RE: James Chelmowski EPA-HQ-2018-004357 |

thx

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

**From:** Gottesman, Larry
**Sent:** Monday, March 19, 2018 12:06 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: James Chelmowski EPA-HQ-2018-004357

Ok

**From:** Crawford, Tim
**Sent:** Monday, March 19, 2018 12:02 PM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Schumacher, Wendy <schumacher.wendy.epa.gov>
**Subject:** RE: James Chelmowski EPA-HQ-2018-004357

I'm going to reassign this to Larry to decide how to close.

ED_004848_00000295-00001

82.     The EPA's software stamp proves the FOIA search for EPA-HQ-2020-005329 located at least 295 documents. The EPA has emails with the eDiscovery team and documents placed in the EPA's FOIAonline with the exact number of documents located which would be 295 or greater.

## E Chelmowski's Rights to These Responsive Records Regarding Himself

## Documents Illegally Concealing from the October 18, 2018 Request

83.     The EPA 2020 response proves the EPA withholding records in part for FOIA exemptions are illegal and only withholding records to hide the EPA's corruption. See the following sentences from the EPA 2020 response that were redacted in 2019

Your assistance would be greatly appreciated.

I'm hoping you can help us understand what needs to be done to meet the deadline of 5:00 PM today after just having received the subpoena from you this morning,

and why the document production shouldn't be done by EPA (via your FOIA Online contractors) in coordination with FCC?

What are you expecting from our agency at this point?

Having taken a look at the subpoena, it appears this info can be obtained by the FCC from FOIAonline, without contractor support.

I can provide you with any of my insight, if you desire.

Will the print case file produce everything sought in the subpoena?

84.    The EPA is illegally withholding over 125 documents from the at least 147 documents uploaded in the EPA workspace "ED_002298" for the October 18, 2018 request with last document bates number ED_0002298_0000147-0001. See following bates stamp on the first page of document number 147.

EPA-HQ-2019-000357                                                 ED_002298_00000147-00001

**Documents Illegally Concealing from the June 22, 2020 Request**

85.    The EPA is illegally withholding over 255 documents from the at least 295 documents uploaded in the EPA workspace "ED_004848" for the June 22, 2020 request with last document bates number ED_0004848_0000295-0001. See following bates stamp on the first page of the 295 document.

ED_004848_00000295-00001

## F. EPA's Continues Lack of Respect for the FOIA Process Documented by Federal Courts

86.    The facts on the EPA non-compliance with Chelmowski's rights to the EPA documents regarding himself with the EPA. Only a year before in the 2015 Court ruling by Honorable Judge Royce Lamberth 2015 stated about the EPA, "the Court is not optimistic that the agency has learned anything."

87.     "**Despite prior admonitions from this Court** and others, ***EPA continues to demonstrate a lack of respect for the FOIA process***.... The Court is left wonder whether EPA has learned from its mistakes or if it will merely continue to address FOIA requests in the clumsy manner that has seemingly become its custom. **Given the offensively unapologetic nature of EPA's recent withdrawal notice, the Court is not optimistic that the agency has learned anything**." *Landmark Legal v. EPA*, 82 F.Supp.3d 211 (2015) (Judge Royce Lamberth) (emphasis added).

## G.  The EPA Must Be Accountable and Need to Be Against the EPA's On Going Chilling Corruption

### Chelmowski's Rights to These Responsive Records Regarding Himself

88.     Chelmowski, the Public, and the Courts should know the facts on why the EPA refused to comply with their mandatory duties and denied Chelmowski's rights in 2016 to 2020 for the concealed over 380 documents in these two (2) requests.

89.     This District Court should enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him. In such a case the court shall determine the matter de novo, and may examine the contents of any agency records in camera to determine whether the records or any portion thereof may be withheld under any of the exemptions set forth in subsection (k) of this section, and the burden is on the agency to sustain its action.

### Chelmowski, the Public, and the Courts Should Know the EPA Corruption Being Illegally Concealed

90.     Chelmowski, the Public, and the Courts should know the facts in being illegally concealed from the May 10, 2020 production by illegal redactions of FOIA exemptions. See

exhibit 9.  The must produce the at least 125 documents being completely withheld including but

no limited to document numbers 4-95, 97-101, 104-109, 111, 112, 114-115, 122-138, and 146.

91.      Chelmowski, the Public, and the Courts should know the facts why the EPA

claims statements like the following are FOIA exempt and would be protected in any civil court

discovery.

> "Having taken a look at the subpoena, it appears this info can be obtained by the FCC
> from FOIAonline, without contractor support."
> "What are you expecting from our agency at this point?"

> "why the document production shouldn't be done by EPA (via your FOIA Online
> contractors) in coordination with FCC? "

> "Your assistance would be greatly appreciated."

92.      The EPA and the FCC never provided Chelmowski's rights to these FOIAonline

documents that both the EPA and FCC could produce in 2016. Chelmowski denied his rights to

these FOIAonline records in his 2016 District Court subpoena, 2017 to 2021 FOIA requests,

2017 to 2021 Privacy Act requests, and two (2) federal court litigation which the EPA used false

and intentional misrepresentation in Courts to keep these records concealed.

93.      Chelmowski, the Public, and the Courts should know the facts of being illegally

concealed from the July 30, 2020 production. See exhibit 10. The EPA must produce and the at

least 255 documents being completely withheld including but not limited to with document

numbers 1-54, 56-58, 59-60, 65-95, 96, 98, 101-102, 104-108,110-116, 118-123, 125-140, 142-

143, 146, 149-159, 161-163, 166-168, 170-200, 203-225, 227-235, 237-251, 253-260, 262-268,

270-271, 274-276, 278-279, 281, and 284-293.

## H. The EPA Never Provided Chelmowski's Rights to Records the EPA Admitted they Could Locate in 2016 and Now Planning to Destroy these Records in January 2024

94.     The EPA admitted being able to locate these FOIAonline records in 2016 stating the following email.

From: Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
Sent: Thursday, August 18, 2016 10:32 AM
To: Walter Boswell <Walter.Boswell@fcc.gov>
Cc: Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
Subject: RE: Subpoena

I know Jennifer Hammitt, in EPA's OGC was planning to speak with the AUSA today. Jennifer can be reached on 202-564-5097.

Having taken a look at the subpoena, it appears this info can be obtained by the FCC from FOIAonline, without contractor support. I can provide you with any of my insight, if you desire.

If that is not the case and you need contractor support, please contact Tim Crawford on 202-566-1574 or by email.

Thanks

Larry F. Gottesman

95.     The over 380 documents of Jennifer Hammitt and Tim Crawford communications regarding Chelmowski will provide the facts why the EPA will not provide Chelmowski's rights to these documents in over seven (7) years.

**96.     The EPA is now planning to decommission FOIAonline in January 2024 to conceal and possibly destroy the chilling facts of the Government's corruption in the FOIAonline records that the EPA denied Chelmowski's rights to from 2016 to date.**

97.     The EPA denied his rights to these FOIAonline records in his 2016 and 2017 FOIA and Privacy Act requests.  Chelmowski denied his rights to these FOIAonline records in his *Chelmowski v. EPA et al.* DCC 17cv1394 and *Chelmowski v. EPA* DCC 22cv3178. The EP used false and/or intentional misrepresentation statements in the keep these records and detail of the searches illegally concealed. The EPA even obstructed and denied Chelmowski's rights to

documents that would prove the EPA decision to use false and intentional misrepresentation to Courts.

98.     Chelmowski, the Public, and the Courts should know the chilling facts on why the EPA denied Chelmowski's rights to these documents the EPA admitted they could locate in 2016. These 380 documents being illegally concealed will provide some these chilling facts on the EPA's corruption, malfeasance, etc.

## I. Congress and the US Supreme Court Agree the Government Which Includes the EPA Must Be Heald Accountable Against Their Corruption

99.     "**The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, <u>needed to check against corruption and to hold the governors accountable to the governed</u>**." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S.Ct. 471, 107 L.Ed.2d 462 (1989) (with emphasis added).

100.     Congress enacted. FOIA "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose,* 425 U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976) (citation omitted). "**The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed.**" *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152, 110 S. Ct. 471, 107 L.Ed.2d 462 (1989) (citation omitted).

## Summary

101.     Chelmowski has the right to all Jennifer Hammitt and Tim Crawford communications regarding himself, his FOIA requests, his Privacy Act requests, US District subpoena, etc.

102.     The facts in the over 380 illegally concealed documents of Jennifer Hammitt and Tim Crawford communications in this lawsuit will provide the reasons why the EPA denied Chelmowski's rights to the records in FOIAonline from 2016 to date.

103.     Chelmowski, the Public, and the Courts should and have the right to know why the EPA would not provide Chelmowski's rights to the EPA records regarding himself and records located in the EPA's FOIAonline EPA-9 System of Records.

104.     According to the EPA, the FOIAonline system is in the process of being decommissioned.  Public access to the system will be terminated on September 30, 2023. In early January 2024, the FOIAonline system is scheduled to be fully decommissioned.

105.     Chelmowski needs emergency relief before the EPA potentially destroys the records in the FOIAonline system that Chelmowski should have received from his 2016 subpoena and his 2017 FOIA and Privacy Act requests.


## CAUSES OF ACTION

### CLAIM 1

VIOLATIONS OF THE FREEDOM OF INFORMATION ACT

IN RESPONDING TO CHELMOWSKI'S OCTOBER 18, 2018 FOIA/PA REQUEST:
ILLEGAL CONCEALING FOIA RESPONSIVE RECORDS IN FULL& IN PART

1.    Chelmowski hereby incorporates by reference the allegations in the preceding paragraphs.

2.    Chelmowski has a statutory right to have the EPA process its FOIA request in a manner that complies with the FOIA. The EPA violated Chelmowski's rights in this regard when EPA unlawfully concealed responsive records in full and in part to Chelmowski's October 18, 2018 FOIA request.

3.     The EPA violated and is violating the FOIA by failing to make the records subject to

       Chelmowski's FOIA request promptly available to Chelmowski.

4.     Each and every allegation in this claim is a separate violation of the FOIA for which this

       Court can provide relief to Chelmowski under the FOIA.

5.     The EPA's violations of the FOIA with respect to its response to Chelmowski's October 18,

       2018 FOIA/PA request entitle Chelmowski to an award of reasonable attorneys' fees and

       other litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

<u>CLAIM 2</u>

FREEDOM OF INFORMATION ACT

IN RESPONDING TO CHELMOWSKI'S JUNE 22, 200 FOIA/PA REQUEST:
CONCEALING FOIA RESPONSIVE RECORDS

1.     Chelmowski hereby incorporates by reference the allegations in the preceding paragraphs.

2.     Chelmowski has a statutory right to have the EPA process its FOIA request in a manner that

       complies with the FOIA. The EPA violated Chelmowski's rights in this regard when EPA

       unlawfully concealed responsive records to Chelmowski's June 22, 2020 First-Party request.

3.     The EPA violated and is violating the FOIA by failing to make the records subject to

       Chelmowski's FOIA request promptly available to Chelmowski.

4.     Each and every allegation in this claim is a separate violation of the FOIA for which this Court

       can provide relief to Chelmowski under the FOIA.

5.     The EPA's violations of the FOIA with respect to its response to Chelmowski's June 22, 2020

       first-party request entitle Chelmowski to an award of reasonable attorneys' fees and other

       litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

# **PRAYER FOR RELIEF**

WHEREFORE, James Chelmowski respectfully requests that the Court:

A.      Adjudge and declare that EPA has violated the FOIA for the reasons set forth above.

B.      Order Emergency Relief to comply immediately with the FOIA by providing Chelmowski with the required determinations and all non-exempt records subject to Chelmowski's October 18, 2018 FOIA and Privacy Act request, and June 22, 2020 First-Party Privacy Act request.

C.      Order EPA to comply immediately with the FOIA by providing Chelmowski with the required determinations and all non-exempt records subject to Chelmowski's October 18, 2018, FOIA and Privacy Act request, including all illegal redacted documents and the production the withheld responsive records including but not limited to documents with document numbers 1-3, 96, 102, 103, 110, 113, 116-121, 139-142, 145, and 147.

D.      Order EPA to comply immediately with the FOIA by providing Chelmowski with the required determinations and all non-exempt records subject to Chelmowski's June 22, 2020, FOIA and Privacy Act request, including all illegal redacted documents and the production the withheld responsive records including but not limited to documents with document numbers 1-54, 56-58, 59-60, 65-95, 96, 98, 101-102, 104-108,110-116, 118-123, 125-140, 142-143, 146, 149-159, 161-163, 166-168, 170-200, 203-225, 227-235, 237-251, 253-260, 262-268, 270-271, 274-276, 278-279, 281, and 284-293.

E.      Declare that Chelmowski is the prevailing party and/or substantially prevailing party in this matter; that the position of the government in this action was not substantially

justified; and that there are no special circumstances that make an award of costs, damages, and reasonable attorneys' fees to Chelmowski unjust.

      F.      Award Chelmowski its damages, reasonable attorneys' fees, litigation costs, and damages pursuant to 5 U.S.C. § 552(a)(4)(E) and/or 5 U.S.C. § 552a(g)(4)(B) and/or award Chelmowski its reasonable fees, expenses, costs, and disbursements, including attorneys' fees associated with this litigation, under the Equal Access to Justice Act, 28 U.S.C. § 2412.

      G.      Grant James Chelmowski such additional relief as the Court may deem just and proper.

DATED this 9th day of October 2023.

Respectfully submitted,

/s/ James Chelmowski

James Chelmowski

Pro Se Plaintiff

705 W Central Rd
Mt Prospect, IL 60056

40

# EXHIBIT 1

October 10, 2018 FOIA and Privacy Act Request
EPA-HQ-2019-000357

**FOIA/Privacy Act Request:** EPA-HQ-2019-000357

**Requester:**  James Chelmowski

**Request Date:** October 11, 2018

**Date Scope of FOIA/Privacy Act Request:**  January 1, 2015 to the latter of October 11, 2018.

**FOIA/Privacy Act Request Description:**  Copy of all EPA's Jennifer Hammitt's internal and external communications including but not limited to emails, attachments, letters, memos, phone conversation notes and meeting notes for records related to this FOIA/Privacy Act requester and his name "Chelmowski" from January 1, 2015 to October 11, 2018.

Of course, the Search must include all likely files, systems, and places that may contain responsive records including but not limited to using the EPA's eDiscovery in Microsoft Office 365 centralized search pursuant to EPA's FOIA procedures published in September of 2017.

EPA and FCC identified and documented as fact some of the Jennifer Hammitt's communications with numerous EPA staff and the FCC staff.

# EXHIBIT 2

May 10, 2019 FOIA Request Response
EPA-HQ-2019-000357



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C.  20460

**MAY 1 0 2019**

OFFICE OF
GENERAL COUNSEL

James Chelmowski
6650 N. Northwest Highway, #300
Chicago, IL 60631

  Re: Freedom of Information Act Request No. EPA-HQ-2019-000357

Dear Mr. Chelmowski:

  This letter is in reference to your Freedom of Information Act (FOIA) request received by the U.S. Environmental Protection Agency (EPA or Agency) on October 11, 2018. In your request, you asked for copies of former Office of General Counsel attorney Jennifer Hammitt's internal and external communications related to you and dated from January 1, 2015 to October 11, 2018.

  The Office of General Counsel has concluded its search for records responsive to your request and is releasing 26 documents in full or in part. Three additional responsive records are being withheld in full under applicable FOIA exemptions. The records or portions of the records being withheld are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(5), the deliberative process privilege and the attorney client privilege, and 5 U.S.C. § 552(b)(6), personal privacy. The records are exempt from disclosure under the deliberative process privilege because they are inter- or intra-agency documents that are predecisional, deliberative and would harm agency decision making if released. The records or portions of records being withheld under the attorney client privilege represent confidential communications between an agency attorney and client concerning legal advice. Finally, certain portions of documents are also being withheld under Exemption 6 because they contain personal information, including an individual's Naturalization Certification Number and Social Security Number, which would constitute an unwarranted invasion of personal privacy if released. The attached index of withholdings provides further information concerning the three records withheld in full.

  This letter concludes our response to your request. You may appeal this response by email at hqfoia@epa.gov or by mail to the EPA's National FOIA Office, U.S. EPA, 1200 Pennsylvania Avenue, N.W. (2310A), Washington, DC 20460 or through FOIAonline if you are an account holder. If you are submitting your appeal by hand delivery, courier service, or overnight delivery, you must address your correspondence to 1200 Pennsylvania Avenue, N.W., Room 5315, Washington, DC 20460. Your appeal must be in writing, and it must be received no later than 90 calendar days from the date of this letter. The Agency will not consider appeals *received* after the 90-calendar-day limit. Appeals received after 5:00 p.m. EST will be considered

received the next business day. The appeal letter should include the FOIA tracking number listed above. For quickest possible handling, the subject line of your email, the appeal letter, and its envelope, if applicable, should be marked "Freedom of Information Act Appeal." Additionally, you may seek dispute resolution services from EPA's FOIA Public Liaison at hqfoia@epa.gov or (202) 566-1667, or from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, Room 2510, 8610 Adelphi Road, College Park, MD 20740-6001; email, ogis@nara.gov; telephone, (202) 741-5770 or (877) 684-6448; or fax, (202) 741-5769.

If you have any questions concerning this response please contact Scott Albright of my staff at albright.scott@epa.gov.

Sincerely,

Wendy Blake
Associate General Counsel
General Law Office

cc:   HQ FOIA Office

**Index of Documents Withheld in Full (EPA-HQ-2019-000357)**

| Document No. | Document Type | Date | Sent to | Sent from | Subject | FOIA exemption |
|---|---|---|---|---|---|---|
| | | | | | | |
| 00000114 | Email | 9/27/17 | Hammitt, Jennifer | Buchsbaum, Seth | RE: Request for quick research help by COB Wednesday – NRDC v. EPA | Ex. 5: deliberative process & attorney-client privileges |
| 00000115 | Legal memorandum | 9/26/17 | n/a | n/a | n/a | Ex. 5: deliberative process & attorney-client privileges |
| 00000136 | Email | 9/27/17 | Rogers, Joshua (USADC) | Hammitt, Jennifer | Case Law on Voluntary Withdrawal (NRDC v. EPA) | Ex. 5: deliberative process & attorney-client privileges |

# EXHIBIT 3

July 31, 2019 FOIA Appeal
EPA-HQ-2019-000357

James Chelmowski
6650 N Northwest Hwy
Chicago, IL 60631


The National Freedom of information Office U.S. EPA

1200 Pennsylvania Avenue, N.W. (2822T)

Washington, DC 20460

July 31, 2019

RE: FOIA/PA Appeal for EPA control No. EPA-HQ-2019-000357

Dear EPA:

I, James Chelmowski ("Requestor"), am writing to appeal to the United States Environmental Protection Agency ("EPA") response to Freedom of Information Act ("FOIA") and Privacy Act ("PA") request EPA-HQ-2019-000357 dated through FOIAonline on October 11, 2018 ("FOIA/PA Request"), the EPA's FOIA Final Disposition of Partial Grant/Partial Deny on May 10, 2019 ("FOIA/PA Request Response").

## I.      The FOIA/PA Request

The FOIA/PA request was filed on October 11, 2018 on FOIAonline for the following:

> FOIA/Privacy Act Request Description: Copy of all EPA's Jennifer Hammitt's internal and external communications including but not limited to emails, attachments, letters, memos, phone conversation notes and meeting notes for records related to this FOIA/Privacy Act requester and his name "Chelmowski" from January 1, 2015 to October 11, 2018. Of course, the Search must include all likely files, systems, and places that may contain responsive records including but not limited to using the EPA's eDiscovery in Microsoft Office 365 centralized search pursuant to EPA's FOIA procedures published in September of 2017. EPA and FCC identified and documented as fact some of the Jennifer Hammitt's communications with numerous EPA staff and the FCC staff.

## II.     EPA's Final Disposition May 10, 2019 – Partial Grant and Partial Deny

On May 10, 2019, the EPA provided its final Disposition Partial Grant and Partial Deny. The FOIA/PA response took 211 days for the EPA to process. Many months past the 20-day statutory deadline.

> The Office of General Counsel has concluded its search for records responsive to your request and is releasing 26 documents in full or in part. Three additional responsive records are being withheld in full under applicable FOIA exemptions. The records or portions of the records being withheld are exempt from disclosure pursuant to 5 U.S.C. § 552(b)(5), the deliberative process privilege and the attorney client privilege, and 5 U.S.C. § 552(b)(6), personal privacy. The records are exempt from disclosure under the deliberative process privilege because they are inter-or intra-agency documents that are predecisional, deliberative and would harm agency decision making if released. The records or portions of records being withheld under the attorney client privilege represent confidential communications between an agency attorney and client concerning legal advice. Finally, certain portions of documents are also being withheld under Exemption 6 because they contain personal information, including an individual's Naturalization Certification Number and Social Security Number, which would constitute an unwarranted invasion of

1

personal privacy if released. The attached index of withholdings provides further information concerning the three records withheld in full.

The EPA provide no required PA exemptions to withhold FOIA/PA responsive records for records regarding the FOIA/PA requester.

## III.    Arguments

## Argument 1 - Inadequate Search and/or Responsive Records being Wrongfully/Improperly Withheld.

EPA provided no email attachments, letters, memos, phone conversation notes and meeting notes which required in this FOIA/PA request. EPA did not state the total number of records found only stated the number of records released.

EPA has a history of not identifying and/or not properly searching for FOIA and/or PA responsive records until the FOIA and/or PA are part of a District Court case or complete reversal and remanding FOIA and/or PA Adminstrative Appeals decisions.

The EPA has the burden of proof regarding the FOIA/PA Search and Withholding records. The burden of proof is on the defendant agency, which must justify its decision to withhold any information. See 5 USC § 552(a)(4)(B); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998).

However, the agency has a general duty to disclose reasonably segregable non-exempt information. As the Court of Appeals has explained, "[t]he focus in FOIA is information, not documents." Public Citizen *Health Research Group v. FDA*, 185 F.3d 898, 907 (D.C. Cir. 1999); see also 5 U.S.C. § 552(b). Thus, in processing a FOIA request the agency is obligated to disclose all reasonably segregable non-exempt information. 5 U.S.C. § 552(b). Ultimately, to demonstrate its compliance with this requirement, the EPA would have to provide a federal district court with a "detailed justification" – including a "line-by-line review of each document withheld in full" – in order "to demonstrate that all reasonably segregable material has been released." *Johnson v. Exec. Office of U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). In its response to this FOIA request, however, EPA failed to demonstrate that it has even considered, much less complied with its obligation to release all reasonably segregable, non-exempt information.

## Argument 2 - Improper Responsive Records being Wrongfully/Improperly Withheld FOIA Exemptions for a FOIA and PA request which Requires both FOIA and PA Exemptions to Withhold any Records or any Redacting

EPA only provided blanket FOIA exemptions and did not provide the details of the alleged claims of attorney client priviledge, deliberative process, etc. This FOIA and Privacy Act request requires the EPA state both FOIA and Privacy Act exemptions not only one.

Redactions of both FOIA and PA exemptions require the burden of proof of the Agency to specifically identify with specific requirements to be met by the Agency on each redaction and/or concealment of each responsive record and/or line of redaction.

The EPA has the burden of proof regarding the FOIA/PA Search and Withholding records. The burden of proof is on the defendant agency, which must justify its decision to withhold any information. See 5 USC § 552(a)(4)(B); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998). See 5 U.S.C. § 552a(t)(1) and (2) (prohibiting reliance on FOIA exemptions to withhold under Privacy Act, and vice versa); H.R. Rep. No. 98-726, pt. 2, at 16-17 (1984), reprinted in 1984 U.S.C.C.A.N. 3741, 3790-91 (regarding amendment of Privacy Act in 1984 to include subsection (t)(2) and stating: "Agencies that had made it a practice to treat a request made under either [the Privacy Act or the FOIA] as if the request had been made under both laws should continue to do so."); FOIA Update, Vol. VII, No. 1, at 6, available at

http://www.justice.gov/oip/foia_updates/Vol_VII_1/page5.htm ("FOIA Counselor Q & A"); see also *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184 (D.C. Cir. 1987) ("[A]ccess to records under [FOIA and Privacy Act] is available without regard to exemptions under the other."); Shapiro v. DEA, 762 F.2d 611, 612 (7th Cir. 1985) ("Congress intends that the courts construe the Privacy Act and the Freedom of Information Act separately and independently so that exemption from disclosure under the Privacy Act does not exempt disclosure under the Freedom of Information Act, and vice versa."); *Espinoza v. DOJ*, 20 F. Supp. 3d 232, 244 (D.D.C. 2014) (finding that "the Privacy Act specifically exempts from its nondisclosure provisions documents that are otherwise required to be disclosed under the FOIA"); *Menchu v. HHS*, 965 F. Supp. 2d 1238, 1246-47 (D. Or. 2013) (finding that "[t]he application of § 552a(d), rather than § 552a(b)(2), and the underlying goal of the records sought when allowed under either the [FOIA] or the Privacy Act" in light of the fact that plaintiff was requesting information about himself and not about a third party); *Blazy v. Tenet*, 979 F. Supp. 10, 16 (D.D.C. 1997) (quoting subsection (t)(2) and stating that "[d]ocument requests therefore must be analyzed under both Acts"), summary affirmance granted, No. 97-5330, 1998 WL 315583 (D.C. Cir. May 12, 1998); *Sussman v. DOJ*, No. 03-3618, 2006 WL 2850608, at *4 (E.D.N.Y. Sept. 30, 2006) ("[A]n exemption under the FOIA is not a bar to release files under the Privacy Act and . . . a Privacy Act exemption is not a bar to release of files under the FOIA."); *Brown v. DOJ*, No. 02-2662, slip op. at 18 n.36 (D. Ala. June 21, 2005) (following Blazy and concluding that plaintiff's request must be analyzed under both FOIA and Privacy Act because "access to documents under these statutes [is] dissimilar"); *Bogan v. FBI*, No. 04-C-532-C, 2005 WL 1367214, at *6 (W.D. Wis. June 7, 2005) (explaining that if records are requested under both FOIA and Privacy Act, requester can gain access to those records by showing that they were accessible under either statute); *Harvey v. DOJ*, No. 92-176-BLG, slip op. at 8 (D. Mont. Jan. 9, 1996) ("Even though information may be withheld under the [Privacy Act], the inquiry does not end. The agency must also process requests under the FOIA, since the agency may not rely upon an exemption under the [Privacy Act] to justify nondisclosure of records that would otherwise be accessible under the FOIA. 5 U.S.C. § 552a(t)(2)."), aff'd, 116 F.3d 484 (9th Cir. 1997) (unpublished table decision); cf. *Wren v. Harris*, 675 F.2d 1144, 1146 & n.5 (10th Cir. 1982) (per curiam) (construing pro se complaint to seek information under either Privacy Act or FOIA even though only FOIA was referenced by name); Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. DHS, 913 F.Supp.2d 865, 868 n.3 (N.D. Cal. 2012) (noting DHS' error in responding to plaintiff's FOIA requests under the Privacy Act, and stating that "the FOIA and the Privacy Act are distinct mechanisms for obtaining government information, and it is legal error to conflate them"); *Skurow v. DHS*, 892 F. Supp. 2d 319, 330 (D.D.C. 2012) (rejecting "plaintiff's argument that [information related to plaintiff being on the watch list] should be released because plaintiff has requested the information under the Privacy Act, in addition to FOIA" because the provision in the TSA's [Sensitive Security Information (SSI)] regulation specifically addresses the issue by stating that "records containing SSI are not available for public inspection or copying, nor does TSA . . . release such records to persons without a need to know"); Hunsberger v. DOJ, No. 92-2587, slip op. at 2 n.2 (D.D.C. July 22, 1997) (exempting system of records, from which documents at issue were retrieved, pursuant to Privacy Act exemption (j)(2); "[c]onsequently, the records were processed for release under the FOIA"); Kitchen v. FBI, No. 93-2382, slip op. at 7 (D.D.C. Mar. 18, 1996) (stating that although all requested documents were exempt under Privacy Act, they "were also processed under FOIA in the interest of full disclosure"); *Kitchen v. DEA*, No. 93-2035, slip op. at 9 (D.D.C. Oct. 12, 1995) (same), appeal dismissed for failure to prosecute, No. 95-5380 (D.C. Cir. Dec. 11, 1996); *Freeman v. DOJ*, 822 F. Supp. 1064, 1066 (S.D.N.Y. 1993) (accepting agency's rationale that "because documents releasable pursuant to FOIA may not be withheld as exempt under the Privacy Act," it is proper for the agency not to distinguish between FOIA and Privacy Act requests when assigning numbers to establish the order of processing, and quoting Report of House Committee on Government Operations, H.R. Rep. No. 98-726, which was cited by the agency as "mandat[ing]" such practice); *Pearson v. DEA*, No. 84-2740, slip op. at 2 (D.D.C. Jan. 31, 1986) (construing pro se complaint to seek information under either Privacy Act or FOIA even though only FOIA was referenced by name).

## Argument 3 - Improper Responsive Records being Wrongfully/Improperly Withheld Exemptions

EPA unlawfully redacted portions of FOIA/PA responsive records.  The EPA has the burden of proof regarding the FOIA Search and Withholding records. The burden of proof is on the defendant agency, which must justify its decision to withhold any information. See 5 USC § 552(a)(4)(B); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998).

Of course, the many EPA attorneys know the requirements to claim Attorney Client privilege (and the crime fraud exemption) and the EPA attorneys know their mandatory ethic requirements including but not limited to Rule 8.3 Reporting Misconduct and Rule 8.4: Misconduct.

**All EPA attorneys involved in this FOIA/PA request, appeal, and everything else with this Requester are bound by their required attorney ethic requirements and/or disciplinary actions.**

EPA cited FOIA exemptions (b)(5) and (b)(6) (with no PA exemptions) as a basis for withholding the records. However, the agency has a general duty to disclose reasonably segregable non-exempt information. As the Court of Appeals has explained, "[t]he focus in FOIA is information, not documents." *Public Citizen Health Research Group v. FDA*, 185 F.3d 898, 907 (D.C. Cir. 1999); see also 5 U.S.C. § 552(b). Thus, in processing a FOIA request the agency is obligated to disclose all reasonably segregable non-exempt information. 5 U.S.C. § 552(b). Ultimately, to demonstrate its compliance with this requirement, the EPA would have to provide a federal district court with a "detailed justification" – including a "line-by-line review of each document withheld in full" – in order "to demonstrate that all reasonably segregable material has been released." *Johnson v. Exec. Office of U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). In its response to this FOIA/PA request, however, EPA failed to demonstrate that it has even considered, much less complied with its obligation to release all reasonably segregable, non-exempt information.

To qualify for exemption 5 under the "deliberative process" privilege, a document must be both (1) "predecisional" or "antecedent to the adoption of agency policy," and (2) "deliberative," meaning "it must actually be related to the process by which agency policies are formulated." *Jordan v. United States Department of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978). Nat'l Res. Def. Council v. DOD, 388 F. Supp. 2d 1086, 1098 (C.D. Cal. 2005) (holding that agency must identify specific decision making process). Courts have stated in no uncertain terms that "draft" documents are not presumptively exempt from FOIA. See *Judicial Watch, Inc. v. USPS*, 297 F. Supp. 2d 252, 261 (D.D.C. 2004); Arthur Andersen & Co. v. IRS, 679 F.2d 254, 257 (D.C.C.1982).

However, the agency has a general duty to disclose reasonably segregable non-exempt information. As the Court of Appeals has explained, "[t]he focus in FOIA is information, not documents." *Public Citizen Health Research Group v. FDA*, 185 F.3d 898, 907 (D.C. Cir. 1999); see also 5 U.S.C. § 552(b). Thus, in processing a FOIA request the agency is obligated to disclose all reasonably segregable non-exempt information. 5 U.S.C. § 552(b). Ultimately, to demonstrate its compliance with this requirement, the EPA would have to provide a federal district court with a "detailed justification" – including a "line-by-line review of each document withheld in full" – in order "to demonstrate that all reasonably segregable material has been released." *Johnson v. Exec. Office of U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). In its response to this FOIA request, however, EPA failed to demonstrate that it has even considered, much less complied with its obligation to release all reasonably segregable, non-exempt information.

## IV.    Conclusion

The EPA has the burden of proof regarding the FOIA/PA Search and Withholding records. The burden of proof is on the defendant agency, which must justify its decision to withhold any information. See 5 USC § 552(a)(4)(B); Solar Sources, Inc. v. United States, 142 F.3d 1033, 1037 (7th Cir. 1998). EPA cited FOIA exemptions (b)(5) and (b)(6) (no PA exemptions) as a basis for withholding the records in its entirety. However, the agency has a general duty to disclose

reasonably segregable non-exempt information. As the Court of Appeals has explained, "[t]he focus in FOIA is information, not documents." Public Citizen Health Research Group v. FDA, 185 F.3d 898, 907 (D.C. Cir. 1999); see also 5 U.S.C. § 552(b). Thus, in processing a FOIA request the agency is obligated to disclose all reasonably segregable non-exempt information. 5 U.S.C. § 552(b). Ultimately, to demonstrate its compliance with this requirement, the EPA would have to provide a federal district court with a "detailed justification" – including a "line-by-line review of each document withheld in full" – in order "to demonstrate that all reasonably segregable material has been released." Johnson v. Exec. Office of U.S. Attorneys, 310 F.3d 771, 776 (D.C. Cir. 2002). In its response to this FOIA/PA request, however, EPA failed to demonstrate that it has even considered, much less complied with its obligation to release all reasonably segregable, non-exempt information.

The three (3) arguments are as follows:

**Argument 1 - Inadequate Search and/or Responsive Records being Wrongfully/Improperly Withheld.**

**Argument 2 - Improper Responsive Records being Wrongfully/Improperly Withheld FOIA Exemptions for a FOIA and PA request which Requires both FOIA and PA Exemptions to Withhold any Records or any Redacting**

**Argument 3 - Improper Responsive Records being Wrongfully/Improperly Withheld Exemptions**

The EPA must comply with their mandatory duties on these three (3) arguments in this FOIA Appeal by August 28, 2019.

The EPA deadlines by law of 20 days (excepting Saturdays, Sundays, and legal public holidays for an Appeal DETERMINATION pursuant to FOIA 5 USC 552(a)(6) with determination. Therefore, no later than August 28, 2019 the EPA must provide its written FOIA Appeal determination, to comply the FOIA law and PA law.


Sincerely,

/s/ James Chelmowski
James Chelmowski
FOIA Requestor

bcc:

# EXHIBIT 4

September 2, 2019 FOIA Appeal Decision
EPA-HQ-2019-000357



# UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

WASHINGTON, D.C. 20460

OFFICE OF
GENERAL COUNSEL

September 12, 2019

James Chelmowski
6650 N Northwest Hwy #300
Chicago, IL 60631

Re: Freedom of Information Act Appeal No. EPA-HQ-2019-007750 (Request No. EPA-HQ-2019-000357)

Dear Mr. Chelmowski:

I am responding to your July 31, 2019 Freedom of Information Act (FOIA) appeal. You appealed the May 10, 2019 decision of Wendy Blake (decision) of the U.S. Environmental Protection Agency (EPA or Agency), to deny in part the request you submitted to EPA on October 11, 2018. Your request sought documents pertaining to former Office of General Counsel attorney Jennifer Hammitt's internal and external communications related to you, as more fully described in your request. The decision stated that your request was denied in part because the documents were exempt from disclosure under Exemptions 5 and 6 of the FOIA, 5 U.S.C. §§ 552(b)(5), (6).

I have carefully considered your request, EPA's decision, and your appeal. For the reasons set forth below, I have determined that your appeal should be, and is, denied.

As an initial matter, your request was not a proper request under the Privacy Act, 5 U.S.C. § 552a, because it did not follow the requirements of the Agency's Privacy Act regulations at 40 CFR § 16.3. For example, you did not provide the name of the system of records to which your request relates. As such, the agency treated your request as a FOIA request and responded accordingly. Furthermore, EPA is not aware of any system of records that would contain records responsive to your request.

You assert in your appeal that EPA has not conducted a proper search for records responsive to your request. Upon review, I have determined that the Agency conducted a reasonable search. EPA's search was reasonably calculated to uncover all relevant documents. EPA conducted a centralized electronic search of Ms. Hammitt's email for the requested date range using the search term provided in your request, "Chelmowski." There are no hard copy records responsive to your request.

Additionally, I have determined that the Agency properly withheld records or portions of records pursuant to Exemptions 5 and 6. Exemption 5 of the FOIA, 5 U.S.C. § 552(b)(5), protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The documents and portions of documents that were withheld

Mr. James Chelmowski
Appeal No. EPA-HQ-2019-007750 (Request No. EPA-HQ-2019-000357)
Page 2 of 4

under Exemption 5 of the FOIA are exempt from disclosure because they are inter-agency or intra-agency memoranda or letters generated by EPA employees and employees of other federal government agencies and because the documents contain information that is protected by the attorney-client privilege and/or the deliberative process privilege.

Exemption 5 of the FOIA protects from disclosure a record, or portion of a record, that is subject to the attorney work-product privilege. The attorney work-product privilege protects documents prepared by, or at the direction of, an attorney in anticipation of litigation or during litigation. The withheld portion of document number ED_002298_00000003 was prepared at the direction of an attorney during litigation. Release of this material would allow scrutiny of EPA's sensitive litigation preparations. Therefore, I have determined that the withheld material is exempt from disclosure under Exemption 5 of the FOIA.

Exemption 5 of the FOIA also protects from disclosure a record, or portion of a record, that is subject to the attorney-client privilege. The attorney-client privilege protects confidential communications between an attorney and his/her client relating to a legal matter for which the client has sought professional advice. The privilege applies to facts divulged by a client to the attorney, to opinions given by the attorney to the client based upon those facts, and to communications between attorneys which reflect client-supplied information. The withheld documents, which relate to the agency's FOIA litigation work, are protected by the attorney-client privilege because they constitute communication between attorneys. Release of this withheld material would allow scrutiny of sensitive, confidential communication between the attorneys and the client. Therefore, I have determined that the withheld material is exempt from disclosure under Exemption 5 of the FOIA.

Exemption 5 of the FOIA also protects from disclosure a record, or portion of a record, that is subject to the deliberative process privilege. The deliberative process privilege protects documents that are both predecisional and deliberative. The withheld documents, which relate to the agency's interpretation of FOIA, the agency's regulations, and other relevant law, are protected by the deliberative process privilege because they reflect the internal discussions, advice, analysis, and recommendations were considered during various EPA decision-making processes. Release of the withheld material would discourage open, frank discussions on matters of policy between subordinates and superiors and cause public confusion by disclosing reasons and rationales that were not in fact ultimately the grounds for EPA's actions. Therefore, I have determined that the withheld material is exempt from disclosure under Exemption 5 of the FOIA.

Exemption 6 of the FOIA, 5 U.S.C. § 552(b)(6), protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." The withheld portions of three documents are within the scope of the phrase "personnel and medical files and similar files" because they contain information that applies to particular individuals.

In balancing the public's right to disclosure against the individual's right to privacy, a comparison must be made between the extent to which the documents shed light on EPA's performance of its statutory duties, and the need to avoid disclosure of personal matters. In this case, the harm to the individuals as a result of disclosure clearly outweighs the public interest in such disclosure. Disclosure of the withheld material would thus constitute a clearly unwarranted invasion of personal privacy.

Mr. James Chelmowski
Appeal No. EPA-HQ-2019-007750 (Request No. EPA-HQ-2019-000357)
Page 3 of 4

Therefore, I have determined that the withheld material is exempt from disclosure under Exemption 6 of the FOIA.

I have determined that the withheld documents and portions of documents contain no further reasonably segregable information that may be released. The disclosure of any factual information contained in the withheld documents would reflect EPA's deliberations, because that information is inextricably intertwined with the deliberative material. In addition, the selection of certain factual information in the withheld documents which was used as part of the internal discussions, advice, analysis, and recommendations is itself deliberative in nature. For these reasons, the withheld documents and portions of documents are either being withheld in their entirety or with the same redactions provided by EPA in the initial release.

You also argue that EPA's response is inadequate because it has not provided an index pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973), cert. denied sub nom. Rosen v. Vaughn, 415 U.S. 977 (1974). I find this argument to be without merit. Vaughn held that in litigation, the Agency must provide information for each withheld document about the author, the date of the document, a description of the subject matter of the document, and an explanation as to why the document falls within the scope of the exemption that is claimed and the harm that would arise from its disclosure. EPA is not required to provide the same documentation in administrative responses as is necessary in the litigation context. See Crooker v. CIA, No. 83-1426, 1984 U.S. Dist. LEXIS 23177, at *3-*4 (D.D.C. Sept. 28, 1984). The court in Safecard Services, Inc. v. SEC, No. 84-3073, 1986 U.S. Dist. LEXIS 26467 at *5 (D.D.C. Apr. 21, 1986) states that "[n]o court has held that a requesting party may compel production of a Vaughn [sic] index before completing its administrative appeal . . . ."

The Agency is not required to provide a Vaughn index until ordered by the court in any judicial action you may bring after you have exhausted all available administrative remedies. See Judicial Watch, Inc. v. Clinton, 880 F. Supp. 1, 11 (D.D.C. 1995), aff'd on other grounds, 76 F.3d 1232 (D.C. Cir. 1996). By statute, the denial of an initial FOIA request must inform the requester of the reasons for the denial, the right to appeal, and the name and title of each person responsible for the denial. 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(a)(6)(C)(i). Further, EPA regulations state that initial denials of some or a portion of responsive records will include "(1) The name and title or position of the person responsible for the denial; (2) A brief statement of the reason(s) for the denial, including an identification of records being withheld (individual, or if a large number of similar records are being denied, by described category), and any FOIA exemption applied by the office in denying the request; (3) An estimate of the volume of records or information withheld, in number of pages or in some other reasonable form of estimation. This estimate does not need to be provided if the volume is otherwise indicated through annotated deletions on records disclosed in part, or if providing an estimate would harm an interest protected by an applicable exemption; and (4) A statement that the denial may be appealed under, and a description of the requirements of, paragraph (j) of this section." 40 C.F.R. § 2.104(h).

In light of the above standard, I find that the index provided for the three documents that were withheld in full identifies the records withheld and the FOIA exemptions under which they were withheld, and as such is consistent with that standard.

Mr. James Chelmowski
Appeal No. EPA-HQ-2019-007750 (Request No. EPA-HQ-2019-000357)
Page 4 of 4

This letter constitutes EPA's final determination on this matter. Pursuant to 5 U.S.C. § 552(a)(4)(B), you may obtain judicial review of this determination by filing a complaint in the United States District Court for the district in which you reside or have your principal place of business, or the district in which the records are situated, or in the District of Columbia. Additionally, as part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) within the National Archives and Records Administration was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, Room 2510, 8610 Adelphi Road, College Park, MD, 20740-6001; e-mail, ogis@nara.gov; telephone, 202-741-5770 or 1-877-684-6448; and fax, 202-741-5769.

Sincerely,

Elise Packard
Deputy General Counsel for Operations
Environmental Protection Agency

cc:  *Wendy Blake, Associate General Counsel, General Law Office, Environmental Protection Agency*

# EXHIBIT 5

June 22, 2020 FOIA and Privacy Act Request
EPA-HQ-2020-005326

FOIA and Privacy Act Request # EPA-HQ-2020-005326

Date of Request: June 22, 2020 FOIA and Privacy Act Request

Requester: James Chelmowski FOIA and Privacy Act filed on FOIAOnline Request Details (see below):

This is being filed under both FOIA 5 USC 552 and Privacy Act for records related to the Requester. The request is for all Tim Crawford's communications related to the FOIA and Privacy Act request James Chelmowski, EPA used derivatives of his name and all EPA identifiers including all his privacy act requests (filed as Privacy act requests alone or as both FOIA and Privacy Act like this request) of  from April 2016 to later of this FOIA and Privacy Act Request or the date of the FOIA and Privacy Act Search.

FACTS:

The EPA identified the Tim Crawford responsible for EPA-9 the entire FOIAonline. See Federal Registry 81 FR 81096

**Summary of EPA Privacy Act System of Records EPA-9**:
The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. This information is being removed from the Federal Docket Management System (FDMS) system of records and being added to the FOIA Request and Appeal File (EPA-9) system of records.

SYSTEM MANAGER(S):
Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, …

The EPA has identified requirements of the electronically documenting all communications including text messages. The EPA stated as fact provided copies of all their FOIA and Privacy Act policies and procedures through past FOIA requests.

Microsoft states this eDiscovery content search should take seconds or many be a few minutes, see Microsoft webpage https://docs.microsoft.com/en-us/microsoft-365/compliance/content-search?view=o365-worldwide and below snippet:

### Content search limits

- For a description of the limits that are applied to the Content Search feature, see Limits for Content Search.

- Microsoft collects performance information for Content Searches run by all organizations. While the complexity of the search query can impact search times, the biggest factor that affects how long searches take is the number of mailboxes searched. Although Microsoft doesn't provide a Service Level Agreement for search times, the following table lists average search times for a Content Search based on the number of mailboxes included in the search.

| Number of mailboxes | Average search time |
| --- | --- |
| 100 | 30 seconds |
| 1,000 | 45 seconds |
| 10,000 | 4 minutes |
| 25,000 | 10 minutes |
| 50,000 | 20 minutes |
| 100,000 | 25 minutes |

# EXHIBIT 6

July 30, 2020 FOIA Response with Partial Release of Documents
EPA-HQ-2020-005326



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C. 20460

OFFICE OF MISSION
SUPPORT

July 30, 2020

James Chelmowski
6650 N Northwest Hwy #300
Chicago, IL - 60631

RE: Freedom of Information Act Request **EPA-2020-005329**

Dear Mr. Chelmowski:

This letter is in reference to your Freedom of Information Act (FOIA) request received by the U.S. Environmental Protection Agency on 6/22/2020 in which you requested records regarding Tim Crawford's communications related to the FOIA and Privacy Act requester James Chelmowski, EPA used derivatives of his name and all EPA identifiers including all his privacy act requests from April 2016 and forward.

The Office of Mission Support (OMS) has reviewed your request and is providing a partial release. Thirty (30) records are being released in full, while eight (8) records are being withheld in part under Exemptions 5 and 6 of the FOIA. 5 U.S.C. § 7114(b)(5) and § 552 (b)(6).  Information is being withheld in part under Exemption 5's Deliberative Process Privilege because it consists of internal, pre-decisional deliberations that would harm agency decision-making processes if released. Information is also being withheld in part pursuant to Exemption 6 because it consists of information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy.

You can access the records via FOIAonline.

This letter concludes our response to your request. You may appeal this determination by email at hq.foia@epa.gov, or by mail to the EPA's National FOIA Office, U.S. EPA, 1200 Pennsylvania Avenue, N.W. (2310A), Washington, DC 20460 or through FOIAonline if you are an account holder. If you are submitting your appeal by hand delivery, courier service, or overnight delivery, you must address your correspondence to 1200 Pennsylvania Avenue, N.W., WJC-N Building, Room 7309C, Washington, DC 20460.

Your appeal must be in writing, and it must be received no later than 90 calendar days from the date of this letter. The Agency will not consider appeals received after the 90-calendar-day limit. Appeals received after 5:00 p.m. EST will be considered received the next business day. The appeal letter should include the FOIA tracking number listed above.  For quickest possible handling, the subject line of your email, the appeal letter, and its envelope, if applicable, should be marked "Freedom of Information Act Appeal."

If you need any further assistance or would like to discuss any aspect of your request, you may seek assistance from EPA's FOIA Public Liaison at hq.foia@epa.gov or call (202) 566-1667. You may also seek assistance from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740-6001; email: ogis@nara.gov; telephone: (202) 741-5770 or (877) 684-6448; or fax: (202) 741-5769. For all media inquiries, please contact press@epa.gov.

If you have any questions concerning this response, please contact me at thompson.brian@epa.gov.

Sincerely,


(Shannon Perkins on behalf of Brian Thompson)
Brian Thompson, Director
eDiscovery Division

# EXHIBIT 7

August 17, 2020 FOIA Appeal
EPA-HQ-2020-005326

James Chelmowski
6650 N Northwest Hwy
Chicago, IL 60631


The National Freedom of information Office U.S. EPA
1200 Pennsylvania Avenue, N.W. (2822T)
Washington, DC 20460

August 17, 2020

RE: FOIA/PA Appeal for EPA control No. EPA-2020-005329

Dear EPA:

I, James Chelmowski ("Requestor"), am writing to appeal to the United States Environmental Protection Agency ("EPA")
response to Freedom of Information Act ("FOIA") and Privacy Act ("PA") request EPA-HQ-2020-005329 dated through
FOIAonline on June 22, 2020 ("FOIA/PA Request"), the EPA's FOIA Final Disposition of Partial Grant/Partial Deny on July
30, 2020 ("FOIA/PA Request Response").

EPA has a history of not identifying and/or not properly searching for FOIA and/or PA responsive records until the FOIA
and/or PA are part of a District Court case or complete reversal and remanding FOIA and/or PA Administrative Appeals
decisions.

## I.      The FOIA/PA Request

The FOIA/PA request was filed on June 22, 2020 on FOIAonline for the following:

> This is being filed under both FOIA 5 USC 552 and Privacy Act for records related to the Requester. The
> request is for all Tim Crawford's communications related to the FOIA and Privacy Act request James
> Chelmowski, EPA used derivatives of his name and all EPA identifiers including all his privacy act requests
> (filed as Privacy act requests alone or as both Privacy and Privacy Act like this request) of from April 2016 to
> later of this FOIA and Privacy Act Request or the date of the FOIA and Privacy Act Search. FACTS: The EPA
> identified the Tim Crawford responsible for EPA-9 the entire FOIAonline. See Federal Registry 81 FR 81096
> Summary of EPA Privacy Act System of Records EPA-9: The FOIA Request and Appeal File system of records
> is being amended to include all information and data elements that are being collected by the
> Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and
> responses. This information is being removed from the Federal Docket Management System (FDMS) system
> of records and being added to the FOIA Request and Appeal File (EPA-9) system of records. SYSTEM
> MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, ... The
> EPA has identified requirements of electronically documenting all communications including text messages.
> The EPA stated as fact provided copies of all their FOIA and Privacy Act policies and procedures through past
> FOIA requests. Microsoft states this eDiscovery content search should take seconds or many be a few
> minutes, see Microsoft webpage https://docs.microsoft.com/en-us/microsoft-365/compliance/content-
> search?view=o365-worldwide and below summary: Content Search ... the following table lists average
> search times for a Content Search based on the number of mailboxes included in the search. Number of
> mailboxes Average search time 100 boxes take 30 seconds 1,000 boxes take 45 seconds 10,000 boxes take 4
> minutes ...

1

## II.   EPA's Final Disposition July 30, 2019 – Partial Grant and Partial Deny

On May 10, 2019, the EPA provided its final Disposition Partial Grant and Partial Deny.

This letter is in reference to your Freedom of Information Act (FOIA) request received by the U.S. Environmental Protection Agency on 6/22/2020 in which you requested records regarding Tim Crawford's communications related to the FOIA and Privacy Act requester James Chelmowski, EPA used derivatives of his name and all EPA identifiers including all his privacy act requests from April 2016 and forward.

The Office of Mission Support (OMS) has reviewed your request and is providing a partial release. Thirty (30)

records are being released in full, while eight (8) records are being withheld in part under Exemptions 5 and 6 of the FOIA. 5 U.S.C. § 7114(b)(5) and § 552 (b)(6). Information is being withheld in part under Exemption 5's Deliberative Process Privilege because it consists of internal, pre-decisional deliberations that would harm agency decision-making processes if released. Information is also being withheld in part pursuant to Exemption 6 because it consists of information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy.

You can access the records via FOIAonline.

The EPA provide no required PA exemptions to withhold FOIA/PA responsive records for records regarding the FOIA/PA requester.

## III.   Arguments

## Argument 1 - Inadequate Search and/or Responsive Records being Wrongfully/Improperly Withheld.

The FOIA and Privacy Act requester for records related to himself has knowledge of over 20 responsive emails that were not produced.

The EPA provided no email attachments, letters, memos, phone conversation notes and meeting notes which required in this FOIA/PA request. EPA did not state the total number of records found only stated the number of records released. Some of these were identified in other emails and emails produced.

The EPA refused to provide details of the EPA Privacy Act System of records searched.

The EPA refused to comply with the Privacy Act laws and EPA mandatory duties under Privacy Act laws, regulations, policy and procedures to fraudulently conceal responsive records.

Therefore, the FOIA and/or Privacy Act Search was clearly inadequate and/or Responsive Records being Wrongfully withheld.

EPA has a history of not identifying and/or not properly searching for FOIA and/or PA responsive records until the FOIA and/or PA are part of a District Court case or complete reversal and remanding FOIA and/or PA Administrative Appeals decisions.

The EPA has the burden of proof regarding the FOIA/PA Search and Withholding records. The burden of proof is on the defendant agency, which must justify its decision to withhold any information. See 5 USC § 552(a)(4)(B); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998).

However, the agency has a general duty to disclose reasonably segregable non-exempt information. As the Court of Appeals has explained, "[t]he focus in FOIA is information, not documents." Public Citizen *Health Research Group v. FDA*,

185 F.3d 898, 907 (D.C. Cir. 1999); see also 5 U.S.C. § 552(b). Thus, in processing a FOIA request the agency is obligated to disclose all reasonably segregable non-exempt information. 5 U.S.C. § 552(b). Ultimately, to demonstrate its compliance with this requirement, the EPA would have to provide a federal district court with a "detailed justification" – including a "line-by-line review of each document withheld in full" – in order "to demonstrate that all reasonably segregable material has been released." *Johnson v. Exec. Office of U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). In its response to this FOIA request, however, EPA failed to demonstrate that it has even considered, much less complied with its obligation to release all reasonably segregable, non-exempt information.

## Argument 2 - Improper Redacting Responsive Records being Wrongfully/Improperly Withheld FOIA Exemptions for a FOIA and PA request which Requires both FOIA and PA Exemptions to Withhold any Records or any Redacting

EPA only provided blanket FOIA exemptions and did not provide the details of the alleged claims of deliberative process, etc. This FOIA and Privacy Act request requires the EPA state both FOIA and Privacy Act exemptions not only one.

Redactions require both FOIA and PA exemptions. The burden of proof of the Agency to specifically identify with specific requirements to be met by the Agency on each redaction and/or concealment of each responsive record and/or redacted words.

The EPA provide no details on why the EPA needed to withhold records in full and/or in part for Privacy Act and FOIA Exemptions 5 and/or 6. Why over 20 responsive records were not produced?

The EPA has the burden of proof regarding the FOIA/PA Search and Withholding records. The burden of proof is on the defendant agency, which must justify its decision to withhold any information. See 5 USC § 552(a)(4)(B); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998). See 5 U.S.C. § 552a(t)(1) and (2) (prohibiting reliance on FOIA exemptions to withhold under Privacy Act, and vice versa); H.R. Rep. No. 98-726, pt. 2, at 16-17 (1984), reprinted in 1984 U.S.C.C.A.N. 3741, 3790-91 (regarding amendment of Privacy Act in 1984 to include subsection (t)(2) and stating: "Agencies that had made it a practice to treat a request made under either [the Privacy Act or the FOIA] as if the request had been made under both laws should continue to do so."); FOIA Update, Vol. VII, No. 1, at 6, available at http://www.justice.gov/oip/foia_updates/Vol_VII_1/page5.htm ("FOIA Counselor Q & A"); see also *Martin v. Office of Special Counsel*, 819 F.2d 1181, 1184 (D.C. Cir. 1987) ("[A]ccess to records under [FOIA and Privacy Act] is available without regard to exemptions under the other."); Shapiro v. DEA, 762 F.2d 611, 612 (7th Cir. 1985) ("Congress intends that the courts construe the Privacy Act and the Freedom of Information Act separately and independently so that exemption from disclosure under the Privacy Act does not exempt disclosure under the Freedom of Information Act, and vice versa."); *Espinoza v. DOJ*, 20 F. Supp. 3d 232, 244 (D.D.C. 2014) (finding that "the Privacy Act specifically exempts from its nondisclosure provisions documents that are otherwise required to be released under the FOIA"); *Menchu v. HHS*, 965 F. Supp. 2d 1238, 1246-47 (D. Or. 2013) (finding that "[t]he application of § 552a(d), rather than § 552a(b)(2), and the underlying goal of the records sought when allowed under either the [FOIA] or the Privacy Act" in light of the fact that plaintiff was requesting information about himself and not about a third party); *Blazy v. Tenet*, 979 F. Supp. 10, 16 (D.D.C. 1997) (quoting subsection (t)(2) and stating that "[d]ocument requests therefore must be analyzed under both Acts"), summary affirmance granted, No. 97-5330, 1998 WL 315583 (D.C. Cir. May 12, 1998); *Sussman v. DOJ*, No. 03-3618, 2006 WL 2850608, at *4 (E.D.N.Y. Sept. 30, 2006) ("[A]n exemption under the FOIA is not a bar to release files under the Privacy Act and . . . a Privacy Act exemption is not a bar to release of files under the FOIA."); *Brown v. DOJ*, No. 02-2662, slip op. at 18 n.36 (D. Ala. June 21, 2005) (following Blazy and concluding that plaintiff's request must be analyzed under both FOIA and Privacy Act because "access to documents under these statutes [is] dissimilar"); *Bogan v. FBI*, No. 04-C-532-C, 2005 WL 1367214, at *6 (W.D. Wis. June 7, 2005) (explaining that if records are requested under both FOIA and Privacy Act, requester can gain access to those records by showing that they were accessible under either statute); *Harvey v. DOJ*, No. 92-176-BLG, slip op. at 8 (D. Mont. Jan. 9, 1996) ("Even though information may be withheld under the [Privacy Act], the inquiry does not end. The agency must also process requests under the FOIA, since the

agency may not rely upon an exemption under the [Privacy Act] to justify nondisclosure of records that would otherwise be accessible under the FOIA.  5 U.S.C. § 552a(t)(2)."), aff'd, 116 F.3d 484 (9th Cir. 1997) (unpublished table decision); cf. *Wren v. Harris*, 675 F.2d 1144, 1146 & n.5 (10th Cir. 1982) (per curiam) (construing pro se complaint to seek information under either Privacy Act or FOIA even though only FOIA was referenced by name); Gonzales & Gonzales Bonds & Ins. Agency, Inc. v. DHS, 913 F.Supp.2d 865, 868 n.3 (N.D. Cal. 2012) (noting DHS' error in responding to plaintiff's FOIA requests under the Privacy Act, and stating that "the FOIA and the Privacy Act are distinct mechanisms for obtaining government information, and it is legal error to conflate them"); *Skurow v. DHS*, 892 F. Supp. 2d 319, 330 (D.D.C. 2012) (rejecting "plaintiff's argument that [information related to plaintiff being on the watch list] should be released because plaintiff has requested the information under the Privacy Act, in addition to FOIA" because the provision in the TSA's [Sensitive Security Information (SSI)] regulation specifically addresses the issue by stating that "records containing SSI are not available for public inspection or copying, nor does TSA . . . release such records to persons without a need to know"); Hunsberger v. DOJ, No. 92-2587, slip op. at 2 n.2 (D.D.C. July 22, 1997) (exempting system of records, from which documents at issue were retrieved, pursuant to Privacy Act exemption (j)(2); "[c]onsequently, the records were processed for release under the FOIA"); Kitchen v. FBI, No. 93-2382, slip op. at 7 (D.D.C. Mar. 18, 1996) (stating that although all requested documents were exempt under Privacy Act, they "were also processed under FOIA in the interest of full disclosure"); *Kitchen v. DEA*, No. 93-2035, slip op. at 9 (D.D.C. Oct. 12, 1995) (same), appeal dismissed for failure to prosecute, No. 95-5380 (D.C. Cir. Dec. 11, 1996); *Freeman v. DOJ*, 822 F. Supp. 1064, 1066 (S.D.N.Y. 1993) (accepting agency's rationale that "because documents releasable pursuant to FOIA may not be withheld as exempt under the Privacy Act," it is proper for the agency not to distinguish between FOIA and Privacy Act requests when assigning numbers to establish the order of processing, and quoting Report of House Committee on Government Operations, H.R. Rep. No. 98-726, which was cited by the agency as "mandat[ing]" such practice); *Pearson v. DEA*, No. 84-2740, slip op. at 2 (D.D.C. Jan. 31, 1986) (construing pro se complaint to seek information under either Privacy Act or FOIA even though only FOIA was referenced by name).

## Argument 3 - Improper Redacting Responsive Records being Wrongfully/Improperly Withheld Exemptions

EPA unlawfully redacted portions of FOIA/PA responsive records.  The EPA has the burden of proof regarding the FOIA/PA Search and Withholding records. The burden of proof is on the defendant agency, which must justify its decision to withhold any information. See 5 USC § 552(a)(4)(B); *Solar Sources, Inc. v. United States*, 142 F.3d 1033, 1037 (7th Cir. 1998).

Of course, the many EPA attorneys involved know the requirements to claim Attorney Client privilege (and the crime fraud exemption). The EPA attorneys know their mandatory ethic requirements including but not limited to Rule 8.3 Reporting Misconduct and Rule 8.4: Misconduct.

**All EPA attorneys involved in this FOIA/PA request, appeal, and everything else with this Requester are bound by their required attorney ethic requirements and/or disciplinary actions.**

EPA cited FOIA exemptions (b)(5) and (b)(6) (with no PA exemptions) as a basis for withholding the records. However, the agency has a general duty to disclose reasonably segregable non-exempt information. As the Court of Appeals has explained, "[t]he focus in FOIA is information, not documents." *Public Citizen Health Research Group v. FDA*, 185 F.3d 898, 907 (D.C. Cir. 1999); see also 5 U.S.C. § 552(b). Thus, in processing a FOIA request the agency is obligated to disclose all reasonably segregable non-exempt information. 5 U.S.C. § 552(b). Ultimately, to demonstrate its compliance with this requirement, the EPA would have to provide a federal district court with a "detailed justification" – including a "line-by-line review of each document withheld in full" – in order "to demonstrate that all reasonably segregable material has been released." *Johnson v. Exec. Office of U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). In its response to this FOIA/PA request, however, EPA failed to demonstrate that it has even considered, much less complied with its

obligation to release all reasonably segregable, non-exempt information. The EPA will be required to provide an index of the withheld documents and portions of documents at issue in this case, pursuant to *Vaughn v. Rosen*, 484 F. 2d 820 (D. C. Cir. 1973), cert. denied 415 U. S. 977 (1974).

To qualify for exemption 5 under the "deliberative process" privilege, a document must be both (1) "predecisional" or "antecedent to the adoption of agency policy," and (2) "deliberative," meaning "it must actually be related to the process by which agency policies are formulated." *Jordan v. United States Department of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978). Nat'l Res. Def. Council v. DOD, 388 F. Supp. 2d 1086, 1098 (C.D. Cal. 2005) (holding that agency must identify specific decision making process). Courts have stated in no uncertain terms that "draft" documents are not presumptively exempt from FOIA. See *Judicial Watch, Inc. v. USPS*, 297 F. Supp. 2d 252, 261 (D.D.C. 2004); Arthur Andersen & Co. v. IRS, 679 F.2d 254, 257 (D.C.C.1982).

However, the agency has a general duty to disclose reasonably segregable non-exempt information. As the Court of Appeals has explained, "[t]he focus in FOIA is information, not documents." *Public Citizen Health Research Group v. FDA*, 185 F.3d 898, 907 (D.C. Cir. 1999); see also 5 U.S.C. § 552(b). Thus, in processing a FOIA request the agency is obligated to disclose all reasonably segregable non-exempt information. 5 U.S.C. § 552(b). Ultimately, to demonstrate its compliance with this requirement, the EPA would have to provide a federal district court with a "detailed justification" – including a "line-by-line review of each document withheld in full" – in order "to demonstrate that all reasonably segregable material has been released." J*ohnson v. Exec. Office of U.S. Attorneys*, 310 F.3d 771, 776 (D.C. Cir. 2002). In its response to this FOIA request, however, EPA failed to demonstrate that it has even considered, much less complied with its obligation to release all reasonably segregable, non-exempt information.

## IV.    Conclusion

The EPA has the burden of proof regarding the FOIA/PA Search, Withholding records and all redactions. The burden of proof is on the defendant agency, which must justify its decision to withhold any information. See 5 USC § 552(a)(4)(B); Solar Sources, Inc. v. United States, 142 F.3d 1033, 1037 (7th Cir. 1998). EPA cited FOIA exemptions (b)(5) and (b)(6) (no PA exemptions) as a basis for withholding the records in its entirety. However, the agency has a general duty to disclose reasonably segregable non-exempt information. As the Court of Appeals has explained, "[t]he focus in foia is information, not documents." Public Citizen Health Research Group v. FDA, 185 F.3d 898, 907 (D.C. Cir. 1999); see also 5 U.S.C. § 552(b). Thus, in processing a FOIA request the agency is obligated to disclose all reasonably segregable non-exempt information. 5 U.S.C. § 552(b). Ultimately, to demonstrate its compliance with this requirement, the EPA would have to provide a federal district court with a "detailed justification" – including a "line-by-line review of each document withheld in full" – in order "to demonstrate that all reasonably segregable material has been released." Johnson v. Exec. Office of U.S. Attorneys, 310 F.3d 771, 776 (D.C. Cir. 2002). In its response to this FOIA/PA request, however, EPA failed to demonstrate that it has even considered, much less complied with its obligation to release all reasonably segregable, non-exempt information.

The three (3) arguments are as follows:

**Argument 1 - Inadequate Search and/or Responsive Records being Wrongfully/Improperly Withheld.**

**Argument 2 - Improper Redacting Responsive Records being Wrongfully/Improperly Withheld FOIA Exemptions for a FOIA and PA request which Requires both FOIA and PA Exemptions to Withhold any Records or any Redacting**

**Argument 3 - Improper Redacting Responsive Records being Wrongfully/Improperly Withheld Exemptions**

The EPA must comply with their mandatory duties on these three (3) arguments in this FOIA Appeal by September 15, 2020.

The EPA deadlines by law of 20 days (excepting Saturdays, Sundays, and legal public holidays for an Appeal DETERMINATION pursuant to FOIA 5 USC 552(a)(6) with determination. Therefore, no later than September 15, 2020 the EPA must provide its written FOIA Appeal determination, to comply the FOIA law and PA law.

Sincerely,

/s/ James Chelmowski


James Chelmowski
FOIA Requestor

bcc:

# EXHIBIT 8

September 25, 2020 FOIA Appeal Decision
EPA-HQ-2020-005326



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

WASHINGTON, D.C. 20460

OFFICE OF
GENERAL COUNSEL

September 25, 2020

James Chelmowski
6650 N. Northwest Hwy
Chicago, IL 60631

Re: Freedom of Information Act Appeal No. EPA-2020-006388 (Request No. EPA-2020-005329)

Dear Mr. Chelmowski:

I am responding to your August 17, 2020 Freedom of Information Act (FOIA) appeal. You appealed the July 30, 2020 decision of Shannon Perkins, on behalf of Brian Thompson, eDiscovery Division Director (decision) of the U.S. Environmental Protection Agency (EPA or Agency), to deny in part the FOIA request you submitted to EPA on June 22, 2020. Your FOIA request sought:

> [A]ll Tim Crawford's communications related to the FOIA and Privacy Act request James Chelmowski, EPA used derivatives of his name and all EPA identifiers including all his privacy act requests (filed as Privacy act requests alone or as both FOIA and Privacy Act like this request) of from April 2016 to later of this FOIA and Privacy Act Request or the date of the FOIA and Privacy Act Search.

The decision stated that thirty records were released in full, but your request was denied in part because eight records were exempt in part from disclosure under Exemptions 5 and 6 of the FOIA, 5 U.S.C. §§ 552(b)(5), (b)(6).[1]

I have carefully considered your request, EPA's decision, and your appeal. For the reasons set forth below, I have determined that your appeal should be, and is, granted in part and denied in part.

**ANALYSIS**

As an initial matter, although you label your request as a combined FOIA and Privacy Act request, your request was not a proper request under the Privacy Act, 5 U.S.C. § 552a, because it did not follow the requirements of the Agency's Privacy Act regulations at 40 C.F.R. § 16.3. Therefore, this appeal decision is not addressing the Privacy Act.

---

[1] After review of the file, EPA produced all information except for redactions pursuant to Exemption 6. One email appears to be withheld pursuant to Exemption 5, but was actually produced to you as part of an email chain.

James Chelmowski
Appeal No. EPA-2020-006388 (Request No. EPA-2020-005329)
Page 2 of 2

**EPA's Search**

You assert in your appeal that EPA has not conducted a proper search for records responsive to your request. Upon review, I have determined that the Agency conducted a search reasonably calculated to locate all relevant documents. EPA conducted a centralized electronic search of Mr. Crawford's email for the requested date range using "Chelmowski." Additionally, your request references FOIAonline, which EPA uses for FOIA requests. My staff also confirmed with Mr. Crawford that any responsive records were located in his Outlook email and that there are no unique communications, if any, in FOIAonline concerning your EPA FOIA requests. Lastly, there are no hard copy records responsive to your request.

**EPA's Withholdings**

I have reviewed the withheld information. The Exemption 6 redactions were either your own information or identical to information released elsewhere in the decision. Therefore, your appeal is granted for the information withheld under Exemption 6. Pursuant to 40 C.F.R. § 2.104(k), I am remanding your request to OMS to produce the withheld information. OMS staff will produce the withheld information within the next 10 business days or provide you a timeline for completion.

This letter constitutes EPA's final determination on this matter. Pursuant to 5 U.S.C. § 552(a)(4)(B), you may obtain judicial review of this determination by filing a complaint in the United States District Court for the district in which you reside or have your principal place of business, or the district in which the records are situated, or in the District of Columbia. Additionally, as part of the 2007 FOIA amendments, the Office of Government Information Services (OGIS) within the National Archives and Records Administration was created to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, Room 2510, 8610 Adelphi Road, College Park, MD, 20740-6001; e-mail, ogis@nara.gov; telephone, 202-741-5770 or 1-877-684-6448; and fax, 202-741-5769.

Sincerely,

KEVIN
MILLER

Digitally signed
by KEVIN MILLER
Date: 2020.09.25
16:36:12 -04'00'

Kevin M. Miller
Assistant General Counsel
General Law Office

cc:    Brian Thompson, eDiscovery Division Director

# EXHIBIT 9

May 10, 2019 Only FOIA Responsive Records
Produced EPA-HQ-2019-000357

Message

| | |
|---|---|
| **From**: | Schwarz, Matthew [Schwarz.Matthew@epa.gov] |
| **Sent**: | 5/5/2016 3:19:43 PM |
| **To**: | Stoy, Alyse [Stoy.Alyse@epa.gov]; Miller, Kevin [Miller.Kevin@epa.gov]; Nguyen, Quoc [Nguyen.Quoc@epa.gov]; Kelly, Lynn [Kelly.Lynn@epa.gov]; Hammitt, Jennifer [Hammitt.Jennifer@epa.gov]; Albright, Scott [Albright.Scott@epa.gov]; Margolis, Alan [Margolis.Alan@epa.gov]; Engelman, Alexa [ENGELMAN.ALEXA@EPA.GOV]; Holmes, Belinda [Holmes.Belinda@epa.gov]; Dreyfus, Bethany [Dreyfus.Bethany@epa.gov]; Hartman, Bob [Hartman.Bob@epa.gov]; Nadolski, Cynthia [Nadolski.Cynthia@epa.gov]; Stallworth, Deirdre [Stallworth.Deirdre@epa.gov]; Salisbury, Demetra [Salisbury.Demetra@epa.gov]; Harris, Denise [Harris.Denise@epa.gov]; Harris, Donald [Harris.Donald@epa.gov]; Rouch, Ellen [Rouch.Ellen@epa.gov]; Metcalf, Jill [Metcalf.Jill@epa.gov]; Glowacki, Joanna [glowacki.joanna@epa.gov]; Borromeo, Karina [Borromeo.Karina@epa.gov]; Myers, Lucretia [MYERS.LUCRETIA@EPA.GOV]; Kavouras, Maria [Kavouras.Maria@epa.gov]; Boydston, Michael [Boydston.Michael@epa.gov]; Gleason, Michael [Gleason.Michael@epa.gov]; Cohen, Mitchell [cohen.mitchell@epa.gov]; Wood, Nicole [wood.nicole@epa.gov]; Witthoeft, Paul [witthoeft.paul@epa.gov]; Allen, Robin [Allen.Robin@epa.gov]; Leon, Sandra [Leon.Sandra@epa.gov]; Laumann, Sara [Laumann.Sara@epa.gov]; Wells, Sharon [Wells.Sharon@epa.gov]; Capel, Susan [Capel.Susan@epa.gov]; Donaldson, Yerusha [donaldson.yerusha@epa.gov]; Busterud, Gretchen [Busterud.Gretchen@epa.gov]; Herrema, Jeffrey [Herrema.Jeffrey@epa.gov]; Moran, Gloria [Moran.Gloria-Small@epa.gov]; Smith, Kevin B. [Smith.Kevin@epa.gov]; Albano, Emily [Albano.Emily@epa.gov]; Matthews, Julie [Matthews.Juliane@epa.gov]; Prout, Susan [prout.susan@epa.gov]; Clark, Jacqueline [clark.jacqueline@epa.gov]; Ford, Mark [Ford.Mark@epa.gov]; Powell-Dickson, Antoinette [Powell-Dickson.Antoinette@epa.gov]; MacDonald, Jennifer [Macdonald.Jennifer@epa.gov]; Jonesi, Gary [Jonesi.Gary@epa.gov]; Lieben, Ivan [Lieben.Ivan@epa.gov]; Bunnell, Julia [Bunnell.Julia@epa.gov]; Walker, Denise [Walker.Denise@epa.gov]; Dolph, Becky [Dolph.Becky@epa.gov]; Connery, Shannon [Connery.Shannon@epa.gov]; Bermes, Peter [Bermes.Peter@epa.gov]; Kaminer, Joan [Kaminer.Joan@epa.gov]; Stilp, Mark [Stilp.Mark@epa.gov]; Knapp, Michael [Knapp.Michael@epa.gov]; Mackay, Cheryl [Mackay.Cheryl@epa.gov]; Campbell, Rich [Campbell.Rich@epa.gov]; Palmer, Angela [Palmer.Angela@epa.gov]; Palmer, Leif [Palmer.Leif@epa.gov] |
| **Subject**: | FW: New Decisions 1191 |
| **Attachments**: | New Decisions 1191 Received Week Ending April 23, 2016.docx |

Attached please find four new FOIA decisions for your Mother's Day Weekend reading pleasure.

Best,
Matt

---

**From:** Fiorillo, Andrew (OIP) [mailto:Andrew.Fiorillo@usdoj.gov]
**Sent:** Thursday, May 05, 2016 11:15 AM
**To:** Fiorillo, Andrew (OIP) <Andrew.Fiorillo@usdoj.gov>
**Subject:** New Decisions 1191

Good Morning,

Attached, please find the case summaries for the week ending April 23, 2016.

Thank you.


Andrew Fiorillo
Attorney Advisor
Office of Information Policy
Department of Justice
(202) 598-5074

ED_002298_00000001-00001

**New Decisions Received Week Ending April 23, 2016 (Decision 1191)**

**Circuit Courts**

1.  Am. Civil Liberties Union v. DOJ, No. 15-5217, 2016 U.S. App. LEXIS 7308 (D.C. Cir. Apr. 21, 2016) (per curiam)

Re:  Request for records concerning government's use of drones

Disposition:  Affirming district court's grant of appellee's motion for summary judgment

- **Exemption 1:**  The Court of Appeals for the District of Columbia Circuit holds that "the agency has satisfied its burden to show that the records are properly classified under Executive Order 13,526, and that they are, therefore, properly withheld under FOIA Exemption 1."  "The classified affidavit amply demonstrates that the information withheld 'pertains to' 'intelligence activities . . . [,] sources or methods' and/or 'foreign relations or foreign activities of the United States,' . . . and that its disclosure could reasonably be expected to damage national security."  "The agency's explanations as to why the records are classified are both 'logical' and 'plausible,' and uncontroverted by evidence in the record."  "The CIA's affidavit also adequately demonstrates that there are no 'reasonably segregable portion[s]' of the documents that could be disclosed."

- **Waiver:**  The Court of Appeals for the District of Columbia Circuit holds that "[appellant] has failed to point to any officially acknowledged information that appears to duplicate or match that being withheld."  Additionally, the court "decline[s] [appellant's] post-oral argument invitation to remand the case for further consideration in light of the government's recent announcement that 'in the coming weeks, the Administration will publicly release an assessment of combatant and non-combatant casualties resulting from strikes taken outside areas of active hostilities since 2009,' and that '[g]oing forward, these figures will be provided annually.'"  The court finds that, "[a]s an initial matter, [it] cannot know at this juncture whether the government will actually disclose this information or how that information will be presented."  "It is, therefore, not yet possible to determine whether the information the government plans to release will duplicate that being withheld[.]"  "More importantly, however, the question in FOIA cases is typically whether an agency improperly withheld documents at the time that it processed a FOIA request."

- **Litigation Considerations, In Camera Inspection:**  The Court of Appeals for the District of Columbia Circuit holds that "[t]he district court was . . . well within its discretion to decline to review the documents in camera" and "[the court] find[s] it unnecessary to review the documents to determine whether the information has been properly withheld."

[ PAGE  \* MERGEFORMAT ]

2.  <u>Chelmowski v. FCC</u>, No. 15-1425, 2016 U.S. App. LEXIS 7000 (D.C. Cir. Apr. 18, 2016) (per curiam)

Re:  Motion for production of documents and the motion for a <u>Vaughn</u> index concerning certain FCC orders

Disposition:  Granting defendant's motion to dismiss

- **Litigation Considerations, Jurisdiction:**  The Court of Appeals for the District of Columbia holds that "the motion for production of documents and the motion for a Vaughn index [are] denied."  "Jurisdiction to review an agency's final administrative decision regarding a FOIA request lies in the district court in the first instance."

**District Courts**

1.  <u>Behrens v. United States Attorney</u>, No. 14-0838, 2016 WL 1626827 (D.D.C. Apr. 22, 2016) (Mehta, J.)

Re:  Request for records concerning plaintiff's criminal case, specifically an order authorizing plaintiff's prosecution

Disposition:  Denying defendant's supplemental motion for summary judgment

- **Procedural Requirements, Searching for Responsive Records:**  "The court finds that Defendant's response to Plaintiff's FOIA request falls short for two reasons."  "First, Defendant failed 'to construe [Plaintiff's] FOIA request liberally.'"  "Second, Defendant failed to search the records in its possession where 'responsive records are likely to be located.'"  "Maybe [an] order [authorizing plaintiff's prosecution] exists; maybe it doesn't."  "But Defendant did not search all likely locations for such a record."  "Most notably, it did not search the criminal case file involving the charges for which Plaintiff was convicted."  "By failing to search that case file, which it admittedly possesses, Defendant failed to carry out its obligation to search those records 'that are likely to turn up the information requested.'"

2.  <u>Vaughan v. Ky. Army Nat'l Guard</u>, No. 15-6, 2016 WL 1633048 (E.D. Ky. Apr. 21, 2016) (Van Tatenhove, J.)

Re:  Plaintiff's allegations of improper use of document in disciplinary proceeding

Disposition:  Granting defendant's motion to dismiss

- **Ligation Considerations, Mootness and Other Grounds for Dismissal:**  The court holds that "[d]efendants' motion to dismiss on the basis of res judicata is . . . properly granted."  The court finds that "[plaintiff's previous FOIA] cases were finally decided on the merits by the Court and involved the same parties as [plaintiff's] instant lawsuit."

[ PAGE   \* MERGEFORMAT ]

"Moreover, the issues raised in [plaintiff's] latest case were—or should have been—previously litigated in the prior lawsuits."

3. <u>Schotz v. DOJ</u>, No. 14-1212, 2016 WL 1588491 (D.D.C. Apr. 20, 2016) (Howell, J.)

Re:  Request for records concerning doctor, records concerning restitution, records concerning transfer, records concerning telephone conference, records concerning plaintiff, and certain medical records

Disposition:  Granting defendants' motion for summary judgment; denying plaintiff's motion for summary judgment

- **Exemption 7(C):**  "[T]he Court finds that BOP has properly justified [the] minimal redactions [of "'the [direct] office telephone number, and cellular telephone number, for [a] BOP attorney'"] under FOIA exemption 7(C)."

- **Litigation Considerations, Adequacy of Search:**  "The Court finds that BOP conducted searches reasonably calculated to locate all responsive records."  "With regard to each request forming the basis of this action, BOP's declarant has satisfactorily described the files that were searched, the search methods employed and explained why those files were the only ones likely to contain responsive records."  "In addition, BOP's declarant has satisfactorily explained why the various locations the plaintiff identified as potential sources of the requested escorted trip authorization forms . . . were unlikely to yield responsive records and, thus, were not searched."  Similarly, the court finds that "EOUSA's declarants state that '[a]ny systems of records within the USAO/ILN likely to contain [responsive] records' were searched, that 'the search was conducted utilizing [all] methods which should identify any responsive records,' . . . and that '[t]here are no other records systems or locations within EOUSA or DOJ in which other files pertaining to plaintiff's criminal case are maintained[.]'"  Responding to plaintiff's argument, the court also finds that "'it is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate.'"

- **Litigation Considerations, Vaughn Index/Declaration:**  The court finds that "plaintiff argues correctly that the statements of DOJ's counsel in the Reply are not evidence."  "But counsel's signature on the brief 'represents that "the factual contentions have . . . evidentiary support,"' and the 'brief reflects a "proffer" of [BOP's] diligent efforts.'"

4. <u>Harvey v. Lynch</u>, No. 14-784, 2016 WL 1559129 (D.D.C. Apr. 18, 2016) (Moss, J.)

Re:  Request for records concerning administrative complaints submitted by plaintiff

Disposition:  Denying plaintiff's motion for attorney fees and costs

- **Attorney Fees:**  The court holds that "[b]ecause [the] timeline makes clear that [plaintiff's] suit was not the cause of the BOP's production of records, [plaintiff] is not eligible for an award of costs."  The court relates that "[plaintiff] concedes that he is

[ PAGE   \* MERGEFORMAT ]

eligible for costs, if at all, only" due to "'a voluntary or unilateral change in position by the agency,' as long as the requester's claim is 'not insubstantial.'"  The court finds that "BOP's delay, while regrettable, is not of the length that would ordinarily permit the Court to infer that it was prompted to action by [plaintiff's] lawsuit."  "And the BOP eventually provided 'a detailed timeline of events leading up to the disclosure of information' that largely, if not completely, refutes any claim that that happened here."

[ PAGE  \* MERGEFORMAT ]

Appointment

**From**:      Discovery-Dolph.Becky [Discovery-Dolph.Becky@usepa.onmicrosoft.com]
**Sent**:      4/9/2018 8:35:36 PM
**To**:      Discovery-Dolph.Becky [Discovery-Dolph.Becky@usepa.onmicrosoft.com]; Hammitt, Jennifer
[Hammitt.Jennifer@epa.gov]

**Subject**:      Dolph Collection (EPA-HQ-2017-011126 )NRDC v. EPA, 1:17-cv-02734-ABJ (DDC)
**Attachments**:

# Deliberative Process / Ex. 5

**Start**:      4/9/2018 8:30:00 PM
**End**:      4/9/2018 9:00:00 PM
**Show Time As**:  Busy

Jennifer:

I am having some issues getting these messages out of Outlook and to you.
For some reason they all got appended to a calendar invite?

Suggestions welcome!

| EPA-HQ-2017-008296 | David Schultz | Bloomberg BNA | 06/12/2017 04:06:07 PM | Pursuant to the federal Freedom of Information Act, 5 U.S.C. &sect; 552, I request access to and copies of seven letters that were sent in April from members of Congress to the Environmental Protection Agency (EPA) as well as any responses the EPA may have sent back to those members of congress. The seven letters I am referencing are as follows: Sen. Bill Nelson (D-Fla.) 4/18/17 AL-17-000-7704 Rep. Edward Royce (R-Calif.) 4/18/17 AL-17-000-7703 Sen. Dianne Feinstein (D-Calif.) 4/18/17 AL-17-000-7707 Sen. Dianne Feinstein (D-Calif.) 4/18/17 AL-17-000-7706 Rep. Lou Correa (D-Calif.) 4/12/17 AL-17-000-7412 Rep. Jackie Speier (D-Calif.) 4/3/17 AL-17-000-6994 Rep. Dana Rohrabacher (R-Calif.) 4/27/17 AL-17-000-8032 Please send me copies of these seven letters that are listed in the above chart. Please also send me copies of any responses that the EPA may have sent for each of these respective letters I would like to receive the requested information in electronic format preferably, although hard copies of the documents are acceptable. I agree to pay reasonable processing fees for the processing of this request up to the amount of $49 Please notify me prior to your incurring any expenses in excess of that amount. Through this request, I am gathering information on that is of current interest to the public. This information is being sought on behalf of Bloomberg BNA for dissemination to the general public. If my request is denied in whole or part, I ask that you justify all deletions by reference to specific exemptions of the act. I will also expect you to release all segregable portions of otherwise exempt material. I, of course, reserve the right to appeal your decision to withhold any information or to deny a waiver of fees. |
| EPA-HQ-2017-008293 | Brian Dabbs | Bloomberg BNA | 06/12/2017 03:06:55 PM | See attached document |
| EPA-HQ-2017-008283 | Kevin Bogardus | E&E News | 06/12/2017 01:06:26 PM | I request records of all certifications of qualified trusts; certificates of divestiture; notices of disqualification; recusals; waivers; screening arrangements and all other ethics-related records filed by and/or given to Nancy Beck. These documents would likely be prepared under 18 U.S.C. &sect; 207; 18 U.S.C. &sect; 208; 5 C.F.R. Part 2634; 5 C.F.R. Part 2635; and 5 C.F.R. Part 2641 as well as be in the care of the Designated Agency Ethics Official. Please do not consider this individual's OGE Form 278 public financial disclosure reports as responsive records to this request. |
| EPA-HQ-2017-008282 | Kevin Bogardus | E&E News | 06/12/2017 01:06:40 PM | I request records of all certifications of qualified trusts; certificates of divestiture; notices of disqualification; recusals; waivers; screening arrangements and all other ethics-related records filed by and/or given to Patrick Traylor. These documents would likely be prepared under 18 U.S.C. &sect; 207; 18 U.S.C. &sect; 208; 5 C.F.R. Part 2634; 5 C.F.R. Part 2635; and 5 C.F.R. Part 2641 as well as be in the care of the Designated Agency Ethics Official. Please do not consider this individual's OGE Form 278 public financial disclosure reports as responsive records to this request. |
| EPA-HQ-2017-008259 | Andrea Pedersen | | 06/09/2017 08:06:05 PM | Copies of applications submitted by the following entities in Texas as part of the EPA Fiscal Year 2017 Brownfields Assessment and Cleanup Grant competition: (1) City of Austin, (2) City of Fort Worth, (3) City of Houston, (4) Permian Basin Regional Planning Commission, (5) City of Port Arthur, (6) City of Texarkana, and (7) Texoma Council of Governments. |
| EPA-HQ-2017-008258 | Andrea Pedersen | | 06/09/2017 08:06:14 PM | Copies of applications submitted by the following entities in New Mexico as part of the EPA Fiscal Year 2017 Brownfields Assessment and Cleanup Grant competition: (1) Chaves County and(2) City of Farmington. |
| EPA-HQ-2017-008256 | James Chelmowski | | 06/09/2017 08:06:37 PM | See Attached file file for complete FOIA/PA request I am requesting ALL EPA responsive records pursuant to both FOIA 5 USC 552 and Privacy Act 5 USC 552a regarding me the Requester James Chelmowski. Search Period: 9/1/15 to 6/9/17 Description of Records Sought: Produce from FOIAonline,EPA-9 &EPA-GOVT-2 as EPA System of Records all FOIAonline records which are Related to the Requester include for all the FOIAonline individual records including but not limited to all FOIAonline record fields, entries, status change, assignments, case file, notes, comments, logs, notes, etc. for all my EPA FOIA requests required for both Privacy Act and/or FOIA request It is public record (see attached file) that the EPA "maintains" the FOIAonline system for all the other agencies FOIAonlineas EPA System of Records related to the "individual" me the requester per Privacy Act definitions 5 USC552a(a), therefore EPA must produce all FOIAonline Details as described above for all my FOIA requests and/or appeals fromEPA and all other Agencies see the following request and/or appeal case numbers: a) EPA FOIAonline cases, I am requesting ALL FOIAonline records, fields, status change, assignments, case file, notes, comments, FOIAonline entries, etc. for the following requests: EPA-HQ-2016-009708 Request b) EPA maintains the FOIAonline system and by Privacy Act definition of System of Records EPA-HQ-2016009708 Request b) EPA maintains the FOIAonline system and by Privacy Act definition of System of Records that EPA maintains and referencing my name and any of my identification. EPA is required by 5 USC 552a to produce all FOIAonline records, fields, status change, assignments, case file, notes, comments, FOIAonline entries, etc. for the following FOIAonline requests and/or appeals (if EPA claims that the EPAdoes not maintain FOIAonline and has no access to other Agency's FOIAonline records then provided written signed certified statement of that fact): FCC-15-768,FCC-15-769,FCC-15-889,FCC-16-345,FCC-16-487,FCC-16-0665,FCC-2016-FCC-16-712,FCC-16-000863, FCC-17-000511 |

| EPA-HQ-2017-008255 | James Chelmowski | | 06/09/2017 08:06:06 PM | See attached file for complete FOIA/PA request I am requestingALL EPA responsive records pursuant to both FOIA 5 USC 552 and Privacy Act 5 USC 552a regarding me the Requestor JamesChelmowski. Search Period: 5/1/16 to 6/9/17 Description of Records Sought:EPA communication records including internal and external emails, phone &amp; meeting logs, notes, correspondence, etc. during the search period related to the requester James Chelmowski (search with all name permeations such as Chelmowski,Mr. Chelmowski,James Chelmowski &amp; Jim Chelmowski, etc.) and including searches on misspellings like the ones NARA used Chelmowsky,Chelmoski and all communications internal and external emails, logs, notes correspondence, etc. related to my EPA FOIArequests EPA-HQ-2016-009708, EPA-HQ-2017-005390 (all abbreviations like EPA-HQ-2016-9708, EPA-HQ-2017-9708) and all communications internal and external emails, logs, notes, correspondence, etc. associated with Chelmowski v. FCC, No. 16 c 5587 (N.D. Ill) &amp; May 2016 District Court Subpoena EPA never responded to (see attached). Privacy Act/FOIA search must include internal and external emails, notes, conversation &amp; meeting logs and correspondence databases Including Office of General Counsel (database) and Office of Environmental Information (database); EPA- 22 "Correspondence Management System (CMS)";EPA-9 "FOIA Requests and Appeal Files" and all non-published email and/or correspondence databases. Plus, any other EPA email systems (including but not limited to the mandate central emailsystem of records which mandated all agencies must implement on or before 12/31/16). Include any request for communications deletions or archives for records regarding me Must include but not limited to individual emails, notes, logs&amp; correspondence to and from Mark Stilp,Larry Gottesman,Judy Earle,Kevin Minoli,Elise Packard,Justin Schwab,David Fotouhi,Richard Albores,Wendy Schumacher, Judith Lewis and any other EPA staff,... |
| EPA-HQ-2017-008252 | Mychal Ozaeta | Earthjustice | 06/09/2017 01:06:00 PM | Requesting Information Pertaining to State Applications for EPAAuthorization of CCR Permit Programs from the state of Georgia. |
| EPA-HQ-2017-008249 | Cynthia Fernancez | | 06/09/2017 01:06:00 PM | Requesting any data on improperly discarded non-hospital needles, including (i.e. those used for insulin, pet medication, B12 shots, illicit drugs, etc.). |
| EPA-HQ-2017-008239 | Allan Blutstein | Definers Public Affairs | 06/09/2017 04:06:06 PM | According to an &quot;OPP Weekly Report,&quot; the Antimicrobial Division (AD) met with representatives from the treated wood industry on August 16, 2016, to discussascertain AWPA guidance. See attachments. This request seeks access to following records concerning that meeting: (1) meeting notes, minutes, agendas, invitations, attendance sheet, and after action reports or memoranda; and (2) email exchanged since June24, 2016, between Koppers &quot;@koppers.com&quot;) and Steve Knizner, Diane Isbell, Laura Parsons, or Emily Mitchell, or any AD employee who attended the above meeting. |
| EPA-HQ-2017-008227 | C. Peter Sorenson | Sorenson Law Office | 04/25/2017 01:04:00 PM | Under Agency Review |
| EPA-HQ-2017-008223 | Jason Su | | 06/09/2017 01:06:00 PM | Request for copy of the Univ. of California RFA proposal evaluation scoresheet. During a conference call with Mr. Mike Holloway on the EPA grant we applied for, we felt it was important for us to request a copy of the comments so we can improve on our proposal for future grant applications. We madesuch a request and Mr. Holloway responded with the following information: &quot;During your recent RFA grant propoasl debriefing, you requested a hard copy of the full reviewers' consensus score/evaluation sheets of your Universityof California Berkeley grant proposal. As indicated, I've contacted the EPA Office of Grants and Debarment (OGD) to obtain clarification on the policy about giving hard copies of the reviewers' consensus scoresheets to applicants. The EPA OGDtypically does not release the hard copies of the scoresheets to applicants. OGD has confirmed that the applicants would need to submit a Freedom of Information Act (FOIA) request to the EPA for the consensus evaluation scoresheets. The scoresheets will not be released without the submission of a FOIArequestfrom the applicant.&quot;Here isthe detailed grant application information. We are grateful if you could share a copy of the evaluation scoresheet on the grant we applied for. EPA RFA: EPA-OAR-ORIA-17-02 Applicant name: Linda Neuhauser (Lead) and Jason Su Applicant organization: The Regents of the University of California Proposal title: Evidence-based indoor environmental risk reduction strategies and enhanced national policy guidelines for prevention and control of asthma exacerbations for child Medicaid patients (BREATHE EASY) |
| EPA-HQ-2017-008218 | Sean Reilly | Environment and Energy Publishing | 06/09/2017 01:06:00 PM | 1) Any documents in possession of the Office of the EPA Administrator and the Office of Air and Radiation that state the mission, charge and membership of the Ozone Cooperative Compliance Task Force referenced in Administrator Scott Pruitt's June 6, 2017 letter delaying attainment designations for the 2015 ozone NAAQS (https://www.eenews.net/assets/2017/06/06/document_gw_08.pdf). 2) Any letters, emails, text messages, etc. between EPA employees and Sen. Orrin Hatch (or members of his staff) related to development of the task force and appointments to the task force. |
| EPA-HQ-2017-008216 | Sean Reilly | Environment and Energy Publishing | 06/09/2017 01:06:00 PM | All memoranda, opinions, staff analyses, etc. prepared by the Office of General Counsel in relation to Administrator Pruitt's decision, announced on June 6, to delay attainment designationsfor the 2015 ozone NAAQS by one year. |
| EPA-HQ-2017-008214 | Sean Reilly | Environment and Energy Publishing | 06/08/2017 08:06:23 PM | All memoranda, PowerPoint presentations, staff analyses and allother documents created by staff at the Office of Air Quality Planning and Standards--including, but not limited to the Air Quality Policy Division--prepared in relation to Administrator Pruitt's June 6th decision to delay attainment designations for the 2015 ozone NAAQS by one year. |

| | | | | | |
|---|---|---|---|---|---|
| EPA-R8-2017-008260 | Andrea Pedersen | | 06/09/2017 08:06:42 PM | Closed | Copies of applications submitted by the following entities in Colorado as part of the EPA Fiscal Year 2017 Brownfields Assessment and Cleanup Grant competition: (1) Town of Wellington, (2) Town of Windsor, and (3) Region 9 Economic Development District of SW Colorado Inc. |
| EPA-R2-2017-008257 | Mary E. Desmond | N.W. Bernstein & Assoc. LLC | 06/09/2017 08:06:38 PM | Assignment Determination | Dear USEPA FOIA Officer: Please provide all records regarding the gasoline service station located at 34 East Post Road, White Plains, NY, and its current owner, Marianina Oil Corp., including but not limited to the RCRA Enforcement Action during approximately February 2005, EA Type description: RCRA 9006 AO For Comp And/Or Pen (UST) - UST Expedited Settlement Program. The EA identifier for this is 02-2005-7911. For your reference, this EA is listed on line 47220 of the attached spreadsheet, CM-FOI-006004-14. The time frame for this request is 1963 through the present. Thank you very much. Best regards, Mary E. Desmond |
| EPA-HQ-2017-008256 | James Chelmowski | | 06/09/2017 08:06:37 PM | Assignment Determination | See Attached file file for complete FOIA/PA request I am requesting ALL EPA responsive records pursuant to both FOIA 5 USC 552 and Privacy Act 5 USC 552a regarding me the Requester James Chelmowski. Search Period: 9/1/15 to 6/9/17 Description of Records Sought: Produce from FOIAonline,EPA-9 & EPA-GOVT-2 as EPA System of Records all FOIAonline records which are Related to the Requester include for all the FOIAonline individual records including but not limited to all FOIAonline record fields, entries, status change, assignments, case file, notes, comments, logs, notes, etc. for all my EPA FOIA requests required for both Privacy Act and/or FOIA request. It is public record (see attached file) that the EPA "maintains" the FOIAonline system for all the other agencies FOIAonlineas EPA System of Records related to the "individual" me the requester per Privacy Act definitions 5 USC 552a(a), therefore EPA must produce all FOIAonline Details as described above for all my FOIA requests and/or appeals from EPA and all other Agencies see the following request and/or appeal case numbers: a) EPA FOIAonline cases, I am requesting ALL FOIAonline records, fields, status change, assignments, case file, notes, comments, FOIAonline entries, etc. for the following requests: EPA-HQ-2017-005390 Request EPA-HQ-2016-009708 Request b) EPA maintains the FOIAonline system and by Privacy Act definition of System of Records that EPA maintains and referencing my name and any of my identification. EPA is required by 5 USC 552a to produce all FOIAonline records, fields, status change, assignments, case file, notes, comments, FOIAonline entries, etc. for the following FOIAonline requests and/or appeals (if EPA claims that the EPA does not maintain FOIAonline and has no access to other Agency's FOIAonline records then provided written signed certified statement of that fact): FCC-15-768,FCC-15-769,FCC-15-889,FCC-16-345,FCC-16-487,FCC-16-0665,FCG2016-FCC-16-712,FCC-16-000863, FCC-17-000511 |
| EPA-R10-2017-008265 | Andrea Pedersen | | 06/09/2017 08:06:34 PM | Assignment Determination | Copy of application(s) submitted by the City of Baker City, Oregon as part of the EPA Fiscal Year 2017 Brownfields Assessment and Cleanup Grant competition. |
| EPA-R2-2017-008267 | Christy O'Connor | Brinkerhoff Environmental Services, Inc. | 06/09/2017 08:06:34 PM | Closed | &quot;All Phase I Environmental Site Assessment Info.&quot; For: Industrial Property Owner: Lakewood Associates Ltd. 440-450 Oberlin Avenue South - Block 1600, Lot 5 Lakewood Twp., Ocean co., NJ Brinkerhoff Project # 16-0447 &quot;We are looking for the following in accordance with ASTM E1527-13: site inspection reports; violations pertaining to handling, storage or disposal of hazardous substances; hazardous material releases or spills; underground storage tank information; Activity and Use Limitations (AULs) and environmental lien information; and any other information you may have regarding potential areas of environmental concern. &quot; |

| | | | | | |
|---|---|---|---|---|---|
| EPA-R9-2017-008263 | Andrea Pedersen | | 06/09/2017 08:06:26 PM | Closed | Copies of applications submitted by the following entities in California as part of the EPA Fiscal Year 2017 Brownfields Assessment and Cleanup Grant competition: (1) City of Rialto; (2) Sacramento Housing and Redevelopment Agency; (3) City of Sacramento; (4) San Francisco Recreation and Park Department; (5) City of Stockton; and (6) City of West Sacramento. |
| EPA-R8-2017-008261 | Andrea Pedersen | | 06/09/2017 08:06:22 PM | Closed | Copies of applications submitted by the following entities in Wyoming as part of the EPA Fiscal Year 2017 Brownfields Assessment and Cleanup Grant competition: (1) City of Laramie and (2) City of Cheyenne. |
| EPA-HQ-2017-008258 | Andrea Pedersen | | 06/09/2017 08:06:14 PM | Estimate Costs | Copies of applications submitted by the following entities in New Mexico as part of the EPA Fiscal Year 2017 Brownfields Assessment and Cleanup Grant competition: (1) Chaves County and (2) City of Farmington. |
| EPA-R10-2017-008266 | Andrea Pedersen | | 06/09/2017 08:06:07 PM | Assignment Determination | Copy of application(s) submitted by the Nez Perce Tribe of Idaho as part of the EPA Fiscal Year 2017 Brownfields Assessment and Cleanup Grant competition. |
| EPA-HQ-2017-008255 | James Chelmowski | | 06/09/2017 08:06:06 PM | Assignment Determination | responsive records pursuant to both FOIA 5 USC 552 and Privacy Act 5 USC 552a regarding me the Requestor James Chelmowski. Search Period: 5/1/16 to 6/9/17 Description of Records Sought:EPA communication records including internal and external emails, phone &amp; meeting logs, notes, correspondence, etc. during the search period related to the requester James Chelmowski (search with all name permeations such as Chelmowski,Mr. Chelmowski,James Chelmowski &amp; Jim Chelmowski, etc.) and including searches on misspellings like the ones NARA used Chelmowsky,Chelmoski and all communications internal and external emails, logs, notes correspondence, etc. related to my EPA FOIA requests EPA-HQ-2016-009708, EPA-HQ-2017-005390 (all abbreviations like EPA-HQ-2016-9708, EPA-HQ-2017-9708) and all communications internal and external emails, logs, notes, correspondence, etc. associated with Chelmowski v. FCC, No. 16 c 5587 (N.D. Ill) &amp; May 2016 District Court Subpoena EPA never responded to (see attached). Privacy Act/FOIA search must include internal and external emails, notes, conversation &amp; meeting logs and correspondence databases Including Office of General Counsel (database) and Office of Environmental Information (database); EPA-22 "Correspondence Management System (CMS)";EPA-9 "FOIA Requests and Appeal Files" and all non-published email and/or correspondence databases. Plus, any other EPA email systems (including but not limited tothe mandate central email system of records which mandated all agencies must implement on or before 12/31/16). Include any request for communications deletions or archives for records regarding me. Must include but not limited to individual emails, notes, logs &amp; correspondence to and from Mark Stilp,Larry Gottesman,Judy Earle,Kevin Minoli,Elise Packard,Justin Schwab,David Fotouhi,Richard Albores,Wendy Schumacher, Judith Lewis and any other EPA staff,... |
| EPA-HQ-2017-008259 | Andrea Pedersen | | 06/09/2017 08:06:05 PM | Estimate Costs | Copies of applications submitted by the following entities in Texas as part of the EPA Fiscal Year 2017 Brownfields Assessment and Cleanup Grant competition: (1) City of Austin, (2) City of Fort Worth, (3) City of Houston (4) Permian Basin Regional Planning Commission, (5) City of Port Arthur, (6) City of Texarkana, and (7) Texoma Council of Governments. |

Message
_____

**From**:  Vanessa Lamb [Vanessa.Lamb@fcc.gov]
**Sent**:  8/18/2016 3:08:15 PM
**To**:  Laurence Schecker [Laurence.Schecker@fcc.gov]; Gottesman, Larry [Gottesman.Larry@epa.gov]; Walter Boswell [Walter.Boswell@fcc.gov]
**CC**:  Hammitt, Jennifer [Hammitt.Jennifer@epa.gov]; Ryan Yates [Ryan.Yates@fcc.gov]; Stephanie Kost [Stephanie.Kost@fcc.gov]; Scott Noveck [Scott.Noveck@fcc.gov]; Susan Launer [Susan.Launer@fcc.gov]; Elizabeth Lyle [Elizabeth.Lyle@fcc.gov]; Joanne Wall [Joanne.Wall@fcc.gov]; Crawford, Tim [Crawford.Tim@epa.gov]
**Subject**:  RE: Subpoena

Will do.

---

**From:** Laurence Schecker
**Sent:** Thursday, August 18, 2016 11:05 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

Please include Scott Noveck who is handling the Chelmowski litigation.


*** Not Public -- For Internal Use Only ***
*Please consider the environment before printing this email or attachments. Live Green!*

---

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 11:03 AM
**To:** Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

Vanessa,

Can you give me a call to discuss.


Larry F. Gottesman

202-566-2162 (Direct line)
202-689-4588 (Mobile)

**From:** Vanessa Lamb [mailto:Vanessa.Lamb@fcc.gov]
**Sent:** Thursday, August 18, 2016 11:00 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

Thanks Larry — **Deliberative Process / Ex. 5**

Vanessa

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 10:32 AM
**To:** Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

I know Jennifer Hammitt, in EPA's OGC was planning to speak with the AUSA today. Jennifer can be reached on 202-564-5097.

# Deliberative Process / Ex. 5

If that is not the case and you need contractor support, please contact Tim Crawford on 202-566-1574 or by email.

Thanks


Larry F. Gottesman


202-566-2162 (Direct line)
202-689-4588 (Mobile)


**From:** Walter Boswell [mailto:Walter.Boswell@fcc.gov]
**Sent:** Thursday, August 18, 2016 10:13 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>
**Subject:** FW: Subpoena

HI Larry,

```
┌─────────────────────────────────────────────────────────────┐
│                                                             │
│      Deliberative Process / Ex. 5 & Ex. 6                    │
│                                                             │
└─────────────────────────────────────────────────────────────┘
```

Thanks,
Walt Boswell

---

**From:** Stephanie Kost
**Sent:** Thursday, August 18, 2016 9:48 AM
**To:** Walter Boswell <Walter.Boswell@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>
**Cc:** Benish Shah <Benish.Shah@fcc.gov>
**Subject:** FW: Subpoena

Hi All –

I just got off the telephone with Larry Gottesman at the EPA and they received the attached subpoena regarding Mr. Chelmowski.  I've left a message with Ryan and hoping to discuss with OGC.

Thanks,
Stephanie

---

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 9:39 AM
**To:** Stephanie Kost <Stephanie.Kost@fcc.gov>
**Subject:** FW: Subpoena

---

**From:** Gottesman, Larry
**Sent:** Thursday, August 18, 2016 9:39 AM
**To:** 'stephaniw.kost@fcc.gov' <stephaniw.kost@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>
**Subject:** Subpoena

Here is the subpoena.

Let us know if we can be of any assistance.

Larry F. Gottesman

202-566-2162 (Direct line)
202-689-4588 (Mobile)

**From:** Miller, Kevin
**Sent:** Thursday, August 18, 2016 9:02 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** FW:

Kevin Miller | US EPA | Office of General Counsel | 1200 Pennsylvania Ave., NW | WJC North, Mail Code 2377A | Washington DC 20460 | phone: (202) 564-2691

**From:** DC-WJCN-7454B-M@epa.gov [mailto:DC-WJCN-7454B-M@epa.gov]
**Sent:** Thursday, August 18, 2016 9:11 AM
**To:** Miller, Kevin <Miller.Kevin@epa.gov>
**Subject:**

**To:** Stoy, Alyse[Stoy.Alyse@epa.gov]; Miller, Kevin[Miller.Kevin@epa.gov]; Nguyen, Quoc[Nguyen.Quoc@epa.gov]; Kelly, Lynn[Kelly.Lynn@epa.gov]; Hammitt, Jennifer[Hammitt.Jennifer@epa.gov]; Albright, Scott[Albright.Scott@epa.gov]; Margolis, Alan[Margolis.Alan@epa.gov]; Engelman, Alexa[ENGELMAN.ALEXA@EPA.GOV]; Dreyfus, Bethany[Dreyfus.Bethany@epa.gov]; Hartman, Bob[Hartman.Bob@epa.gov]; Stallworth, Deirdre[Stallworth.Deirdre@epa.gov]; Salisbury, Demetra[Salisbury.Demetra@epa.gov]; Harris, Denise[Harris.Denise@epa.gov]; Harris, Donald[Harris.Donald@epa.gov]; Rouch, Ellen[Rouch.Ellen@epa.gov]; Glowacki, Joanna[glowacki.joanna@epa.gov]; Borromeo, Karina[Borromeo.Karina@epa.gov]; Myers, Lucretia[MYERS.LUCRETIA@EPA.GOV]; Kavouras, Maria[Kavouras.Maria@epa.gov]; Boydston, Michael[Boydston.Michael@epa.gov]; Gleason, Michael[Gleason.Michael@epa.gov]; Cohen, Mitchell[cohen.mitchell@epa.gov]; Wood, Nicole[wood.nicole@epa.gov]; Allen, Robin[Allen.Robin@epa.gov]; Leon, Sandra[Leon.Sandra@epa.gov]; Laumann, Sara[Laumann.Sara@epa.gov]; Wells, Sharon[Wells.Sharon@epa.gov]; Capel, Susan[Capel.Susan@epa.gov]; Donaldson, Yerusha[donaldson.yerusha@epa.gov]; Busterud, Gretchen[Busterud.Gretchen@epa.gov]; Herrema, Jeffrey[Herrema.Jeffrey@epa.gov]; Moran, Gloria[Moran.Gloria-Small@epa.gov]; Smith, Kevin B.[Smith.Kevin@epa.gov]; Albano, Emily[Albano.Emily@epa.gov]; Matthews, Julie[Matthews.Juliane@epa.gov]; Prout, Susan[prout.susan@epa.gov]; Clark, Jacqueline[clark.jacqueline@epa.gov]; Ford, Mark[Ford.Mark@epa.gov]; Powell-Dickson, Antoinette[Powell-Dickson.Antoinette@epa.gov]; MacDonald, Jennifer[Macdonald.Jennifer@epa.gov]; Jonesi, Gary[Jonesi.Gary@epa.gov]; Lieben, Ivan[Lieben.Ivan@epa.gov]; Bunnell, Julia[Bunnell.Julia@epa.gov]; Walker, Denise[Walker.Denise@epa.gov]; Dolph, Becky[Dolph.Becky@epa.gov]; Connery, Shannon[Connery.Shannon@epa.gov]; Bermes, Peter[Bermes.Peter@epa.gov]; Kaminer, Joan[Kaminer.Joan@epa.gov]; Stilp, Mark[Stilp.Mark@epa.gov]; Knapp, Michael[Knapp.Michael@epa.gov]; Campbell, Rich[Campbell.Rich@epa.gov]; Palmer, Leif[Palmer.Leif@epa.gov]; Howell, Joyce[Howell.Joyce@epa.gov]; Bolender, Mark[Bolender.Mark@epa.gov]; Fritz, Frank[Fritz.Frank@epa.gov]; Capel, Susan[Capel.Susan@epa.gov]; Mancusi-Ungaro, Philip[Mancusi-Ungaro.Philip@epa.gov]; Luetscher, Greg[Luetscher.Greg@epa.gov]; Pickell, Casey[pickell.casey@epa.gov]; Shapiro, Melissa[shapiro.melissa@epa.gov]; Debes, Alison[Debes.Alison@epa.gov]; Gardner, Allison[Gardner.Allison@epa.gov]; Varilek, Kimberly[Varilek.Kimberly@epa.gov]

**From:** Schwarz, Matthew
**Sent:** Thur 4/13/2017 4:31:44 PM
**Subject:** FW: New Decisions 2035
New Decisions 2035 Received Week Ending February 25, 2017.docx

---

**From:** Fiorillo, Andrew (OIP) [mailto:Andrew.Fiorillo@usdoj.gov]
**Sent:** Thursday, April 13, 2017 11:14 AM
**To:** Fiorillo, Andrew (OIP) <Andrew.Fiorillo@usdoj.gov>
**Subject:** New Decisions 2035

Good Morning,

Attached, please find the case summaries for the week ending February 25, 2017.

Thank you.


Andrew Fiorillo
Senior Attorney
Office of Information Policy
Department of Justice
(202) 598-5074

**New Decisions Received Week Ending February 25, 2017 (Decision 2035)**

**District Courts**

1.  Albers v. FBI, No. 16-05249, 2017 WL 736042 (W.D. Wash. Feb. 24, 2017) (Settle, J.)

Re:  Request for records concerning plaintiff

Disposition:  Granting defendant's motion for summary judgement

- **Procedural Requirements, Searching for Responsive Records:**  The court holds that "[d]efendant FBI has met its burden to show beyond a material doubt that its records search was reasonably calculated to uncover all relevant documents."  "Defendant FBI used the [Automated Case Support ("ACS")] case management system to conduct a main entries search of the Central Records System, which is where information about individuals, including Plaintiff . . ., is indexed."  "Any records about Plaintiff . . ., if any, could be found with an ACS search."  "The search was conducted with precision, with several search parameters, including date of birth, social security number, and multiple combinations of Plaintiff['s] . . . name."  Responding to plaintiff's arguments, the court finds that:  "all responsive records could be found using ACS, so a manual search was unnecessary[;]" "all records within the date range of the FOIA request were searchable using ACS[;]" and "[w]hile one interpretation of 'pertaining to' [in plaintiff's request] could include [plaintiff] as a primary subject or as an ancillary subject, it is not unreasonable to interpret 'pertaining to' in such a way as to search only for the primary subject of a particular matter[,]" and, therefore, a cross-reference records search was not required.

2.  Chelmowski v. FCC, No. 16-5587, 2017 WL 736893 (N.D. Ill. Feb. 24, 2017) (Coleman, J.)

Re:  Requests for records concerning certain informal FCC complaints

Disposition:  Granting in part and denying in part defendant's motion for summary judgment; granting in part and denying in part plaintiff's motion for summary judgment

- **Litigation Considerations, Exhaustion of Administrative Remedies:**  Regarding two of plaintiff's requests, the court holds that "[t]he undisputed facts demonstrate that [plaintiff] did not file an application for review, which would exhaust his administrative remedies."  The court explains that "[a]n application for review by the Commission is the final stage of the administrative remedies available to a FOIA requester under the FCC regulations."  The court notes that "[i]nstead of contacting either of the FCC offices listed . . ., [plaintiff] sent a request for assistance to the Office of Governmental Information Services (OGIS), which is a separate agency from the FCC."  "There is no authority on which this Court could find that submitting a request to OGIS for assistance can supplant an application for review from the full Commission, which Congress has specifically stated is a 'condition precedent to judicial review.'"

1

- **Procedural Requirements, Time Limits:**  Regarding two other requests, concerning a "fee that the FCC has assessed to complete the requests[,]" the court relates that "[plaintiff] posits that he should be exempt from paying the fee because the FCC did not provide a timely response to his requests[,]" and the court holds that "the FCC has not shown that unusual and exceptional circumstances or other reason exists to excuse the delay in the agency's response to [plaintiff's] . . . administrative appeal."  The court finds that "the FCC never provided written notice to [plaintiff] that it needed an additional ten days."  Additionally, regarding the possibility that exceptional circumstances exist, the court finds that "[t]he FCC does not provide any reason for the delay."

3.  <u>Gilliam v. DOJ</u>, No. 14-00036, 2017 WL 706148 (D.D.C. Feb. 22, 2017) (Mehta, J.)

Re:  Request for records concerning plaintiff

Disposition:  Granting defendants' motion for summary judgment

- **Litigation Considerations, Adequacy of Search:**  "The court is satisfied that Defendants have shown that their search was adequate."  The court holds that "DEA searched the computer database that most likely would identify responsive records."  "Nothing more is required."  Responding to plaintiff's arguments, the court finds that "[p]laintiff's speculation that records *might* exist in a field office does not render the DEA's search inadequate."  Additionally, the court finds that "DEA's non-production of specific records that Plaintiff expected to receive does not render its search inadequate."

- **Exemption 7(C):**  The court agrees with defendants' use of Exemption 7(C) "to withhold 'the identities of DEA Special Agents . . . and other law enforcement officers[]'" and finds that "[p]laintiff['s] claim[] that the DEA agents acted unlawfully in executing [certain] search warrants . . . comes nowhere close to the 'compelling evidence' needed to satisfy the exception to Exemption 7(C)'s categorical rule against disclosure."

- **Exemption 7(D):**  The court finds that "[d]efendants easily meet Exemption 7(D)'s 'reasonable expectation' standard[]" because "[defendant] explains that some of the responsive information concerns 'coded' informants who continue to cooperate with the DEA 'by written signed agreement[. . . and] they are expressly assured confidentiality in their identities and the information they provide to DEA.'"

- **Exemption 7(E):**  "[T]he court finds that the DEA's withholding of G–DEP and NADDIS numbers under Exemption 7[(E)] was proper."  The court points to defendants' explanation that "[the] numbers correlate to information such as the classification of the violator, the types and amount of suspected drugs involved, the priority of the investigation, and the suspected location and scope of criminal activity[]" and "if these numbers are disclosed it could adversely impact the DEA's investigative activities and enable suspects to avoid detection."

- **Litigation Considerations, "Reasonably Segregable" Requirements:**  "The court also is satisfied that Defendants met their obligation to disclose any reasonably segregable

ED_002298_00000103-00002

information."  "Having reviewed the documents released to Plaintiff . . . it is apparent that Defendants conducted a line-by-line inquiry to determine whether any non-exempt portions of the records could be released."  "That observation, coupled with [defendants'] statements in both declarations that all responsive material 'was examined to determine whether any reasonably segregable information could be released,'" . . . satisfies the agencies' duty of segregability."

- **Litigation Considerations, Discovery:**  "The court rejects [plaintiff's request for discovery], as Plaintiff has offered only pure conjecture and no actual evidence of bad faith on the part of Defendants to support his taking of discovery."

4.  Reporters Comm. for Freedom of the Press v. FBI, No. 15-1392, 2017 WL 729126 (D.D.C. Feb. 22, 2017) (Leon, J.)

Re:  Request for records concerning alleged practice of impersonating members of news media

Disposition:  Granting defendants' motion for summary judgment; denying plaintiffs' motion for summary judgment; denying plaintiffs' motion for in camera review

- **Litigation Considerations, Adequacy of Search:**  The court holds that "the evidence shows that the FBI conducted a good faith, reasonable search of the systems of records likely to possess records responsive to plaintiffs' requests."  The court finds that "[t]he agency attests that it searched the record repositories appropriate for each group in a manner designed to uncover responsive records."  The court relates that "[p]laintiffs object to the structure of the FBI's search, [focusing on] the agency's decision to divide their FOIA requests into two groups[,]" but finds that "[a]lthough plaintiffs would have structured the search differently, an agency 'need not knock down every search design advanced by every requester' in order to prevail at summary judgment."  Responding to plaintiffs' arguments concerning which records systems were searched, the court finds that "'[t]he FBI was not required to search every record system; it was only required to conduct a reasonable search of those systems of records *likely* to possess the requested information.'"  Regarding plaintiff's criticism of "the search terms used by the FBI[,]" the court finds that "a search is not rendered inadequate by the suggestion of 'additional search terms' that, in the requester's view, the agency 'should have used.'"  Finally, responding to plaintiff's argument, the court "reviewed the information identified by plaintiffs for 'positive indications of overlooked materials[,]'" but found that "[n]othing in these materials persuades [the court] that plaintiffs' arguments are anything more than '[m]ere speculation that as yet uncovered documents may exist.'"

- **Exemption 1:**  The court "defer[s] to the FBI's predictive judgment regarding this classified material and will not review it *in camera* or order it disclosed."  The court notes that "the FBI provides a sworn affidavit from an original classification authority . . . who reviewed all of the withheld information and affirms that it is properly classified pursuant to Executive Order 13526[]" and "also affirms that the withheld material contains information pertaining to intelligence sources and methods, and that release of this

3

information reasonably could be expected to cause serious damage to the national security of the United States, and therefore should be and is classified at the 'Secret' level."

- **Exemption 3:** "[The court is] satisfied that the Bureau properly withheld portions of the responsive records under the National Security Act of 1947." The court relates that "[defendants'] affidavit explains that 'the FBI's intelligence sources and methods would be revealed if any of the withheld information is disclosed to Plaintiffs.'"

- **Exemption 5, Deliberative Process Privilege & Attorney-Client Privilege:** The court holds that "both exemptions apply." The court relates that some of the withheld information "show[s] that agency personnel were discussing changes to, and legal review of, an application for a search warrant before submitting it to a court." "Such information is both pre-decisional and privileged." Also, other "redacted material 'concerns opinions and recommendation[s] of an advisory nature about FBI authority and policy evaluated in light of [a certain] investigation, but not adopted by the agency as final policy.'" The court finds that "this information, too, was properly withheld."

- **Exemptions 6 & 7(C):** The court holds that "[t]he Bureau properly withheld [names and identifying information of federal and state law enforcement and support personnel.]" The court finds that "[t]he FBI starts from a strong position[]" because "[c]ourts in our Circuit have repeatedly held that law enforcement and support personnel have an 'extremely strong privacy interest' in not having their identifying information disclosed in connection with any particular investigative matter." The court finds that "[t]he FBI has invoked that weighty interest here . . . and plaintiffs offer little to counterbalance it[]" because they "do not explain what, if anything, the disclosure of information identifying individual government employees would add to informing the public." "'In the absence of a legitimate public interest, the private interest in avoiding harassment or violence tilts the scales.'"

- **Exemption 7(E):** "Although plaintiffs demand that the Bureau describe in greater detail the nature of the records it withheld, [the court] find[s] that the agency has justified its withholdings because it has 'logically explain[ed]' how the information could help criminals circumvent the law." The court relates that "the FBI invokes Exemption 7(E) with respect to six kinds of information: (1) operational directives; (2) records pertaining to a specific undercover operation; (3) internal FBI secure fax and phone numbers; (4) details concerning deployments of [Computer Internet Protocol Address Verifiers]; (5) details about certain targets of pen registers and trap and trace devices; and (6) collection and analysis methods."

- **Litigation Considerations, "Reasonably Segregable" Requirements:** "Upon review of the FBI's declarations and *Vaughn* index, [the court] conclude[s] that the Bureau has fulfilled its duty to be 'as specific as possible without actually disclosing information that deserves protection.'" The court relates that "[t]he agency affirms that it 'individually examined' every page 'line by line'" and "[m]aterial that was withheld was either exempt from disclosure or was so intertwined with protected material that segregation was not possible without foreseeable harm."

4

5. <u>Kinney v. CIA</u>, No. 16-5777, 2017 WL 698795 (W.D. Wash. Feb. 22, 2017) (Settle, J.)

Re:  Request for records concerning specified individual as an intelligence source

Disposition:  Granting in part and denying in part defendant's motion for relief from providing initial disclosures, conducting discovery conference, and filing joint status report

- **Litigation Considerations, Discovery:**  "[T]he Court denies Defendant's request for relief from conducting a Rule 26(f) discovery conference and filing a joint status report, as required by the Court's previous order."  The court finds that "[a]lthough Defendant requests that it be relieved of conducting a discovery conference or filing a joint status report, it fails to provide any basis upon which such relief should be granted."  However, "having reviewed the parties' briefs, the Court grants Defendant's motion for relief from the Rule 26(1)(a) initial disclosure requirement."  He court explains that "because this case potentially implicates highly sensitive information, and because it is likely to be resolved on summary judgment, the Court finds it prudent to relieve Defendant of its initial disclosure obligations under Rule 26(a)."

6. <u>Calderon v. Dep't of Agric.</u>, No. 14-0425, 2017 WL 680367 (D.D.C. Feb. 21, 2017) (Chutkan, J.)

Re:  Request for transactional documents relating to export credit guarantee program

Disposition:  Granting in part and denying in part defendant's motion for summary judgment; granting in part and denying in part plaintiff's motion for summary judgment

- **Litigation Considerations, Vaughn Index/Declaration:**  The court holds that, "[g]iven the large number of documents at issue, and that the categories of information are frequently repeated in the various documents, [defendant's] decision to refrain from repetitive and redundant explanations in its *Vaughn* index in favor of explaining in its submitted declarations is satisfactory to the court."  The court explains that "[w]hile the index itself does not include legal justifications for applying the exemptions, the accompanying agency and submitter affidavits are sufficiently descriptive for the court and for [plaintiff] to understand the agency's reasoning for each redaction."  The court relates that "[defendant's] *Vaughn* index includes columns for Bates numbering, document description, document date, applicable FOIA exemption, and specific information redacted or withheld."

- **Exemption 4:**  "[T]he court finds that Exemption 4 cannot apply to [certain] information[]" and that "there remains a genuine issue of material fact as to the application of Exemption 4 to [other information]."  However, "[t]he court finds that Exemption 4 properly applies to the submitters' bank account information and tax ID information included on any of the responsive documents."  The court first notes that "[t]he parties agree that in order to participate in the Program, the exporters were required to provide the responsive documents and information as part of their program guarantee application."

5

Then, "[t]he court . . . concludes that disclosure of the redacted information is not likely to impair [defendant's] ability to collect this information in the future."  "[T]he court is not convinced that whether private entities will *participate* in the . . . Program is relevant to the court's analysis under FOIA of whether [defendant] will likely be impaired in its ability to obtain information in the future from those entities that *do* participate."  "When entities apply to [defendant] to take advantage of the Program's significant economic incentives, they will be obligated to provide the required transactional documents, and [defendant] has not asserted that the quality or substance of the information provided in these required documents might be diminished."  Regarding the possibility of actual competition, "the court finds that evidence for market competition is established in the record."  Regarding the competitive injury at issue, the court relates that "[defendant] argues that the general disclosure of the names and addresses of the transactional parties, including foreign banks, shippers, importers, consignees, buyers, etc., as well as the numerical information on pricing, units, weights, and amounts, would (1) provide potential competitors in the market . . . with unfair insight, and (2) enable those competitors to use that insight to target banks and other parties with better offers on price and other terms, resulting in lost future transactions for the submitters."  However, the court finds that "[defendant] offers little explanation for how a new competitor, armed only with the disclosed names of importers, banks, and other pricing/quantity info, would overcome these 'high barriers to entry' built into structuring these program transactions."  "Nor does [defendant] or the submitters state that they, as existing market competitors, would use the disclosed information in competition with each other."  Additionally, the court finds that, "given that the redacted information in these documents pertains only to transactions in . . . three countries, and the alleged harm is that hypothetical competitors could offer specific transactional partners better deals, then [defendant] must provide support for its argument that there will actually be competition in these markets and that competitive harm is likely."  "Instead, [defendant] has only offered vague and conclusory allegations about potential competition in markets other than those relevant here."  Also, "[t]he court finds that [plaintiff] has proffered enough evidence to establish an issue of fact as to whether the names and addresses of shippers, the quantities, and the weights of commodities are in fact in the public domain through [a] database."  Additionally, the court is "unconvinced that releasing ["the names and contact information of the submitters' employees and officials"] would likely cause substantial harm to the submitters' competitive position."  "While the submitters may be concerned about competitors giving their employees more lucrative or attractive job offers, that is a routine aspect of competition, and is not the concern of [defendant], FOIA, or this court, and therefore does not support redaction under Exemption 4."

However, regarding plaintiff's "general 'bad faith' argument[,] . . . pointing out that [defendant] has, in the past, not redacted the information it redacted here[,]" "the court is not convinced that it can glean anything from [defendant's] past actions or selective redaction in its document production that might impact its analysis regarding the redactions at issue in this case."  The court also agrees with "[defendant's] redact[tion] [of] certain specific bank account numbers and tax ID numbers within the documents . . . [because] disclosure may place the submitters at risk for fraud or theft."

6

- **Exemption 6:**  The court relates that "[defendant] invoked FOIA Exemption 6 to redact the names, signatures, business addresses, business telephone numbers, and business e-mail addresses of individuals in the responsive documents."  The court first finds that "the information redacted by [defendant] is sufficiently similar to personnel or medical files to meet the threshold requirement for this exemption."  Next, "the court finds that there is no significant privacy interest in individuals' names or business addresses, but in light of [defendant's] and the submitters' harassment concerns, there is a privacy interest in the employees' business e-mail addresses and business phone numbers."  Then, "the court concludes there is virtually no public interest in disclosure of this information[]" because "[t]here is no logical connection between the e-mail addresses, signatures, and phone numbers of employees at entities involved in these transactions and what the government 'is up to.'"  However, the court then finds that "[h]aving determined that there is no privacy interest in employees' names and business addresses[,]" "[defendant] is ordered to disclose individual names and business addresses in the responsive documents."  However, "[i]n light of the privacy interest employees have in non-disclosure of their e-mail addresses or phone numbers, and the lack of a countervailing public interest, the court denies Plaintiff's motion and grants [defendant's] motion with respect to whether Exemption 6 permits the redaction of e-mail addresses, signatures and phone numbers."

7.  Elec. Privacy Info. Ctr. v. FBI, No. 14-01311, 2017 WL 680370 (D.D.C. Feb. 21, 2017) (Mehta, J.)

Re:  Request for unpublished privacy assessments designed to evaluate whether information technology systems effectively protected sensitive personal information

Disposition:  Granting in part and denying in part defendant's motion for summary judgment; granting in part and denying in part plaintiff's motion for summary judgment

- **Litigation considerations, Adequacy of Search:**  The court holds that "summary judgment cannot be entered for the FBI because the record does not contain sufficient information for the court to assess whether the agency conducted a search reasonably calculated to uncover all responsive records."  The court finds that "[defendant's] Declaration falls short of being 'a reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials . . . were searched.'"  "The declaration does not, for instance, say whether . . . staff searched paper files, electronic files, or both."  "If it searched electronic files, then the declaration does not say what search terms were used."  "Nor does it identify the persons . . . who most likely possessed responsive materials."  "A declaration lacking such basic facts does not satisfy an agency's burden to demonstrate the adequacy of its search."  "The court, however, will permit the FBI to supplement the record to cure the deficiencies and to renew its motion for summary judgment as to the adequacy of its search."

- **Exemption 7, Threshold:**  "[T]he court concludes that the FBI has not established that the [Privacy Impact Assessments ("PIAs") and Privacy Threshold Analyses (PTAs")] meet the threshold 'compiled for law enforcement purposes' requirement under Exemption

ED_002298_00000103-00007

7(E)[.]"  The court finds that "[defendant's declaration], without more, is insufficient to establish that the withheld materials were compiled for law enforcement purposes within the meaning o FOIA."  "[Defendant] devotes most of its attention to establish a single, generic point: The FBI uses various technologies to carry out its law enforcement duties."  "No one disputes that fact."  However, the court finds that "[defendant's] Declaration does not adequately explain how or why the PTAs and PIAs are created or used to enforce the law."  "It tells the court nothing about the connection between the contents of the assessments and the agency's law enforcement function."  "Rather, the declaration simply asserts, without any elaboration, that there is some unspecified 'nexus' between the privacy assessments and the agency's law enforcement responsibilities."  "Such a conclusory assertion does not enable the court to conduct a de novo review of the FBI's withholdings under Exemption 7(E)."  "None of this should be taken to mean that the privacy assessments required by the E–Government Act do not, in theory, have a rational nexus to the act of enforcing the law."  "[Defendant's] Declaration, however, draws no such connection between the privacy assessments requested by Plaintiff and the FBI's law enforcement function, and the court will not recognize the propriety of the FBI's withholdings based on an argument the agency has not made."  "The court, however, will allow the FBI to supplement its declaration so that the court can determine whether Exemption 7(E) applies to the withheld information."

- **Litigation Considerations, Vaughn Index/Declaration:**  The court cautions defendant that "[t]he heavy use of technical jargon makes it difficult, at least for this court, to discern precisely what 'techniques and procedures' the release of the withheld materials would disclose."  "Likewise, saying that disclosure of withheld information 'could' enable hackers to infiltrate 'the FBI's internal computer systems' is simply a conclusory statement, unsupported by any facts."  "The court does not mean to diminish the difficulties attendant to describing technology systems and concepts to a non-technical audience."  "Nevertheless, those descriptions cannot be written as if the court possesses an advanced degree in computer science."  "Unfortunately, it does not."  "Thus, when the FBI revises its declaration, the court urges the agency to use less jargon and opt instead for plain language that will more easily enable the court to determine if the requirements of Exemption 7(E) are met."

- **Exemption 5:**  The court relates that, "[i]n the Joint Status Report, Plaintiff also indicated its intention to challenge the FBI's invocation of Exemptions 5 and 7(D)."  "Plaintiff's Motion, however, does not respond to the agency's arguments concerning Exemption 5."  "Accordingly, the court grants summary judgment in favor of the FBI as to the FBI's reliance on that exemption."

8.  Judicial Watch, Inc. v. Dep't of State, No. 15-687, 2017 WL 680371 (D.D.C. Feb. 21, 2017) (Boasberg, J.)

Re:  Request for records concerning former Secretary of State's use of private e-mail server during her time as Secretary of State

Disposition:  Granting defendant's motion for summary judgment; denying plaintiff's motion for summary judgment

- **Exemption 5, Deliberative Process Privilege:** "The Court . . . concludes that [plaintiff] has not provided a sufficient basis to believe that the information withheld by the State Department would shed light on any government misconduct."  The court relates that "[w]hile [plaintiff] concedes that this privilege appears to exempt the material it seeks, it nevertheless invokes the narrow government-misconduct exception in an attempt to overcome that privilege for these records."  "After reviewing the 30 records *in camera*, the Court finds no support for Plaintiff's position."  "Even assuming that the conduct hypothesized by [plaintiff] would rise to the level required for the narrow government-misconduct exception, the records show no such acts."  "More specifically, the material withheld does not provide insight into [the former Secretary of State's] misuse of the private server, nor does it reveal any purported Department complicity in that act or effort to downplay her conduct after the fact."

9. <u>New York Times Co. v. DOJ</u>, No. 14-3777, 2017 WL 713560 (S.D.N.Y. Feb. 21, 2017) (Oetken, J.)

Re:  Request for five memoranda related to investigation into certain overseas interrogations

Disposition:  Granting in part and denying in part defendant's motion for summary judgment; granting in part and denying in part plaintiffs' motion for summary judgment

- **Exemption 3:**  First, the court relates that "the Government relies on Federal Rule of Criminal Procedure 6(e) as the statute justifying its withholding of the four memoranda at issue."  Second, "[t]he Court . . . grants summary judgment to the Times as to the inapplicability of Rule 6(e), as applied through FOIA Exemption 3, to . . . Recommendation Memoranda."  The court finds that "the Recommendation Memoranda in this case were prepared to advise the Attorney General as to whether full criminal investigations were warranted, the scope of which may or may not include some future grand jury proceedings."  Third, "[t]he Court . . . grants summary judgment to DOJ in part as to the withholding of . . . Declination Memoranda under Rule 6(e), applied through FOIA Exemption 3."  The court finds that "the Declination Memoranda were prepared after 'extensive grand jury proceedings, including the issuance of grand jury subpoenas for witness testimony and documents[]'" and that "[t]he memoranda embody [defendant's] 'determination[ ] that the criminal investigations should be closed without further action.'"  The court also relates that defendant states "that the memoranda 'reveal matter that occurred before the grand jury,' including 'the targets of the grand jury's investigations, . . . the identity of witnesses who appeared before the grand jury,' and 'the path of the grand jury's investigations into the two detainee deaths, including the prosecutors' strategy in investigating these deaths.'"  However, the court finds that "this does not warrant withholding of the Declination Memoranda in their entirety[]" because, regarding information such as "the dates the grand jury served and the number of times it sat, . . . the Government does not make a legal case for why Rule 6(e) covers such administrative information."  "Moreover, [defendant's] affidavit fails to indicate whether the Declination Memoranda include additional information outside of matters before the grand jury, such as matters relating solely to [defendant's] independent investigation."

9

- **Exemptions 1 & 3:**  The court holds that "[t]he Government has . . . carried its burden under FOIA Exemption 1."  The court relates that defendant "has invoked FOIA Exemptions 1 and 3 to protect six categories of information contained in the memoranda in this case: (1) information regarding human intelligence sources; (2) details concerning foreign liaison services; (3) the identities of covert personnel; (4) the locations of covert CIA installations and former detention centers located abroad; (5) descriptions of specific intelligence methods and tradecraft that are still in operational use; and (6) classification and dissemination control markings."  "[Plaintiff] does not challenge the withholding of information under categories (1), (3), or (6)."  "[T]he Court grants 'substantial deference' to [defendant's] affidavit, as it 'implicate [s] national security,' . . . and [plaintiff] does not challenge 'the truthfulness or sincerity of the declarants[.]'"  "Assessing the record 'on the whole,' as this Court is required to do, DOJ's withholding of 'the content of . . . communications' between the United States and foreign liaison services and foreign government officials, 'as well as the mere fact of the existence' of the Government's relationships with them . . ., 'objectively survives the test of reasonableness, good faith, specificity, and plausibility.'"  Regarding category four, the court finds that "the Government has never officially acknowledged the locations of the CIA's covert facilities and installations . . . , and [plaintiff's] reliance on the alleged disclosure of such information by others does not function as official acknowledgement by the Government for purposes of waiver under the FOIA exemptions."  Regarding the fifth category, the court finds that "the Government has shown with sufficient specificity and plausibility that the disclosure of details concerning intelligence gathering practices and CIA tradecraft that are still in use would undermine the usefulness of those methods, to the detriment of national security."

  "The Court alternatively concludes that DOJ has met its burden to withhold information from the categories in question under Exemption 3, incorporating the secrecy provisions of the CIA Act, 50 U.S.C. § 3507, and the National Security Act, 50 U.S.C. § 3024(i)(1)."  The court relates that "the Government invokes both the National Security Act and the CIA Act to protect the details of foreign liaison relationships . . . and the National Security Act to protect the locations of covert CIA facilities abroad and CIA intelligence methods and tradecraft."  The court finds that "Exemption 3, incorporating the National Security Act and CIA Act, provides the Government with discretion to withhold records where, as here, the information sought to be redacted and withheld falls within the broad scope of the claimed statue."

- **Exemptions 6 & 7(C):**  "Balancing [the] interests, the Court grants summary judgment to DOJ to withhold identifying information of targets, witnesses, foreign officials, overt and covert CIA personnel, and human sources pursuant to Exemptions 6 and 7(C)."  "This grant is to be narrowly limited to the [information at issue,] personally identifying information contained in the memoranda[.]"  The court finds that "'third parties including witnesses, the targets of the investigations, covert and overt CIA personnel, foreign officials, and human sources,' whose personally identifying information is being withheld, have a strong privacy interest in not being identified with the Government's criminal investigation."  The court also finds that "[plaintiff] does not allege that the identities of any of the individuals identified by the Government is necessary in order to confirm or

EPA-HQ-2019-000357

ED_002298_00000103-00010

refute compelling evidence that the agency engaged in illegal activity in drafting the memoranda."

- **Exemption 5, Deliberative Process Privilege & Attorney Work-Product:**  The court holds that "the express adoption doctrine applies to the referenced exhibits, such that they do not fall under FOIA Exemption 5."  The court explains that the exhibits "were 'collected and considered by [defendant] and [its] team in the course of their investigation[]'" and  "[t]hose 'facts' upon which [defendant] relied in their reasoning or conclusions, which were later expressly adopted by the Attorney General, are subject to the express adoption doctrine as applied to the work-product doctrine."  However, the court finds that another "section of the memoranda was not adopted by the Attorney General and is properly withheld under Exemption 5."  The court finds that "unless the circumstances surrounding [an] appointment[, the issue discussed in this section,] are relevant to the reasoning and conclusion of the Recommendation Memoranda, which this Court struggles to imagine is the case, this section is not subject to the express adoption doctrine and is properly withheld under Exemption[5]."

11

Northern District of Illinois

| | |
|---|---|
| James Chelmowski | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   16 CV 5587 |
| Federal Communication Commission | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Environmental Protection Agency, General Counsel
                1200 Pennsylvania Avenue, N.W. , Washington, DC 20460

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Produce all FOIAonline.regulations.gov complete detailed transactions with all fields include user, date, time, transcation type, notes, etc... every field in each record for FOIA requests FCC-2015-768, FCC-2015-769, FCC-2016-345,FCC-2016-665 and FOIA appeals FCC-2015-889,FCC-2016-487,FCC-2016-712. See attached

| Place: James Chelmowski | Date and Time: |
|---|---|
| 6650 N Northwest Hwy #300 | |
| Chicago, IL 60631 (847)768-0000 | 08/18/2016 5:00 pm |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/25/2016

_CLERK OF COURT_

_Emily Wall_                              OR

_Signature of Clerk or Deputy Clerk_                      _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   James Chelmowski
6650 N Northwest Hwy #300 Chicago IL 60631                      , who issues or requests this subpoena, are:

James Chelmowski, jchelmowski@comcast.net, 847-768-0000

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

)

Subject to United States District Court Subpoena Dated July 25, 2016.

To Produce all FOIAonline.regulatiionts.gov complete detailed transactions with all fields include user, date, time, transcation type, notes, etc... every field in each record for FOIA requests FCC-2015-768, FCC-2015-769, FCC-2016-345,FCC-2016-665 and FOIA appeals FCC-2015-889,FCC-2016-487,FCC-2016-712.

It must include <u>all FOIAonline complete entries and/or transactions records</u> by the FCC including and not limited to FCC enrties and/or transactions for appeals FCC-2015-889 in or around May 2016 which closed the FOIAonline with a final disposition to **"Closed for other reasons – Request Withdrawn"** and close date 10/20/2016".  See next page for the status on 4/21/2016 and 5/30/2016 for FCC-2015-889.

| Tracking Number ⬦ | Type ⬦ | Track ⬦ | Submitted ▼ | Due ⬦ | Phase ⬦ | Detail |
|---|---|---|---|---|---|---|
| FCC-2016-000712 | Appeal | Simple | 06/23/2016 | TBD | Evaluation | |
| FCC-2016-000665 | Request | Simple | 06/02/2016 | 07/06/2016 | Assignment | |
| FCC-2016-000487 | Appeal | Simple | 03/18/2016 | 04/15/2016 | Assignment | |
| FCC-2016-000345 | Request | Simple | 02/10/2016 | 03/11/2016 | Closed | |
| FCC-2015-000889 | Appeal | Simple | 09/30/2015 | 10/29/2015 | Closed | |
| FCC-2015-000769 | Request | Expedited | 09/11/2015 | 10/09/2015 | Closed | |
| FCC-2015-000768 | Request | Expedited | 09/11/2015 | 10/09/2015 | Closed | |

Message

| | |
|---|---|
| **From**: | Albores, Richard [Albores.Richard@epa.gov] |
| **Sent**: | 8/21/2017 8:15:01 PM |
| **To**: | Hammitt, Jennifer [Hammitt.Jennifer@epa.gov] |
| **CC**: | Youngblood, Charlotte [Youngblood.Charlotte@epa.gov]; Blake, Wendy [Blake.Wendy@epa.gov]; Kelly, Lynn [Kelly.Lynn@epa.gov] |
| **Subject**: | RE: EPA-HQ-2017-008256 Appeal letters dated July 18, 2017 |

Thanks, Jennifer. Much appreciated.


R


~~~~

RICHARD L. ALBORES
Associate Deputy General Counsel * Office of General Counsel * U.S. EPA * 1200 Pennsylvania Avenue, NW * MC2310A
* Washington, DC 20460 * email: albores.richard@epa.gov * phone: 202.564.7102 * mobile: 202.809.8029


**From:** Hammitt, Jennifer
**Sent:** Monday, August 21, 2017 1:55 PM
**To:** Albores, Richard <Albores.Richard@epa.gov>
**Cc:** Youngblood, Charlotte <Youngblood.Charlotte@epa.gov>; Blake, Wendy <Blake.Wendy@epa.gov>; Kelly, Lynn <Kelly.Lynn@epa.gov>
**Subject:** FW: EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

Hi Rich – Charlotte asked me to follow up with you on the Chelmowski appeal referenced below.

Kevin Miller responded closing the appeal on 8/9/2017. That letter is attached.

Since then, the requestor has filed another appeal asking that EPA answer questions regarding the first two appeals, which were consolidated and closed. The new appeal number is EPA-HQ-2017-010397 and it is assigned to Lynn Kelly. Thanks.

Jennifer Hammitt
Attorney-Advisor, Information Law Practice Group
Office of General Counsel, General Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW, MC-2377A
Washington, DC 20460
(202) 564-5097


**From:** Youngblood, Charlotte
**Sent:** Monday, August 21, 2017 1:03 PM
**To:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>
**Cc:** Blake, Wendy <Blake.Wendy@epa.gov>
**Subject:** FW: EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

Jennifer,

```
Attorney Client / Ex. 5
```

```
Deliberative Process / Ex. 5
```

# Attorney Client / Ex. 5

### Deliberative Process / Ex. 5

Thanks!

Charlotte Youngblood
Deputy Associate General Counsel
General Law Office
Office of General Counsel
U.S. Environmental Protection Agency
(202) 564-0283
youngblood.charlotte@epa.gov

---

**From:** Albores, Richard
**Sent:** Monday, August 21, 2017 12:58 PM
**To:** Blake, Wendy <Blake.Wendy@epa.gov>; Youngblood, Charlotte <Youngblood.Charlotte@epa.gov>
**Cc:** Packard, Elise <Packard.Elise@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>
**Subject:** RE: EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

# Deliberative Process / Ex. 5

### Attorney Client / Ex. 5

R

~~~~~
**RICHARD L. ALBORES**
Associate Deputy General Counsel * Office of General Counsel * U.S. EPA * 1200 Pennsylvania Avenue, NW * MC2310A
* Washington, DC 20460 * email: albores.richard@epa.gov * phone: 202.564.7102 * mobile: 202.809.8029

---

**From:** Minoli, Kevin
**Sent:** Wednesday, August 09, 2017 1:14 PM
**To:** Blake, Wendy <Blake.Wendy@epa.gov>; Youngblood, Charlotte <Youngblood.Charlotte@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>
**Cc:** Albores, Richard <Albores.Richard@epa.gov>; Packard, Elise <Packard.Elise@epa.gov>
**Subject:** FW: EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

I am going to reply that I received the email and attachments today. Please let me know if you want to discuss before I do. Kevin

**Kevin S. Minoli**
**Acting General Counsel**
**Office of General Counsel**
**US Environmental Protection Agency**
**Main Office Line: 202-564-8040**

---

**From:** Jim Chelmowski [mailto:jchelmowski@comcast.net]
**Sent:** Tuesday, August 08, 2017 3:42 PM

**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Pruitt, Scott <Pruitt.Scott@epa.gov>; Earle, Judy <Earle.Judy@epa.gov>; Minoli, Kevin <Minoli.Kevin@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; privacy <privacy@epa.gov>
**Cc:** jchelmowski@comcast.net; Criminal.Division@usdoj.gov
**Subject:** EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

The EPA, Messrs. Gottesman, Fine, Minoli and Pruitt and Ms. Earle

All EPA recipients Messrs. Gottesman, Fine, Minoli & Pruitt and Ms. Earle please show consideration and confirm you read this email ASAP because I was denied my rights pursuant to 5 USC 552(a)(6)(i)(I) and corrected an apparent fraudulent appeal with my actual appeal.

As you are all aware the July 18, 2017 FOIA Appeal was never filed by the Requester (me) and the EPA did not investigate.

Also, the EPA refused to respond to my requested rights beginning July 25, 2017 pursuant to 5 USC 552(a)(6)(i)(I) the [requester's] right of such person to seek assistance from the FOIA Public Liaison of the agency.

Therefore, I am forced to replace the apparent fraudulent appeal which the EPA which refused to investigate with my actual FOIA Appeal of my FOIA/Privacy Act Response of EPA-HQ-2017-008256.

Find the attached the only FOIA Appeal I authorized for EPA-HQ-2017-008256 and updated FOIA online appeal record EPA-HQ-2017-009508.

James Chelmowski
jchelmowski@comcast.net

ED_002298_00000113-00003

Message

___

**From**: Youngblood, Charlotte [Youngblood.Charlotte@epa.gov]
**Sent**: 8/21/2017 7:39:28 PM
**To**: Hammitt, Jennifer [Hammitt.Jennifer@epa.gov]
**Subject**: RE: EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

Thanks for following up!

Charlotte Youngblood
Deputy Associate General Counsel
General Law Office
Office of General Counsel
U.S. Environmental Protection Agency
(202) 564-0283
youngblood.charlotte@epa.gov

___

**From:** Hammitt, Jennifer
**Sent:** Monday, August 21, 2017 1:55 PM
**To:** Albores, Richard <Albores.Richard@epa.gov>
**Cc:** Youngblood, Charlotte <Youngblood.Charlotte@epa.gov>; Blake, Wendy <Blake.Wendy@epa.gov>; Kelly, Lynn <Kelly.Lynn@epa.gov>
**Subject:** FW: EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

Hi Rich – Charlotte asked me to follow up with you on the Chelmowski appeal referenced below.

Kevin Miller responded closing the appeal on 8/9/2017. That letter is attached.

Since then, the requestor has filed another appeal asking that EPA answer questions regarding the first two appeals, which were consolidated and closed. The new appeal number is EPA-HQ-2017-010397 and it is assigned to Lynn Kelly. Thanks.

Jennifer Hammitt
Attorney-Advisor, Information Law Practice Group
Office of General Counsel, General Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW, MC-2377A
Washington, DC 20460
(202) 564-5097

___

**From:** Youngblood, Charlotte
**Sent:** Monday, August 21, 2017 1:03 PM
**To:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>
**Cc:** Blake, Wendy <Blake.Wendy@epa.gov>
**Subject:** FW: EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

Jennifer,

# Attorney Client / Ex. 5

## Deliberative Process / Ex. 5

Let me know if you have questions.

Thanks!

Charlotte Youngblood
Deputy Associate General Counsel
General Law Office
Office of General Counsel
U.S. Environmental Protection Agency
(202) 564-0283
youngblood.charlotte@epa.gov

---

**From:** Albores, Richard
**Sent:** Monday, August 21, 2017 12:58 PM
**To:** Blake, Wendy <Blake.Wendy@epa.gov>; Youngblood, Charlotte <Youngblood.Charlotte@epa.gov>
**Cc:** Packard, Elise <Packard.Elise@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>
**Subject:** RE: EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

# Deliberative Process / Ex. 5

## Attorney Client / Ex. 5

R

~~~~~
**RICHARD L. ALBORES**
Associate Deputy General Counsel * Office of General Counsel * U.S. EPA * 1200 Pennsylvania Avenue, NW * MC2310A
* Washington, DC 20460 * email: albores.richard@epa.gov * phone: 202.564.7102 * mobile: 202.809.8029

---

**From:** Minoli, Kevin
**Sent:** Wednesday, August 09, 2017 1:14 PM
**To:** Blake, Wendy <Blake.Wendy@epa.gov>; Youngblood, Charlotte <Youngblood.Charlotte@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>
**Cc:** Albores, Richard <Albores.Richard@epa.gov>; Packard, Elise <Packard.Elise@epa.gov>
**Subject:** FW: EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

I am going to reply that I received the email and attachments today. Please let me know if you want to discuss before I do. Kevin

**Kevin S. Minoli**
Acting General Counsel
Office of General Counsel
US Environmental Protection Agency
Main Office Line: 202-564-8040

---

**From:** Jim Chelmowski [mailto:jchelmowski@comcast.net]
**Sent:** Tuesday, August 08, 2017 3:42 PM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Pruitt, Scott <Pruitt.Scott@epa.gov>; Earle, Judy <Earle.Judy@epa.gov>; Minoli, Kevin <Minoli.Kevin@epa.gov>; FOIA HQ

<FOIA_HQ@epa.gov>; privacy <privacy@epa.gov>
**Cc:** jchelmowski@comcast.net; Criminal.Division@usdoj.gov
**Subject:** EPA-HQ-2017-008256 Appeal letters dated July 18, 2017

The EPA, Messrs. Gottesman, Fine, Minoli and Pruitt and Ms. Earle

All EPA recipients Messrs. Gottesman, Fine, Minoli & Pruitt and Ms. Earle please show consideration and confirm you read this email ASAP because I was denied my rights pursuant to 5 USC 552(a)(6)(i)(I) and corrected an apparent fraudulent appeal with my actual appeal.

As you are all aware the July 18, 2017 FOIA Appeal was never filed by the Requester (me) and the EPA did not investigate.

Also, the EPA refused to respond to my requested rights beginning July 25, 2017 pursuant to 5 USC 552(a)(6)(i)(I) the [requester's] right of such person to seek assistance from the FOIA Public Liaison of the agency.

Therefore, I am forced to replace the apparent fraudulent appeal which the EPA which refused to investigate with my actual FOIA Appeal of my FOIA/Privacy Act Response of EPA-HQ-2017-008256.

Find the attached the only FOIA Appeal I authorized for EPA-HQ-2017-008256 and updated FOIA online appeal record EPA-HQ-2017-009508.

James Chelmowski
jchelmowski@comcast.net

**To:** Hammitt, Jennifer[Hammitt.Jennifer@epa.gov]
**Cc:** Gottesman, Larry[Gottesman.Larry@epa.gov]
**From:** Schumacher, Wendy
**Sent:** Tue 9/26/2017 1:25:28 PM
**Subject:** Closed for other reasons 1 20 to 9 25 17.xls
Closed for other reasons 1 20 to 9 25 17.xls

Jennifer,

Larry asked me to forward this report to you.

Please note that all of the David Henson requests are closed in the same manner.

If you need anything else please let me know.

Wendy
*Wendy Schumacher, Ph.D., PMP*
**Government Information Specialist**
**Office of Environmental Information**
**FOIA, Libraries & Accessibility Division**
**(202) 566-2513**
**email: schumacher.wendy@epa.gov**

| | | | |
|---|---|---|---|
| EPA-HQ-2017-009703 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/22/2017 |
| EPA-R6-2017-009685 | Request SRich Jones | | 07/21/2017 |
| EPA-HQ-2017-009674 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/21/2017 |
| EPA-HQ-2017-009667 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/21/2017 |
| EPA-R4-2017-009658 | Request Grace N. Tyner | Progressive Engineering &amp; Construction, Inc. | 07/20/2017 |
| EPA-R5-2017-009656 | Request Scott M. Wasielewski | AKT Peerless | 07/20/2017 |
| EPA-R8-2017-009644 | Request Bonnie Freeman | FreemanGIS, Inc. | 07/20/2017 |
| EPA-R6-2017-009642 | Request Nick Surgey | | 07/20/2017 |
| EPA-HQ-2017-009632 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/20/2017 |
| EPA-R5-2017-009626 | Request Cindy Dabner | | 07/20/2017 |
| EPA-R6-2017-009624 | Request VIctor Blackwell | CNN | 07/20/2017 |
| EPA-R5-2017-009622 | Request Rebecca Militello | US Bureau Veritas | 07/20/2017 |
| EPA-HQ-2017-009609 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/19/2017 |
| EPA-HQ-2017-009569 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/19/2017 |
| EPA-HQ-2017-009571 | Request Benjamin Levitan | Environmental Defense Fund | 07/19/2017 |
| EPA-HQ-2017-009568 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/18/2017 |
| EPA-HQ-2017-009557 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/18/2017 |
| EPA-HQ-2017-009552 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/18/2017 |
| EPA-HQ-2017-009545 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/18/2017 |
| EPA-HQ-2017-009531 | Request Paul C. DeLeo | American Cleaning Institute | 07/18/2017 |
| EPA-HQ-2017-009522 | Request Craig Holman | Public Citizen | 07/18/2017 |
| EPA-R5-2017-009521 | Request Christina Penna | ISGS | 07/18/2017 |
| EPA-HQ-2017-009507 | Request James Chelmowski | | 07/18/2017 |
| EPA-HQ-2017-009504 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/17/2017 |
| EPA-HQ-2017-009501 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/17/2017 |
| EPA-HQ-2017-009497 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/17/2017 |
| EPA-HQ-2017-009494 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/17/2017 |
| EPA-HQ-2017-009479 | Request Al Jasper | | 07/17/2017 |
| EPA-R5-2017-009476 | Request Erika L. Muse | Gordon Rees | 07/17/2017 |
| EPA-R5-2017-009473 | Request Daniel Petzold | Arcadis | 07/17/2017 |
| EPA-HQ-2017-009464 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/17/2017 |
| EPA-R2-2017-009455 | Request Lauren S. Hanna | | 07/17/2017 |
| EPA-HQ-2017-009443 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/17/2017 |
| EPA-HQ-2017-009442 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/17/2017 |
| EPA-HQ-2017-009439 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/16/2017 |
| EPA-HQ-2017-009436 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/16/2017 |
| EPA-HQ-2017-009433 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 07/15/2017 |

| 07/24/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/25/2017 | Closed |
| 07/21/2017 | Nancy Ho | Nancy Ho | No | TBD | 08/09/2017 | Closed |
| 07/21/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/25/2017 | Closed |
| 07/21/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/21/2017 | Closed |
| 07/20/2017 | Donna Robinson | Donna Robinson | Yes | 08/21/2017 | 08/29/2017 | Closed |
| 07/20/2017 | Jessica Wheatley | Jessica Wheatley | Yes | 08/18/2017 | 08/14/2017 | Closed |
| 07/20/2017 | Dayle Aldinger | Dayle Aldinger | Yes | 09/07/2017 | 08/30/2017 | Closed |
| 07/20/2017 | Nancy Ho | Nancy Ho | No | TBD | 08/04/2017 | Closed |
| 07/20/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/24/2017 | Closed |
| 07/20/2017 | Jessica Wheatley | Jessica Wheatley | No | TBD | 08/01/2017 | Closed |
| 07/20/2017 | Nancy Ho | Nancy Ho | Yes | 08/17/2017 | 07/21/2017 | Closed |
| 07/20/2017 | Jessica Wheatley | Jessica Wheatley | Yes | 08/17/2017 | 08/14/2017 | Closed |
| 07/19/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/24/2017 | Closed |
| 07/19/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/19/2017 | Closed |
| 07/19/2017 | Jonathan Newton | Jonathan Newton | Yes | 09/01/2017 | 08/08/2017 | Closed |
| 07/19/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/19/2017 | Closed |
| 07/18/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/19/2017 | Closed |
| 07/18/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/19/2017 | Closed |
| 07/18/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/19/2017 | Closed |
| 07/18/2017 | Norman Adkins | Norman Adkins | Yes | 09/01/2017 | 08/28/2017 | Closed |
| 07/18/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/20/2017 | Closed |
| 07/18/2017 | Jessica Wheatley | Jessica Wheatley | Yes | 08/15/2017 | 07/27/2017 | Closed |
| 07/18/2017 | Wendy Schumacher | Wendy Schumacher | Yes | 08/15/2017 | 08/10/2017 | Closed |
| 07/18/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/18/2017 | Closed |
| 07/18/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/18/2017 | Closed |
| 07/18/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/18/2017 | Closed |
| 07/18/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/18/2017 | Closed |
| 07/17/2017 | Wendy Schumacher | Wendy Schumacher | No | TBD | 07/25/2017 | Closed |
| 07/17/2017 | Jessica Wheatley | Jessica Wheatley | Yes | 08/15/2017 | 08/14/2017 | Closed |
| 07/17/2017 | Jessica Wheatley | Jessica Wheatley | Yes | 08/15/2017 | 08/09/2017 | Closed |
| 07/17/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/18/2017 | Closed |
| 07/17/2017 | Wanda Calderon | Wanda Calderon | Yes | 08/14/2017 | 07/25/2017 | Closed |
| 07/17/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/18/2017 | Closed |
| 07/17/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/18/2017 | Closed |
| 07/17/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/19/2017 | Closed |
| 07/17/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/19/2017 | Closed |
| 07/17/2017 | Monica Lewis | Monica Lewis | No | TBD | 07/18/2017 | Closed |

Records not reasonably described
Request withdrawn
Records not reasonably described
Records not reasonably described
Request withdrawn
Request withdrawn
Request withdrawn
Request withdrawn
Records not reasonably described
Request withdrawn
Request withdrawn
Request withdrawn
Records not reasonably described
Records not reasonably described
Request withdrawn
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Request withdrawn
Records not reasonably described
Request withdrawn
Fee-related reason
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Improper FOIA request for other reason
Request withdrawn
Request withdrawn
Records not reasonably described
Request withdrawn
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described

COMMENT, PLEASE. S.S. GOLD 52654878951448738389562148768585956414438732895414877896562615448378495 2. C.I.A. GOLDS:; 98537852

Requesting any and all relevant and adjacent documents, memorandum, digital and analog communications, phone records, invoices, PowerPoint preser

COMMENT, PLEASE. Super gold 9562584788956235132483245154878695651548758955621548676876885595 6215483274845. Goldenly golds:; 632

COMMENT, PLEASE. Super gold 954837832495157487549213548244329526158578595526154587845956251648478327489565 1444378392. Golder

I am requesting a copy (preferably electronic) of one document: the successful FY2017 Brownfield community-wide assessment grant application submitt

I am requesting to review USEPA documentation pertaining to a National Priorities List site (known as the Rose Township Dump) located at 1065 Demod

I need to amend my request to include SYSTEM IDs and NAMEs for source water protection areas (SWPAs) that intersect the data request area as well a

Please see the attached PDF file.

COMMENT, PLEASE. Super gold 95635234832483428342957853263243245847624544878956215483783295324625121348732 1956215548. Goldenly gol

See attachment for the actual FOIA request. If you are uncertain of any question provided in the attachment, please contact me via email to clarify any qu

This is a supplement to EPA-R6-2017-009376. I am requesting a copy of the "DENKA Air Monitoring Summary Sheets," including all results at all monitor

Santmyer Oil located at 2990-3000 Old Airport Road in Wooster Ohio and various other facilities in Ohio

COMMENT, PLEASE. S.S. GOLD 748263598748526878895621548478373832932624215482173832956215 54847832. C.I.A. GOLDS:; 948783285263

COMMENT, PLEASE. S.S. GOLD 826487895632132842784942615845788869266154857459556415328342783427488342942632 1587787786869656

Requesting records regarding statements by the Administrator of the U.S. Environmental Protection Agency.

COMMENT, PLEASE. Super gold 953487647248787388395613548217149562135486472478895628892894873 81252248. Goldenly golds:; 449413987

COMMENT, PLEASE. Super gold 9548738839536231532483738839562154487488495624158449848474883932 9554. Goldenly golds:; 954878328329

COMMENT, PLEASE. S.S. GOLD 748526154878478839536261483789562151548474883956154587484374388395 2151348321798. C.I.A. GOLDS:; 560

COMMENT, PLEASE. S.S. GOLD 78526597895624847827838932932521395625487559562415434895443828 37832. C.I.A. GOLDS:; 854856214879

This is a request under the Freedom of Information Act for non-confidential copies of materials prepared or received by the U.S. Environmental Protection

Dear Sir or Madam, On behalf of Public Citizen, and pursuant to the Freedom of Information Act, 5 U.S.C. &sect; 552, I request: 1) Any and all communic

I am requesting of all technical documents for SEMS information from the Superfund Division, except legal or proprietary documents, that have already be

Provide for all FOIA EPA Headquarter requests received from January 1, 2017 to July 18, 2017 the following: 1) Date of FOIA Request, 2) Description of

COMMENT, PLEASE. Super gold 9562548323782435929556236583748849526315328783839562612154847838329562321542 18731. Goldenly golds:; 95

COMMENT, PLEASE. S.S. GOLD 6254837328478876956715843758324395623153248738839621554874748389562315 32484782 9137. C.I.A. GOLDS

COMMENT, PLEASE. Super gold 62495632241583782478882134624597812356484495462415489453782962415487676885475 48252448. Goldenly go

COMMENT, PLEASE. S.S. GOLD 95837833295494148731832956244953365831959587389568251564841833182295321832 484432743288432943262

TO WHOM IT MAY CONCERN This is an urgent request for information related to: Tracking Number : EPA-HQ-2017-004892 (requested by Mr. Bert Kra

Please be advised that I Spoke with Evette Jones who confirmed that we will not be charged again for the initial search for records. We will only be charge

Requesting RCRA files for LaSalle Steel Corporation at 1045 E. Main Street, Griffith, Indiana

COMMENT, PLEASE. S.S. GOLD 85625487848956434265487828956326548789546432154768758595625654382 7328495. C.I.A. GOLDS:; 52654843

I am submitting a FOIL request for 643 Millard Fillmore Place, East Aurora New York. The information we are seeking is the existence of any files or recor

COMMENT, PLEASE. Super gold 82637895625487839562154387383956326154874878338956214548728395621648. Goldenly golds:; 852634832462

Super gold 88931521438327291532187921558758495242546363156487432955283247953. Goldenly golds:; 483728243964536254483294326284743

COMMENT, PLEASE. S.S. GOLD 632626254625628678315528788956214878748945622483278956232154847287838395623148178214497 5963258

COMMENT, PLEASE. Super gold 9563265487889562145484748783839562154847827837389562213 1437. Goldenly golds:; 85926378926544874837 8

COMMENT, PLEASE. F.E.M.A. ;; M.P.: Universal mini-gun ossen yak eclipse operator immaculate'ized super gold 745265487837838956249837218295

5987839562415348278395621313218787956616587483956233251448324749875

tations, written reports, emails, letters to and from the public, letters to and from the press, communications with any other federal or local agencies

654788395622113521837321832139256215348787857484378237823821395321623154857430

nly golds:; 5948789562514823789955651587587589562515654857897585956525251448732488974895631483738972189511

ed to USEPA Region 4 by Columbus Consolidated Government, Georgia for $300,000 ($200,000 for hazardous substances and $100,000 for petro

e Road in Rose Township, Oakland County, Michigan. The USEPA ID Number for this site is MID980499842. Specifically, I am requesting to review

as intersecting public water system wells and intakes.  I've included a picture below to help explain.  The SWPA is often much larger than the well o

ds:; 3625148795562321528372328952361448472389526251485732873289325462432154876996562514363143

estion so that I can resubmit the questions in a clearer format.

ing sites, for June 2017. It was submitted in July 2017. The documents are in reference to air quality tests in the vicinity of the Denka Performance E

247438521621321532143218955625978495632456487352623487395512

515438574358439556157. C.I.A. GOLDS:; 95434832748324788796261898743592615853485743562951487596271674837956243487895643151

84312156425934859524873953367755848233566239623354342732843339235;

5623215487218238625155485785748849461548578478383249264512481

6114383484844956415384743289598234928522334167357562584489523577666524959621352

6231532483742834283943623245148776879962665158237437239432511

i Agency ("EPA" or "Agency") staff, consultants and/or contractors pertinent to the EPA Microplastics Expert Workshop held on June 28-29, 2017 at

ations—including but not limited to emails, letters, and faxes—to or from any staff of the Environmental Protection Agency from or to any consultant

en screened by USEPA attorneys. Please include all releasable electronic documents pertaining to the following site only after 09/01/2016: USEPA

FOIA Request, 3) Classification of the Request (Simple or Complex), and 4) Date Completion of the Request and/or Request Determination i.e. FOI

48327832895262115348321732183962155484784378328494325623421482373821773832183329

;; 9562325348437834267158759455665154587484895666325665454873849526412548778943455164311

olds:; 6534823748324329452615784274721324393495254894325632548231723932178321815548478438283728324158439562

1543835843543656157158547684595623241532413254823748332. Goldenly golds:; 945632125432848439456451553873789565155832756321311

ges) dated 03/14/2017 I would like to request a hold on any action towards this request and would like to communicate with whomsoever is in charg

ed for the Federal Records Center (FRC) documents pertaining to Nelson McCoy Pottery Company that were found.

743878539562235424432874839562251548768768955629515454873832494432156

ds concerning any environmental violations, legal actions, permits, spills, hazardous or solid waste disposal/storage, etc. relating to the above refer

413253448273489567215687786765956585478594566251645484375589

382981588786948643215674321775577825

. C.I.A. GOLDS:; 6261616161615487834895622115348327387889562515487489474384784943214482738932513184437438549353251427

329546289562554876245448373228653265342837321

6131348. ;;;;Okay.;;;;

ED_002298_0000118a-00005

, including the United States Air Force, communications with other EPA regions, and any other related files referring to the Kirtland Air Force Base j

leum). The awarding of this grant was announced on May 31, 2017
 documentation pertaining to site cleanup and historical and ongoing remedial activities undertaken by USEPA. Please contact me if you have any
 intake point, so it could intersect the project area where the well or intake wouldn't.  It's important to know about all the public water systems in the

Elastomer Ponchatrain Site in LaPlace, LA.

788889662575439552643143548788795 7626

the Crystal City Marriott in Arlington, Virginia. Specifically, I am requesting planning documents, meeting documents including presentations given,
 at the following "Expert Network" firms: 1) Gerson Lehrman Group; 2) Primary Global Research; 3) Guidepoint Global LLC; 4) Coleman Research;
 #ILD980824015-Kerr-McGee (residential areas) in West Chicago, DuPage County, IL. Again I only need files for this USEPA number beginning aft
 A request with the FOIA identification EPA-HQ-2017-xxxxxx

2493428843294325641543953262324132548217832932526321514878339563241564832312483495324874382274328932462435156321532186
 e of responding to it

enced property. The requested information will be used in the preparation of an environmental site assessment of the property. Your prompt attentic



et fuel spill, dating back until January 1, 1999. Please also forward a copy of this request to all other relevant EPA regions.

questions. Electronic access to records (e.g., FTP) is preferred, if possible.
 project area so that they can be proactively protected through pipeline integrity management protocols (49 CFR 195.452, https://www.law.cornell.ec

the list of invitees, the list of participants and any pre-meeting and post-meeting communications with those invitees and participants pertinent to the or 5) DeMatteo Monness. 2) Any and all records concerning meetings—whether in-person, telephonic, video conferencing, or any other means—be ter 09/01/2016. Feel free to e-mail or call me with questions. Thank you.

321483312

on to this matter is greatly appreciated. Please see letter attached.



du/cfr/text/49/195.452)

e meeting.

etween any staff of the Food and Drug Administration and any consultant at the following "Expert Network" firms: 1) Gerson Lehrman Group; 2) Prim

ED_002298_0000118a-00008

ary Global Research; 3) Guidepoint Global LLC; 4) Coleman Research; or 5) DeMatteo Monness. If it is your position that responsive records exist

but that those records (or portions of those records) are exempt from disclosure, please identify the records that are being withheld and state the ba

ısis f

EPA-HQ-2019-000357

ED_002298_0000118a-000012

EPA-HQ-2019-000357

ED_002298_0000118a-000013

| | | | |
|---|---|---|---|
| EPA-HQ-2017-005454 | Request Nicholas P. Surgey | | 03/29/2017 |
| EPA-HQ-2017-005433 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/29/2017 |
| EPA-R9-2017-005432 | Request Simon T. Moore | High School | 03/29/2017 |
| EPA-HQ-2017-005431 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/29/2017 |
| EPA-HQ-2017-005429 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/28/2017 |
| EPA-HQ-2017-005428 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/28/2017 |
| EPA-HQ-2017-005427 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/28/2017 |
| EPA-HQ-2017-005425 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/28/2017 |
| EPA-HQ-2017-005410 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/28/2017 |
| EPA-R6-2017-005398 | Request Brandon Lopez | | 03/28/2017 |
| EPA-R10-2017-005395 | Request Emily Blakeway | | 03/28/2017 |
| EPA-HQ-2017-005390 | Request James Chelmowski | | 03/28/2017 |
| EPA-HQ-2017-005374 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/28/2017 |
| EPA-HQ-2017-005373 | Request Rollie Webb | Mr. | 03/28/2017 |
| EPA-HQ-2017-005372 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005371 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005370 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005369 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005367 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005366 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005365 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005363 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005362 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005360 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005359 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-R10-2017-005358 | Request Emily Blakeway | | 03/27/2017 |
| EPA-R5-2017-005343 | Request Thomas A. Davis | Apex Companies | 03/27/2017 |
| EPA-R2-2017-005335 | Request Marcel L. Lambert | | 03/27/2017 |
| EPA-HQ-2017-005334 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005328 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005327 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005318 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/27/2017 |
| EPA-HQ-2017-005316 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/26/2017 |
| EPA-HQ-2017-005315 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/26/2017 |
| EPA-HQ-2017-005304 | Request Christopher M. Lahiff | McDermott Will & Emery LLP | 03/26/2017 |
| EPA-R2-2017-005302 | Request Michelle McCarthy | Coughlin Duffy LLP | 03/26/2017 |
| EPA-HQ-2017-005300 | Request David Henson | F.B.I. FEDS C.I.!!!!!!!!!!!!! | 03/26/2017 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 03/29/2017 | Victor Farren | Victor Farren | No | TBD | 04/21/2017 | Closed |
| 03/29/2017 | Wendy Schumacher | Wendy Schumacher | No | TBD | 03/31/2017 | Closed |
| 03/29/2017 | Ivry Johnson | Ivry Johnson | No | TBD | 04/05/2017 | Closed |
| 03/29/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/29/2017 | Wendy Schumacher | Wendy Schumacher | No | TBD | 03/31/2017 | Closed |
| 03/29/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/29/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/29/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Nancy Ho | Nancy Ho | Yes | 04/25/2017 | 05/15/2017 | Closed |
| 03/28/2017 | Felicia Thomas | Felicia Thomas | Yes | 05/04/2017 | 04/25/2017 | Closed |
| 03/28/2017 | Mark Stilp | Mark Stilp | Yes | 06/16/2017 | 06/14/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Earl Ingram | Earl Ingram | No | TBD | 05/03/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 04/03/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/28/2017 | Camille Harper | Camille Harper | Yes | 06/09/2017 | 05/23/2017 | Closed |
| 03/27/2017 | Jessica Wheatley | Jessica Wheatley | Yes | 04/25/2017 | 04/07/2017 | Closed |
| 03/27/2017 | Wanda Calderon | Wanda Calderon | No | TBD | 06/02/2017 | Closed |
| 03/27/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/27/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/27/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/27/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 04/03/2017 | Closed |
| 03/27/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/27/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |
| 03/27/2017 | Earl Ingram | Earl Ingram | Yes | 04/25/2017 | 03/28/2017 | Closed |
| 03/27/2017 | Denise McRae | Denise McRae | Yes | 04/24/2017 | 08/03/2017 | Closed |
| 03/27/2017 | Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/31/2017 | Closed |

Records not reasonably described
Records not reasonably described
Improper FOIA request for other reason
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Request withdrawn
Request withdrawn
Request withdrawn
Records not reasonably described
Improper FOIA request for other reason
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Request withdrawn
Request withdrawn
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Records not reasonably described
Request withdrawn
Request withdrawn
Records not reasonably described

Paper records, including but not limited to memos, position papers, policy analysis, legal briefs and other printed records that have been created or receiv

COMMENT, PLEASE. S.S. GOLD 95621358737839542548773895564874773825. C.I.A. GOLDS:; 856254387734538935623785623548440355448737

This email is a formal proposition by a high school student from Coachella Valley High School. It is not a newfound discovery, it is not a policy revision, it i

COMMENT, PLEASE. S.S. GOLD 25487789531583742925154877895335487781558327 3248. C.I.A. GOLDS:; 856215487758295622357438959253 6

COMMENT, PLEASE. Super gold 85621587795623865231548785343321537235733583863923947 7351. Goldenly golds:; 76517651894251000005 34

COMMENT, PLEASE. S.S. GOLD 2587785621548774895621585754800000232500000005849937777389562150000554873004553729 56218. C.I.A. G

COMMENT, PLEASE. S.S. GOLD 254877895315235487478395156284737328491546487758582163427. C.I.A. GOLDS:; 2543873723473248432156 4

COMMENT, PLEASE. S.S. GOLD 8567893534837373839535347789531548577584945156762153247. C.I.A. GOLDS:; 952784520365848562678 5387

COMMENT, PLEASE. S.S. GOLD 25877895621548778956231548777532354847789562154877589553156879551 54. C.I.A. GOLDS:; 8562558778395

Any previous Environmental Site Assessments held by the EPA for the former Brio Superfund Site located at 2501 Dixie Farm Rd, Houston, TX 77089.

I would like to view any compliance, enforcement, or hazardous waste documents for the following site: 552 Hendrickson (aka Henrickson) Dr Kalama, W

Full Description is uploaded Chelmowski Confirmation with EPA of April 5 2017 FOIA-Privacy Act Request Clarification 1)   All emails, correspondence, e

COMMENT, PLEASE. Laser fantom gasoline butane kerosene lamps lanterns gemstone great gold 85956215487789562354877895 62154.

I WAS THE LANDLORD FOR GUYNIN MYERS, SHE IS AN EMPLOYEE AT THE EPA-DC/MD OFFICE. SHE IS REFUSING TO PROVIDE HER NEW F

COMMENT, PLEASE. S.S. GOLD 254877383956231254877585954152837378239522332145344873782953154483273742832. C.I.A. GOLDS:; 87452 3

COMMENT, PLEASE. S.S. GOLD 256487789562358789562315487383953154878495415344875748935453. C.I.A. GOLDS:; 24587373829253624358

COMMENT, PLEASE. S.S. GOLD 8525587552584544562359487561548778956254474784331558757453154 3837. C.I.A. GOLDS:; 855154877389531

COMMENT, PLEASE. S.S. GOLD 25877895225388753154873953354483827374282941544847437438251342. C.I.A. GOLDS:; 235348247748493543

COMMENT, PLEASE. S.S. GOLD 5258788956254877895623514847738395362315484877585945625423454877589515344728 32. C.I.A. GOLDS:; 88

COMMENT, PLEASE. S.S. GOLD 254877383429551577558595155484577458541564747438415548775855254598755154567225487783953154 4884

COMMENT, PLEASE. S.S. GOLD 2587537832548773583875625878956215485775849945 77483. C.I.A. GOLDS:; 258789562354837373383956315 48447 4

COMMENT, PLEASE. S.S. GOLD 8527856258783956323568747846145644347757484543156435 72. C.I.A. GOLDS:; 8733348253464323478344 1564

COMMENT, PLEASE. S.S. GOLD 2548773839254622345148775855956251544877484395431563444574374384343951562237342 24. C.I.A. GOLDS:

COMMENT, PLEASE. S.S. GOLD 856235879556225487782548778956254837738491564837. C.I.A. GOLDS:; 852587189562354877738

COMMENT, PLEASE. S.S. GOLD 8562587565235985628789562548383773849156483 7. C.I.A. GOLDS:; 856235873785651505183838235637732437

I would like to review the following file: King Co - First NE (Corliss Ave) LDFL N 165th &amp; 1st Ave NE Seattle, WA Listed on: SEMS Archive

Good afternoon, Apex Companies, LLC is evaluating all units at the Southport and Indian Trail Plazas located at 6804 and 6320-6610 Green Bay Road, K

Under the New Jersey Open Public Records Act, N.J.S.A. 47:1A-1 et seq., I am requesting an opportunity to inspect or obtain copies of public records tha

COMMENT, PLEASE. S.S. GOLD 65986526537859115454875231523548477389515237. C.I.A. GOLDS:; 31548773832956421545875785955745624 5

COMMENT, PLEASE. Pontoon laser super gold 25874456215487748495. ;;;;Okay.;;;;

COMMENT, PLEASE. S.S. GOLD 52876535844523587476524889562354874895623548378295231548782952335 4827. C.I.A. GOLDS:; 2

COMMENT, PLEASE. S.S. GOLD 25487956237856254875962356483773395253. C.I.A. GOLDS:; 8525786539536315648377389395362154847378 4

COMMENT, PLEASE. S.S. GOLD 2548789562154847484956231564237484325943251 6. C.I.A. GOLDS:; 315648373274895624156457474849515648

COMMENT, PLEASE. S.S. GOLD 4526584520254156483783862354837. C.I.A. GOLDS:; 8256494563563548753574542548315487.

I request copies of any Notices of Arrival (EPA Form 3540-1) since 01/01/2011 for pesticides 87845-4, 89333-1, 89333-2, 89333-3 and 89333-4. The NO/

Please provide a copy of the response to EPA's 104(e) Information Request submitted on or about Friday, March 24, 2017 by Thermo Fisher Scientific In

COMMENT, PLEASE. S.S. GOLD 5236587456254873895513749413568237. C.I.A. GOLDS:; 32548774515353873964145687393524256444723.

ed since February 17, 2017 by EPA Administrator Scott Pruitt. Paper records, including but not limited to memos, position papers, policy analysis, le
382!

s just a proposition which I hope is taken seriously and into much consideration. Please do not disregard this email because it is introduced with a la
2862233254831524857748491:
8728950000000321528727773895555532152222233993221953
GOLDS:; 5254877383956231548247283295622524827328239562224154488487748495623239539635254154587758555
4857575485955146483347747848493515264324873742
73829451548577585952454847758431564273425
622154827748395622125647758595626562553546894895767658153648473

A Listed on: RCRA NonGen/NLR, FINDS, ECHO
tc. regarding me or anything related me between May 1, 2016 to May 30, 2017 (current date of search) date of scope.   EPA was required directives

ORWARDING ADDRESS. SEE ATTACH APPLICATION SHE SIGNED FOR THE RELEASE OF THE INFORMATION TO BE GIVEN TO HER LAN
3332354383247738329562315448747484395632215344877448493562235283477348539232!
74654234515874849564242341544847748495314583945
544874748439531558757585494515445877544951528373748832415348427734282. : ; S.S. GOLD 15487738393124532547484935632554857
15548437748439545347546432354824543475743855136485773445
778395623153428477328324953426432154488575758594541548877448394515348347734823415448843778435
77483431435543857744389435154857758854515325487383953154837738322415324483274784415. C.I.A. GOLDS:; 8565487783953262413245
37433849555154487457584845343544843
6545888495621548453784383156487744831556
; 25487373283249562321435632448324774844953315632324773483294541526343884775854591556544577232
856325343838473586254883774839562415483747383954156245
384945154643732!

Kenosha, Wisconsin 53142 for a Property Condition Assessment. We kindly ask your office to provide any information and documentation of code c
t pertain to Environmental Protection.
448477389562423548:

23548773895621548783895623348773895623154873899356203154877489562374833438539853298215842
4952!
3794358431565432

As may have been filed by: Agromarketing, Agria Canada and/or Tacoma Ag. Thank you
c. and/or Apogent Transition Corp. relating to the Standard Chlorine Chemical Co. Inc. Site in Kearny, New Jersey. It is believed this response was :

egal briefs and other printed records that have been created or received since February 17, 2017 by Michelle Hale in the Office of the Administrator

ack of ethos. Considering we live in a democracy and promote the convection of each individual's perceptions, I do not see it fit to neglect the viewp

including but not limited to compliance with the OMB and NARA released M-12-18, Managing Government Records Directive on August 24, 2012 (a

NDLORD. I NEED TO PROVIDE LEGAL DOCUMENTS TO HER CONCERNING THE MOVEOUT ASAP. REQUEST THAT I BE GIVEN A FORWA

7548549562451548767869566515455454574574845954562158773823415238477382536214584737438439154847743843515434537. C.I.A. GC

5443842743784945435153832843473274383423241535873738331544484377485158273415352847748412535487342564132548374749515454

ompliance, certificates of occupancy, building permits, or construction drawings you may have for the property. In addition, please provide any inforr

sent to Alison Hess, Remedial Project Manager for the Standard Chlorine Chemical Co. Inc. Superfund Site, Emergency and Remedial Response C

ED_002298_0000118b-00006

of the EPA. Paper records, including but not limited to memos, position papers, policy analysis, legal briefs and other printed records that have bee

oints of those who do not have economically, politically, or environmentally-affiliated established backgrounds. With President Trump's newest actio

all archives and required directives for deletion of any record in the EPA system of records are considered responsive for FOIA and/or Privacy Act re

RDING ADDRESS FOR THIS EMPLOYEE PER SIGNED APPLICATION. ROLLIE WEBB/LANDLORD

OLDS:; 23548377383295623548749556251544874383954523354484300454438473743849564235348477438935624333354485843854737438585

8277342153244874748213524344289883773834215485 7

nation regarding underground or above ground storage tanks, spills, or calls for emergency response at the property. Please provide me with an em

Division and Krista Yacovone, Assistant Regional Counsel, Office of Regional Counsel

ED_002298_0000118b-00007



n created or received since January 20, 2017 by EPA Acting Deputy Administrator Mike Flynn. Paper records, including but not limited to memos, p

n to &quot;nullify President Barack Obama's climate change efforts&quot; and implement orders to &quot;revive the coal industry,&quot; I have bee

esponsive records) from May 1, 2016 to current date of Search (May 30, 2017 or later) – Date Scope.  To HELP the EPA recall and produce ALL Priv

3434554324534847473448843432323234235284732. ;;;; ;;;; ;;;; ;;;; S.S. GOLD 15877383952462323323154544483774843439562454387474839

nail address or phone number of a contact if your office does not have this information, but you know where it can be found. Please reference the Si

osition papers, policy analysis, legal briefs and other printed records that have been created or received since January 20, 2017 by EPA Deputy Ge

n overcome with ultimate concern over the environment but I have also kept the economy in strong consideration. Donald Trump's main motive to i

acy Act/FOIA Responsive Records:  There is correspondence (email, letters, memos, phone logs, etc.) regarding a Court Subpoena in 2016 the EP

543624334323445348577438493485436245371454348737484935154375844384395154538774843834515453438778395623152832774832954

te Name "Southport and Indian Trail Plazas" in all correspondence regarding this project. Feel free to email or reach me at any of the numbers belo



neral Counsel Justin Schwab. To the extent that these paper records are not available electronically, please scan and provide electr

mplement such environmentally-neglectful orders is to increase job opportunities in the coal industry. To refute his argument by

A never responded or complied and the EPA had communication with my EPA FOIAonline (EPA-HQ-2017-5390, EPA-HQ-2016-9708) Of course, an

3215342732. C.I.A. GOLDS:; 25879562554877895362241536877895615987777687795627615768767785985445165544484747348495543543 5

w should you have any questions or comments.

y other communicatio

524355145655477484395642315584377438459543651543543874743843959435543645243837743 85945

Message

| | |
|---|---|
| **From**: | Albright, Scott [Albright.Scott@epa.gov] |
| **Sent**: | 7/18/2018 6:29:59 PM |
| **To**: | Blake, Wendy [Blake.Wendy@epa.gov] |
| **CC**: | Miller, Kevin [Miller.Kevin@epa.gov]; Hammitt, Jennifer [Hammitt.Jennifer@epa.gov]; Youngblood, Charlotte [Youngblood.Charlotte@epa.gov]; Nguyen, Quoc [Nguyen.Quoc@epa.gov] |
| **Subject**: | RE: United States Securities And Exchange Commission et al v. Ustain et al., US DIS ILND 1:18cv4899 |

# Deliberative Process / Ex. 5

## Attorney Client / Ex. 5

Thanks,

Scott Albright
U.S. EPA
Office of General Counsel
Intellectual Property Law &
Information Law practice groups
(202) 564-2884

**From:** Blake, Wendy
**Sent:** Wednesday, July 18, 2018 2:05 PM
**To:** Albright, Scott <Albright.Scott@epa.gov>
**Cc:** Miller, Kevin <Miller.Kevin@epa.gov>; Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Youngblood, Charlotte <Youngblood.Charlotte@epa.gov>
**Subject:** FW: United States Securities And Exchange Commission et al v. Ustain et al., US DIS ILND 1:18cv4899

## Attorney Client / Ex. 5
### Deliberative Process / Ex. 5

Wendy

Wendy L. Blake
Associate General Counsel
General Law Office
Office of General Counsel
U.S. Environmental Protection Agency
phone: (202) 564-1821
fax:     (202) 564-5433

**From:** Turley, Jennifer
**Sent:** Wednesday, July 18, 2018 2:01 PM

**To:** Blake, Wendy <Blake.Wendy@epa.gov>; Youngblood, Charlotte <Youngblood.Charlotte@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>
**Subject:** United States Securities And Exchange Commission et al v. Ustain et al., US DIS ILND 1:18cv4899

**To:**      Hammitt, Jennifer[Hammitt.Jennifer@epa.gov]
**From:**    Gottesman, Larry
**Sent:**    Mon 9/25/2017 7:36:35 PM
**Subject:** withdrawn 9-25-17.xls
withdrawn 9-25-17.xls

| | |
|---|---|
| EPA-R4-2017-006846 | Request Chris Nidel |
| EPA-R3-2017-006814 | Request Jason Kacamburas |
| EPA-R10-2017-006792 | Request Zack S. Larson |
| EPA-R8-2017-006693 | Request Roman Barczynski |
| EPA-R2-2017-006647 | Request Danielle D'Altrui |
| EPA-HQ-2017-006560 | Request sunday eme |
| EPA-R6-2017-006514 | Request Joshua T. Freeman |
| EPA-R3-2017-006500 | Request Alyssa Schell |
| EPA-R4-2017-006458 | Request Mark LaRue |
| EPA-R6-2017-006453 | Request Hattie B. Hardiman |
| EPA-R3-2017-006452 | Request Scott R. Wolfe |
| EPA-R4-2017-006409 | Request Molly Durrill |
| EPA-R3-2017-006319 | Request Sara Fernandez |
| EPA-R1-2017-006249 | Request Marton Orosz |
| EPA-HQ-2017-006238 | Request sunday eme |
| EPA-R5-2017-006230 | Request John Fenn |
| EPA-HQ-2017-006194 | Request David Westbrook |
| EPA-R3-2017-006159 | Request Bruce Thomas |
| EPA-R3-2017-006069 | Request Sara Fernandez |
| EPA-R2-2017-005835 | Request michael babcock |
| EPA-R6-2017-005735 | Request Jenna Plymell |
| EPA-R6-2017-005398 | Request Brandon Lopez |
| EPA-R10-2017-005395 | Request Emily Blakeway |
| EPA-HQ-2017-005390 | Request James Chelmowski |
| EPA-R10-2017-005358 | Request Emily Blakeway |
| EPA-HQ-2017-005240 | Request Jarrod Sharp |
| EPA-HQ-2017-005181 | Request Josh Loewenstein |
| EPA-R10-2017-005164 | Request Emily Blakeway |
| EPA-R5-2017-005107 | Request Emily Steinberg |
| EPA-R10-2017-005014 | Request Marisa Ordonia |
| EPA-HQ-2017-005009 | Request Nicholas P. Surgey |
| EPA-HQ-2017-004937 | Request Margaret Townsend |
| EPA-HQ-2017-004889 | Request Beryl Lipton |
| EPA-HQ-2017-004827 | Request David Westbrook |
| EPA-R10-2017-004820 | Request Mark P. Kerr |
| EPA-R6-2017-004803 | Request David Westbrook |
| EPA-R10-2017-004696 | Request lisa e. mischenko |
| EPA-R3-2017-004664 | Request Kyle Strumfels |
| EPA-R3-2017-004663 | Request Kyle Strumfels |
| EPA-HQ-2017-004645 | Request Jonah Sutton-Morse |
| EPA-HQ-2017-004516 | Request Andrew L. Lee |
| EPA-R5-2017-004496 | Request Melissa Sims |
| EPA-R6-2017-004471 | Request Juan C. Pedraza |
| EPA-R10-2017-004433 | Request McClure Tosch |
| EPA-R5-2017-004160 | Request Cindy Dabner |
| EPA-R3-2017-004156 | Request Michael J. Sheehan |
| EPA-HQ-2017-004120 | Request Catherine Riiska |
| EPA-R9-2017-004071 | Request Kristine Savona |
| EPA-R8-2017-004025 | Request Mandi L. Dodd |
| EPA-R6-2017-004024 | Request Mandi L. Dodd |
| EPA-R5-2017-004022 | Request Mandi L. Dodd |

| | |
|---|---|
| 05/03/2017 | 05/04/2017 |
| 05/03/2017 | 05/03/2017 |
| 05/02/2017 | 05/02/2017 |
| 04/29/2017 | 05/01/2017 |
| 04/27/2017 | 04/28/2017 |
| 04/25/2017 | 04/25/2017 |
| 04/24/2017 | 04/25/2017 |
| 04/24/2017 | 04/24/2017 |
| 04/23/2017 | 04/24/2017 |
| 04/23/2017 | 04/24/2017 |
| 04/23/2017 | 04/24/2017 |
| 04/21/2017 | 04/21/2017 |
| 04/19/2017 | 04/19/2017 |
| 04/18/2017 | 04/18/2017 |
| 04/18/2017 | 04/18/2017 |
| 04/18/2017 | 04/18/2017 |
| 04/17/2017 | 04/17/2017 |
| 04/14/2017 | 04/17/2017 |
| 04/12/2017 | 04/12/2017 |
| 04/06/2017 | 04/07/2017 |
| 04/04/2017 | 04/05/2017 |
| 03/28/2017 | 03/28/2017 |
| 03/28/2017 | 03/28/2017 |
| 03/28/2017 | 03/28/2017 |
| 03/27/2017 | 03/28/2017 |
| 03/23/2017 | 03/24/2017 |
| 03/22/2017 | 03/22/2017 |
| 03/22/2017 | 03/22/2017 |
| 03/20/2017 | 03/21/2017 |
| 03/16/2017 | 03/16/2017 |
| 03/16/2017 | 03/16/2017 |
| 03/15/2017 | 03/15/2017 |
| 03/14/2017 | 03/14/2017 |
| 03/13/2017 | 03/13/2017 |
| 03/11/2017 | 03/13/2017 |
| 03/10/2017 | 03/10/2017 |
| 03/08/2017 | 03/08/2017 |
| 03/07/2017 | 03/07/2017 |
| 03/07/2017 | 03/07/2017 |
| 03/07/2017 | 03/07/2017 |
| 03/03/2017 | 03/03/2017 |
| 03/02/2017 | 03/03/2017 |
| 03/02/2017 | 03/02/2017 |
| 03/01/2017 | 03/01/2017 |
| 02/22/2017 | 02/22/2017 |
| 02/21/2017 | 02/22/2017 |
| 02/20/2017 | 02/21/2017 |
| 02/17/2017 | 02/17/2017 |
| 02/16/2017 | 02/16/2017 |
| 02/16/2017 | 02/16/2017 |
| 02/16/2017 | 02/16/2017 |

| | | | | |
|---|---|---|---|---|
| Gayla Mendez | Gayla Mendez | Yes | 06/02/2017 | 08/07/2017 |
| Rita Tate | Rita Tate | Yes | 06/02/2017 | 05/18/2017 |
| Susan Haas | Susan Haas | No | TBD | 05/12/2017 |
| Adrienne Rivera | Adrienne Rivera | Yes | 05/31/2017 | 05/17/2017 |
| Wanda Calderon | Wanda Calderon | Yes | 05/25/2017 | 05/03/2017 |
| Jannette Stewart | Jannette Stewart | Yes | 05/25/2017 | 06/05/2017 |
| Nancy Ho | Nancy Ho | No | TBD | 05/02/2017 |
| Rita Tate | Rita Tate | Yes | 05/24/2017 | 05/12/2017 |
| Gwendolyn Woodard-Burrell | Gwendolyn Woodard-Burrell | No | TBD | 04/24/2017 |
| Nancy Ho | Nancy Ho | No | TBD | 04/28/2017 |
| Rita Tate | Rita Tate | Yes | 05/22/2017 | 05/25/2017 |
| Gayla Mendez | Gayla Mendez | Yes | 05/19/2017 | 05/08/2017 |
| Rita Tate | Rita Tate | Yes | 05/17/2017 | 05/18/2017 |
| Cristeen Schena | Cristeen Schena | Yes | 05/22/2017 | 05/16/2017 |
| Jannette Stewart | Jannette Stewart | Yes | 05/16/2017 | 05/01/2017 |
| Jessica Wheatley | Jessica Wheatley | Yes | 05/16/2017 | 05/11/2017 |
| Wendy Schumacher | Wendy Schumacher | No | TBD | 04/18/2017 |
| Rita Tate | Rita Tate | No | TBD | 05/08/2017 |
| Rita Tate | Rita Tate | Yes | 05/17/2017 | 06/28/2017 |
| Wanda Calderon | Wanda Calderon | No | TBD | 05/03/2017 |
| Shirley Langley | Shirley Langley | Yes | 05/03/2017 | 04/21/2017 |
| Nancy Ho | Nancy Ho | Yes | 04/25/2017 | 05/15/2017 |
| Felicia Thomas | Felicia Thomas | Yes | 05/04/2017 | 04/25/2017 |
| Mark Stilp | Mark Stilp | Yes | 06/16/2017 | 06/14/2017 |
| Camille Harper | Camille Harper | Yes | 06/09/2017 | 05/23/2017 |
| Linda F. Person | Linda F. Person | No | TBD | 04/04/2017 |
| Loreto Tillery | Loreto Tillery | Yes | 04/20/2017 | 06/30/2017 |
| Felicia Thomas | Felicia Thomas | Yes | 05/03/2017 | 04/25/2017 |
| Jessica Wheatley | Jessica Wheatley | Yes | 07/28/2017 | 07/11/2017 |
| Felicia Thomas | Felicia Thomas | Yes | 04/28/2017 | 04/27/2017 |
| Victor Farren | Victor Farren | No | TBD | 04/05/2017 |
| Larry F. Gottesman | Larry F. Gottesman | No | TBD | 03/16/2017 |
| Lynn E. Kelly | Lynn E. Kelly | Yes | 05/23/2017 | 05/11/2017 |
| Margaret Gerardin | Margaret Gerardin | Yes | 04/10/2017 | 04/18/2017 |
| Susan Haas | Susan Haas | No | TBD | 03/22/2017 |
| Nancy Ho | Nancy Ho | No | TBD | 03/21/2017 |
| Susan Haas | Susan Haas | Yes | 04/05/2017 | 03/08/2017 |
| Rita Tate | Rita Tate | Yes | 04/13/2017 | 05/01/2017 |
| Rita Tate | Rita Tate | Yes | 04/13/2017 | 04/28/2017 |
| Tiffany Purifoy | Tiffany Purifoy | Yes | 04/05/2017 | 03/21/2017 |
| Cassandra Barnes | Cassandra Barnes | Yes | 03/31/2017 | 09/21/2017 |
| Jessica Wheatley | Jessica Wheatley | Yes | 03/31/2017 | 03/23/2017 |
| Nancy Ho | Nancy Ho | No | TBD | 03/08/2017 |
| Camille Harper | Camille Harper | Yes | 07/07/2017 | 04/25/2017 |
| Jessica Wheatley | Jessica Wheatley | Yes | 04/12/2017 | 03/23/2017 |
| Rita Tate | Rita Tate | Yes | 03/22/2017 | 02/22/2017 |
| Candace White | Candace White | No | TBD | 04/20/2017 |
| R9FOIAOffice FOIA Office | R9FOIAOffice FOIA Office | No | TBD | 02/17/2017 |
| Nawodit Gautam | Nawodit Gautam | Yes | 03/17/2017 | 02/17/2017 |
| Nancy Ho | Nancy Ho | No | TBD | 02/16/2017 |
| David Hoff | David Hoff | No | TBD | 02/17/2017 |

| Closed | Request withdrawn |
|--------|-------------------|
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |
| Closed | Request withdrawn |

Requesting copies of any and all documents, emails, maps, memos or any other documentation, whether hard co
Please make reference to the attached document (Potomac Yard Engineering Evaluation/Cost Analysis, page 74
I would like to know if your agency has a small business federal contractor database. If so, I'd like the website/url
I would like to request climate change data for Wyoming from 2008 through 2016.
Site Address: 200 S Oyster Bay Road, Syosset, NY 11791 (Mobil/Cumberland Farms gas station); All environme
I am requesting Fact Finder report used as the basis for the decision on my EPA Order 4711 (bullying and harass
I'm inquiring to see if the following permits have been submitted and if possible an update on their progress by eit
All files and reports related to the NGK Metals Site located in Temple, PA. Address is 150 Tuckerton Road, Temp
Please provide all requests from EPA Region 4 employees seeking outside (non-agency employment) work requ
Safety of air In side building
Records pertaining to the ALLEGHENY COUNTY SANITARY AUTHORITY, 3300 Preble Ave, Pittsburgh, Pa 152
NPDES CAFO/CFO permits issued for Poultry (Broilers, Layers, Pullets, and Turkeys) by Operation name for 201
I am requesting information on the projects being funded through the EPA in Virginia, USA during the year 2016.
Hello: I am writing to you concerning my FOIA request pertaining to the Hungarian born American painter Gyorgy
I am requesting a copy of the EPA Order 4711 Fact finding report [...]
Regarding Dutch Boy Superfund Site ID # ILD980265797. I am looking for information regarding the completion c
There is a need for access to the EPA RMP database to help accomplish an Air Force required TIC/TIM Vulnerab
Requesting records that verify the EPA classification of intermediate level disinfectant for Thymol; data possibly p
Dear Larry Gottesman, Under the Virginia Freedom of Information Act, &sect;2.2-3704 et seq., I am requesting an
I would like to please have UCMR3 Well Testing results for Moorestown Township, New Jersey Hartford and King
Files regarding the Superfund Site located at 9334 Canniff Street, Houston, Texas 77017 - Geneva Industries/Fu
Any previous Environmental Site Assessments held by the EPA for the former Brio Superfund Site located at 250
I would like to view any compliance, enforcement, or hazardous waste documents for the following site: 552 Henc
Full Description is uploaded Chelmowski Confirmation with EPA of April 5 2017 FOIA-Privacy Act Request Clarifie
I would like to review the following file: King Co - First NE (Corliss Ave) LDFL N 165th &amp; 1st Ave NE Seattle,
Pursuant to FOIA, please provide any and all e-mails sent and or received by HQ EPA personnel that contain the
Pursuant to the Freedom of Information Act, 5 U.S.C. &sect;552 et seq. ("FOIA"), I request copies of all documen
I would like to view any compliance, enforcement, or hazardous waste documents for the following site: Stemilt O
My firm represents AIG Specialty Insurance Company ("ASIC") in connection with a lawsuit filed against it by I. Sc
Certain documents related to the State of Washington's Water Quality Standards. Please see attached FOIA requ
We are hereby requesting all records created, edited or otherwise transmitted between January 20, 2017 and M
[A]ll correspondence, including but not limited to, all letters, emails, text messages, instant messages, voicemails
Requesting any available log of appeals submitted to this agency or the agency tasked with processing Freedom
Requesting access to the National RMP non-Offsite Consequence Analysis (non-OCA) Database. As a Bioenviro
Reference: Consent Decree, around 2012, EPA, Dawn Mining Company LLC, and Newmont USA Does the Fede
Requesting access to the National RMP non-Offsite Consequence Analysis (non-OCA) Database. As a Bioenviro
Address of property we are interested in is 2101 Burwell Place Bremerton, WA 98383 Property Owners: Frick N F
Looking to review all files associated with CERCLIS ID PAD980692776, Kennett Square Junkyard/NOZNESKY J
Looking to review all files associated with CERCLIS ID PAD107214116, NVF facility in Kennett Square, Pennsylv
On March 7, 2017, the EPA published to the Federal Register, item FRL–9959–96–OAR, a Withdrawal of Obligat
Records relating to the Notice of Violation of Renewable Fuel Standards, File Number MSEB #8329, for Triton Er
Kindly provide me with all financial affidavits, financial documents provided by Velsicol Chemical and True Specia
To fix my legal status.
The Confederated Tribes and Bands of the Yakama Nation is requesting access to or electronic copies of the doc
Please see the attachemnt for specific information requested under the FOIA concerning the 2016 USEPA Regio
We are hereby requesting records pertaining to asbestos litigation currently pending in various locations. Kindly p
All memos and communications, in written and electronic formats, of policies and/or procedures of public release
36050 Pourroy Avenue Temecula, CA 92563 Dear Sir/Madam: We would like to request any information your offi
I would like to make a request for the unpublished information from the EPA's database of W.R. Grace shipping ir
I would like to make a request for the unpublished information from the EPA's database of W.R. Grace shipping ir
I would like to make a request for the unpublished information from the EPA's database of W.R. Grace shipping ir

opy or electronic, relating to the investigation of radiation, gamma radiation, radon, Radium 226, NORM
(June 19, 1996). Specifically section 7.2 (which is found on page 102 of 214 of the PDF). This section
address, as well as any instructions necessary to register / log-in. This information may be submitted t

ntal reports, data, correspondences and inventory records related to Underground Injection Control; Th
sment complaint). The affected person is Sunday Eme. Obtaining the fact finders report would be cruci
ther Trinity consultants or MMEX resources corp. the requisite air quality environmental authorisations
ble PA 19560 (EPA ID PAD044540136). More location information found at: https://www.epa.gov/hwco
ests submitted to EPA Region 4 Ethics panel in the last 5 years. This would include all requests, appro

233. Specifically, any violations/fines with regards to their National Pollutant Discharge Elimination Sys
16 and January-present 2017 for Kentucky. I would prefer if the document(s) is/are sent electronically t
The information needed is the amount of money given to the projects.
Kepes (1906-2001), who received his US citizenship in 1956. Please also note than in some records

of the remediation of lead contaminated soil from properties and lots on S Union Ave between W119-W
bility Assessment for Barksdale Air Force Base. Any information obtained from the database will be cor
ublished 2010 - 2013 if that helps.
n opportunity to inspect or obtain copies of public records of the projects the EPA has underway in the
gshighway Water Treatment Plants. The raw water well testing and all UCMR3 information and EPA co
hrmann Energy Specifically I would like recent monitoring well data, reports 2013 and later, and any in
1 Dixie Farm Rd, Houston, TX 77089.
drickson (aka Henrickson) Dr Kalama, WA Listed on: RCRA NonGen/NLR, FINDS, ECHO
cation 1)    All emails, correspondence, etc. regarding me or anything related me between May 1, 2016
WA Listed on: SEMS Archive
word 'Signal' as it relates to the encrypted messaging application sent or received since 1 November
ts outlined in detail below: • Any direct correspondence, including electronic correspondence, to your a
lds Station/Stemilt Growers Olds Station 2/Stemilt Growers, Inc./Stemilt Growers 1 Warehouse Rd and
chumann &amp; Co. LLC ("I. Schumann") in the United States District Court for Northern District of Oh
uest letter.
arch 16, 2017, by then EPA employee David Schnare. It was reported in the media on March 16, 2017
, and phone logs for any phones utilized by the new EPA Administrator Scott Pruitt ("Mr. Pruitt") from a
of Information Act appeals for this division. Please provide such logs for the period from January 1, 20
nmental Engineering Tech at Barksdale AFB, my job is to review this years TIC/TIM assessment. The
ral Government cover any costs, directly or indirectly, for the removal, transportation, and processing
onmental Engineering Tech at Barksdale AFB, my job is to review this years TIC/TIM assessment. The
Frack Holdings LLC We are considering a future purchase of this property. We have been advised that
UNK YARDS, in Kennett Square, Pennsylvania;  All EPA files I have seen indicate that the site is at: C
rania; Site address is 400 Mulberry Street, Kennett Square, PA 19348
ion To Submit Information. I'd like a copy of the initial request and responses and objections received,
ergy LLC, issued by the EPA on February 15, 2017 (the &quot;NOV&quot;), including without limitatio
alty to the EPA which supported its position in the 2002 bankruptcy settlement agreement with the EPA

cuments/files contained in the, "PRP Information Summary" folder that is listed as section 12.2.4 of the
n 5 Job Fair Reassignment
rovide any and all records in your possession concerning asbestos studies, asbestos exposure, air qu
of information and public reporting, and public outreach programs and policies, including but not limite
ce has regarding any environmental documents, underground storage tanks (USTs) or hazardous mat
nvoices dated 1964-1995. I am willing to pay more if needed.
nvoices dated 1964-1995. I am willing to pay more if needed.
nvoices dated 1964-1995. I am willing to pay more if needed.

M, TENORM, or any other radiation of any type on or around former phosphate mines in the state of Flo
details out the annual ground water monitoring. The 3rd paragraph makes reference to a report. It sta
to me electronically via email.

hese files are NOT available online via MyPropertySearch (see attached)
al in determining why punitive actions was taken against me the affected person, contrary to what is se
to initiate construction of the refinery, including the New Source Review Prevention of Significant Dete
rrectiveactionsites/hazardous-waste-cleanup-ngk-metals-reading-pennsylvania If you have any questi
ovals, and denials

tem (NPDES) Permit, including their failure to renew the permit.
o my email.

his name might be misspelled like Gyorgy Keeper. His name: KEPES, Gyorgy The city/location he live

/120 St. These properties were included in the boundaries of remediation as identified in the EPA Fact
nsidered sensitive (at a minimum, will be managed/labeled as For Official Use Only (FOUO) informatio

state of Virginia. Specifically the projects taken on and managed within the last 5 years (2013 - 2017),
orrespondence to Moorestown related to that testing
formation pertaining to offsite contamination.

s to May 30, 2017 (current date of search) date of scope.  EPA was required directives including but no

2016 to the present.
gency from or on behalf of Congressman Fred Upton (MI-6) between January 2011- present. Direct co
d 3135 Warehouse Rd Wenatchee, WA Listed on: RMP, ICIS, ECHO, RCRA NonGen/NLR Thanks!
io (Case No. 1:16-cv-01079) ("the lawsuit"). The lawsuit relates to the U.S. EPA Region 5's investigatio
', quoting Mr. Schnare, that he has resigned his position at the EPA. See attached letter for more detai
ny and all agency and EPA servers, cloud portals, secure websites, computers, tablets, smart phones
015 through December 31, 2016
database will be very helpful and used to assess the Toxic Industrial Materials/Chemicals that surrou
of the Alternative Feed Materials removed from the Midnite Mine facility that are processed at the Whit
database will be very helpful and used to assess the Toxic Industrial Materials/Chemicals that surrou
the property has undergone an analysis and is currently awaiting a letter from the EPA indicating &qu
OFF RTE 1, KENNETT SQUARE, 19348

preferably in electronic form. Specifically 1 - The Initial Request sent by EPA (operator survey) 2 - The
n all &quot;ex parte&quot; communications (as 5 U.S.C. Section 551 defines that term), including with
regarding Superfund Sites in Illinois, Michigan and Tennessee.

Portland Harbor Site File Table of Contents (see attached). Please feel free to contact me McClure To

ality tests, reports pertaining to asbestos or any other information regarding asbestos or asbestos aba
d to directives from representatives of the Trump administration, from January 1, 2017, to February 20
erials for the property listed below. If any records are located, we would like to obtain copies or sched

rida. This includes, but is not limited to, emails, documents, maps, studies, reports, memos, binders,
tes &quot;The analytical data will be provided to the EPA within 30 days of the RF&amp;P's receipt of

et forth in the order against retaliating against the affected person. The office responsible for the fact fi
rioration (PSD) permit application required by the Texas Commission on Environmental Quality (TCEC
ons, please feel free to contact me at alyssa@taylorgeoservices.com or at 610-325-5570. If files can b

d: Cambridge, MA His ████████████ (b) (6) ████████████ His SSN was: (b) (6) Da
. Sheet July 2002. See attached.
n in accordance with AF and Department of Defense (DoD) policy). Access to Offsite Consequence Ar

how much money has been used for these projects, and the budget total for these projects. If there ar

t limited to compliance with the OMB and NARA released M-12-18, Managing Government Records D

orrespondence should include letters, emails, reports, and other relevant material.  I am not see

on of I. Schumann's facility located at 22500 Alexander Road, Bedford, Ohio 44146 (the "facility") purs

ls
, etc., sent to or from Mr. Pruitt, with the exception of any records that are or will be publicly available (

nd Barksdale AFB
e Mesa Mill in Blanding, UT? Examples: Contractor costs, transportation of the materials, processing c
nd Barksdale AFB
ot;no further action is needed&quot;. The owners have claimed that the property had been eradicated

e Initial Request sent by EPA (facility survey) 3 - An electronic document listing the owners and operato
out limitation records relating to the reason why EPA determined that &quot;about&quot; two percent (

osch at tosm@yakamafish-nsn.gov or 509-865-5121 ext. 6413 for any follow up questions and estimat

tement projects performed at the following locations: 707 Foulk Road, Wilmington, DE 19803 (betweer
), 2017.
ule a file review. If no records are available, please contact me to confirm. Thank you for your assistan

owerpoints, spreadsheets, or any other documents relating to, reviewed for, or maintained as part of t
the results from the laboratory.&quot; I would like to request a copy of this report.

nding and administration of EPA order 4711 is the Office of Human Resources.
2) and EPA Region 6, and subsequent Title V Federal Operating Permit. http://www.trinityconsultants.c
e sent electronically or via mail, that would be greatly appreciated. If a visit to the Region 2 headquarte

ate of Birth: October 4 1906 Date of Death: December 29 2001 I am inquiring as to how you might advi

nalysis data is not required.

e any fees for searching or copying these records, please inform me if the cost will exceed $100. How

irective on August 24, 2012 (all archives and required directives for deletion of any record in the EPA s

king any secondary material such as phone logs, notations of conversation, etc. If any records are with

uant to the Clean Air Act in In The Matter Of I. Schumann &amp; Co. LLC. It is our understanding that

e.g., through regulations.gov).

costs at the mill, etc...... Please advise of fees prior to research. Thanks

by removing all contaminated soils and replacing it with good soil. This property is located outside the

ors each of these was sent to (name, country &amp; state based in, country and state operating in), ar
2%) of Triton RINs generated from March 1, 2012 through March 31, 2015 were not invalid (as eviden

ed time to fulfill our request.

n 1959 and 1980); Pep Boys Auto Parts &amp; Service, 2904 Concord Pike, Wilmington, DE 19803 (b

ce.

ED_002298_000000121-0009

the Florida Phosphate Initiative, the Polk County Health Department, or any investigation, actions, stud

com/news/company/mmex-resources-announces-strategic-relationship-with-trinity-consultants-on-crud
rs is needed, I would like to be added onto the next possible date for records review. Thanks so much

se us to proceed regarding acquiring Gyorgy Kepes's files. There is some urgency now as the book or

ever, I would also like to request a waiver of all fees in that the disclosure of the requested information

ystem of records are considered responsive for FOIA and/or Privacy Act responsive records) from May

nheld or redacted, I request that you state the specific legal and factual grounds for withholding any do

the EPA's investigation culminated in the issuance of an Administrative Compliance Order (EPA-5-15-

Puget Sound Naval Shipyard

nd whether or not they replied, objected, or had not responded 4 - a sample of 2-5 operator survey resp
ced by the statement in the NOV that &quot;[t]he EPA determined that 38,879,028 of these RINs (abo

etween 1980 and 1986); and CPL Enterprises, Inc./Phil Lavelle's Auto Repair; 2222 Silverside Road, W

ies, or other steps taken relating to the facts of that initiative. This request specifically includes maps a

e-oil-refinery-in-permian-basin

for your time, Alyssa Schell Taylor GeoServices 38 Bishop Hollow Road, Ste 200 Newtown Square, F

n his life and work is now in the final stages and this important material leaves a gap that we are very n

s in the public interest and will contribute significantly to the public's understanding of how a FOIA rec

y 1, 2016 to current date of Search (May 30, 2017 or later) – Date Scope.  To HELP the EPA recall and

cuments or portions of documents, please identify each document that falls with scope of this request l

113(a)-OH-18) on September 24, 2015, and a Consent Agreement and Final Order (CAA-05-2015-00

onses 5 - a sample of 2-5 facility survey responses 6 - a sample of 2-5 objections received to the ope

ut 98% of all of the RINs Triton generated from March 1, 2012 through March 31, 2015) are invalid und

Wilmington, DE 19810 (between 2007 and the present). Thank you for your assistanc

and other oversized documents that were not previously scanned as part of document productions from

PA 19073 610-325-557(

much hoping to clarify by having access to his files. Kepes did produce some remarkable environment

quest is responded to. This information is not being sought for commercial purposes but instead for a s

l produce ALL Privacy Act/FOIA Responsive Records:  There is correspondence (email, letters, memos

but is withheld from release. If requested documents are located in another installation or bureau, I req

32) on September 25, 2015 ("the orders"). The EPA website states that information may be obtained b

rator survey responses 7 - a sample of 2-5 objections received to the facility survey responses 8 - the

der 40 C.F.R. s 80.1431(a)(1)(iv) because the RINs do not represent renewable fuel as defined in s 80

n the EPA. Phone number is 202-558-2030. Please call for additional funding approval.

protection initiatives in the end of the 1960s and beginning of the 1970s when he was a professor of vi

school report on sending out a FOIA request through Old Dominion University. The Virginia Freedom o

s, phone logs, etc.) regarding a Court Subpoena in 2016 the EPA never responded or complied and the

quest that you please refer this request or any relevant portion of this request to the appropriate installa

y submitting a written Freedom of Information Act ("FOIA") request to FOIAonline. Accordingly, to assi

letter mentioned in the Federal Register - the Agency received a letter on March 1, 2017 from nine sta
.1401.&quot;), including without limitation all &quot;ex parte&quot; communications (as 5 U.S.C. Secti

sual design and director of the Center for Advanced Visual Studies at the Massachusetts Institute of T

f Information Act requires a response to this request be made within five business days

e EPA had communication with my EPA FOIAonline (EPA-HQ-2017-5390, EPA-HQ-2016-9708) Of cou

ation or bureau. To the extent that the responsive records are available in electronic fo

st ASIC's defense, we respectfully submit this FOIA request for all documents related to the EPA's inve

te Attorneys General and the Governors of Mississippi and Kentucky, expressing concern with
on 551 defines that term). Records relating to any inspection by or on behalf of EPA of any facility own

echnology. Tha

rse, any other communicatio

estigati

ed or oper

ED_002298_000000121-00015



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**
WASHINGTON, D.C.  20460

AUG 0 9 2017

OFFICE  OF
GENERAL COUNSEL

Mr. James Chelmowski
6650 N Northwest Hwy #300
Chicago, IL 60631

Re: Freedom of Information Act Appeal Nos. EPA-HQ-2017-009508 (Request No. EPA-HQ-2017-008256) and EPA-HQ-2017-009509 (Request No. EPA-HQ-2017-008255)

Dear Mr. Chelmowski:

I am responding to your July 30, 2017 letter to the U.S. Environmental Protection Agency (EPA or Agency) in which you indicated that two Freedom of Information Act (FOIA) appeals were created without your knowledge. EPA opened the two appeals based on your July 18, 2017 letter, which stated that the responses to two FOIA requests, EPA-HQ-2017-008255 and EPA-HQ-2017-008256, were overdue.

However, based on your July 30 letter, you did not intend for your letter to be construed as two administrative FOIA appeals and, as such, EPA has canceled them and they are now closed. You may still appeal any final determination on the two FOIA requests EPA-HQ-2017-008255 and EPA-HQ-2017-008256, up to 90 days after receiving any final determination letter.  Please note that any administrative appeals must be received by the EPA within ninety days of the determination letter.

Should you have any questions concerning the two FOIA requests, please contact Wendy Schumacher at schumacher.wendy@epa.gov or 202-566-2513.

Sincerely,

Kevin M. Miller
Assistant General Counsel
General Law Office

cc:    Headquarters FOIA Office

EPA-HQ-2019-000357

ED_002298_00000139-00001

| | |
|---|---|
| **To:** | Miller, Kevin[miller.kevin@epa.gov] |
| **Cc:** | Blake, Wendy[Blake.Wendy@epa.gov] |
| **From:** | Hammitt, Jennifer |
| **Sent:** | Fri 8/19/2016 4:09:22 PM |
| **Subject:** | FW: Chemlowski Subpoena? |

RE: Chelmowski v. FCC, No. 16 C 5587 (N.D. Ill.)

FYI -

Jennifer Hammitt
Attorney-Advisor, Information Law Practice Group
Office of General Counsel, General Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW, MC-2377A
Washington, DC 20460
(202) 564-5097

---

**From:** Cooke, John (USAILN) [mailto:John.Cooke@usdoj.gov]
**Sent:** Friday, August 19, 2016 10:02 AM
**To:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>
**Cc:** Miller, Kevin <Miller.Kevin@epa.gov>; Scott Noveck (Scott.Noveck@fcc.gov) <Scott.Noveck@fcc.gov>
**Subject:** RE: Chemlowski Subpoena?

Jennifer, my email to Chelmowski is attached.

John

**John D. Cooke**
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Illinois
219 South Dearborn St., 5th Floor
Chicago, IL 60604
312.353.8788 Direct
312.886.4073 Fax
John.Cooke@usdoj.gov

---

**From:** Hammitt, Jennifer [mailto:Hammitt.Jennifer@epa.gov]
**Sent:** Thursday, August 18, 2016 7:31 PM
**To:** Cooke, John (USAILN)
**Cc:** Miller, Kevin
**Subject:** Chemlowski Subpoena?

Hi John – did you send the communication we discussed to Mr. Chemlowski today? If so, may we have a copy? Thanks.

Jennifer Hammitt
Attorney-Advisor, Information Law Practice Group
Office of General Counsel, General Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW, MC-2377A
Washington, DC 20460
(202) 564-5097

**To:**      jchelmowski@comcast.net[jchelmowski@comcast.net]
**From:**   Cooke, John (USAILN)
**Sent:**   Fri 8/19/2016 2:01:26 PM
**Subject:**  RE: Chelmowski v. FCC, No. 16 C 5587 (N.D. Ill.)

Mr. Chelmowski:

I understand that, in this case, you sent a subpoena requesting documents to another federal agency, the Environmental Protection Agency. It appears that you sent the subpoena before I sent you my email below. If there was any uncertainty, please understand that the FOIA discovery law I cited to you below applies not only to you and the FCC, but also to anyone else, including other federal agencies, other persons, and private entities. If you'd like to discuss this law or other matters, please let me know.

John Cooke

---

**From:** Cooke, John (USAILN)
**Sent:** Monday, August 15, 2016 11:50 AM
**To:** 'jchelmowski@comcast.net'
**Subject:** Chelmowski v. FCC, No. 16 C 5587 (N.D. Ill.)

Mr. Chelmowski:

FCC representatives and I offered to speak with you about the above-referenced case on August 12, but you responded to me that you were too busy, and I have asked you when you are available this week to talk with us, but so far you have responded that your schedule is tight. We would be pleased to discuss matters in the case with you, including the FCC's August 4, 2016 letter to you about your FOIA requests—a copy of the letter is attached—and your discovery requests in the lawsuit. If you would like to speak with us, please let me know your availability.

Please understand that discovery in FOIA lawsuits like yours is rare and not permitted, if permitted at all, until after the government has moved for summary judgment. *See, e.g., Schrecker v. United States Dept. of Justice*, 217 F.Supp.2d 29, 35 (D.D.C. 2002) ("Discovery in FOIA is rare and should be denied where an agency's declarations are reasonably detailed, submitted in good faith and the court is satisfied that no factual dispute remains."); *Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) ("Generally, FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified. The plaintiff's early attempt in litigation of this kind to obtain a Vaughn Index and to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions."). After the government has moved for summary judgment, a FOIA plaintiff seeking to justify discovery "must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations . . . or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise inappropriate." *Carney v. United States Dept. of Justice*, 19 F.3d 807, 812-13 (2d Cir. 1994). In the rare cases where discovery is allowed, it is limited to the scope of an agency's search, its indexing procedures, and similar factual matters. *See, e.g., Heily v. United States Dept. of Commerce*, 69 Fed. Appx. 171, 174 (4th Cir. 2003) ( "When the courts have permitted discovery in FOIA cases, it generally is limited to the scope of the agency's search and its indexing and classification procedures.").

John Cooke

**John D. Cooke**
Assistant U.S. Attorney
U.S. Attorney's Office
Northern District of Illinois
219 South Dearborn St., 5th Floor
Chicago, IL 60604
312.353.8788 Direct
312.886.4073 Fax
John.Cooke@usdoj.gov

      

<< File: FOIAs 2016-345 and 2016-665 - Chelmowski - Supplemental Letter.pdf >>

**To:**        Rogers, Joshua (USADC)[Joshua_Rogers3@usdoj.gov]
**From:**    Hammitt, Jennifer
**Sent:**    Thur 10/5/2017 2:09:57 PM
**Subject:**    FW: withdrawn 9-25-17.xls
withdrawn 9-25-17.xls

This is the spreadsheet of "voluntarily withdrawn" requests. | **Attorney Client / Ex. 5** | The reason behind the voluntary withdrawal is not immediately available in the system.

Jennifer Hammitt
Attorney-Advisor, Information Law Practice Group
Office of General Counsel, General Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW, MC-2377A
Washington, DC 20460
(202) 564-5097

---

**From:** Gottesman, Larry
**Sent:** Monday, September 25, 2017 3:37 PM
**To:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>
**Subject:** withdrawn 9-25-17.xls

Message

| | |
|---|---|
| **From:** | Hammitt, Jennifer [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0993DF4A3FDC4CB5B2EE1F017FB76AF1-HAMMITT, JENNIFER] |
| **Sent:** | 8/18/2016 7:00:33 PM |
| **To:** | Gottesman, Larry [Gottesman.Larry@epa.gov] |
| **CC:** | Miller, Kevin [miller.kevin@epa.gov] |
| **Subject:** | RE: Subpoena |

Larry-

# Deliberative Process / Ex. 5

# Attorney Client / Ex. 5

Jennifer Hammitt
Attorney-Advisor, Information Law Practice Group
Office of General Counsel, General Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW, MC-2377A
Washington, DC 20460
(202) 564-5097

**From:** Gottesman, Larry
**Sent:** Thursday, August 18, 2016 11:03 AM
**To:** 'Vanessa Lamb' <Vanessa.Lamb@fcc.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

Vanessa,

Can you give me a call to discuss.

Larry F. Gottesman

202-566-2162 (Direct line)
202-689-4588 (Mobile)

**From:** Vanessa Lamb [mailto:Vanessa.Lamb@fcc.gov]
**Sent:** Thursday, August 18, 2016 11:00 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

Thanks Larry –

┌─────────────────────────────────────────┐
│ **Deliberative Process / Ex. 5** │
└─────────────────────────────────────────┘

Vanessa

---

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 10:32 AM
**To:** Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

I know Jennifer Hammitt, in EPA's OGC was planning to speak with the AUSA today. Jennifer can be reached on 202-564-5097.

┌─────────────────────────────────────────────────────────────┐
│ # Deliberative Process / Ex. 5 │
└─────────────────────────────────────────────────────────────┘

If that is not the case and you need contractor support, please contact Tim Crawford on 202-566-1574 or by email.

Thanks


Larry F. Gottesman


202-566-2162 (Direct line)
202-689-4588 (Mobile)


---

**From:** Walter Boswell [mailto:Walter.Boswell@fcc.gov]
**Sent:** Thursday, August 18, 2016 10:13 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>
**Subject:** FW: Subpoena

HI Larry,

# Attorney Client / Ex. 5 & Ex. 6

Thanks,
Walt Boswell

**From:** Stephanie Kost
**Sent:** Thursday, August 18, 2016 9:48 AM
**To:** Walter Boswell <Walter.Boswell@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>
**Cc:** Benish Shah <Benish.Shah@fcc.gov>
**Subject:** FW: Subpoena

Hi All --

I just got off the telephone with Larry Gottesman at the EPA and they received the attached subpoena regarding Mr. Chelmowski.  I've left a message with Ryan and hoping to discuss with OGC.

Thanks,
Stephanie

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 9:39 AM
**To:** Stephanie Kost <Stephanie.Kost@fcc.gov>
**Subject:** FW: Subpoena

**From:** Gottesman, Larry
**Sent:** Thursday, August 18, 2016 9:39 AM
**To:** 'stephaniw.kost@fcc.gov' <stephaniw.kost@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>
**Subject:** Subpoena

Here is the subpoena.

Let us know if we can be of any assistance.

Larry F. Gottesman

202-566-2162 (Direct line)
202-689-4588 (Mobile)

**From:** Miller, Kevin
**Sent:** Thursday, August 18, 2016 9:02 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** FW:

Kevin Miller | US EPA | Office of General Counsel | 1200 Pennsylvania Ave., NW | WJC North, Mail Code 2377A | Washington DC 20460 | phone: (202) 564-2691

**From:** DC-WJCN-7454B-M@epa.gov [mailto:DC-WJCN-7454B-M@epa.gov]
**Sent:** Thursday, August 18, 2016 9:11 AM
**To:** Miller, Kevin <Miller.Kevin@epa.gov>
**Subject:**

Message

---

**From**: Hammitt, Jennifer [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
(FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0993DF4A3FDC4CB5B2EE1F017FB76AF1-HAMMITT, JENNIFER]
**Sent**: 8/18/2016 4:56:04 PM
**To**: Scott Noveck [Scott.Noveck@fcc.gov]
**Subject**: RE: Subpoena

# Deliberative Process / Ex. 5

# Attorney Client / Ex. 5

Jennifer Hammitt
Attorney-Advisor, Information Law Practice Group
Office of General Counsel, General Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW, MC-2377A
Washington, DC 20460
(202) 564-5097

**From:** Scott Noveck [mailto:Scott.Noveck@fcc.gov]
**Sent:** Thursday, August 18, 2016 12:50 PM
**To:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>; Vanessa Lamb
<Vanessa.Lamb@fcc.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost
<Stephanie.Kost@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne
Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

## Attorney Client / Ex. 5

## Deliberative Process / Ex. 5

**From:** Hammitt, Jennifer [mailto:Hammitt.Jennifer@epa.gov]
**Sent:** Thursday, August 18, 2016 12:39 PM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Walter Boswell
<Walter.Boswell@fcc.gov>
**Cc:** Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost
<Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth
Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

## Deliberative Process / Ex. 5

## Attorney Client / Ex. 5

Jennifer Hammitt

Attorney-Advisor, Information Law Practice Group
Office of General Counsel, General Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW, MC-2377A
Washington, DC 20460
(202) 564-5097

---

**From:** Gottesman, Larry
**Sent:** Thursday, August 18, 2016 11:03 AM
**To:** 'Vanessa Lamb' <Vanessa.Lamb@fcc.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker
<Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan
Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>;
Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

Vanessa,

Can you give me a call to discuss.


Larry F. Gottesman


202-566-2162 (Direct line)
202-689-4588 (Mobile)


---

**From:** Vanessa Lamb [mailto:Vanessa.Lamb@fcc.gov]
**Sent:** Thursday, August 18, 2016 11:00 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker
<Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan
Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>;
Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

Thanks Larry —

**Attorney Client / Ex. 5**

Vanessa

---

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 10:32 AM
**To:** Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker
<Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>;
Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>;
Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

I know Jennifer Hammitt, in EPA's OGC was planning to speak with the AUSA today. Jennifer can be reached on 202-564-5097.

> # Attorney Client / Ex. 5

If that is not the case and you need contractor support, please contact Tim Crawford on 202-566-1574 or by email.

Thanks


Larry F. Gottesman

202-566-2162 (Direct line)
202-689-4588 (Mobile)


**From:** Walter Boswell [mailto:Walter.Boswell@fcc.gov]
**Sent:** Thursday, August 18, 2016 10:13 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>
**Subject:** FW: Subpoena

HI Larry,

> # Deliberative Process / Ex. 5 & Ex. 6

Thanks,
Walt Boswell


**From:** Stephanie Kost
**Sent:** Thursday, August 18, 2016 9:48 AM
**To:** Walter Boswell <Walter.Boswell@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>
**Cc:** Benish Shah <Benish.Shah@fcc.gov>
**Subject:** FW: Subpoena

Hi All –

I just got off the telephone with Larry Gottesman at the EPA and they received the attached subpoena regarding Mr. Chelmowski.  I've left a message with Ryan and hoping to discuss with OGC.

Thanks,
Stephanie

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 9:39 AM
**To:** Stephanie Kost <Stephanie.Kost@fcc.gov>
**Subject:** FW: Subpoena

**From:** Gottesman, Larry
**Sent:** Thursday, August 18, 2016 9:39 AM
**To:** 'stephaniw.kost@fcc.gov' <stephaniw.kost@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>
**Subject:** Subpoena

Here is the subpoena.

Let us know if we can be of any assistance.

Larry F. Gottesman

202-566-2162 (Direct line)
202-689-4588 (Mobile)

**From:** Miller, Kevin
**Sent:** Thursday, August 18, 2016 9:02 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** FW:

Kevin Miller | US EPA | Office of General Counsel | 1200 Pennsylvania Ave., NW | WJC North, Mail Code 2377A | Washington DC 20460 | phone: (202) 564-2691

**From:** DC-WJCN-7454B-M@epa.gov [mailto:DC-WJCN-7454B-M@epa.gov]
**Sent:** Thursday, August 18, 2016 9:11 AM
**To:** Miller, Kevin <Miller.Kevin@epa.gov>
**Subject:**

Message
_____

**From**: Hammitt, Jennifer [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
(FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=0993DF4A3FDC4CB5B2EE1F017FB76AF1-HAMMITT, JENNIFER]
**Sent**: 8/18/2016 2:17:09 PM
**To**: Walter Boswell [Walter.Boswell@fcc.gov]; Gottesman, Larry [Gottesman.Larry@epa.gov]
**CC**: Ryan Yates [Ryan.Yates@fcc.gov]; Laurence Schecker [Laurence.Schecker@fcc.gov]; Stephanie Kost
[Stephanie.Kost@fcc.gov]; Vanessa Lamb [Vanessa.Lamb@fcc.gov]; Scott Noveck [Scott.Noveck@fcc.gov]; Susan
Launer [Susan.Launer@fcc.gov]; Elizabeth Lyle [Elizabeth.Lyle@fcc.gov]; Joanne Wall [Joanne.Wall@fcc.gov]; Miller,
Kevin [miller.kevin@epa.gov]
**Subject**: RE: Subpoena


Hi all – let me step in if I may-

We also received this subpoena here in OGC this morning.   **Deliberative Process / Ex. 5**

# Attorney Client / Ex. 5

Please give me a call with any questions – thanks!

Jennifer Hammitt
Attorney-Advisor, Information Law Practice Group
Office of General Counsel, General Law Office
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, NW, MC-2377A
Washington, DC 20460
(202) 564-5097

_____

**From:** Walter Boswell [mailto:Walter.Boswell@fcc.gov]
**Sent:** Thursday, August 18, 2016 10:13 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker
<Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>;
Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>;
Joanne Wall <Joanne.Wall@fcc.gov>
**Subject:** FW: Subpoena


Hi Larry,

# Deliberative Process / Ex. 5 & Ex. 6

Thanks,
Walt Boswell

**From:** Stephanie Kost
**Sent:** Thursday, August 18, 2016 9:48 AM
**To:** Walter Boswell <Walter.Boswell@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>
**Cc:** Benish Shah <Benish.Shah@fcc.gov>
**Subject:** FW: Subpoena

Hi All –

I just got off the telephone with Larry Gottesman at the EPA and they received the attached subpoena regarding Mr. Chelmowski.  I've left a message with Ryan and hoping to discuss with OGC.

Thanks,
Stephanie

---

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 9:39 AM
**To:** Stephanie Kost <Stephanie.Kost@fcc.gov>
**Subject:** FW: Subpoena

---

**From:** Gottesman, Larry
**Sent:** Thursday, August 18, 2016 9:39 AM
**To:** 'stephaniw.kost@fcc.gov' <stephaniw.kost@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>
**Subject:** Subpoena

Here is the subpoena.

Let us know if we can be of any assistance.

Larry F. Gottesman

202-566-2162 (Direct line)
202-689-4588 (Mobile)

---

**From:** Miller, Kevin
**Sent:** Thursday, August 18, 2016 9:02 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** FW:

Kevin Miller | US EPA | Office of General Counsel | 1200 Pennsylvania Ave., NW | WJC North, Mail Code 2377A | Washington DC 20460 | phone: (202) 564-2691

**From:** DC-WJCN-7454B-M@epa.gov [mailto:DC-WJCN-7454B-M@epa.gov]
**Sent:** Thursday, August 18, 2016 9:11 AM
**To:** Miller, Kevin <Miller.Kevin@epa.gov>
**Subject:**

# EXHIBIT 10

July 30, 2020 FOIA Partial Release and Only FOIA Responsive Records Produced
EPA-HQ-2020-005326

Message

---

**From**: Shenefiel, Pam [shenefiel.pam@epa.gov]
**Sent**: 10/10/2017 7:03:30 PM
**To**: Schumacher, Wendy [schumacher.wendy@epa.gov]; Crawford, Tim [Crawford.Tim@epa.gov]
**CC**: Moser, Rebecca [Moser.Rebecca@EPA.GOV]; Gottesman, Larry [Gottesman.Larry@epa.gov]
**Subject**: RE: FOIA Assignment for EPA-HQ-2017-009952

I think it can wait until tomorrow.

---

**From:** Schumacher, Wendy
**Sent:** Tuesday, October 10, 2017 3:02 PM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Moser, Rebecca <Moser.Rebecca@EPA.GOV>; Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Pam,

Larry will be back tomorrow.  Copying him on this reply.

Forwarding to him for determination.  If you cannot wait until tomorrow please contact the OEI FOIA Coordinator, Georgia Bednar.

Wendy

---

**From:** Shenefiel, Pam
**Sent:** Tuesday, October 10, 2017 2:02 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Cc:** Moser, Rebecca <Moser.Rebecca@EPA.GOV>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Since Larry signed the pervious letter, I would recommend he sign the letter to Mr. Chemolwoski.

---

**From:** Schumacher, Wendy
**Sent:** Tuesday, October 10, 2017 1:34 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Tim,

Here is that letter.  It could be edited for Rebecca's signature.

Wendy

---

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:31 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

It his was a similar request to the request from Rachel Tackett (Tracking number is EPA-HQ-2017-005482), then

Request was full denial based on Exemption 5.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

**From:** Schumacher, Wendy
**Sent:** Tuesday, October 10, 2017 1:24 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Tim,

That's an one-size-fits-all letter.  Will records be produced? In full?  In part?

Wendy

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:17 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Cc:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Sorry—this is the letter Kevin was proposing to use.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

**From:** Haywood, Kevin
**Sent:** Monday, August 28, 2017 8:55 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy
<schumacher.wendy@epa.gov>; Gutshall, Renee <Gutshall.Renee@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hello,
Sorry for the delay, but I believe a signed memo from OEIP management, justifying the exemption, is needed. Templates
of the FOIA letter for response are http://intranet.epa.gov/foia/FOIA-letters.html.

I've attached what I believe is the correct template that should be signed. With the signed memo, I can be the second
reviewer for OEIP needed in the closeout process; or someone in OEIP can help assist me as my second reviewer in the
close process (preferably Pam Shenefiel or Wendy Schumacher).

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

---

**From:** Crawford, Tim
**Sent:** Tuesday, August 15, 2017 1:57 PM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Kevin:
Wendy located the last request that we had gotten for copies of our training and user manuals which were denied in full under Exemption 5.
Wendy provided the following details which can be used to respond and close out EPA-HQ-2017-009952.

      The last request was from Rachel Tackett.  Tracking number is EPA-HQ-2017-005482.

      Request was full denial based on Exemption 5.


Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,
I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952

You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.
- Assigned Comments: Attn: Tim Crawford

Message

---

**From**:      Shenefiel, Pam [shenefiel.pam@epa.gov]
**Sent**:      10/10/2017 7:01:30 PM
**To**:        Schumacher, Wendy [schumacher.wendy@epa.gov]; Crawford, Tim [Crawford.Tim@epa.gov]
**CC**:        Gottesman, Larry [Gottesman.Larry@epa.gov]
**Subject**:   RE: FOIA Assignment for EPA-HQ-2017-009952


Larry signed the last one so I think he should sign this one also.

---

**From:** Schumacher, Wendy
**Sent:** Tuesday, October 10, 2017 2:57 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Tim,

According to delegation I-30 Rebecca has the option to sign the letter.  She cannot delegate downwards.

Wendy

---

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:41 PM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

I wouldn't expect her to be, but she should be able to rely on the expertise of her staff—right?


Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Shenefiel, Pam
**Sent:** Tuesday, October 10, 2017 1:36 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Is Rebecca and exemption expert.  Who typically sends out exemption letters?

---

**From:** Schumacher, Wendy
**Sent:** Tuesday, October 10, 2017 1:34 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Tim,

Here is that letter.  It could be edited for Rebecca's signature.

Wendy

---

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:31 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

It his was a similar request to the request from Rachel Tackett (Tracking number is EPA-HQ-2017-005482), then

Request was full denial based on Exemption 5.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Schumacher, Wendy
**Sent:** Tuesday, October 10, 2017 1:24 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Tim,

That's an one-size-fits-all letter.  Will records be produced? In full?  In part?

Wendy

---

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:17 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Cc:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Sorry—this is the letter Kevin was proposing to use.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Monday, August 28, 2017 8:55 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy

<schumacher.wendy@epa.gov>; Gutshall, Renee <Gutshall.Renee@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hello,
Sorry for the delay, but I believe a signed memo from OEIP management, justifying the exemption, is needed. Templates of the FOIA letter for response are http://intranet.epa.gov/foia/FOIA-letters.html.

I've attached what I believe is the correct template that should be signed. With the signed memo, I can be the second reviewer for OEIP needed in the closeout process; or someone in OEIP can help assist me as my second reviewer in the close process (preferably Pam Shenefiel or Wendy Schumacher).

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

---

**From:** Crawford, Tim
**Sent:** Tuesday, August 15, 2017 1:57 PM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Kevin:
Wendy located the last request that we had gotten for copies of our training and user manuals which were denied in full under Exemption 5.
Wendy provided the following details which can be used to respond and close out EPA-HQ-2017-009952.

The last request was from Rachel Tackett.  Tracking number is EPA-HQ-2017-005482.

Request was full denial based on Exemption 5.


Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,

I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.


**Kevin Haywood**
**Resource & Program Management Division**
**OEI-OBOS-RPMD**
**Work: 202-564-6668**
**Fax: 202-565-2441**



**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952


You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.

- Assigned Comments: Attn: Tim Crawford

ED_004848_00000058-00005

Message
_____

**From**: McGuire, Cathy [McGuire.Cathy@epa.gov]
**Sent**: 7/13/2017 6:51:41 PM
**To**: Earle, Judy [Earle.Judy@epa.gov]; Gheitu, Judy [Gheitu.Judy@epa.gov]
**CC**: Sabbagh, Bill [sabbagh.bill@epa.gov]; McGuire, Cathy [McGuire.Cathy@epa.gov]; Crawford, Tim [Crawford.Tim@epa.gov]; Kerwin, Courtney [Kerwin.Courtney@epa.gov]
**Subject**: Privacy Act Request Supporting Information: PA-0001-2017
**Attachments**: EPA Privacy Act related EPA-HQ-2017-008256.pdf; PRIVACY ACT REQUEST CONTROL SHEET PA-0001-2017.docx

Judy and Judy,

This email is in response to Privacy Act Request (PA-001-2017).  The request was from Mr. James Chelmowski and covered the period of September 1, 2015 to June 9, 2017.  Mr. Chelmowski requested under both FOIA 5 USC 552 and Privacy Act 5 USC 552a the Agency produce from *FOIAonline, EPA-9 & EPA-GOVT-2 of EPA.System.of.Records* all FOIAonline records which are Related to the Requester include for all the FOIAonline individual records including but not limited to all FOIAonline record fields, entries, status change, assignments, case file, notes, comments, logs, notes, etc**.** for all my EPA FOIA requests required for both Privacy Act and/or FOIA request.

In my capacity as the OEI Liaison Privacy Official (LPO), I reached out to each of the respective system owners:  Tim Crawford (EPA-9, FOIAonline) and Courtney Kerwin (EPA-GOVT-2, FDMS) in response to this request.

*Information Re: Records Pertaining to Mr. Chelmowski found in EPA-9, FOIAonline*

*I was informed by Larry Gottesman (FOIA Office) this information is currently being researched by Wendy Schumacher (FOIA Office)  as a result of a recent EPA FOIA request for the same information.  Mr. Gottesman recommended for Privacy Act Response to PA-001-2017, the EPA Privacy Officer explain to Mr. Chemowski that any records found based on his request  for records pertaining to him in EPA-9 FOIAonline would be sent to him from the EPA FOIA Office.  The FOIA case numbers are EPA-HQ-2017-008255 and EPA-HQ-2017-008256.*

*Information Re: Records Pertaining to Mr. Chelmowski found in FDMS, formerly EPA-GOVT-2*

*Courtney Kerwin (FDMS system owner) responded there are no FOIAonline records maintained within FDMS.  Unless this request were to cover **all** records related to Mr. Chelmowski (which was not her read of the request), the Agency do not have any records to provide.*

In regards to the written response to Mr. Chelmowski, I have spoken with my Division Director, Bill Sabbagh and he agrees this should come from the Privacy Office since the request was directed to the Agency Privacy Official.

If you have any questions please reach out to me at mcguire.cathy@epa.gov or 919.541.4053.

Thank you,

Cathy


Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711


email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

ED_004848_00000061-00002

U.S. Environmental Protection Agency
Attn: Privacy Officer
1200 Pennsylvania Avenue, NW
Washington, DC 20460


Delivered by email to privacy@epa.gov, earle.judy@epa.gov & filed on FOIAonline

Dear Coordinator:

I am requesting ALL EPA responsive records pursuant to both FOIA 5 USC 552 and Privacy Act 5 USC 552a regarding me the Requestor James Chelmowski.

Search Period: September 1, 2015 to June 9, 2017

Description of Records Sought: Produce from *FOIAonline, EPA-9 & EPA-GOVT-2 of EPA.System.of.Records* all FOIAonline records which are Related to the Requester include for all the FOIAonline individual records including but not limited to **all FOIAonline record fields, entries, status change, assignments, case file, notes, comments, logs, notes, etc.** for all my EPA FOIA requests required for both Privacy Act and/or FOIA request. It is public record (see attached file) that the **EPA "maintains" the FOIAonline system for all the other agencies FOIAonline as EPA System of Records related to the "individual" me the requester** per Privacy Act definitions 5 USC 552a(a), therefore EPA must produce all FOIAonline Details as described above for all my FOIA requests and/or appeals from EPA and all other Agencies see the following request and/or appeal case numbers:

a) EPA FOIAonline cases, I am requesting ALL FOIAonline records, fields, status change, assignments, case file, notes, comments, FOIAonline entries, etc. for the following requests:
   EPA-HQ-2017-005390 Request
   EPA-HQ-2016-009708 Request

b) ***EPA maintains the FOIAonline system and by Privacy Act definition of System of Records that EPA maintains*** and referencing my name and any of my identification. EPA is required by 5 USC 552a to produce all FOIAonline records, fields, status change, assignments, case file, notes, comments, FOIAonline entries, etc. for the following FOIAonline requests and/or appeals (if EPA claims that the EPA does not maintain FOIAonline and has no access to other Agency's FOIAonline records then provided written signed certified statement of that fact):
   FCC-2015-000768 Request
   FCC-2015-000769 Request
   FCC-2015-000889 Appeal
   FCC-2016-000345 Request
   FCC-2016-000487 Appeal
   FCC-2016-000665 Request
   FCC-2016-000712 Appeal
   FCC-2016-000863 Request
   FCC-2017-000511 Request
   FCC 2017-000633 Appeal
   NARA-NGC-2016-000555   Request
   NARA-NGC-2016-000746   Appeal
   NARA-NGC-2017-000329   Request
   NARA-NGC-2017-000332   Request
   NARA-NGC-2017-000437   Request


Please provide responsive records electronic by email, if possible.

Attached is a copy of my driver's license for proof identity.

Sincerely,

James Chelmowski

**Ex. 6 Personal Privacy (PP)**

**Ex. 6 Personal Privacy (PP)**

Please protect this identification docment
per my rights under federal law and privacy act

**Ex. 6 Personal Privacy (PP)**

ED_004848_00000062-00003



**DEPARTMENT OF THE NAVY**
CHIEF INFORMATION OFFICER
1000 NAVY PENTAGON
WASHINGTON DC 20350-1000

12 December 2013

MEMORANDUM FOR DIRECTOR NAVY STAFF
DIRECTOR, MARINE CORPS STAFF

Subj:  DEPARTMENT OF THE NAVY IMPLEMENTATION OF FOIAONLINE

Effective 1 February 2014, all new and open Department of the Navy (DON) Freedom of Information Act (FOIA) requests will be processed through the FOIAonline tracking and management tool. This web-based tool, managed by the Environmental Protection Agency (EPA) and used by several Federal agencies, will provide a cost effective shared service that automates the tracking and reporting associated with FOIA processing.

Per standard practice, appropriate redactions will be applied prior to document release. Exceptions to releasing specific documents to the FOIAonline repository may be granted on a case-by-case basis by the applicable Navy or Marine Corps FOIA office.

FOIA offices currently using the Naval Sea Systems Command e-FOIA tool and commands that are employing other FOIA tools or methods will continue using their respective system until 31 January 2014.

Training information, including dates for web-based training via Defense Connect Online, will be provided under separate correspondence. My points of contact for FOIAonline implementation are Ms. Suzette Buttram, suzette.buttram@navy.mil, (703) 695-1970 and Mr. Steve Muck, steven.muck@navy.mil, (703) 695-1297.

Terry A. Halvorsen
Department of the Navy
Chief Information Officer

Copy to:
DON/AA
CNO (DNS-36)
OPNAV N2/N6
HQMC C4
HQMC (ARSF)
NAVSEASYSCOM

Revision 0.15                                              6/4/2014

Disclaimer: This presently is drafted for internal use within DNS-36 Office, as revisions are made we will develop an Standard Operating Procedures (SOPs) for widespread use.

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Illinois

| | |
|---|---|
| James Chelmowski | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  16 CV 5587 |
| Federal Communication Commission | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Environmental Protection Agency, General Counsel
              1200 Pennsylvania Avenue, N.W. , Washington, DC 20460

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Produce all FOIAonline.regulations.gov complete detailed transactions with all fields include user, date, time, transcation type, notes, etc... every field in each record for FOIA requests FCC-2015-768, FCC-2015-769, FCC-2016-345,FCC-2016-665 and FOIA appeals FCC-2015-889,FCC-2016-487,FCC-2016-712. See attached

| Place: **Ex. 6 Personal Privacy (PP)** | Date and Time: 08/18/2016 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        07/25/2016

*CLERK OF COURT*

*Emily Wall*                    OR        _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   James Chelmowski

**Ex. 6 Personal Privacy (PP)**          , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**PRIVACY ACT REQUEST CONTROL SHEET**

| Tracking Number: | Requester: | Date of Request: 05/02/17 |
|---|---|---|
| PA-0001-2017 | Chelmoski | Date Received: 03/20/17 |
| Program Office: | Subject: | Due Date: 07/19/17 |
| OEI | All records about requester | |
| Comments: | | |
| Seeking records related to requester from FOIAonline (EPA-9) and FDMS (EPA-Govt-2). | | |

ED_004848_00000063-00001

Message

---

**From**: Shenefiel, Pam [shenefiel.pam@epa.gov]
**Sent**: 10/10/2017 6:02:12 PM
**To**: Crawford, Tim [Crawford.Tim@epa.gov]; Schumacher, Wendy [schumacher.wendy@epa.gov]
**CC**: Moser, Rebecca [Moser.Rebecca@EPA.GOV]
**Subject**: FW: FOIA Assignment for EPA-HQ-2017-009952
**Attachments**: EPA-HQ-2017-005482 Consolidation.docx

Since Larry signed the pervious letter, I would recommend he sign the letter to Mr. Chemolwoski.

---

**From:** Schumacher, Wendy
**Sent:** Tuesday, October 10, 2017 1:34 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Tim,

Here is that letter.  It could be edited for Rebecca's signature.

Wendy

---

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:31 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

> It his was a similar request to the request from Rachel Tackett (Tracking number is EPA-HQ-2017-005482), then
>
> Request was full denial based on Exemption 5.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Schumacher, Wendy
**Sent:** Tuesday, October 10, 2017 1:24 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Tim,

That's an one-size-fits-all letter.  Will records be produced? In full?  In part?

Wendy

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:17 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Cc:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Sorry—this is the letter Kevin was proposing to use.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Monday, August 28, 2017 8:55 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>; Gutshall, Renee <Gutshall.Renee@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hello,
Sorry for the delay, but I believe a signed memo from OEIP management, justifying the exemption, is needed. Templates of the FOIA letter for response are http://intranet.epa.gov/foia/FOIA-letters.html.

I've attached what I believe is the correct template that should be signed. With the signed memo, I can be the second reviewer for OEIP needed in the closeout process; or someone in OEIP can help assist me as my second reviewer in the close process (preferably Pam Shenefiel or Wendy Schumacher).

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

---

**From:** Crawford, Tim
**Sent:** Tuesday, August 15, 2017 1:57 PM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Kevin:
Wendy located the last request that we had gotten for copies of our training and user manuals which were denied in full under Exemption 5.
Wendy provided the following details which can be used to respond and close out EPA-HQ-2017-009952.

The last request was from Rachel Tackett.  Tracking number is EPA-HQ-2017-005482.

Request was full denial based on Exemption 5.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,
I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

---

**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952

You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple

- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.
- Assigned Comments: Attn: Tim Crawford

Message
_____

**From**:          Schumacher, Wendy [schumacher.wendy@epa.gov]
**Sent**:          10/10/2017 5:34:27 PM
**To**:            Crawford, Tim [Crawford.Tim@epa.gov]
**CC**:            Shenefiel, Pam [shenefiel.pam@epa.gov]
**Subject**:       RE: FOIA Assignment for EPA-HQ-2017-009952
**Attachments**:   EPA-HQ-2017-005482 Consolidation.docx


Tim,

Here is that letter.  It could be edited for Rebecca's signature.

Wendy

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:31 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

    It his was a similar request to the request from Rachel Tackett (Tracking number is EPA-HQ-2017-005482), then

    Request was full denial based on Exemption 5.


Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

**From:** Schumacher, Wendy
**Sent:** Tuesday, October 10, 2017 1:24 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Tim,

That's an one-size-fits-all letter.  Will records be produced? In full?  In part?

Wendy

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:17 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Cc:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Sorry—this is the letter Kevin was proposing to use.

Tim Crawford, FOIAonline Program Manager

Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Monday, August 28, 2017 8:55 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>; Gutshall, Renee <Gutshall.Renee@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hello,
Sorry for the delay, but I believe a signed memo from OEIP management, justifying the exemption, is needed. Templates of the FOIA letter for response are http://intranet.epa.gov/foia/FOIA-letters.html.

I've attached what I believe is the correct template that should be signed. With the signed memo, I can be the second reviewer for OEIP needed in the closeout process; or someone in OEIP can help assist me as my second reviewer in the close process (preferably Pam Shenefiel or Wendy Schumacher).

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

---

**From:** Crawford, Tim
**Sent:** Tuesday, August 15, 2017 1:57 PM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Kevin:
Wendy located the last request that we had gotten for copies of our training and user manuals which were denied in full under Exemption 5.
Wendy provided the following details which can be used to respond and close out EPA-HQ-2017-009952.

> The last request was from Rachel Tackett.  Tracking number is EPA-HQ-2017-005482.

> Request was full denial based on Exemption 5.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,
I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952

You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection

Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.

- Assigned Comments: Attn: Tim Crawford

Message

---

**From**: Shenefiel, Pam [shenefiel.pam@epa.gov]
**Sent**: 10/10/2017 5:31:45 PM
**To**: Crawford, Tim [Crawford.Tim@epa.gov]; Schumacher, Wendy [schumacher.wendy@epa.gov]
**Subject**: RE: FOIA Assignment for EPA-HQ-2017-009952

I don't feel comfortable preparing this since I have zero knowledge of exemptions.  I think it should come from the National Program.

---

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:17 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Cc:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Sorry—this is the letter Kevin was proposing to use.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Monday, August 28, 2017 8:55 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>; Gutshall, Renee <Gutshall.Renee@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hello,
Sorry for the delay, but I believe a signed memo from OEIP management, justifying the exemption, is needed. Templates of the FOIA letter for response are http://intranet.epa.gov/foia/FOIA-letters.html.

I've attached what I believe is the correct template that should be signed. With the signed memo, I can be the second reviewer for OEIP needed in the closeout process; or someone in OEIP can help assist me as my second reviewer in the close process (preferably Pam Shenefiel or Wendy Schumacher).

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

---

**From:** Crawford, Tim
**Sent:** Tuesday, August 15, 2017 1:57 PM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>

**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Kevin:
Wendy located the last request that we had gotten for copies of our training and user manuals which were denied in full under Exemption 5.
Wendy provided the following details which can be used to respond and close out EPA-HQ-2017-009952.

The last request was from Rachel Tackett. Tracking number is EPA-HQ-2017-005482.

Request was full denial based on Exemption 5.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,
I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM

**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952

You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.
- Assigned Comments: Attn: Tim Crawford

Message

---

| | |
|---|---|
| **From**: | Schumacher, Wendy [schumacher.wendy@epa.gov] |
| **Sent**: | 10/10/2017 5:11:46 PM |
| **To**: | Crawford, Tim [Crawford.Tim@epa.gov]; Shenefiel, Pam [shenefiel.pam@epa.gov] |
| **CC**: | Moser, Rebecca [Moser.Rebecca@EPA.GOV]; Gottesman, Larry [Gottesman.Larry@epa.gov] |
| **Subject**: | RE: FOIA Assignment for EPA-HQ-2017-009952 |

Tim,

Kevin was acting. Georgia Bednar is now the FOIA Coordinator for OEI. She has an autoreply. If you tell me what the determination is I can point you to the correct letter.

Wendy

---

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:08 PM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Cc:** Moser, Rebecca <Moser.Rebecca@EPA.GOV>; Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Wendy:
I didn't ever respond to Kevin Haywood on the suggested letter template that they should use to prepare a response. I can't see any communication from me following his note on 8/25.

I don't think I'm qualified to make a determination on the proper response. Can you please review and communicate back with Kevin, or do you suggest another action.

--thank you

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Shenefiel, Pam
**Sent:** Tuesday, October 10, 2017 12:28 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Moser, Rebecca <Moser.Rebecca@EPA.GOV>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Here is the last item I have in email about this email. Do you know if anything ever happened??

---

**From:** Haywood, Kevin
**Sent:** Monday, August 28, 2017 8:55 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>; Gutshall, Renee <Gutshall.Renee@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hello,
Sorry for the delay, but I believe a signed memo from OEIP management, justifying the exemption, is needed. Templates of the FOIA letter for response are http://intranet.epa.gov/foia/FOIA-letters.html.

I've attached what I believe is the correct template that should be signed. With the signed memo, I can be the second reviewer for OEIP needed in the closeout process; or someone in OEIP can help assist me as my second reviewer in the close process (preferably Pam Shenefiel or Wendy Schumacher).

**Kevin Haywood**
**Resource & Program Management Division**
**OEI-OBOS-RPMD**
**Work: 202-564-6668**
**Fax: 202-565-2441**

---

**From:** Crawford, Tim
**Sent:** Tuesday, August 15, 2017 1:57 PM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Kevin:
Wendy located the last request that we had gotten for copies of our training and user manuals which were denied in full under Exemption 5.
Wendy provided the following details which can be used to respond and close out EPA-HQ-2017-009952.

　　　The last request was from Rachel Tackett.  Tracking number is EPA-HQ-2017-005482.

　　　Request was full denial based on Exemption 5.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,
I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952

You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.
- Assigned Comments: Attn: Tim Crawford

Message

---

**From**: Shenefiel, Pam [shenefiel.pam@epa.gov]
**Sent**: 10/10/2017 5:04:34 PM
**To**: Crawford, Tim [Crawford.Tim@epa.gov]
**CC**: Moser, Rebecca [Moser.Rebecca@EPA.GOV]
**Subject**: RE: FOIA Assignment for EPA-HQ-2017-009952

So what do we need to do to get this done and gone?

---

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 12:40 PM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Moser, Rebecca <Moser.Rebecca@EPA.GOV>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Pan:
It doesn't look like I responded back to Kevin nor did I send a follow up request to Wendy to review his proposed use of a response template for approval.  I'm not qualified to select a proper response, but I apparently didn't take an action requesting Wendy to respond.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Shenefiel, Pam
**Sent:** Tuesday, October 10, 2017 12:28 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Moser, Rebecca <Moser.Rebecca@EPA.GOV>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Here is the last item I have in email about this email.  Do you know if anything ever happened??

---

**From:** Haywood, Kevin
**Sent:** Monday, August 28, 2017 8:55 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>; Gutshall, Renee <Gutshall.Renee@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hello,
Sorry for the delay, but I believe a signed memo from OEIP management, justifying the exemption, is needed. Templates of the FOIA letter for response are http://intranet.epa.gov/foia/FOIA-letters.html.

I've attached what I believe is the correct template that should be signed. With the signed memo, I can be the second reviewer for OEIP needed in the closeout process; or someone in OEIP can help assist me as my second reviewer in the close process (preferably Pam Shenefiel or Wendy Schumacher).

*Kevin Haywood*

*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

---

**From:** Crawford, Tim
**Sent:** Tuesday, August 15, 2017 1:57 PM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Kevin:
Wendy located the last request that we had gotten for copies of our training and user manuals which were denied in full under Exemption 5.
Wendy provided the following details which can be used to respond and close out EPA-HQ-2017-009952.

   The last request was from Rachel Tackett.  Tracking number is EPA-HQ-2017-005482.

   Request was full denial based on Exemption 5.


Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,
I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952

You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.
- Assigned Comments: Attn: Tim Crawford

Message

**From**:      Geiger, Jay (CGI Federal) [Jay.Geiger@cgifederal.com]
**Sent**:      10/6/2017 1:43:27 PM
**To**:        Crawford, Tim [Crawford.Tim@epa.gov]; Beth Reichle [beth.reichle@cgifederal.com]
**Subject**:   RE: URGENT -----FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952

Thanks Tim.

As Larry noted in his email, the notifications are not sent from the case owner but the 'Notification Email Address' listed within an office configuration. That email address can vary at each office, if appropriate, or will populate throughout an agency if not changed at any office. It sounds like you would prefer to use the email address for the individual who performed the action – is that accurate?

We implemented the notification email address functionality so individual email addresses could be abstracted from the requester, which would restrict a user's ability to contact individuals directly. If we modify the existing functionality then the system will only send emails using individual email addresses. Is it possible to utilize the existing functionality and modify the notification email address so individual email addresses are not used? Maybe a generic agency no-reply address. If not, have you assessed needs across other agencies?

This functionality has been in place since the initial launch and we have received relatively few complaints.

Thanks,

Jay Geiger | Senior Consultant | 703-227-4530 (o) | 303-945-9862 (c)

---

**From:** Crawford, Tim [mailto:Crawford.Tim@epa.gov]
**Sent:** Friday, October 06, 2017 9:30 AM
**To:** Geiger, Jay (CGI Federal) <Jay.Geiger@cgifederal.com>; Reichle, Beth (CGI Federal) <Beth.Reichle@cgifederal.com>
**Subject:** Fwd: URGENT -----FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952

You might enjoy the chain.
Its's referred to as
FOIA........for a reason.
-thanks

Sent from my iPhone

Begin forwarded message:

> **From:** "Shenefiel, Pam" <shenefiel.pam@epa.gov>
> **Date:** October 2, 2017 at 3:08:21 PM EDT
> **To:** "Gottesman, Larry" <Gottesman.Larry@epa.gov>, "Moser, Rebecca" <Moser.Rebecca@EPA.GOV>, "Jones, Monica" <Jones.Monica@epa.gov>, "Byrd, Jonda" <byrd.jonda@epa.gov>
> **Cc:** "Crawford, Tim" <Crawford.Tim@epa.gov>
> **Subject: RE: URGENT -----FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952**
>
> I see this as a serious flaw in the system.  I was not the decision maker for this action and is should not have gone out from my mailbox.  With all of the scrutiny around emails, I am being attributed with an action I did not take.

**From:** Gottesman, Larry
**Sent:** Monday, October 02, 2017 1:20 PM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>; Moser, Rebecca <Moser.Rebecca@EPA.GOV>; Jones, Monica <Jones.Monica@epa.gov>; Byrd, Jonda <byrd.jonda@epa.gov>
**Cc:** Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: URGENT -----FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952

Pam, Please

After the reorganization, Ken Haywood/Lorena made you the lead for OEIP and accordingly the email address for all email communications from OEIP.  Since this request was assigned to OEIP your email is the one the system uses.  If you don't want to use your email address, please give us another one to use in the system.

We are unable to retract the communication, since appeal language was provided and the communication started the 90 day appeal window.

Hope you understand.


Larry F. Gottesman
Agency FOIA Officer

202-566-2162 (Direct line)
202-689-4588 (Mobile)




**From:** Shenefiel, Pam
**Sent:** Monday, October 02, 2017 12:30 PM
**To:** Moser, Rebecca <Moser.Rebecca@EPA.GOV>; Jones, Monica <Jones.Monica@epa.gov>; Byrd, Jonda <byrd.jonda@epa.gov>
**Cc:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** URGENT -----FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952
**Importance:** High

I NEVER SENT THE EMAIL BELOW.  I HAVE NO IDEA HOW THIS WAS SENT OUT UNDER MY EMAIL ADDRESS.  I REQUEST AN IMMEDIATE RETRACTION.  THIS SHOULD NEVER HAVE BEEN SENT UNDER MY NAME.  THE RECORD NEEDS TO BE SET STRAIGHT IMMEDIATELY

**From:** Jim Chelmowski [mailto:jchelmowski@comcast.net]
**Sent:** Monday, October 02, 2017 11:15 AM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Pruitt, Scott <Pruitt.Scott@epa.gov>; Earle, Judy <Earle.Judy@epa.gov>; Minoli, Kevin <Minoli.Kevin@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; privacy <privacy@epa.gov>;

Williams, LaShawn <williams.lashawn@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>
**Cc:** jchelmowski@comcast.net
**Subject:** RE: FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952
**Importance:** High

Dear EPA

Please all EPA recipients confirm receipt as soon as you receive this email, including Mr. Gottesman, Mr. Minoli, Me. Pruitt, Mr. Fine, Mr. Miller, Ms. Shenefiel, Ms. Earle, Ms. Williams and Ms. Schumacher because this Simple FOIA request due on September 4, 2017 (as EPA classified this request on FOIAonline).

This FOIA request EPA-HQ-2017-9932 was filed and confirmed on July 30, 2017 (64 calendar days ago) well beyond the 20 business day requirement.

EPA's Ms. Pam Shenefiel denied the FOIA Expedited Processing on September 7, 2017 (28 business days after the July 30, 2017 request) again well past the FOIA required deadline.

Please provide FOIA responsive records immediately and explain in details the EPA massive delay for this Simple FOIA request and untimely response to denying the Expediting Process.

James Chelmowski
jchelmowski@comcast.net


**From:** Shenefiel.pam@Epa.gov [mailto:Shenefiel.pam@Epa.gov]
**Sent:** Thursday, September 7, 2017 8:05 AM
**To:** jchelmowski@comcast.net
**Subject:** FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952


Your request for Expedited Processing for the FOIA request EPA-HQ-2017-009952 has been denied. Additional details for this request are as follows:

- Request Created on: 07/30/2017
- Expedited Disposition Reason: Did not meet criteria
- Request Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim

Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.

| To: | Gottesman, Larry[Gottesman.Larry@epa.gov]; Byrd, Jonda[byrd.jonda@epa.gov] |
|---|---|
| Cc: | Moser, Rebecca[Moser.Rebecca@EPA.GOV]; Crawford, Tim[Crawford.Tim@epa.gov] |
| From: | Shenefiel, Pam[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=5DFA0717290C473983ECD22C0E16066E-SHENEFIEL, PAM] |
| Sent: | Wed 10/4/2017 1:53:30 PM (UTC) |
| Subject: | FW: FOIA Appeal for EPA-HQ-2017-009507 |

Please write to Mr Chelmowski and let him know that the email sent by FOIAonline looking like it came from my email account was incorrect.  I did not send the email and I should be removed from the correspondence with Mr. Chelmowski.

**From:** Jim Chelmowski [mailto:jchelmowski@comcast.net]
**Sent:** Wednesday, October 04, 2017 9:47 AM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Pruitt, Scott <Pruitt.Scott@epa.gov>; Earle, Judy <Earle.Judy@epa.gov>; Minoli, Kevin <Minoli.Kevin@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; privacy <privacy@epa.gov>; Williams, LaShawn <williams.lashawn@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>
**Cc:** jchelmowski@comcast.net
**Subject:** FOIA Appeal for EPA-HQ-2017-009507

Dear EPA

Please all EPA recipients confirm receipt as soon as you receive this email, including Mr. Gottesman, Mr. Minoli, Me. Pruitt, Mr. Fine, Mr. Miller, Ms. Shenefiel, Ms. Earle, Ms. Williams and Ms. Schumacher because this FOIA Appeal Determination was due on August 28, 2017. https://foiaonline.regulations.gov/foia/action/public/view/appeal?objectId=090004d28149f859

This FOIA Administrative Appeal for request EPA-HQ-2017-9507 was filed and confirmed on July 30, 2017 (66 calendar days ago) well beyond the 20 business day requirement.  See FOIA Appeal on the EPA FOIAonline system https://foiaonline.regulations.gov/foia/action/public/view/appeal?objectId=090004d28149f859

EPA stating that a Simple FOIA report from the EPA's FOIAonline will take the EPA  over 11 hours of search time.  EPA cannot make a FOIA Appeal determination certifying a FOIAonline report will take over 11 hours EPA search time.

EPA inflated fees to deny/delay/discourage request release of FOIA responsive records is the not "most efficient and least expensive manner" for FOIA records SEARCH. See *Hall v. CIA*, No. 04-0814, 2006 WL 197462, at *3 & n.4 (D.D.C. Jan. 25, 2006) (recognizing that it would be improper for agencies to inflate fees to discourage requests).

Now EPA is taking 66 days to determine how a FOIAonline report will take over 11 hours of EPA Search time in another attempt to avoid producing responsive records to the requester Chelmowski.

This is probably why the EPA including Mr. Gottesman, Mr. Minoli, Me. Pruitt, Mr. Fine, Mr. Miller, Ms. Shenefiel, Ms. Earle, Ms. Williams and Ms. Schumacher are refusing to comply and even respond to the Requester's email regarding another FOIA request EPA-HQ-2017-9953 that is over is 66 days old (EPA completed many FOIA requests submitted after this request) https://foiaonline.regulations.gov/foia/action/registered/requestmod?requestId=XRJK83Aoksg3jMvvrjX7kxq9F17RmH0k&requestFunction=View

These FOIA requests were because the EPA has been processing stage with FOIA EPA-HQ-2017-8825 for about 90 days without releasing the required responsive records. This request was submitted on June 9, 2017 (117 days ago) for all EPA internal and external communications regarding a single United States Citizen.  How many responsive records exist that would take the EPA about 90 days to process? https://foiaonline.regulations.gov/foia/action/registered/requestmod?requestId=vLGaU0YmuNOoyGUbtdflMFx79COmred1&requestFunction=View

Please provide FOIA Appeal determination immediately and which will explain in details with references from the FOIAonline administrative manual how this FOIAonline report will take over 11 hours of EPA search time.

James Chelmowski

Ex. 6 Personal Privacy (PP)

PS Mr. Gottesman, Mr. Minoli, Me. Pruitt, Mr. Fine, Mr. Miller, Ms. Shenefiel, Ms. Earle, Ms. Williams and Ms. Schumacher are

refusing to respond the Requester's 10/2/17 email regarding FOIA request EPA-HQ-2017-9953.

https://foiaonline.regulations.gov/foia/action/registered/requestmod?requestId=XRJK83Aoksg3jMvvrjX7kxq9F17RmH0k&request Function=View

Message

| | |
|---|---|
| **From**: | McGuire, Cathy [McGuire.Cathy@epa.gov] |
| **Sent**: | 7/12/2017 12:57:51 PM |
| **To**: | Crawford, Tim [Crawford.Tim@epa.gov]; Whiting, Michael [Whiting.Mike@epa.gov]; Gottesman, Larry [Gottesman.Larry@epa.gov] |
| **CC**: | Schumacher, Wendy [schumacher.wendy@epa.gov]; Sabbagh, Bill [sabbagh.bill@epa.gov]; Gheitu, Judy [Gheitu.Judy@epa.gov]; Kerwin, Courtney [Kerwin.Courtney@epa.gov]; McGuire, Cathy [McGuire.Cathy@epa.gov] |
| **Subject**: | FOIA Online Information for Attached Privacy Request |
| **Attachments**: | EPA Privacy Act related EPA-HQ-2017-008256.pdf |

Tim, Larry and Mike,

This is a quick follow-up regarding the attached Privacy Request from Mr. Chelmowski. When we met on June 26th I understood you guys to say that you were already in the process of researching his request regarding any records or documents pertaining to him in the EPA-9 FOIA Online based on a similar request you received under a FOIA request and that you would forward me a message with the date Mr. Chelmowski had been responded to (by the FOIA Office) and the Privacy Office could include this information in their response. In the meantime, I would reach out to Courtney Kerwin and ask for a search for any records pertaining to Mr. Chelmowski in the FDMS system.

I wanted to follow-up on this since the Privacy Act response is due on July 19th and I am still awaiting the FOIA Online response. I spoke with Wendy yesterday, but I think there was some confusion since she was not part of the original call and our discussion.

Tim could you please follow-up with Larry based on our June 26th and please let me know the status of this search per our earlier conversation.

Cathy

Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

| | |
|---|---|
| **To:** | Crawford, Tim[Crawford.Tim@epa.gov] |
| **Cc:** | Gottesman, Larry[Gottesman.Larry@epa.gov] |
| **From:** | Schumacher, Wendy[/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=7AE5042E53E943728333B23CA294294F-SCHUMACHER,] |
| **Sent:** | Tue 8/15/2017 12:42:22 PM (UTC) |
| **Subject:** | RE: FOIA Assignment for EPA-HQ-2017-009952 |

Tim,

The last request was from [ **Ex. 6 Personal Privacy (PP)** ]

Request was full denial based on Exemption 5.

Wendy

---

**From:** Crawford, Tim
**Sent:** Monday, August 14, 2017 8:02 AM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Cc:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Hi Wendy:
I'm not sure if the attached requester is the same person that filed a similar request to several of our partner agencies, but they are asking form FOIAonline user manuals and I believe our OGC was reviewing the content of those documents to prepare a response with a "sanitized" version.  Are you familiar with that?
--thanks

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,
I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952

You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.
- Assigned Comments: Attn: Tim Crawford

Message

---

**From**:     McGuire, Cathy [McGuire.Cathy@epa.gov]
**Sent**:     7/6/2017 1:38:44 PM
**To**:       Kerwin, Courtney [Kerwin.Courtney@epa.gov]
**CC**:       Crawford, Tim [Crawford.Tim@epa.gov]; Whiting, Michael [Whiting.Mike@epa.gov]; Gottesman, Larry
              [Gottesman.Larry@epa.gov]; Scully, Carolyn [Scully.Carolyn@epa.gov]; McGuire, Cathy [McGuire.Cathy@epa.gov];
              Sabbagh, Bill [sabbagh.bill@epa.gov]
**Subject**:  RE: Request for Assistance with Privacy Act Request

Courtney,

Thank you for your response. That is way we interrupted his request as well.

Larry – do you know if the FOIA online response has gone out from the FOIA office, if so, could I please get the date the response was sent and the FOIA record number to include in the Privacy response.

Thank you everyone,

Cathy

Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

---

**From:** Kerwin, Courtney
**Sent:** Thursday, June 29, 2017 7:31 PM
**To:** McGuire, Cathy <McGuire.Cathy@epa.gov>
**Cc:** Crawford, Tim <Crawford.Tim@epa.gov>; Whiting, Michael <Whiting.Mike@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>; Scully, Carolyn <Scully.Carolyn@epa.gov>
**Subject:** RE: Request for Assistance with Privacy Act Request

Hi Cathy,

Reading the request, Mr. Chelmowski asked for "all FOIAonline records" for all of his "EPA FOIA requests". There are no FOIAonline records maintained within FDMS. Unless this request were to cover **all** records related to Mr. Chelmowski (which is not my read of the request), we do not have any records to provide.

If you need anything further from me, please let me know.

Thanks,
Courtney

---

**From:** McGuire, Cathy
**Sent:** Thursday, June 29, 2017 3:50 PM
**To:** Kerwin, Courtney <Kerwin.Courtney@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>

**Cc:** Crawford, Tim <Crawford.Tim@epa.gov>; Whiting, Michael <Whiting.Mike@epa.gov>; McGuire, Cathy <McGuire.Cathy@epa.gov>
**Subject:** Request for Assistance with Privacy Act Request

Courtney,

We recently received a request from Mr. James Chelmowski requesting all records pertaining to him from both the FOIAonline and EPA-GOVT-2 (recently changed to EPA-71 FDMS) systems.  It is my understanding that Larry  Gottesman is currently checking the FOIAonline system for records based on a separate FOIA request.  I would referred to you to request a check for any records on Mr. Chelmowski in FDMS.

I have attached a copy of the original request and greatly appreciate your assistance with helping us comply with this Privacy Act request.  The response is due to Mr. Chelmowski on July 19th, would it be possible to get a response from you by July 12th with either a copy of the records pertaining to him or if there are none verification of this.

Thank you in advance.  If you have questions, please feel free to reach out to me at 919.541.4053.

Cathy

Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

Message

---

**From**:  Gottesman, Larry [Gottesman.Larry@epa.gov]
**Sent**:  11/1/2018 3:37:25 PM
**To**:  Crawford, Tim [Crawford.Tim@epa.gov]
**CC**:  Schumacher, Wendy [schumacher.wendy@epa.gov]
**Subject**:  FW: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Attachments**:  Chelmowski 10-18.docx

Tim-

I need a signed and dated letter.

Larry F. Gottesman
Agency FOIA Officer
Office of General Counsel
U.S. Environmental Protection Agency

202-566-2162 (Direct line)
202-689-4588 (Mobile)
202-566-1667 (Main line)

---

**From:** Crawford, Tim
**Sent:** Thursday, November 01, 2018 9:49 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!

How should we do this?
thanks

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Gottesman, Larry
**Sent:** Thursday, November 01, 2018 9:45 AM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Crawford, Tim <Crawford.Tim@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** FW: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in

its entirety yesterday!
**Importance:** High

As you can see Mr. Chelmowski stated that he did not receive OEIP's final response letter.  I checked the correspondence section of FOIAonline and did not see it also. Can you please provide Mr. Chelmowski with the signed letter and have it added to the FOIAonline case file.

Thanks

Larry F. Gottesman
Agency FOIA Officer
Office of General Counsel
U.S. Environmental Protection Agency

202-566-2162 (Direct line)
202-689-4588 (Mobile)
202-566-1667 (Main line)

---

**From:** jchelmowski@comcast.net [mailto:jchelmowski@comcast.net]
**Sent:** Thursday, November 01, 2018 9:39 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Wheeler, Andrew <wheeler.andrew@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Collins, Kevin W. <Collins.Kevin@epa.gov>; Lange, Kristen <lange.kristen@epa.gov>; Hanger, Eric <Hanger.Eric@epa.gov>; Sheehan, Charles <Sheehan.Charles@epa.gov>; OIP.ComplianceInquiry@usdoj.gov; OIG WEBCOMMENTS <OIG_WEBCOMMENTS@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; Criminal.Division@usdoj.gov; Leopold, Matt (OGC) <Leopold.Matt@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>; Albright, Scott <Albright.Scott@epa.gov>; Sandfoss, Kristina <Sandfoss.Kristina@epa.gov>; Packard, Elise <Packard.Elise@epa.gov>; Miller, Tia <Miller.Tia@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Importance:** High

Mr. Gottesman, EPA FOIA Public Liaison and EPA FOIA Officer

Please explain why now 2 days after the EPA closed the FOIA request EPA-HQ-2018-9451 with a final disposition of "Partial Grant/Partial Denial".  The EPA refuses to comply with Federal Law and continue to deny my rights as a United States Citizen?

Why is the EPA denying my legal rights including but not limited to the following:
1) EPA providing my right to Appeal this Adverse Decision 5 USC 552(a)(6)(A)(i)(III)(aa).
2) EPA providing notice my right to dispute mediation with either the OGIS or EPA FOIA Public Liaison 5 USC 552(a)(6)(A)(i)(III)(bb).
3) What legal authority the EPA has to withhold these FOIA responsive records?
4) What responsive records were withheld?
5) How the EPA conducted its search for the following:

FOIA EP-HQ-2018-9451 Request description: I request copies of the following records for the new FOIAonline Version 3 including **ALL FOIAonline version 3 instructional communications (emails, memos, letters, etc.) and**

**FOIAonline version 3 manuals for FOIAonline Administrators, Agencies' Administrator and Agencies' Users**.
See the *attached EPA's FOIA EPA-HQ-2017-9952 determination that "The records you are seeking are internal and are being protected pursuant to Exemption 5 USC 552 (b)(5)." and EPA's FOIA EPA-HQ-2017-9952 Appeal determination to "COMPLETELY REVERSE/REMAND" that EPA records seeking were NOT PROTECTED FOIA exemption 5 because the records were internal EPA records…*

**EPA FOIA Public Liaison emails responses of getting back in the next week apparently mean never or months or years in the past.**

You responded a day latter stated "Thanks you for your email.  Let me look into the matter and get back to you." Email is in this email chain.
I am still waiting from you including going back to 11 months ago on November 1, 2017 when you said a similar email response to the email with the Subject: "Fifth Request for DETAIL and LEGALITY of EPA demanded FOIA fee (first request a month ago) for appeal #EPA-HQ-2017-009953"

**EPA Legal Responsibility**
How long does it take to provide the FOIA Response Determination that was allegedly completed on October 30, 2018, pursuant to Federal Law 5 USC 552(a)(6)(A)(i)?

In the past the EPA FOIA Public Liaison provided emails similar emails thanking the FOIA Public Liaison and FOIA Officer for identifying my request for *assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes. See 5 U.S.C § 552(l).*

However, for example, I am still waiting for the FOIA Public Liaison response including but not limited to the following:
1)  On December 1, 2017, Mr Gottesman email a response "Thanks you for your email reminder. I will get back to you next week." for email Subject: "Fifth Request for DETAIL and LEGALITY of EPA demanded FOIA fee (first request a month ago) for appeal #EPA-HQ-2017-009953"
    **It is now 335 days and the EPA FOIA Public Liaison never got back on that request.**

2)  On August 10, 2018, Mr Gottesman email a response "Thanks you for your email. I will get back to you next week." for email **Subject:** "Again More Past Due FOIA/PA Requests & Appeals due earlier this week apparently more counts of Obstruction of Evidence"
    **It is now 83 days and the EPA FOIA Public Liaison never got back on that request.**
3)  …
**Please provide me my rights and the EPA responsibilities under Federal Law.**

**The EPA should immediately provide the FOIA determination letter and details of all the withheld FOIA responsive records with the actual number of documents and pages the EPA is withholding with reasons for EPA "Partial Grant/Partial Denial" withholding these responsive records.** The EPA must comply with the FOIA Federal Law and provide my rights to Appeal this Request. Under Federal law, the EPA when they receive my FOIA Appeal for the illegally withheld responsive records for this FOIA request, then the EPA must provide a determination of my FOIA Appeal within 20 business days, too.

Also, **the EPA should be required to comply with Federal Law and deadlines on all my FOIA and Privacy Requests and Appeals! The EPA is not above the law and I have rights all my FOIA and Privacy Act responsive records as a US Citizen.**  It should be required take **a US District Court Order for the EPA, EPA staff and even the EPA FOIA Public Liaison comply with Federal Law and the EPA's legal nondiscretionary duties to produce all my FOIA and Privacy Act responsive records.**

As you know, FOIA law requires that the agency makes the records "promptly available," which would mean within a few weeks, not months or years. 5 U.S.C.§ 552(a)(3)(A), (a)(6)(C)(i). see *Citizens for Resp. and Ethics v. Federal Election Commission*, 12-004 (D.C.C. 2013); *"FOIA Public Liaisons … shall serve as supervisory officials to whom a [FOIA]*

*requester . . . can raise concerns about the service the requester has received from the FOIA Requester Center, following an initial response from the FOIA Requester Center Staff.  **FOIA Public Liaisons shall be responsible for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes.**" 5 U.S.C § 552(l).*

Sincerely,

James Chelmowski
FOIA Requester

---

**From:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Sent:** Wednesday, October 31, 2018 8:23 AM
**To:** Jim Chelmowski <jchelmowski@comcast.net>
**Subject:** RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!

Thanks you for your email.  Let me look into the matter and get back to you.

Larry F. Gottesman
Agency FOIA Officer
Office of General Counsel
U.S. Environmental Protection Agency

202-566-2162 (Direct line)
202-689-4588 (Mobile)
202-566-1667 (Main line)

---

**From:** Jim Chelmowski [mailto:jchelmowski@comcast.net]
**Sent:** Wednesday, October 31, 2018 1:09 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Wheeler, Andrew <wheeler.andrew@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Collins, Kevin W. <Collins.Kevin@epa.gov>; Lange, Kristen <lange.kristen@epa.gov>; Hanger, Eric <Hanger.Eric@epa.gov>; Sheehan, Charles <Sheehan.Charles@epa.gov>; OIP.ComplianceInquiry@usdoj.gov; OIG WEBCOMMENTS <OIG_WEBCOMMENTS@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; Criminal.Division@usdoj.gov
**Cc:** Leopold, Matt (OGC) <Leopold.Matt@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>; Albright, Scott <Albright.Scott@epa.gov>; Sandfoss, Kristina <Sandfoss.Kristina@epa.gov>; Packard, Elise <Packard.Elise@epa.gov>; Miller, Tia <Miller.Tia@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Importance:** High

Dear EPA FOIA Liaison & FOIA Officer Larry Gottesman, EPA Administrator Andrew Wheeler, EPA Inspector General and Department of Justice,

<u>I received NO COMMUNICATIONS for the EPA Closed FOIA request EPA-HQ-2018-9451</u> with a closed final FOIA disposition "Partial Grant/Partial Denial". The EPA only closed the FOIA request yesterday and withheld numerous FOIA responsive records. it appears it might have been intentional not to communicate the FOIA adverse determination response, no right to appeal the adverse determination, uploaded only two responsive records and provided no **legal authority** for withholding numerous responsive records to me based on my documented previous FOIA and Privacy Act requests communications with the EPA, communications with the EPA FOIA Liaison and the EPA FOIA Public Liaison apparently refusing and/or ignoring his legal duty and *responsibility for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes. See 5 U.S.C § 552(l).*

**The EPA provided no emailed or no uploaded to FOIAonline any determination letter for FOIA EPA-HQ-2018-9451 "Partial Grant/Partial Denial" final disposition and provided NO Right to Appeal this EPA Adverse Determination.  Again, the EPA did not comply with Federal Law for my FOIA requests. Apparently, the EPA and its staff believe they are above the law, and I have no rights as US Citizen!**

The EPA and its staff refused to comply with Federal Law in the numerous past requests including but not limited to the EPA refusing to provide any FOIA responsive records in another FOIA with a "Fully Granted" final disposition for FOIA and Privacy Act EPA-HQ-2018-9113 request on August 28, 2018.

I was forced to appeal this response to try to get those records of "Fully Granted" FOIA and Privacy Act request response on September 7, 2018, because the EPA and EPA FOIA Liaison refused to provide any FOIA responsive records for a "Fully Granted" disposition as required by Federal Law. <u>I might be the only person required to Appeal "Fully Granted" FOIA disposition and still not get any FOIA and Privacy Act responsive records in a "Fully Granted" FOIA request.</u> The deadline for the EPA to provide that FOIA Appeal decision was October 5, 2018, 25 days ago and again the EPA, EPA staff and even the EPA FOIA Public Liaison will not comply with the Federal law and not provide these FOIA responsive records and not provide responsive records for many other of my FOIA and Privacy Act requests!

<u>**Now, this is a new EPA scheme to illegally withhold numerous FOIA responsive records**</u>. It appears the EPA has a total disregarded of the Federal laws and US citizen's rights.  The EPA refuses to comply with the Federal law on my FOIA and Privacy Act requests!

**The EPA closed FOIA request # EPA-HQ-2018-9451 yesterday according to FOIAonline.  This FOIA request was filed on July 20, 2018, it took the EPA 101 days to respond to this request and was over 70 days late according to Federal Law. Never requesting an extension or any other other required communication. See a summary of the FOIA request below:**

FOIA EP-HQ-2018-9451 Request description: I request copies of the following records for the new FOIAonline Version 3 including ALL <u>FOIAonline version 3 instructional communications</u> (emails, memos, letters, etc.) and <u>FOIAonline version 3 manuals for FOIAonline Administrators, Agencies' Administrator and Agencies' Users</u>. See the *attached EPA's FOIA EPA-HQ-2017-9952 determination that "The records you are seeking are internal and are being protected pursuant to Exemption 5 USC 552 (b)(5)." and EPA's FOIA EPA-HQ-2017-9952 Appeal determination to "COMPLETELY REVERSE/REMAND" that EPA records seeking were NOT PROTECTED FOIA exemption 5 because the records were internal EPA records…*

**The EPA did not provide its FOIA response determination and reasons the EPA withheld many FOIA responsive records in its entirety. See the EPA only uploaded 2 files on FOIAonline and withheld numerous responsive files without providing the legal authority to withhold these responsive records see a screenshot from the EPA's FOIAonline below:**



See all the EPA communications for this request with the final disposition "Partial Grant/Partial Denial" and no required communication for being over 70 days past statutory deadline, see a **screenshot from the EPA's FOIAonline below**:





**The EPA should immediately provide the FOIA determination letter and details of all the withheld FOIA responsive records with the actual number of documents and pages the EPA is withholding with reasons for EPA "Partial Grant/Partial Denial" withholding these responsive records.** The EPA must comply with the FOIA Federal Law and provide my rights to Appeal this Request. Under Federal law, the EPA when they receive my FOIA Appeal for the illegally withheld responsive records for this FOIA request, then the EPA must provide a determination of my FOIA Appeal within 20 business days, too.

Also, **the EPA should be required to comply with Federal Law and deadlines on all my FOIA and Privacy Requests and Appeals! The EPA is not above the law and I have rights all my FOIA and Privacy Act responsive records as a US**

<u>Citizen.</u>  It should not be required take **a US District Court Order for the EPA, EPA staff and even the EPA FOIA Public Liaison comply with Federal Law and the EPA's legal non discretionary duties to produce all my FOIA and Privacy Act responsive records.**

As you know, FOIA law requires that <u>the agency makes the records "promptly available,"</u> which would mean within a few weeks, not months or years. 5 U.S.C.§ 552(a)(3)(A), (a)(6)(C)(i). see *Citizens for Resp. and Ethics v. Federal Election Commission*, 12-004 (D.C.C. 2013); *"FOIA Public Liaisons … shall serve as supervisory officials to whom a [FOIA] requester . . . can raise concerns about the service the requester has received from the FOIA Requester Center, following an initial response from the FOIA Requester Center Staff.  **FOIA Public Liaisons shall be responsible for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes."** 5 U.S.C § 552(l).*

Sincerely,

James Chelmowski
FOIA Requester



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

WASHINGTON, D.C. 20460

Mr. James Chelmowski

Ex. 6 Personal Privacy (PP)

Re: Freedom of Information Act Request No. EPA-HQ-2018-009451

Dear Mr. Chelmowski:

     This letter is in reference to your Freedom of Information Act (FOIA) request received by the U.S. Environmental Protection Agency on July 11, 2018, in which you requested records relating to copies of the following records for the new FOIAonline Version 3 including ALL FOIAonline version 3 instructional communications (emails, memos, letters, etc.) and FOIAonline version 3 manuals for FOIAonline Administrators, Agencies' Administrator and Agencies' Users.

     The Office of Environmental Information has concluded its search for records responsive to your request and is providing 2 user manuals for FOIAonline 3.0. A third manual is being withheld pursuant to 5 U.S.C. § 552(b)(5), is exempt from disclosure because they are pre-decisional and deliberative.

     This letter concludes our response to your request.  You may appeal this response by email at hq.foia@epa.gov, or by mail to the National Freedom of Information Office, U.S. EPA, 1200 Pennsylvania Avenue, N.W. (2310A), Washington, DC 20460 (U.S. Postal Service Only). Only items mailed through the United States Postal Service may be delivered to 1200 Pennsylvania Avenue, N.W. Suite 5315, Washington, DC 20004. Your appeal must be made in writing, and it must be received no later than 90 calendar days from the date of this letter. The Agency will not consider appeals received after the 90-calendar day limit. Appeals received after 5:00 pm EST will be considered received the next business day. The appeal letter should include the FOIA tracking number listed above. For quickest possible handling, the subject line of your email, the appeal letter, and its envelope, if applicable, should be marked "Freedom of Information Act Appeal." Additionally, you may seek resolution services from EPA's FOIA Public Liaison at hq.foia@epa.gov or (202)566-1667, or from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, Room 2510, 8610 Adelphi Road, College Park, MD 20740-6001; e-mail, ogis@nara.gov; telephone, 202-741-5770 or 1-877-684-6448; and facsimile, 202-741-5769.

   If you have any questions concerning this response please contact Tim Crawford at Crawford.tim@epa.gov.

            Sincerely,


            Michael Whiting, Acting Director
            eRulemaking and FOIAonline Division
            Office of Environmental Information

Message

---

**From**: Gottesman, Larry [Gottesman.Larry@epa.gov]
**Sent**: 11/1/2018 1:51:06 PM
**To**: Crawford, Tim [Crawford.Tim@epa.gov]; Shenefiel, Pam [shenefiel.pam@epa.gov]
**CC**: Schumacher, Wendy [schumacher.wendy@epa.gov]
**Subject**: RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!

Send to me the letter as a PDF  An I can handle the rest.

Larry F. Gottesman
Agency FOIA Officer
Office of General Counsel
U.S. Environmental Protection Agency

202-566-2162 (Direct line)
202-689-4588 (Mobile)
202-566-1667 (Main line)

---

**From:** Crawford, Tim
**Sent:** Thursday, November 01, 2018 9:48 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!

Oops—I need training on how the system works and what is involved in properly closing a case.
Can I send to you Larry to forward to Mr. Chelmowski?

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Gottesman, Larry
**Sent:** Thursday, November 01, 2018 9:45 AM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Crawford, Tim <Crawford.Tim@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** FW: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Importance:** High

As you can see Mr. Chelmowski stated that he did not receive OEIP's final response letter. I checked the correspondence section of FOIAonline and did not see it also. Can you please provide Mr. Chelmowski with the signed letter and have it added to the FOIAonline case file.

Thanks

Larry F. Gottesman
Agency FOIA Officer
Office of General Counsel
U.S. Environmental Protection Agency

202-566-2162 (Direct line)
202-689-4588 (Mobile)
202-566-1667 (Main line)

---

**From:** jchelmowski@comcast.net [mailto:jchelmowski@comcast.net]
**Sent:** Thursday, November 01, 2018 9:39 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Wheeler, Andrew <wheeler.andrew@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Collins, Kevin W. <Collins.Kevin@epa.gov>; Lange, Kristen <lange.kristen@epa.gov>; Hanger, Eric <Hanger.Eric@epa.gov>; Sheehan, Charles <Sheehan.Charles@epa.gov>; OIP.ComplianceInquiry@usdoj.gov; OIG WEBCOMMENTS <OIG_WEBCOMMENTS@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; Criminal.Division@usdoj.gov; Leopold, Matt (OGC) <Leopold.Matt@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>; Albright, Scott <Albright.Scott@epa.gov>; Sandfoss, Kristina <Sandfoss.Kristina@epa.gov>; Packard, Elise <Packard.Elise@epa.gov>; Miller, Tia <Miller.Tia@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Importance:** High

Mr. Gottesman, EPA FOIA Public Liaison and EPA FOIA Officer

Please explain why now 2 days after the EPA closed the FOIA request EPA-HQ-2018-9451 with a final disposition of "Partial Grant/Partial Denial". The EPA refuses to comply with Federal Law and continue to deny my rights as a United States Citizen?

Why is the EPA denying my legal rights including but not limited to the following:
1)  EPA providing my right to Appeal this Adverse Decision 5 USC 552(a)(6)(A)(i)(III)(aa).
2)  EPA providing notice my right to dispute mediation with either the OGIS or EPA FOIA Public Liaison 5 USC 552(a)(6)(A)(i)(III)(bb).
3)  What legal authority the EPA has to withhold these FOIA responsive records?
4)  What responsive records were withheld?
5)  How the EPA conducted its search for the following:

FOIA EP-HQ-2018-9451 Request description: I request copies of the following records for the new FOIAonline Version 3 including **ALL FOIAonline version 3 instructional communications (emails, memos, letters, etc.) and FOIAonline version 3 manuals for FOIAonline Administrators, Agencies' Administrator and Agencies' Users**. See the *attached EPA's FOIA EPA-HQ-2017-9952 determination that "The records you are seeking are internal and are being protected pursuant to Exemption 5 USC 552 (b)(5)." and EPA's FOIA EPA-HQ-2017-9952 Appeal*

*determination to "COMPLETELY REVERSE/REMAND" that EPA records seeking were NOT PROTECTED FOIA exemption 5 because the records were internal EPA records...*

**EPA FOIA Public Liaison emails responses of getting back in the next week apparently mean never or months or years in the past.**

You responded a day latter stated "Thanks you for your email.  Let me look into the matter and get back to you." Email is in this email chain.
I am still waiting from you including going back to 11 months ago on November 1, 2017 when you said a similar email response to the email with the Subject: "Fifth Request for DETAIL and LEGALITY of EPA demanded FOIA fee (first request a month ago) for appeal #EPA-HQ-2017-009953"

**EPA Legal Responsibility**
How long does it take to provide the FOIA Response Determination that was allegedly completed on October 30, 2018, pursuant to Federal Law 5 USC 552(a)(6)(A)(i)?

In the past the EPA FOIA Public Liaison provided emails similar emails thanking the FOIA Public Liaison and FOIA Officer for identifying my request for *assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes. See 5 U.S.C § 552(l).*

However, for example, I am still waiting for the FOIA Public Liaison response including but not limited to the following:
1)   On December 1, 2017, Mr Gottesman email a response "Thanks you for your email reminder. I will get back to you next week." for email Subject: "Fifth Request for DETAIL and LEGALITY of EPA demanded FOIA fee (first request a month ago) for appeal #EPA-HQ-2017-009953"
     **It is now 335 days and the EPA FOIA Public Liaison never got back on that request.**

2)   On August 10, 2018, Mr Gottesman email a response "Thanks you for your email. I will get back to you next week." for email **Subject:** "Again More Past Due FOIA/PA Requests & Appeals due earlier this week apparently more counts of Obstruction of Evidence"
     **It is now 83 days and the EPA FOIA Public Liaison never got back on that request.**
3)   ...

**Please provide me my rights and the EPA responsibilities under Federal Law.**

**The EPA should immediately provide the FOIA determination letter and details of all the withheld FOIA responsive records with the actual number of documents and pages the EPA is withholding with reasons for EPA "Partial Grant/Partial Denial" withholding these responsive records.** The EPA must comply with the FOIA Federal Law and provide my rights to Appeal this Request. Under Federal law, the EPA when they receive my FOIA Appeal for the illegally withheld responsive records for this FOIA request, then the EPA must provide a determination of my FOIA Appeal within 20 business days, too.

Also, **the EPA should be required to comply with Federal Law and deadlines on all my FOIA and Privacy Requests and Appeals! The EPA is not above the law and I have rights all my FOIA and Privacy Act responsive records as a US Citizen.** It should not be required take **a US District Court Order for the EPA, EPA staff and even the EPA FOIA Public Liaison comply with Federal Law and the EPA's legal nondiscretionary duties to produce all my FOIA and Privacy Act responsive records.**

As you know, FOIA law requires that **the agency makes the records "promptly available,"** which would mean within a few weeks, not months or years. 5 U.S.C.§ 552(a)(3)(A), (a)(6)(C)(i). see *Citizens for Resp. and Ethics v. Federal Election Commission, 12-004 (D.C.C. 2013); "FOIA Public Liaisons ... shall serve as supervisory officials to whom a [FOIA] requester . . . can raise concerns about the service the requester has received from the FOIA Requester Center, following an initial response from the FOIA Requester Center Staff. FOIA Public Liaisons shall be responsible for assisting in*

*reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes."* *5 U.S.C § 552(l).*

Sincerely,

James Chelmowski
FOIA Requester

---

**From:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Sent:** Wednesday, October 31, 2018 8:23 AM
**To:** Jim Chelmowski <jchelmowski@comcast.net>
**Subject:** RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!

Thanks you for your email.  Let me look into the matter and get back to you.

Larry F. Gottesman
Agency FOIA Officer
Office of General Counsel
U.S. Environmental Protection Agency

202-566-2162 (Direct line)
202-689-4588 (Mobile)
202-566-1667 (Main line)

---

**From:** Jim Chelmowski [mailto:jchelmowski@comcast.net]
**Sent:** Wednesday, October 31, 2018 1:09 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Wheeler, Andrew <wheeler.andrew@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Collins, Kevin W. <Collins.Kevin@epa.gov>; Lange, Kristen <lange.kristen@epa.gov>; Hanger, Eric <Hanger.Eric@epa.gov>; Sheehan, Charles <Sheehan.Charles@epa.gov>; OIP.ComplianceInquiry@usdoj.gov; OIG WEBCOMMENTS <OIG_WEBCOMMENTS@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; Criminal.Division@usdoj.gov
**Cc:** Leopold, Matt (OGC) <Leopold.Matt@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>; Albright, Scott <Albright.Scott@epa.gov>; Sandfoss, Kristina <Sandfoss.Kristina@epa.gov>; Packard, Elise <Packard.Elise@epa.gov>; Miller, Tia <Miller.Tia@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Importance:** High

Dear EPA FOIA Liaison & FOIA Officer Larry Gottesman, EPA Administrator Andrew Wheeler, EPA Inspector General and Department of Justice,

**I received NO COMMUNICATIONS for the EPA Closed FOIA request EPA-HQ-2018-9451** with a closed final FOIA disposition "Partial Grant/Partial Denial". The EPA only closed the FOIA request yesterday and withheld numerous FOIA responsive records. it appears it might have been intentional not to communicate the FOIA adverse determination

response, no right to appeal the adverse determination, uploaded only two responsive records and provided no **legal authority** for withholding numerous responsive records to me based on my documented previous FOIA and Privacy Act requests communications with the EPA, communications with the EPA FOIA Liaison and the EPA FOIA Public Liaison apparently refusing and/or ignoring his legal duty and *responsibility for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes. See 5 U.S.C § 552(I)*.

The EPA provided no emailed or no uploaded to FOIAonline any determination letter for FOIA EPA-HQ-2018-9451 "Partial Grant/Partial Denial" final disposition and provided NO Right to Appeal this EPA Adverse Determination.  Again, the EPA did not comply with Federal Law for my FOIA requests. Apparently, the EPA and its staff believe they are above the law, and I have no rights as US Citizen!

The EPA and its staff refused to comply with Federal Law in the numerous past requests including but not limited to the EPA refusing to provide any FOIA responsive records in another FOIA with a "Fully Granted" final disposition for FOIA and Privacy Act EPA-HQ-2018-9113 request on August 28, 2018.

I was forced to appeal this response to try to get those records of "Fully Granted" FOIA and Privacy Act request response on September 7, 2018, because the EPA and EPA FOIA Liaison refused to provide any FOIA responsive records for a "Fully Granted" disposition as required by Federal Law. <u>I might be the only person required to Appeal "Fully Granted" FOIA disposition and still not get any FOIA and Privacy Act responsive records in a "Fully Granted" FOIA request.</u> The deadline for the EPA to provide that FOIA Appeal decision was October 5, 2018, 25 days ago and again the EPA, EPA staff and even the EPA FOIA Public Liaison will not comply with the Federal law and not provide these FOIA responsive records and not provide responsive records for many of my FOIA and Privacy Act requests!

<u>**Now, this is a new EPA scheme to illegally withhold numerous FOIA responsive records**</u>. It appears the EPA has a total disregarded of the Federal laws and US citizen's rights.  The EPA refuses to comply with the Federal law on my FOIA and Privacy Act requests!

**The EPA closed FOIA request # EPA-HQ-2018-9451 yesterday according to FOIAonline.  This FOIA request was filed on July 20, 2018, it took the EPA 101 days to respond to this request and was over 70 days late according to Federal Law. Never requesting an extension or any other other required communication. See a summary of the FOIA request below:**

FOIA EP-HQ-2018-9451 Request description: I request copies of the following records for the new FOIAonline Version 3 including ALL **FOIAonline version 3 instructional communications (emails, memos, letters, etc.) and FOIAonline version 3 manuals for FOIAonline Administrators, Agencies' Administrator and Agencies' Users**. See the *attached EPA's FOIA EPA-HQ-2017-9952 determination that "The records you are seeking are internal and are being protected pursuant to Exemption 5 USC 552 (b)(5)." and EPA's FOIA EPA-HQ-2017-9952 Appeal determination to "COMPLETELY REVERSE/REMAND" that EPA records seeking were NOT PROTECTED FOIA exemption 5 because the records were internal EPA records…*

**The EPA did not provide its FOIA response determination and reasons the EPA withheld many FOIA responsive records in its entirety. See the EPA only uploaded 2 files on FOIAonline and withheld numerous responsive files without providing the legal authority to withhold these responsive records see a screenshot from the EPA's FOIAonline below:**



See all the EPA communications for this request with the final disposition "Partial Grant/Partial Denial" and no required communication for being over 70 days past statutory deadline, see a **screenshot from the EPA's FOIAonline below**:





<u>**The EPA should immediately provide the FOIA determination letter and details of all the withheld FOIA responsive records with the actual number of documents and pages the EPA is withholding with reasons for EPA "Partial Grant/Partial Denial" withholding these responsive records.**</u> The EPA must comply with the FOIA Federal Law and provide my rights to Appeal this Request. Under Federal law, the EPA when they receive my FOIA Appeal for the illegally withheld responsive records for this FOIA request, then the EPA must provide a determination of my FOIA Appeal within 20 business days, too.

<u>Also, **the EPA should be required to comply with Federal Law and deadlines on all my FOIA and Privacy Requests and Appeals! The EPA is not above the law and I have rights all my FOIA and Privacy Act responsive records as a US**</u>

<u>Citizen.</u>  It should not be required take **a US District Court Order for the EPA, EPA staff and even the EPA FOIA Public Liaison comply with Federal Law and the EPA's legal non discretionary duties to produce all my FOIA and Privacy Act responsive records.**

As you know, FOIA law requires that <u>the agency makes the records "promptly available,"</u> which would mean within a few weeks, not months or years. 5 U.S.C.§ 552(a)(3)(A), (a)(6)(C)(i). see *Citizens for Resp. and Ethics v. Federal Election Commission*, 12-004 (D.C.C. 2013); *"FOIA Public Liaisons … shall serve as supervisory officials to whom a [FOIA] requester . . . can raise concerns about the service the requester has received from the FOIA Requester Center, following an initial response from the FOIA Requester Center Staff. **FOIA Public Liaisons shall be responsible for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes."** 5 U.S.C § 552(l).*

Sincerely,

James Chelmowski
FOIA Requester

Message

---

**From**: Gottesman, Larry [Gottesman.Larry@epa.gov]
**Sent**: 11/1/2018 1:45:24 PM
**To**: Shenefiel, Pam [shenefiel.pam@epa.gov]
**CC**: Crawford, Tim [Crawford.Tim@epa.gov]; Schumacher, Wendy [schumacher.wendy@epa.gov]
**Subject**: FW: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Attachments**: ATT00001.txt

**Importance**: High

As you can see Mr. Chelmowski stated that he did not receive OEIP's final response letter.  I checked the correspondence section of FOIAonline and did not see it also. Can you please provide Mr. Chelmowski with the signed letter and have it added to the FOIAonline case file.

Thanks

Larry F. Gottesman
Agency FOIA Officer
Office of General Counsel
U.S. Environmental Protection Agency

202-566-2162 (Direct line)
202-689-4588 (Mobile)
202-566-1667 (Main line)

---

**From:** jchelmowski@comcast.net [mailto:jchelmowski@comcast.net]
**Sent:** Thursday, November 01, 2018 9:39 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Wheeler, Andrew <wheeler.andrew@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Collins, Kevin W. <Collins.Kevin@epa.gov>; Lange, Kristen <lange.kristen@epa.gov>; Hanger, Eric <Hanger.Eric@epa.gov>; Sheehan, Charles <Sheehan.Charles@epa.gov>; OIP.ComplianceInquiry@usdoj.gov; OIG WEBCOMMENTS <OIG_WEBCOMMENTS@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; Criminal.Division@usdoj.gov; Leopold, Matt (OGC) <Leopold.Matt@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>; Albright, Scott <Albright.Scott@epa.gov>; Sandfoss, Kristina <Sandfoss.Kristina@epa.gov>; Packard, Elise <Packard.Elise@epa.gov>; Miller, Tia <Miller.Tia@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Importance:** High

Mr. Gottesman, EPA FOIA Public Liaison and EPA FOIA Officer

Please explain why now 2 days after the EPA closed the FOIA request EPA-HQ-2018-9451 with a final disposition of "Partial Grant/Partial Denial".  The EPA refuses to comply with Federal Law and continue to deny my rights as a United States Citizen?

Why is the EPA denying my legal rights including but not limited to the following:

1) EPA providing my right to Appeal this Adverse Decision 5 USC 552(a)(6)(A)(i)(III)(aa).
2) EPA providing notice my right to dispute mediation with either the OGIS or EPA FOIA Public Liaison 5 USC 552(a)(6)(A)(i)(III)(bb).
3) What legal authority the EPA has to withhold these FOIA responsive records?
4) What responsive records were withheld?
5) How the EPA conducted its search for the following:

FOIA EP-HQ-2018-9451 Request description: I request copies of the following records for the new FOIAonline Version 3 including **ALL FOIAonline version 3 instructional communications (emails, memos, letters, etc.) and FOIAonline version 3 manuals for FOIAonline Administrators, Agencies' Administrator and Agencies' Users**. See the *attached EPA's FOIA EPA-HQ-2017-9952 determination that "The records you are seeking are internal and are being protected pursuant to Exemption 5 USC 552 (b)(5)." and EPA's FOIA EPA-HQ-2017-9952 Appeal determination to "COMPLETELY REVERSE/REMAND" that EPA records seeking were NOT PROTECTED FOIA exemption 5 because the records were internal EPA records...*

**EPA FOIA Public Liaison emails responses of getting back in the next week apparently mean never or months or years in the past.**

You responded a day latter stated "Thanks you for your email.  Let me look into the matter and get back to you." Email is in this email chain.
I am still waiting from you including going back to 11 months ago on November 1, 2017 when you said a similar email response to the email with the Subject: "Fifth Request for DETAIL and LEGALITY of EPA demanded FOIA fee (first request a month ago) for appeal #EPA-HQ-2017-009953"

**EPA Legal Responsibility**
How long does it take to provide the FOIA Response Determination that was allegedly completed on October 30, 2018, pursuant to Federal Law 5 USC 552(a)(6)(A)(i)?

In the past the EPA FOIA Public Liaison provided emails similar emails thanking the FOIA Public Liaison and FOIA Officer for identifying my request for *assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes. See 5 U.S.C § 552(l).*

However, for example, I am still waiting for the FOIA Public Liaison response including but not limited to the following:
1) On December 1, 2017, Mr Gottesman email a response "Thanks you for your email reminder. I will get back to you next week." for email Subject: "Fifth Request for DETAIL and LEGALITY of EPA demanded FOIA fee (first request a month ago) for appeal #EPA-HQ-2017-009953"
   **It is now 335 days and the EPA FOIA Public Liaison never got back on that request.**

2) On August 10, 2018, Mr Gottesman email a response "Thanks you for your email. I will get back to you next week." for email **Subject:** "Again More Past Due FOIA/PA Requests & Appeals due earlier this week apparently more counts of Obstruction of Evidence"
   **It is now 83 days and the EPA FOIA Public Liaison never got back on that request.**
3) ...

**Please provide me my rights and the EPA responsibilities under Federal Law.**

**The EPA should immediately provide the FOIA determination letter and details of all the withheld FOIA responsive records with the actual number of documents and pages the EPA is withholding with reasons for EPA "Partial Grant/Partial Denial" withholding these responsive records.** The EPA must comply with the FOIA Federal Law and provide my rights to Appeal this Request. Under Federal law, the EPA when they receive my FOIA Appeal for the illegally withheld responsive records for this FOIA request, then the EPA must provide a determination of my FOIA Appeal within 20 business days, too.

<u>Also, **the EPA should be required to comply with Federal Law and deadlines on all my FOIA and Privacy Requests and Appeals! The EPA is not above the law and I have rights all my FOIA and Privacy Act responsive records as a US Citizen.**</u>  It should not be required take **a US District Court Order for the EPA, EPA staff and even the EPA FOIA Public Liaison comply with Federal Law and the EPA's legal nondiscretionary duties to produce all my FOIA and Privacy Act responsive records.**

As you know, FOIA law requires that <u>the agency makes the records "promptly available,"</u> which would mean within a few weeks, not months or years. 5 U.S.C.§ 552(a)(3)(A), (a)(6)(C)(i). see *Citizens for Resp. and Ethics v. Federal Election Commission*, 12-004 (D.C.C. 2013); *"FOIA Public Liaisons … shall serve as supervisory officials to whom a [FOIA] requester . . . can raise concerns about the service the requester has received from the FOIA Requester Center, following an initial response from the FOIA Requester Center Staff.* ***FOIA Public Liaisons shall be responsible for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes." 5 U.S.C § 552(l).***

Sincerely,

James Chelmowski
FOIA Requester

---

**From:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Sent:** Wednesday, October 31, 2018 8:23 AM
**To:** Jim Chelmowski <jchelmowski@comcast.net>
**Subject:** RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!

Thanks you for your email.  Let me look into the matter and get back to you.

Larry F. Gottesman
Agency FOIA Officer
Office of General Counsel
U.S. Environmental Protection Agency

202-566-2162 (Direct line)
202-689-4588 (Mobile)
202-566-1667 (Main line)

---

**From:** Jim Chelmowski [mailto:jchelmowski@comcast.net]
**Sent:** Wednesday, October 31, 2018 1:09 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Wheeler, Andrew <wheeler.andrew@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Collins, Kevin W. <Collins.Kevin@epa.gov>; Lange, Kristen <lange.kristen@epa.gov>; Hanger, Eric <Hanger.Eric@epa.gov>; Sheehan, Charles <Sheehan.Charles@epa.gov>; OIP.ComplianceInquiry@usdoj.gov; OIG WEBCOMMENTS <OIG_WEBCOMMENTS@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; Criminal.Division@usdoj.gov
**Cc:** Leopold, Matt (OGC) <Leopold.Matt@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>; Albright, Scott <Albright.Scott@epa.gov>; Sandfoss, Kristina <Sandfoss.Kristina@epa.gov>; Packard, Elise <Packard.Elise@epa.gov>; Miller, Tia <Miller.Tia@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>

**Subject:** No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Importance:** High

Dear EPA FOIA Liaison & FOIA Officer Larry Gottesman, EPA Administrator Andrew Wheeler, EPA Inspector General and Department of Justice,

<u>I received NO COMMUNICATIONS for the EPA Closed FOIA request EPA-HQ-2018-9451</u> with a closed final FOIA disposition "Partial Grant/Partial Denial". The EPA only closed the FOIA request yesterday and withheld numerous FOIA responsive records. it appears it might have been intentional not to communicate the FOIA adverse determination response, no right to appeal the adverse determination, uploaded only two responsive records and provided no **legal authority** for withholding numerous responsive records to me based on my documented previous FOIA and Privacy Act requests communications with the EPA, communications with the EPA FOIA Liaison and the EPA FOIA Public Liaison apparently refusing and/or ignoring his legal duty and *responsibility for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes. See 5 U.S.C § 552(l).*

**The EPA provided no emailed or no uploaded to FOIAonline any determination letter for FOIA EPA-HQ-2018-9451 "Partial Grant/Partial Denial" final disposition and provided NO Right to Appeal this EPA Adverse Determination. Again, the EPA did not comply with Federal Law for my FOIA requests. Apparently, the EPA and its staff believe they are above the law, and I have no rights as US Citizen!**

The EPA and its staff refused to comply with Federal Law in the numerous past requests including but not limited to the EPA refusing to provide any FOIA responsive records in another FOIA with a "Fully Granted" final disposition for FOIA and Privacy Act EPA-HQ-2018-9113 request on August 28, 2018.

I was forced to appeal this response to try to get those records of "Fully Granted" FOIA and Privacy Act request response on September 7, 2018, because the EPA and EPA FOIA Liaison refused to provide any FOIA responsive records for a "Fully Granted" disposition as required by Federal Law. <u>I might be the only person required to Appeal "Fully Granted" FOIA disposition and still not get any FOIA and Privacy Act responsive records in a "Fully Granted" FOIA request.</u> The deadline for the EPA to provide that FOIA Appeal decision was October 5, 2018, 25 days ago and again the EPA, EPA staff and even the EPA FOIA Public Liaison will not comply with the Federal law and not provide these FOIA responsive records and not provide responsive records for many other of my FOIA and Privacy Act requests!

<u>Now, this is a new EPA scheme to illegally withhold numerous FOIA responsive records</u>. It appears the EPA has a total disregarded of the Federal laws and US citizen's rights.  The EPA refuses to comply with the Federal law on my FOIA and Privacy Act requests!

**The EPA closed FOIA request # EPA-HQ-2018-9451 yesterday according to FOIAonline.  This FOIA request was filed on July 20, 2018, it took the EPA 101 days to respond to this request and was over 70 days late according to Federal Law. Never requesting an extension or any other other required communication. See a summary of the FOIA request below:**

FOIA EP-HQ-2018-9451 Request description: I request copies of the following records for the new FOIAonline Version 3 including ALL <u>FOIAonline version 3 instructional communications</u> (emails, memos, letters, etc.) and <u>FOIAonline version 3 manuals for FOIAonline Administrators, Agencies' Administrator and Agencies' Users</u>. See the *attached EPA's FOIA EPA-HQ-2017-9952 determination that "The records you are seeking are internal and are being protected pursuant to Exemption 5 USC 552 (b)(5)." and EPA's FOIA EPA-HQ-2017-9952 Appeal determination to "COMPLETELY REVERSE/REMAND" that EPA records seeking were NOT PROTECTED FOIA exemption 5 because the records were internal EPA records...*

**The EPA did not provide its FOIA response determination and reasons the EPA withheld many FOIA responsive records in its entirety. See the EPA only uploaded 2 files on FOIAonline and withheld numerous responsive files without providing the legal authority to withhold these responsive records see a screenshot from the EPA's FOIAonline below:**



See all the EPA communications for this request with the final disposition "Partial Grant/Partial Denial" and no required communication for being over 70 days past statutory deadline, see a **screenshot from the EPA's FOIAonline below**:





**<u>The EPA should immediately provide the FOIA determination letter and details of all the withheld FOIA responsive records with the actual number of documents and pages the EPA is withholding with reasons for EPA "Partial Grant/Partial Denial" withholding these responsive records.</u>** The EPA must comply with the FOIA Federal Law and provide my rights to Appeal this Request. Under Federal law, the EPA when they receive my FOIA Appeal for the illegally

withheld responsive records for this FOIA request, then the EPA must provide a determination of my FOIA Appeal within 20 business days, too.

Also, **the EPA should be required to comply with Federal Law and deadlines on all my FOIA and Privacy Requests and Appeals! The EPA is not above the law and I have rights all my FOIA and Privacy Act responsive records as a US Citizen.**  It should not be required take **a US District Court Order for the EPA, EPA staff and even the EPA FOIA Public Liaison comply with Federal Law and the EPA's legal non discretionary duties to produce all my FOIA and Privacy Act responsive records.**

As you know, FOIA law requires that the agency makes the records "promptly available," which would mean within a few weeks, not months or years. 5 U.S.C.§ 552(a)(3)(A), (a)(6)(C)(i). see *Citizens for Resp. and Ethics v. Federal Election Commission*, 12-004 (D.C.C. 2013); *"FOIA Public Liaisons … shall serve as supervisory officials to whom a [FOIA] requester . . . can raise concerns about the service the requester has received from the FOIA Requester Center, following an initial response from the FOIA Requester Center Staff.  **FOIA Public Liaisons shall be responsible for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes."** 5 U.S.C § 552(l).*

Sincerely,

James Chelmowski
FOIA Requester

Message

| | |
|---|---|
| **From**: | McGuire, Cathy [McGuire.Cathy@epa.gov] |
| **Sent**: | 7/27/2017 5:33:10 PM |
| **To**: | Crawford, Tim [Crawford.Tim@epa.gov]; Kerwin, Courtney [Kerwin.Courtney@epa.gov]; Gottesman, Larry [Gottesman.Larry@epa.gov]; Gheitu, Judy [Gheitu.Judy@epa.gov] |
| **Subject**: | FW: Privacy Act Request Supporting Information: PA-0001-2017 |
| **Attachments**: | EPA Privacy Act related EPA-HQ-2017-008256.pdf; PRIVACY ACT REQUEST CONTROL SHEET PA-0001-2017.docx; No Records Response Template.doc |

**Importance**:   High

Tim and Courtney,

Just a follow-up to the email I sent on the 20th , checking to see if this information was sent to the requestor or if you had any questions for the Privacy Office.  I have included Judy Gheitu on this email.

Thank you,

Cathy

Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

**From:** McGuire, Cathy
**Sent:** Tuesday, July 25, 2017 4:58 PM
**To:** McGuire, Cathy <McGuire.Cathy@epa.gov>
**Subject:** FW: Privacy Act Request Supporting Information: PA-0001-2017
**Importance:** High

Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

**From:** McGuire, Cathy
**Sent:** Thursday, July 20, 2017 11:29 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; Kerwin, Courtney <Kerwin.Courtney@epa.gov>; Gottesman, Larry

<Gottesman.Larry@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>; Gheitu, Judy
<Gheitu.Judy@epa.gov>; Earle, Judy <Earle.Judy@epa.gov>
**Cc:** McKinney, Robert <mckinney.robert@epa.gov>; Sabbagh, Bill <sabbagh.bill@epa.gov>; McGuire, Cathy
<McGuire.Cathy@epa.gov>; Whiting, Michael <Whiting.Mike@epa.gov>
**Subject:** FW: Privacy Act Request Supporting Information: PA-0001-2017
**Importance:** High

Tim and Courtney,

I truly apologize for all the confusion regarding Privacy Request PA-001-2017. Originally I was under the impression I was to reach out to each of you as the System Owners and ask you to research your systems for records per the attached request and I would then forward this information to the Privacy Office for them to respond to the requestor by the due date July 19th (see message below). Since that time I have been informed that the Program Office (which I assume in this case is OEIP)is to respond to the requestor.

I am told by the Privacy Office that you should be familiar with this process, if not, I would recommend that you reach out directly to Judy Earle or Judy Gheitu for guidance. I have attached the sample template that I was sent if this is of help.

Again, I apologize for the confusion. Also, since the due date was yesterday, I sent an email to both the Privacy Office and the FOIA Office requesting an extension. I will continue to check on this and hopefully it was approved and they will provide us with a new due date.

Cathy


Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

---

**From:** McGuire, Cathy
**Sent:** Thursday, July 13, 2017 2:52 PM
**To:** Earle, Judy <Earle.Judy@epa.gov>; Gheitu, Judy <Gheitu.Judy@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; McGuire, Cathy <McGuire.Cathy@epa.gov>; Crawford, Tim
<Crawford.Tim@epa.gov>; Kerwin, Courtney <Kerwin.Courtney@epa.gov>
**Subject:** Privacy Act Request Supporting Information: PA-0001-2017

Judy and Judy,

This email is in response to Privacy Act Request (PA-001-2017). The request was from Mr. James Chelmowski and covered the period of September 1, 2015 to June 9, 2017. Mr. Chelmowski requested under both FOIA 5 USC 552 and Privacy Act 5 USC 552a the Agency produce from *FOIAonline, EPA-9 & EPA-GOVT-2 of EPA.System.of.Records* all FOIAonline records which are Related to the Requester include for all the FOIAonline individual records including but not limited to all FOIAonline record fields, entries, status change, assignments, case file, notes, comments, logs, notes, etc. for all my EPA FOIA requests required for both Privacy Act and/or FOIA request.

In my capacity as the OEI Liaison Privacy Official (LPO), I reached out to each of the respective system owners: Tim Crawford (EPA-9, FOIAonline) and Courtney Kerwin (EPA-GOVT-2, FDMS) in response to this request.

_Information Re: Records Pertaining to Mr. Chelmowski found in EPA-9, FOIAonline_

_I was informed by Larry Gottesman (FOIA Office) this information is currently being researched by Wendy Schumacher (FOIA Office)  as a result of a recent EPA FOIA request for the same information.  Mr. Gottesman recommended for Privacy Act Response to PA-001-2017, the EPA Privacy Officer explain to Mr. Chemowski that any records found based on his request  for records pertaining to him in EPA-9 FOIAonline would be sent to him from the EPA FOIA Office.  The FOIA case numbers are EPA-HQ-2017-008255 and EPA-HQ-2017-008256._

_Information Re: Records Pertaining to Mr. Chelmowski found in FDMS, formerly EPA-GOVT-2_

_Courtney Kerwin (FDMS system owner) responded there are no FOIAonline records maintained within FDMS.  Unless this request were to cover **all** records related to Mr. Chelmowski (which was not her read of the request), the Agency do not have any records to provide._

In regards to the written response to Mr. Chelmowski, I have spoken with my Division Director, Bill Sabbagh and he agrees this should come from the Privacy Office since the request was directed to the Agency Privacy Official.

If you have any questions please reach out to me at mcguire.cathy@epa.gov or 919.541.4053.

Thank you,

Cathy

Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

Message

---

**From:**     McKinney, Robert [mckinney.robert@epa.gov]
**Sent:**     7/25/2017 8:13:19 PM
**To:**       McGuire, Cathy [McGuire.Cathy@epa.gov]
**CC:**       Crawford, Tim [Crawford.Tim@epa.gov]; Kerwin, Courtney [Kerwin.Courtney@epa.gov]; Gottesman, Larry
              [Gottesman.Larry@epa.gov]; Schumacher, Wendy [schumacher.wendy@epa.gov]; Gheitu, Judy
              [Gheitu.Judy@epa.gov]; Earle, Judy [Earle.Judy@epa.gov]; Sabbagh, Bill [sabbagh.bill@epa.gov]; Whiting, Michael
              [Whiting.Mike@epa.gov]
**Subject:**  Re: Privacy Act Request Supporting Information: PA-0001-2017

---

Cathy,

Please review the procedures. You should be coordinating with the system owner to gather the information.

Thanks,

> Rob McKinney
> Deputy Chief Information Security Officer
> Environmental Protection Agency
> Office of Environmental Information
> (202) 564-0921 (w)
> (202) 280-9135 (m)
>
> This email may contain controlled unclassified information. If it is evident that you are not the
intended recipient, please notify the sender immediately and then destroy this email. Unauthorized copying,
disclosure or distribution of the material in this email is strictly forbidden.


> On Jul 20, 2017, at 11:29 AM, McGuire, Cathy <McGuire.Cathy@epa.gov> wrote:
>
> Tim and Courtney,
>
> I truly apologize for all the confusion regarding Privacy Request PA-001-2017.  Originally I was under
the impression I was to reach out to each of you as the System Owners and ask you to research your
systems for records per the attached request and I would then forward this information to the Privacy
Office for them to respond to the requestor by the due date July 19th (see message below).  Since that
time I have been informed that the Program Office (which I assume in this case is OEIP)is to respond to
the requestor.
>
> I am told by the Privacy Office that you should be familiar with this process, if not, I would
recommend that you reach out directly to Judy Earle or Judy Gheitu for guidance.  I have attached the
sample template that I was sent if this is of help.
>
> Again, I apologize for the confusion.  Also, since the due date was yesterday, I sent an email to both
the Privacy Office and the FOIA Office requesting an extension.  I will continue to check on this and
hopefully it was approved and they will provide us with a new due date.
>
> Cathy
>
>
> Cathy McGuire
> OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
> OEI/OBOS/Information and Security Division
> Mail code N-229-01
> 109 TW Alexander Drive
> Durham, NC 27711
>
> email: mcguire.cathy@epa.gov
>
> (w) 919-541-4053
> (cell) 919-885-3705
>
> From: McGuire, Cathy
> Sent: Thursday, July 13, 2017 2:52 PM
> To: Earle, Judy <Earle.Judy@epa.gov>; Gheitu, Judy <Gheitu.Judy@epa.gov>
> Cc: Sabbagh, Bill <sabbagh.bill@epa.gov>; McGuire, Cathy <McGuire.Cathy@epa.gov>; Crawford, Tim
<Crawford.Tim@epa.gov>; Kerwin, Courtney <Kerwin.Courtney@epa.gov>
> Subject: Privacy Act Request Supporting Information: PA-0001-2017
>
> Judy and Judy,
>

> This email is in response to Privacy Act Request (PA-001-2017).  The request was from Mr. James
Chelmowski and covered the period of September 1, 2015 to June 9, 2017.  Mr. Chelmowski requested under
both FOIA 5 USC 552 and Privacy Act 5 USC 552a the Agency produce from FOIAonline, EPA-9 & EPA-GOVT-2 of
EPA.System.of.Records all FOIAonline records which are Related to the Requester include for all the
FOIAonline individual records including but not limited to all FOIAonline record fields, entries, status
change, assignments, case file, notes, comments, logs, notes, etc. for all my EPA FOIA requests required
for both Privacy Act and/or FOIA request.
>
> In my capacity as the OEI Liaison Privacy Official (LPO), I reached out to each of the respective
system owners:  Tim Crawford (EPA-9, FOIAonline) and Courtney Kerwin (EPA-GOVT-2, FDMS) in response to
this request.
>
> Information Re: Records Pertaining to Mr. Chelmowski found in EPA-9, FOIAonline
>
> I was informed by Larry Gottesman (FOIA Office) this information is currently being researched by Wendy
Schumacher (FOIA Office)  as a result of a recent EPA FOIA request for the same information.  Mr.
Gottesman recommended for Privacy Act Response to PA-001-2017, the EPA Privacy Officer explain to Mr.
Chemowski that any records found based on his request  for records pertaining to him in EPA-9 FOIAonline
would be sent to him from the EPA FOIA Office.  The FOIA case numbers are EPA-HQ-2017-008255 and EPA-HQ-
2017-008256.
>
> Information Re: Records Pertaining to Mr. Chelmowski found in FDMS, formerly EPA-GOVT-2
>
> Courtney Kerwin (FDMS system owner) responded there are no FOIAonline records maintained within FDMS.
Unless this request were to cover all records related to Mr. Chelmowski (which was not her read of the
request), the Agency do not have any records to provide.
>
> In regards to the written response to Mr. Chelmowski, I have spoken with my Division Director, Bill
Sabbagh and he agrees this should come from the Privacy Office since the request was directed to the
Agency Privacy Official.
>
> If you have any questions please reach out to me at mcguire.cathy@epa.gov<mailto:mcguire.cathy@epa.gov>
or 919.541.4053.
>
> Thank you,
>
> Cathy
>
>
> Cathy McGuire
> OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
> OEI/OBOS/Information and Security Division
> Mail code N-229-01
> 109 TW Alexander Drive
> Durham, NC 27711
>
> email: mcguire.cathy@epa.gov<mailto:mcguire.cathy@epa.gov>
>
> (w) 919-541-4053
> (cell) 919-885-3705
>
>
>
> <EPA Privacy Act related EPA-HQ-2017-008256.pdf>
> <PRIVACY ACT REQUEST CONTROL SHEET PA-0001-2017.docx>
> <No Records Response Template.doc>

Message

---

**From**: McGuire, Cathy [McGuire.Cathy@epa.gov]
**Sent**: 7/20/2017 3:29:04 PM
**To**: Crawford, Tim [Crawford.Tim@epa.gov]; Kerwin, Courtney [Kerwin.Courtney@epa.gov]; Gottesman, Larry [Gottesman.Larry@epa.gov]; Schumacher, Wendy [schumacher.wendy@epa.gov]; Gheitu, Judy [Gheitu.Judy@epa.gov]; Earle, Judy [Earle.Judy@epa.gov]
**CC**: McKinney, Robert [mckinney.robert@epa.gov]; Sabbagh, Bill [sabbagh.bill@epa.gov]; McGuire, Cathy [McGuire.Cathy@epa.gov]; Whiting, Michael [Whiting.Mike@epa.gov]
**Subject**: FW: Privacy Act Request Supporting Information: PA-0001-2017
**Attachments**: EPA Privacy Act related EPA-HQ-2017-008256.pdf; PRIVACY ACT REQUEST CONTROL SHEET PA-0001-2017.docx; No Records Response Template.doc

**Importance**: High

Tim and Courtney,

I truly apologize for all the confusion regarding Privacy Request PA-001-2017.  Originally I was under the impression I was to reach out to each of you as the System Owners and ask you to research your systems for records per the attached request and I would then forward this information to the Privacy Office for them to respond to the requestor by the due date July 19th (see message below).  Since that time I have been informed that the Program Office (which I assume in this case is OEIP)is to respond to the requestor.

I am told by the Privacy Office that you should be familiar with this process, if not, I would recommend that you reach out directly to Judy Earle or Judy Gheitu for guidance.  I have attached the sample template that I was sent if this is of help.

Again, I apologize for the confusion.  Also, since the due date was yesterday, I sent an email to both the Privacy Office and the FOIA Office requesting an extension.  I will continue to check on this and hopefully it was approved and they will provide us with a new due date.

Cathy

Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

---

**From:** McGuire, Cathy
**Sent:** Thursday, July 13, 2017 2:52 PM
**To:** Earle, Judy <Earle.Judy@epa.gov>; Gheitu, Judy <Gheitu.Judy@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; McGuire, Cathy <McGuire.Cathy@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>; Kerwin, Courtney <Kerwin.Courtney@epa.gov>
**Subject:** Privacy Act Request Supporting Information: PA-0001-2017

Judy and Judy,

This email is in response to Privacy Act Request (PA-001-2017).  The request was from Mr. James Chelmowski and covered the period of September 1, 2015 to June 9, 2017.  Mr. Chelmowski requested under both FOIA 5 USC 552 and Privacy Act 5 USC 552a the Agency produce from *FOIAonline, EPA-9 & EPA-GOVT-2 of EPA.System.of.Records* all

FOIAonline records which are Related to the Requester include for all the FOIAonline individual records including but not limited to all FOIAonline record fields, entries, status change, assignments, case file, notes, comments, logs, notes, etc. for all my EPA FOIA requests required for both Privacy Act and/or FOIA request.

In my capacity as the OEI Liaison Privacy Official (LPO), I reached out to each of the respective system owners:  Tim Crawford (EPA-9, FOIAonline) and Courtney Kerwin (EPA-GOVT-2, FDMS) in response to this request.

_Information Re: Records Pertaining to Mr. Chelmowski found in EPA-9, FOIAonline_

_I was informed by Larry Gottesman (FOIA Office) this information is currently being researched by Wendy Schumacher (FOIA Office)  as a result of a recent EPA FOIA request for the same information.  Mr. Gottesman recommended for Privacy Act Response to PA-001-2017, the EPA Privacy Officer explain to Mr. Chemowski that any records found based on his request  for records pertaining to him in EPA-9 FOIAonline would be sent to him from the EPA FOIA Office.  The FOIA case numbers are EPA-HQ-2017-008255 and EPA-HQ-2017-008256._

_Information Re: Records Pertaining to Mr. Chelmowski found in FDMS, formerly EPA-GOVT-2_

_Courtney Kerwin (FDMS system owner) responded there are no FOIAonline records maintained within FDMS.  Unless this request were to cover **all** records related to Mr. Chelmowski (which was not her read of the request), the Agency do not have any records to provide._

In regards to the written response to Mr. Chelmowski, I have spoken with my Division Director, Bill Sabbagh and he agrees this should come from the Privacy Office since the request was directed to the Agency Privacy Official.

If you have any questions please reach out to me at mcguire.cathy@epa.gov or 919.541.4053.

Thank you,

Cathy


Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711


email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

Message

---

**From**: McGuire, Cathy [McGuire.Cathy@epa.gov]
**Sent**: 7/19/2017 8:36:52 PM
**To**: Gheitu, Judy [Gheitu.Judy@epa.gov]; Aguilar, Marlyn [Aguilar.Marlyn@epa.gov]; Sabbagh, Bill [sabbagh.bill@epa.gov]; Gottesman, Larry [Gottesman.Larry@epa.gov]
**CC**: Schumacher, Wendy [schumacher.wendy@epa.gov]; Kerwin, Courtney [Kerwin.Courtney@epa.gov]; Crawford, Tim [Crawford.Tim@epa.gov]; Earle, Judy [Earle.Judy@epa.gov]; McGuire, Cathy [McGuire.Cathy@epa.gov]
**Subject**: RE: Privacy Act Request Supporting Information: PA-0001-2017

Judy, Judy and Larry,

I truly apologize for all the confusion on the process of who is to respond to the requestor for the Privacy Act Request PA-0001-2017.  Part of the confusion may be the fact the requestor has requested similar information multiple times from both the FOIA and the Privacy Office.

Unfortunately, the due date is today, July 19th and there still does not seem to be a clear understanding of who is responsible for the actual response to the requestor.  Fortunately, all the information in the Privacy Act request has been gathered or is being gathered by the FOIA Office based on an identical request they received from the requestor.

Based on the following information I was provided, the ISO or System Owner must request an extension if the due date cannot be met; however, I do not think it fair to put this on the System Owners since they were not even aware they were to respond to the requester and further it does not even indicate who the request for an extension is to be sent to, only indicates that a copy be sent to the HQ LPO.

*"The ISO or System Owner who is unable to respond to the request by the due date will inform the individual of the reason(s) for the delay and will provide an estimated time for when a decision will be made. The extension of time to respond must be provided in writing and a copy sent to the HQ LPO."*

I am sending this to both the Privacy Office and the FOIA Office and hopefully this can serve as a request for an official request for an extension for PA-0001-2017 based on the need for additional information exchange between Offices to complete the response.  This should extension should require less than a week from the official due date July 19, 2017 for the appropriate Program Office to be identified and respond to the requestor.

Thank you,

Cathy


Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711


email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

---

**From:** Gheitu, Judy
**Sent:** Wednesday, July 19, 2017 3:10 PM
**To:** Aguilar, Marlyn <Aguilar.Marlyn@epa.gov>; McGuire, Cathy <McGuire.Cathy@epa.gov>
**Subject:** RE: Privacy Act Request Supporting Information: PA-0001-2017

Thanks again, Marlyn. I will relay your response to Cathy.

*Judy Burns Gheitu*

Office of Environmental Information | Office of Information Security and Privacy (OISP)
1200 Pennsylvania Ave NW | MC 2822T
Washington, DC 20460
202-566-0134

The Office of Information Security and Privacy (OISP) is a customer-focused organization. If I exceed or do not meet your expectations, please feel free to contact: Jeff Anouilh, D-SAISO at anouilh.jeffrey@epa.gov or via phone at (202)566-2455.

---

**From:** Aguilar, Marlyn
**Sent:** Wednesday, July 19, 2017 2:52 PM
**To:** Gheitu, Judy <Gheitu.Judy@epa.gov>
**Subject:** RE: Privacy Act Request Supporting Information: PA-0001-2017

Hi Judy,

Here's what the procedure says about delays:

**If an extension of time to respond is required:**
The ISO or System Owner who is unable to respond to the request by the due date will inform the individual of the reason(s) for the delay and will provide an estimated time for when a decision will be made. The extension of time to respond must be provided in writing and a copy sent to the HQ LPO.

---

**From:** Gheitu, Judy
**Sent:** Wednesday, July 19, 2017 2:35 PM
**To:** Aguilar, Marlyn <Aguilar.Marlyn@epa.gov>
**Subject:** FW: Privacy Act Request Supporting Information: PA-0001-2017

*Judy Burns Gheitu*

Office of Environmental Information | Office of Information Security and Privacy (OISP)
1200 Pennsylvania Ave NW | MC 2822T
Washington, DC 20460
202-566-0134

The Office of Information Security and Privacy (OISP) is a customer-focused organization. If I exceed or do not meet your expectations, please feel free to contact: Jeff Anouilh, D-SAISO at anouilh.jeffrey@epa.gov or via phone at (202)566-2455.

---

**From:** McGuire, Cathy
**Sent:** Wednesday, July 19, 2017 12:49 PM
**To:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Gheitu, Judy <Gheitu.Judy@epa.gov>; Earle, Judy <Earle.Judy@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** RE: Privacy Act Request Supporting Information: PA-0001-2017

All,

What is the process for requesting an extension while we clarify the process?

If this indeed the responsibility of the Program Office to respond time the requestor we need time to inform them of this and ensure they are familiar with the process and templates. When I was sent this is was my understanding that I was to reach out to the systems owners and gather this information for the Privacy Office, not advise them that they were to respond to the requestor.

*Cathy*

Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

---

**From:** Sabbagh, Bill
**Sent:** Wednesday, July 19, 2017 9:57 AM
**To:** Gheitu, Judy <Gheitu.Judy@epa.gov>; McGuire, Cathy <McGuire.Cathy@epa.gov>; McKinney, Robert <mckinney.robert@epa.gov>; Earle, Judy <Earle.Judy@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** RE: Privacy Act Request Supporting Information: PA-0001-2017
**Importance:** High

Judy,
That is an old policy and it is required of the assigned office to response.

The normal process for ALL FOIAs is the assigned program office response to the requester and this FOIA was assigned to your office via the agency FOIA office.

Our office will not be able to reply back to the requester as we are not the lead on it.

Thank you

Bill Sabbagh
Director,
Information & Security Program Division (ISPD)
Office of Business Operation and Services (OBOS)
**Office of Environmental Information (OEI)**
**U.S. Environmental Protection Agency (US EPA)**
**Office Location:**
Suite 5322G EPA West | 1301 Constitution Ave NW | Map: http://tinyurl.com/hbem8
**Mailing Address:**
U.S. EPA |1200 Pennsylvania Ave NW Mail Code: 2832T | Washington, DC 20460
Phone: 202-566-9859 | Cell: 202-302-3722Email: Sabbagh.bill@epa.gov

---

**From:** Gheitu, Judy
**Sent:** Wednesday, July 19, 2017 9:14 AM
**To:** Sabbagh, Bill <sabbagh.bill@epa.gov>
**Subject:** RE: Privacy Act Request Supporting Information: PA-0001-2017

Hi Bill,

The EPA Procedure for Processing Privacy Act Requests
http://intranet.epa.gov/oei/imitpolicy/qic/ciopolicy/processing_pa_requests.pdf

states that the ISO or System Owner is responsible for responding to the individual in writing.

*Judy Burns Gheitu*

Office of Environmental Information| Office of Information Security and Privacy (OISP)
1200 Pennsylvania Ave NW|MC 2822T
Washington, DC 20460
202-566-0134

The Office of Information Security and Privacy (OISP) is a customer-focused organization. If I exceed or do not meet your expectations, please feel free to contact: Jeff Anouilh, D-SAISO at anouilh.jeffrey@epa.gov or via phone at (202)566-2455.

**From:** Sabbagh, Bill
**Sent:** Wednesday, July 19, 2017 7:16 AM
**To:** Gheitu, Judy <Gheitu.Judy@epa.gov>; McGuire, Cathy <McGuire.Cathy@epa.gov>
**Subject:** RE: Privacy Act Request Supporting Information: PA-0001-2017

HI Judy

Thanks for the document,
but
From our perspective, the response for this FOIA will either need to come from the agency privacy office or the system owner, it should not come from OBOS.

This FOIA was assigned by the FOIA office to the agency privacy office.
Cathy was able to facilitate/coordinate the response back to the privacy office as requested, but by all means she is not to respond to the requestor.

Thank you

**From:** Gheitu, Judy
**Sent:** Tuesday, July 18, 2017 2:35 PM
**To:** McGuire, Cathy <McGuire.Cathy@epa.gov>; Sabbagh, Bill <sabbagh.bill@epa.gov>
**Subject:** RE: Privacy Act Request Supporting Information: PA-0001-2017

Good afternoon Cathy,

I found a couple of letter templates used by the FOIA office and Marlyn Aguilar updated them. I hope they suffice.

*Judy Burns Gheitu*

Office of Environmental Information| Office of Information Security and Privacy (OISP)
1200 Pennsylvania Ave NW|MC 2822T
Washington, DC 20460
202-566-0134

The Office of Information Security and Privacy (OISP) is a customer-focused organization. If I exceed or do not meet your expectations, please feel free to contact: Jeff Anouilh, D-SAISO at anouilh.jeffrey@epa.gov or via phone at (202)566-2455.

**From:** McGuire, Cathy
**Sent:** Monday, July 17, 2017 10:28 AM
**To:** Earle, Judy <Earle.Judy@epa.gov>; Gheitu, Judy <Gheitu.Judy@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; McGuire, Cathy <McGuire.Cathy@epa.gov>

**Subject:** RE: Privacy Act Request Supporting Information: PA-0001-2017
**Importance:** High

Judy and Judy,

Just a quick follow-up to the email I sent on Thursday to confirm you received it.  Please let me know if you have any questions.

Cathy

Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

**From:** McGuire, Cathy
**Sent:** Thursday, July 13, 2017 2:52 PM
**To:** Earle, Judy <Earle.Judy@epa.gov>; Gheitu, Judy <Gheitu.Judy@epa.gov>
**Cc:** bill sabbagh (sabbagh.bill@epa.gov) <sabbagh.bill@epa.gov>; Cathy McGuire <McGuire.Cathy@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>; Kerwin, Courtney <Kerwin.Courtney@epa.gov>
**Subject:** Privacy Act Request Supporting Information: PA-0001-2017

Judy and Judy,

This email is in response to Privacy Act Request (PA-001-2017).  The request was from Mr. James Chelmowski and covered the period of September 1, 2015 to June 9, 2017.  Mr. Chelmowski requested under both FOIA 5 USC 552 and Privacy Act 5 USC 552a the Agency produce from *FOIAonline, EPA-9 & EPA-GOVT-2 of EPA.System.of.Records* all FOIAonline records which are Related to the Requester include for all the FOIAonline individual records including but not limited to all FOIAonline record fields, entries, status change, assignments, case file, notes, comments, logs, notes, etc**.** for all my EPA FOIA requests required for both Privacy Act and/or FOIA request.

In my capacity as the OEI Liaison Privacy Official (LPO), I reached out to each of the respective system owners:  Tim Crawford (EPA-9, FOIAonline) and Courtney Kerwin (EPA-GOVT-2, FDMS) in response to this request.

*Information Re: Records Pertaining to Mr. Chelmowski found in EPA-9, FOIAonline*

*I was informed by Larry Gottesman (FOIA Office) this information is currently being researched by Wendy Schumacher (FOIA Office)  as a result of a recent EPA FOIA request for the same information.  Mr. Gottesman recommended for Privacy Act Response to PA-001-2017, the EPA Privacy Officer explain to Mr. Chemowski that any records found based on his request  for records pertaining to him in EPA-9 FOIAonline would be sent to him from the EPA FOIA Office.  The FOIA case numbers are EPA-HQ-2017-008255 and EPA-HQ-2017-008256.*

*Information Re: Records Pertaining to Mr. Chelmowski found in FDMS, formerly EPA-GOVT-2*

*Courtney Kerwin (FDMS system owner) responded there are no FOIAonline records maintained within FDMS.  Unless this request were to cover **all** records related to Mr. Chelmowski (which was not her read of the request), the Agency do not have any records to provide.*

In regards to the written response to Mr. Chelmowski, I have spoken with my Division Director, Bill Sabbagh and he agrees this should come from the Privacy Office since the request was directed to the Agency Privacy Official.

If you have any questions please reach out to me at mcguire.cathy@epa.gov or 919.541.4053.

Thank you,

Cathy


Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

Message

---

**From**:      Schumacher, Wendy [schumacher.wendy@epa.gov]
**Sent**:      3/7/2018 3:00:27 PM
**To**:        Crawford, Tim [Crawford.Tim@epa.gov]
**Subject**:   RE: James Chelmowski EPA-HQ-2018-004357
**Attachments**:   EPA-HQ-2018-004357 FAL.docx

Tim,

Start with this.  Not sure who signs your letters.

Wendy

---

**From:** Crawford, Tim
**Sent:** Wednesday, March 07, 2018 9:16 AM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** RE: James Chelmowski EPA-HQ-2018-004357

I added Wendy as reviewer and started the close out process.
I don't feel comfortable selecting a template response letter.

Wendy can you take from there and complete close out?
--thank you

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Crawford, Tim
**Sent:** Wednesday, March 07, 2018 9:12 AM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** RE: James Chelmowski EPA-HQ-2018-004357

Great idea—that worked.
The record is has been uploaded.
Should I begin close out? Who wants the reviewer role?
--thanks



Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Schumacher, Wendy
**Sent:** Wednesday, March 07, 2018 9:02 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** RE: James Chelmowski EPA-HQ-2018-004357

What about saving as a pdf?

---

**From:** Crawford, Tim
**Sent:** Wednesday, March 07, 2018 9:01 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: James Chelmowski EPA-HQ-2018-004357

Hey Larry/Wendy:
I tried again to load the ppt file attached in my original message sent Monday and it simply will not load.
Scott Albright is discussing any exemptions appropriate for applying to FOIAonline system user guides, but I don't think any will be approved and the security sensitivity is not an issue for the training materials.  How do you suggest sending to Mr. Chelmowski—directly via email?
--thanks

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

**From:** Crawford, Tim
**Sent:** Monday, March 05, 2018 2:03 PM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** James Chelmowski EPA-HQ-2018-004357

Hi Larry/Wendy:

I've gotten the attached training materials that CGI uses to train agencies in response to Mr. C's request noted above.  I've tried to load the file and it will not take.  I've reported to the help desk, but there may be something with the particular file.  I've successfully loaded a Word file as a test so not sure it will work.  We may need to send it to him externally.

On a related note, Scott Albright and I were discussing another request from Mr. C for agency and public user guides.  I mentioned our discussion about the partner's investment in the system and thought you had suggested possible use of an exemption 5 cite, but he was not sure it would fly.  I expect a determination would apply this document as well.

I committed to sending him a few bullets for his consideration, and will include you on the points I can think of—he is trying to wrap up this week, so I expect if no exemptions are used, we can just send him the attached directly.

Good?
-thanks


Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538



**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**

WASHINGTON, D.C. 20460

Mr. James Chelmowski

Ex. 6 Personal Privacy (PP)

RE:  Request Number: EPA-HQ-2018-004357

Dear Mr. Chelmowski:

This is in response to your Freedom of Information Act (FOIA) request to the U.S. Environmental Protection Agency (EPA).  In this request you are seeking:

> "This is a request under the Freedom of Information Act for a copy of the Environmental Protection Agency's. FOIAonline training, including all the slides, handouts, notes, instructor notes, details, etc. from the EPA FOIAonline training for both EPA, FOIAonline administrators and other government agencies using the FOIAonline. Must also Include training provided to or received by Tim Crawford, FOIAonline Program Manager and CGI Federal administrators.

> It is my understanding and public knowledge the EPA is in possession that the EPA Agency sponsors FOIAonline trainings for managers, supervisors and staff (both for the EPA and other participating agencies/departments). The training is for EPA, FOIAonline administrators and other government agencies/departments using the FOIAonline which of course the FOIAonline is an EPA System of Records (EPA-9) https://www.federalregister.gov/documents/2016/11/17/2016-27669/privacy-act-of-1974-system-of-records .

> Of course, the responsive training records should be for all levels of the FOIAonline system administrators and FOIAonline agency/departments users. Must also Include training provided to or received by Tim Crawford, FOIAonline Program Manager and CGI Federal administrators."

We are releasing one record consisting of 17 pages.

This letter concludes our response to your request. You may appeal this response by email at hq.foia@epa.gov, or by mail to the National Freedom of Information Office, U.S. EPA, 1200 Pennsylvania Avenue, N.W. (2822T), Washington, DC 20460. Only items mailed through the United States Postal Service may be delivered to 1200 Pennsylvania Avenue.  If you are submitting your appeal by hand delivery, courier service,

or overnight delivery, you must address your correspondence to 1301 Constitution Avenue, N.W., Room 6416J, Washington, DC 20001. Your appeal must be in writing, and it must be received no later than 90 calendar days from the date of this letter. The Agency will not consider appeals *received* after the 90-calendar-day limit. Appeals received after 5:00 pm EST will be considered received the next business day. The appeal letter should include the FOIA tracking number listed above. For quickest possible handling, the subject line of your email, the appeal letter, and its envelope, if applicable, should be marked "Freedom of Information Act Appeal." Additionally, you may seek dispute resolution services from EPA's FOIA Public Liaison at hq.foia@epa.gov or (202) 566-1667, or from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, Room 2510, 8610 Adelphi Road, College Park, MD 20740-6001; email, ogis@nara.gov; telephone, (202) 741-5770 or (877) 684-6448; or fax, (202) 741-5769.

If you have any questions please call me at (202) 566-1667.

Sincerely,


Larry F. Gottesman
National FOIA Officer

Message

---

| | |
|---|---|
| **From**: | Kerwin, Courtney [Kerwin.Courtney@epa.gov] |
| **Sent**: | 6/29/2017 11:31:22 PM |
| **To**: | McGuire, Cathy [McGuire.Cathy@epa.gov] |
| **CC**: | Crawford, Tim [Crawford.Tim@epa.gov]; Whiting, Michael [Whiting.Mike@epa.gov]; Gottesman, Larry [Gottesman.Larry@epa.gov]; Scully, Carolyn [Scully.Carolyn@epa.gov] |
| **Subject**: | RE: Request for Assistance with Privacy Act Request |
| **Attachments**: | EPA Privacy Act related EPA-HQ-2017-008256.pdf |

Hi Cathy,

Reading the request, Mr. Chelmowski asked for "all FOIAonline records" for all of his "EPA FOIA requests".  There are no FOIAonline records maintained within FDMS.  Unless this request were to cover **all** records related to Mr. Chelmowski (which is not my read of the request), we do not have any records to provide.

If you need anything further from me, please let me know.

Thanks,
Courtney

---

**From:** McGuire, Cathy
**Sent:** Thursday, June 29, 2017 3:50 PM
**To:** Kerwin, Courtney <Kerwin.Courtney@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Crawford, Tim <Crawford.Tim@epa.gov>; Whiting, Michael <Whiting.Mike@epa.gov>; McGuire, Cathy <McGuire.Cathy@epa.gov>
**Subject:** Request for Assistance with Privacy Act Request

Courtney,

We recently received a request from Mr. James Chelmowski requesting all records pertaining to him from both the FOIAonline and EPA-GOVT-2 (recently changed to EPA-71 FDMS) systems.  It is my understanding that Larry Gottesman is currently checking the FOIAonline system for records based on a separate FOIA request.  I would referred to you to request a check for any records on Mr. Chelmowski in FDMS.

I have attached a copy of the original request and greatly appreciate your assistance with helping us comply with this Privacy Act request.  The response is due to Mr. Chelmowski on July 19th, would it be possible to get a response from you by July 12th with either a copy of the records pertaining to him or if there are none verification of this.

Thank you in advance.  If you have questions, please feel free to reach out to me at 919.541.4053.

Cathy

Cathy McGuire
OEI SharePoint Site Collection Administrator / OEI Liaison Privacy Official
OEI/OBOS/Information and Security Division
Mail code N-229-01
109 TW Alexander Drive
Durham, NC 27711

email: mcguire.cathy@epa.gov

(w) 919-541-4053
(cell) 919-885-3705

Message

| | |
|---|---|
| **From**: | Vanessa Lamb [Vanessa.Lamb@fcc.gov] |
| **Sent**: | 8/18/2016 3:08:15 PM |
| **To**: | Laurence Schecker [Laurence.Schecker@fcc.gov]; Gottesman, Larry [Gottesman.Larry@epa.gov]; Walter Boswell [Walter.Boswell@fcc.gov] |
| **CC**: | Hammitt, Jennifer [Hammitt.Jennifer@epa.gov]; Ryan Yates [Ryan.Yates@fcc.gov]; Stephanie Kost [Stephanie.Kost@fcc.gov]; Scott Noveck [Scott.Noveck@fcc.gov]; Susan Launer [Susan.Launer@fcc.gov]; Elizabeth Lyle [Elizabeth.Lyle@fcc.gov]; Joanne Wall [Joanne.Wall@fcc.gov]; Crawford, Tim [Crawford.Tim@epa.gov] |
| **Subject**: | RE: Subpoena |

Will do.

**From:** Laurence Schecker
**Sent:** Thursday, August 18, 2016 11:05 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

Please include Scott Noveck who is handling the Chelmowski litigation.

*** Not Public -- For Internal Use Only ***
*Please consider the environment before printing this email or attachments. Live Green!*

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 11:03 AM
**To:** Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

Vanessa,

Can you give me a call to discuss.

Larry F. Gottesman

202-566-2162 (Direct line)
202-689-4588 (Mobile)

**From:** Vanessa Lamb [mailto:Vanessa.Lamb@fcc.gov]
**Sent:** Thursday, August 18, 2016 11:00 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

Thanks Larry – Will the print case file produce everything sought in the subpoena?

Vanessa

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 10:32 AM
**To:** Walter Boswell <Walter.Boswell@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: Subpoena

I know Jennifer Hammitt, in EPA's OGC was planning to speak with the AUSA today. Jennifer can be reached on 202-564-5097.

Having taken a look at the subpoena, it appears this info can be obtained by the FCC from FOIAonline, without contractor support. I can provide you with any of my insight, if you desire.

If that is not the case and you need contractor support, please contact Tim Crawford on 202-566-1574 or by email.

Thanks


Larry F. Gottesman

202-566-2162 (Direct line)
202-689-4588 (Mobile)


**From:** Walter Boswell [mailto:Walter.Boswell@fcc.gov]
**Sent:** Thursday, August 18, 2016 10:13 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>; Ryan Yates <Ryan.Yates@fcc.gov>; Laurence Schecker <Laurence.Schecker@fcc.gov>; Stephanie Kost <Stephanie.Kost@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>; Scott Noveck <Scott.Noveck@fcc.gov>; Susan Launer <Susan.Launer@fcc.gov>; Elizabeth Lyle <Elizabeth.Lyle@fcc.gov>; Joanne Wall <Joanne.Wall@fcc.gov>
**Subject:** FW: Subpoena

HI Larry,

I'm sorry to hear that you've needed to be out of the office for a number of days due to family matters.  I'm hoping you can help us understand what needs to be done to meet the deadline of 5:00 PM today after just having received the subpoena from you this morning, and why the document production shouldn't be done by EPA (via your FOIA Online contractors) in coordination with FCC?  What are you expecting from our agency at this point?  Your assistance would be greatly appreciated.

Thanks,
Walt Boswell

---

**From:** Stephanie Kost
**Sent:** Thursday, August 18, 2016 9:48 AM
**To:** Walter Boswell <Walter.Boswell@fcc.gov>; Vanessa Lamb <Vanessa.Lamb@fcc.gov>
**Cc:** Benish Shah <Benish.Shah@fcc.gov>
**Subject:** FW: Subpoena

Hi All –

I just got off the telephone with Larry Gottesman at the EPA and they received the attached subpoena regarding Mr. Chelmowski.  I've left a message with Ryan and hoping to discuss with OGC.

Thanks,
Stephanie

---

**From:** Gottesman, Larry [mailto:Gottesman.Larry@epa.gov]
**Sent:** Thursday, August 18, 2016 9:39 AM
**To:** Stephanie Kost <Stephanie.Kost@fcc.gov>
**Subject:** FW: Subpoena

---

**From:** Gottesman, Larry
**Sent:** Thursday, August 18, 2016 9:39 AM
**To:** 'stephaniw.kost@fcc.gov' <stephaniw.kost@fcc.gov>
**Cc:** Hammitt, Jennifer <Hammitt.Jennifer@epa.gov>
**Subject:** Subpoena

Here is the subpoena.

Let us know if we can be of any assistance.

Larry F. Gottesman

202-566-2162 (Direct line)
202-689-4588 (Mobile)

**From:** Miller, Kevin
**Sent:** Thursday, August 18, 2016 9:02 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Subject:** FW:


Kevin Miller | US EPA | Office of General Counsel | 1200 Pennsylvania Ave., NW | WJC North, Mail Code 2377A | Washington DC 20460 | phone: (202) 564-2691

**From:** DC-WJCN-7454B-M@epa.gov [mailto:DC-WJCN-7454B-M@epa.gov]
**Sent:** Thursday, August 18, 2016 9:11 AM
**To:** Miller, Kevin <Miller.Kevin@epa.gov>
**Subject:**

Message

---

**From**: Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
(FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY]
**Sent**: 10/10/2017 5:32:44 PM
**To**: Pam Shenefiel [Shenefiel.Pam@epa.gov]
**Subject**: FW: FOIA Assignment for EPA-HQ-2017-009952

FYI—I think Wendy is evaluating.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:31 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

It his was a similar request to the request from [ **Ex. 6 Personal Privacy (PP)** ] then

Request was full denial based on Exemption 5.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Schumacher, Wendy
**Sent:** Tuesday, October 10, 2017 1:24 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Tim,

That's an one-size-fits-all letter.  Will records be produced? In full?  In part?

Wendy

---

**From:** Crawford, Tim
**Sent:** Tuesday, October 10, 2017 1:17 PM
**To:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Cc:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Sorry—this is the letter Kevin was proposing to use.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Monday, August 28, 2017 8:55 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy
<schumacher.wendy@epa.gov>; Gutshall, Renee <Gutshall.Renee@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hello,
Sorry for the delay, but I believe a signed memo from OEIP management, justifying the exemption, is needed. Templates
of the FOIA letter for response are http://intranet.epa.gov/foia/FOIA-letters.html.

I've attached what I believe is the correct template that should be signed. With the signed memo, I can be the second
reviewer for OEIP needed in the closeout process; or someone in OEIP can help assist me as my second reviewer in the
close process (preferably Pam Shenefiel or Wendy Schumacher).

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

---

**From:** Crawford, Tim
**Sent:** Tuesday, August 15, 2017 1:57 PM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Shenefiel, Pam
<shenefiel.pam@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy
<schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Kevin:
Wendy located the last request that we had gotten for copies of our training and user manuals which were denied in full
under Exemption 5.
Wendy provided the following details which can be used to respond and close out EPA-HQ-2017-009952.

The last request was from  | **Ex. 6 Personal Privacy (PP)** |

Request was full denial based on Exemption 5.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov

(o) 202.566.1574
(c) 202.603.8538

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,
I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.


*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*



**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952


You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81

FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.

- Assigned Comments: Attn: Tim Crawford

Message

---

**From**: Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
(FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY]
**Sent**: 10/2/2017 7:27:12 PM
**To**: Gottesman, Larry [Gottesman.Larry@epa.gov]
**Subject**: RE: URGENT -----FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952

I don't think it's a system issue.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Gottesman, Larry
**Sent:** Monday, October 02, 2017 3:25 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Moser, Rebecca <Moser.Rebecca@EPA.GOV>; Jones, Monica <Jones.Monica@epa.gov>; Byrd, Jonda
<byrd.jonda@epa.gov>
**Subject:** RE: URGENT -----FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952

Rebecca said we can talk about it tomorrow.


---

**From:** Crawford, Tim
**Sent:** Monday, October 02, 2017 3:11 PM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Moser, Rebecca <Moser.Rebecca@EPA.GOV>; Jones, Monica
<Jones.Monica@epa.gov>; Byrd, Jonda <byrd.jonda@epa.gov>
**Subject:** Re: URGENT -----FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952

It is not a system flaw. The system works as the requirement dictates.  The program needs to assign the proper person
the function of lead, and the return email can be set to the general email.

Sent from my iPhone

On Oct 2, 2017, at 3:08 PM, Shenefiel, Pam <shenefiel.pam@epa.gov> wrote:

> I see this as a serious flaw in the system.  I was not the decision maker for this action and is should not
> have gone out from my mailbox.  With all of the scrutiny around emails, I am being attributed with an
> action I did not take.

> ---

> **From:** Gottesman, Larry
> **Sent:** Monday, October 02, 2017 1:20 PM
> **To:** Shenefiel, Pam <shenefiel.pam@epa.gov>; Moser, Rebecca <Moser.Rebecca@EPA.GOV>; Jones,
> Monica <Jones.Monica@epa.gov>; Byrd, Jonda <byrd.jonda@epa.gov>
> **Cc:** Crawford, Tim <Crawford.Tim@epa.gov>
> **Subject:** RE: URGENT -----FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952

Pam, Please

After the reorganization, Ken Haywood/Lorena made you the lead for OEIP and accordingly the email address for all email communications from OEIP. Since this request was assigned to OEIP your email is the one the system uses. If you don't want to use your email address, please give us another one to use in the system.

We are unable to retract the communication, since appeal language was provided and the communication started the 90 day appeal window.

Hope you understand.


Larry F. Gottesman
Agency FOIA Officer

202-566-2162 (Direct line)
202-689-4588 (Mobile)


**From:** Shenefiel, Pam
**Sent:** Monday, October 02, 2017 12:30 PM
**To:** Moser, Rebecca <Moser.Rebecca@EPA.GOV>; Jones, Monica <Jones.Monica@epa.gov>; Byrd, Jonda <byrd.jonda@epa.gov>
**Cc:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Subject:** URGENT -----FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952
**Importance:** High

I NEVER SENT THE EMAIL BELOW. I HAVE NO IDEA HOW THIS WAS SENT OUT UNDER MY EMAIL ADDRESS. I REQUEST AN IMMEDIATE RETRACTION. THIS SHOULD NEVER HAVE BEEN SENT UNDER MY NAME. THE RECORD NEEDS TO BE SET STRAIGHT IMMEDIATELY

**From:** Jim Chelmowski   Ex. 6 Personal Privacy (PP)
**Sent:** Monday, October 02, 2017 11:15 AM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>; Gottesman, Larry <Gottesman.Larry@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Pruitt, Scott <Pruitt.Scott@epa.gov>; Earle, Judy <Earle.Judy@epa.gov>; Minoli, Kevin <Minoli.Kevin@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; privacy <privacy@epa.gov>; Williams, LaShawn <williams.lashawn@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>
**Cc:** Ex. 6 Personal Privacy (PP)
**Subject:** RE: FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952
**Importance:** High

Dear EPA

Please all EPA recipients confirm receipt as soon as you receive this email, including Mr. Gottesman, Mr. Minoli, Me. Pruitt, Mr. Fine, Mr. Miller, Ms. Shenefiel, Ms. Earle, Ms. Williams and Ms. Schumacher because this Simple FOIA request due on September 4, 2017 (as EPA classified this request on FOIAonline).

This FOIA request EPA-HQ-2017-9932 was filed and confirmed on July 30, 2017 (64 calendar days ago) well beyond the 20 business day requirement.

EPA's Ms. Pam Shenefiel denied the FOIA Expedited Processing on September 7, 2017 (28 business days after the July 30, 2017 request) again well past the FOIA required deadline.

Please provide FOIA responsive records immediately and explain in details the EPA massive delay for this Simple FOIA request and untimely response to denying the Expediting Process.

James Chelmowski

Ex. 6 Personal Privacy (PP)

<image001.jpg>

**From:** Shenefiel.pam@Epa.gov [mailto:Shenefiel.pam@Epa.gov]
**Sent:** Thursday, September 7, 2017 8:05 AM
**To:** Ex. 6 Personal Privacy (PP)
**Subject:** FOIA Expedited Processing Disposition Reached for EPA-HQ-2017-009952

Your request for Expedited Processing for the FOIA request EPA-HQ-2017-009952 has been denied. Additional details for this request are as follows:

- Request Created on: 07/30/2017
- Expedited Disposition Reason: Did not meet criteria
- Request Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.

Message

---

| | |
|---|---|
| **From**: | Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY] |
| **Sent**: | 8/28/2017 1:31:27 PM |
| **To**: | Gottesman, Larry [Gottesman.Larry@epa.gov] |
| **Subject**: | FW: FOIA Assignment for EPA-HQ-2017-009952 |
| **Attachments**: | Full-Grant-Partial-Grant-Ex5.docx |

I think a FOIA program contact should address--in case Wendy is not following—

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Monday, August 28, 2017 8:55 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>; Gutshall, Renee <Gutshall.Renee@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hello,
Sorry for the delay, but I believe a signed memo from OEIP management, justifying the exemption, is needed. Templates of the FOIA letter for response are http://intranet.epa.gov/foia/FOIA-letters.html.

I've attached what I believe is the correct template that should be signed. With the signed memo, I can be the second reviewer for OEIP needed in the closeout process; or someone in OEIP can help assist me as my second reviewer in the close process (preferably Pam Shenefiel or Wendy Schumacher).

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

---

**From:** Crawford, Tim
**Sent:** Tuesday, August 15, 2017 1:57 PM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>; OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: FOIA Assignment for EPA-HQ-2017-009952

Hi Kevin:
Wendy located the last request that we had gotten for copies of our training and user manuals which were denied in full under Exemption 5.
Wendy provided the following details which can be used to respond and close out EPA-HQ-2017-009952.

The last request was from Rachel Tackett.  Tracking number is EPA-HQ-2017-005482.

Request was full denial based on Exemption 5.


Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,
I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html.  Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.


*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*



**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952


You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952

- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.
- Assigned Comments: Attn: Tim Crawford

Message

---

| | |
|---|---|
| **From:** | Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY] |
| **Sent:** | 8/14/2017 12:27:20 PM |
| **To:** | Shenefiel, Pam [shenefiel.pam@epa.gov]; Cottrill, Edward [Cottrill.Edward@epa.gov] |
| **CC:** | Moser, Rebecca [Moser.Rebecca@EPA.GOV]; Jones, Monica [Jones.Monica@epa.gov]; Gottesman, Larry [Gottesman.Larry@epa.gov]; Schumacher, Wendy [schumacher.wendy@epa.gov] |
| **Subject:** | RE: FOIA Assignment for EPA-HQ-2017-009952 |

It should not be assigned to me—I may need a task to provide the manuals but the assignment of the case.
We had similar requests sent to system partners and I believe our OGC was reviewing the manuals to determine what a sanitized version would be appropriate for distribution.  I have a question out and expect to have follow today or tomorrow.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Shenefiel, Pam
**Sent:** Monday, August 14, 2017 8:16 AM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>; Cottrill, Edward <Cottrill.Edward@epa.gov>
**Cc:** Moser, Rebecca <Moser.Rebecca@EPA.GOV>; Jones, Monica <Jones.Monica@epa.gov>
**Subject:** FW: FOIA Assignment for EPA-HQ-2017-009952

Tim,

Please confirm that this should be assigned to you.  Thanks.

---

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,
I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.

**Kevin Haywood**
**Resource & Program Management Division**
**OEI-OBOS-RPMD**
**Work: 202-564-6668**
**Fax: 202-565-2441**

**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952


You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.
- Assigned Comments: Attn: Tim Crawford

Message

| | |
|---|---|
| **From:** | Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY] |
| **Sent:** | 8/14/2017 12:01:54 PM |
| **To:** | Schumacher, Wendy [schumacher.wendy@epa.gov] |
| **CC:** | Gottesman, Larry [Gottesman.Larry@epa.gov] |
| **Subject:** | FW: FOIA Assignment for EPA-HQ-2017-009952 |
| **Attachments:** | EPA-HQ-2017-009952 (request details).pdf; EPA FOIA request 7-30-17.pdf; SORN EPA-9.pdf |

Hi Wendy:

I'm not sure if the attached requester is the same person that filed a similar request to several of our partner agencies, but they are asking form FOIAonline user manuals and I believe our OGC was reviewing the content of those documents to prepare a response with a "sanitized" version.  Are you familiar with that?

--thanks

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Haywood, Kevin
**Sent:** Friday, August 11, 2017 3:47 PM
**To:** OEI-OEIP-IO <OEI-OEIP-IO@epa.gov>; Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Sabbagh, Bill <sabbagh.bill@epa.gov>; Standifer, Juanita <Standifer.Juanita@epa.gov>
**Subject:** FYI: FOIA Assignment for EPA-HQ-2017-009952

Hello,

I sent the FOIA Assignment for EPA-HQ-2017-009952 (through FOIAOnline) to OEI-OEIP as lead action office. Note there is an attention to the Tim Crawford who may be able to assist. As a courtesy I am providing the request details, found in FOIAonline.

For template letters to assist in properly preparing your signed response, please refer to the following link: http://intranet.epa.gov/foia/FOIA-letters.html. Also the following link provides the nine exemptions than can apply in a particular case which disqualify the allowance of certain records: http://intranet.epa.gov/foia/exemptions.html.

Let me know if you have any questions or concerns, or if a request for reassignment is needed. Without a reassignment, OEI-OEIP will be expected to close this FOIA out in FOIAonline as the "lead action office." Thanks.

*Kevin Haywood*
*Resource & Program Management Division*
*OEI-OBOS-RPMD*
*Work: 202-564-6668*
*Fax: 202-565-2441*

**From:** foia@regulations.gov [mailto:foia@regulations.gov]
**Sent:** Friday, August 04, 2017 9:15 AM
**To:** Haywood, Kevin <haywood.kevin@epa.gov>
**Subject:** FOIA Assignment for EPA-HQ-2017-009952

You have been assigned to the FOIA request EPA-HQ-2017-009952. Additional details for this request are as follows:

- Assigned By: Linda F. Person
- Request Tracking Number: EPA-HQ-2017-009952
- Due Date: 09/01/2017
- Requester: James Chelmowski
- Request Track: Simple
- Short Description: N/A
- Long Description: See Attached files FOIA request and SORN for EPA-9 Description below: EPA Tim Crawford System Manager for EPA-9 FOIAonline or his staff to provide the FOIAonline administrator and user manuals. (see Federal Register pages 81 FR 81096-81098 which is attached) The Manuals must be complete include all capabilities including printing, reporting and exporting features. It must also include all fields, record types and processing information and file storage like attachments, documents, notes, etc. The following are excerpts from the attached SORN for EPA-9 from the Federal Register 81 FR 81096-81098 SUMMARY: The FOIA Request and Appeal File system of records is being amended to include all information and data elements that are being collected by the Environmental Protection Agency (EPA) and participating agencies as it relates to FOIA requests, appeals and responses. SUPPLEMENTARY INFORMATION: The Freedom of Information Act (FOIA) Request and Appeal File (EPA–9) system contains a copy of each FOIA request and appeal received by the EPA and a copy of all correspondence related to the request, including name, affiliation address, telephone numbers, and other information about a requester. FOIAonline is managed and used by the EPA and other agencies to process, track and respond to FOIA requests and appeals. SYSTEM MANAGER(S): Tim Crawford, crawford.tim@epa.gov, U.S. EPA, Office of Environmental Information, MC 2822T, 1200 Pennsylvania Ave. NW., Washington, DC 20460.
- Assigned Comments: Attn: Tim Crawford

Message

---

| | |
|---|---|
| **From**: | Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY] |
| **Sent**: | 11/1/2018 1:49:11 PM |
| **To**: | Gottesman, Larry [Gottesman.Larry@epa.gov]; Shenefiel, Pam [shenefiel.pam@epa.gov] |
| **CC**: | Schumacher, Wendy [schumacher.wendy@epa.gov] |
| **Subject**: | RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday! |
| **Attachments**: | Chelmowski 10-18.docx |

How should we do this?
thanks

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Gottesman, Larry
**Sent:** Thursday, November 01, 2018 9:45 AM
**To:** Shenefiel, Pam <shenefiel.pam@epa.gov>
**Cc:** Crawford, Tim <Crawford.Tim@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** FW: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Importance:** High

As you can see Mr. Chelmowski stated that he did not receive OEIP's final response letter.  I checked the correspondence section of FOIAonline and did not see it also. Can you please provide Mr. Chelmowski with the signed letter and have it added to the FOIAonline case file.

Thanks

Larry F. Gottesman
Agency FOIA Officer
Office of General Counsel
U.S. Environmental Protection Agency

202-566-2162 (Direct line)
202-689-4588 (Mobile)
202-566-1667 (Main line)

---

**From:** jchelmowski@comcast.net [mailto:jchelmowski@comcast.net]
**Sent:** Thursday, November 01, 2018 9:39 AM

**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Wheeler, Andrew <wheeler.andrew@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Collins, Kevin W. <Collins.Kevin@epa.gov>; Lange, Kristen <lange.kristen@epa.gov>; Hanger, Eric <Hanger.Eric@epa.gov>; Sheehan, Charles <Sheehan.Charles@epa.gov>; OIP.ComplianceInquiry@usdoj.gov; OIG WEBCOMMENTS <OIG_WEBCOMMENTS@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; Criminal.Division@usdoj.gov; Leopold, Matt (OGC) <Leopold.Matt@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>; Albright, Scott <Albright.Scott@epa.gov>; Sandfoss, Kristina <Sandfoss.Kristina@epa.gov>; Packard, Elise <Packard.Elise@epa.gov>; Miller, Tia <Miller.Tia@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Importance:** High

Mr. Gottesman, EPA FOIA Public Liaison and EPA FOIA Officer

Please explain why now 2 days after the EPA closed the FOIA request EPA-HQ-2018-9451 with a final disposition of "Partial Grant/Partial Denial". The EPA refuses to comply with Federal Law and continue to deny my rights as a United States Citizen?

Why is the EPA denying my legal rights including but not limited to the following:
1) EPA providing my right to Appeal this Adverse Decision 5 USC 552(a)(6)(A)(i)(III)(aa).
2) EPA providing notice my right to dispute mediation with either the OGIS or EPA FOIA Public Liaison 5 USC 552(a)(6)(A)(i)(III)(bb).
3) What legal authority the EPA has to withhold these FOIA responsive records?
4) What responsive records were withheld?
5) How the EPA conducted its search for the following:

FOIA EP-HQ-2018-9451 Request description: I request copies of the following records for the new FOIAonline Version 3 including ALL **FOIAonline version 3 instructional communications (emails, memos, letters, etc.) and FOIAonline version 3 manuals for FOIAonline Administrators, Agencies' Administrator and Agencies' Users**. See the *attached EPA's FOIA EPA-HQ-2017-9952 determination that "The records you are seeking are internal and are being protected pursuant to Exemption 5 USC 552 (b)(5)." and EPA's FOIA EPA-HQ-2017-9952 Appeal determination to "COMPLETELY REVERSE/REMAND" that EPA records seeking were NOT PROTECTED FOIA exemption 5 because the records were internal EPA records...*

**EPA FOIA Public Liaison emails responses of getting back in the next week apparently mean never or months or years in the past.**

You responded a day latter stated "Thanks you for your email. Let me look into the matter and get back to you." Email is in this email chain.
I am still waiting from you including going back to 11 months ago on November 1, 2017 when you said a similar email response to the email with the Subject: "Fifth Request for DETAIL and LEGALITY of EPA demanded FOIA fee (first request a month ago) for appeal #EPA-HQ-2017-009953"

**EPA Legal Responsibility**
How long does it take to provide the FOIA Response Determination that was allegedly completed on October 30, 2018, pursuant to Federal Law 5 USC 552(a)(6)(A)(i)?

In the past the EPA FOIA Public Liaison provided emails similar emails thanking the FOIA Public Liaison and FOIA Officer for identifying my request for *assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes. See 5 U.S.C § 552(l).*

However, for example, I am still waiting for the FOIA Public Liaison response including but not limited to the following:

1) On December 1, 2017, Mr Gottesman email a response "Thanks you for your email reminder. I will get back to you next week." for email Subject: "Fifth Request for DETAIL and LEGALITY of EPA demanded FOIA fee (first request a month ago) for appeal #EPA-HQ-2017-009953"
**It is now 335 days and the EPA FOIA Public Liaison never got back on that request.**

2) On August 10, 2018, Mr Gottesman email a response "Thanks you for your email. I will get back to you next week." for email **Subject:** "Again More Past Due FOIA/PA Requests & Appeals due earlier this week apparently more counts of Obstruction of Evidence"
**It is now 83 days and the EPA FOIA Public Liaison never got back on that request.**

3) …

**Please provide me my rights and the EPA responsibilities under Federal Law.**

**The EPA should immediately provide the FOIA determination letter and details of all the withheld FOIA responsive records with the actual number of documents and pages the EPA is withholding with reasons for EPA "Partial Grant/Partial Denial" withholding these responsive records.** The EPA must comply with the FOIA Federal Law and provide my rights to Appeal this Request. Under Federal law, the EPA when they receive my FOIA Appeal for the illegally withheld responsive records for this FOIA request, then the EPA must provide a determination of my FOIA Appeal within 20 business days, too.

Also, **the EPA should be required to comply with Federal Law and deadlines on all my FOIA and Privacy Requests and Appeals! The EPA is not above the law and I have rights all my FOIA and Privacy Act responsive records as a US Citizen.** It should not be required take **a US District Court Order for the EPA, EPA staff and even the EPA FOIA Public Liaison comply with Federal Law and the EPA's legal nondiscretionary duties to produce all my FOIA and Privacy Act responsive records.**

As you know, FOIA law requires that the agency makes the records "promptly available," which would mean within a few weeks, not months or years. 5 U.S.C.§ 552(a)(3)(A), (a)(6)(C)(i). see *Citizens for Resp. and Ethics v. Federal Election Commission*, 12-004 (D.C.C. 2013); *"FOIA Public Liaisons … shall serve as supervisory officials to whom a [FOIA] requester . . . can raise concerns about the service the requester has received from the FOIA Requester Center, following an initial response from the FOIA Requester Center Staff. **FOIA Public Liaisons shall be responsible for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes."** 5 U.S.C § 552(l).*

Sincerely,

James Chelmowski
FOIA Requester

---

**From:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Sent:** Wednesday, October 31, 2018 8:23 AM
**To:** Jim Chelmowski <jchelmowski@comcast.net>
**Subject:** RE: No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!

Thanks you for your email.  Let me look into the matter and get back to you.

Larry F. Gottesman
Agency FOIA Officer
Office of General Counsel

U.S. Environmental Protection Agency

202-566-2162 (Direct line)
202-689-4588 (Mobile)
202-566-1667 (Main line)

---

**From:** Jim Chelmowski [mailto:jchelmowski@comcast.net]
**Sent:** Wednesday, October 31, 2018 1:09 AM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>; Wheeler, Andrew <wheeler.andrew@epa.gov>; Fine, Steven <fine.steven@epa.gov>; Collins, Kevin W. <Collins.Kevin@epa.gov>; Lange, Kristen <lange.kristen@epa.gov>; Hanger, Eric <Hanger.Eric@epa.gov>; Sheehan, Charles <Sheehan.Charles@epa.gov>; OIP.ComplianceInquiry@usdoj.gov; OIG WEBCOMMENTS <OIG_WEBCOMMENTS@epa.gov>; FOIA HQ <FOIA_HQ@epa.gov>; Criminal.Division@usdoj.gov
**Cc:** Leopold, Matt (OGC) <Leopold.Matt@epa.gov>; Miller, Kevin <Miller.Kevin@epa.gov>; Albright, Scott <Albright.Scott@epa.gov>; Sandfoss, Kristina <Sandfoss.Kristina@epa.gov>; Packard, Elise <Packard.Elise@epa.gov>; Miller, Tia <Miller.Tia@epa.gov>; Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** No Determination Letter for Closed FOIA Request # EPA-HQ-2018-9451 with "Partial Grant/Partial Denial" final disposition or Required by Federal Law Right Appeal the EPA Adverse Decision with numerous records withheld in its entirety yesterday!
**Importance:** High

Dear EPA FOIA Liaison & FOIA Officer Larry Gottesman, EPA Administrator Andrew Wheeler, EPA Inspector General and Department of Justice,

**I received NO COMMUNICATIONS for the EPA Closed FOIA request EPA-HQ-2018-9451** with a closed final FOIA disposition "Partial Grant/Partial Denial". The EPA only closed the FOIA request yesterday and withheld numerous FOIA responsive records. it appears it might have been intentional not to communicate the FOIA adverse determination response, no right to appeal the adverse determination, uploaded only two responsive records and provided no **legal authority** for withholding numerous responsive records to me based on my documented previous FOIA and Privacy Act requests communications with the EPA, communications with the EPA FOIA Liaison and the EPA FOIA Public Liaison apparently refusing and/or ignoring his legal duty and *responsibility for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes. See 5 U.S.C § 552(l).*

**The EPA provided no emailed or no uploaded to FOIAonline any determination letter for FOIA EPA-HQ-2018-9451 "Partial Grant/Partial Denial" final disposition and provided NO Right to Appeal this EPA Adverse Determination. Again, the EPA did not comply with Federal Law for my FOIA requests. Apparently, the EPA and its staff believe they are above the law, and I have no rights as US Citizen!**

The EPA and its staff refused to comply with Federal Law in the numerous past requests including but not limited to the EPA refusing to provide any FOIA responsive records in another FOIA with a "Fully Granted" final disposition for FOIA and Privacy Act EPA-HQ-2018-9113 request on August 28, 2018.

I was forced to appeal this response to try to get those records of "Fully Granted" FOIA and Privacy Act request response on September 7, 2018, because the EPA and EPA FOIA Liaison refused to provide any FOIA responsive records for a "Fully Granted" disposition as required by Federal Law. **I might be the only person required to Appeal "Fully Granted" FOIA disposition and still not get any FOIA and Privacy Act responsive records in a "Fully Granted" FOIA request.** The deadline for the EPA to provide that FOIA Appeal decision was October 5, 2018, 25 days ago and again the EPA, EPA staff and even the EPA FOIA Public Liaison will not comply with the Federal law and not provide these FOIA responsive records and not provide responsive records for many other of my FOIA and Privacy Act requests!

**Now, this is a new EPA scheme to illegally withhold numerous FOIA responsive records**. It appears the EPA has a total disregarded of the Federal laws and US citizen's rights.  The EPA refuses to comply with the Federal law on my FOIA and Privacy Act requests!

> **The EPA closed FOIA request # EPA-HQ-2018-9451 yesterday according to FOIAonline.  This FOIA request was filed on July 20, 2018, it took the EPA 101 days to respond to this request and was over 70 days late according to Federal Law. Never requesting an extension or any other other required communication. See a summary of the FOIA request below:**

FOIA EP-HQ-2018-9451 Request description: I request copies of the following records for the new FOIAonline Version 3 including **ALL FOIAonline version 3 instructional communications (emails, memos, letters, etc.) and FOIAonline version 3 manuals for FOIAonline Administrators, Agencies' Administrator and Agencies' Users**. See the *attached EPA's FOIA EPA-HQ-2017-9952 determination that "The records you are seeking are internal and are being protected pursuant to Exemption 5 USC 552 (b)(5)." and EPA's FOIA EPA-HQ-2017-9952 Appeal determination to "COMPLETELY REVERSE/REMAND" that EPA records seeking were NOT PROTECTED FOIA exemption 5 because the records were internal EPA records…*

**The EPA did not provide its FOIA response determination and reasons the EPA withheld many FOIA responsive records in its entirety. See the EPA only uploaded 2 files on FOIAonline and withheld numerous responsive files without providing the legal authority to withhold these responsive records see a screenshot from the EPA's FOIAonline below:**



See all the EPA communications for this request with the final disposition "Partial Grant/Partial Denial" and no required communication for being over 70 days past statutory deadline, see a **screenshot from the EPA's FOIAonline below**:

EPA-HQ-2018-009451 Request Details





The EPA-HQ-2018-009451 has been processed with the following final disposition: Partial Grant/Partial Denial
RE_ FOIA Tracking Number Change for request EPA-HQ-2018-009451 (to EPA-HQ-2018-009451).pdf
Reply

**The EPA should immediately provide the FOIA determination letter and details of all the withheld FOIA responsive records with the actual number of documents and pages the EPA is withholding with reasons for EPA "Partial Grant/Partial Denial" withholding these responsive records.** The EPA must comply with the FOIA Federal Law and provide my rights to Appeal this Request. Under Federal law, the EPA when they receive my FOIA Appeal for the illegally withheld responsive records for this FOIA request, then the EPA must provide a determination of my FOIA Appeal within 20 business days, too.

Also, **the EPA should be required to comply with Federal Law and deadlines on all my FOIA and Privacy Requests and Appeals! The EPA is not above the law and I have rights all my FOIA and Privacy Act responsive records as a US Citizen.** It should not be required take **a US District Court Order for the EPA, EPA staff and even the EPA FOIA Public Liaison comply with Federal Law and the EPA's legal non discretionary duties to produce all my FOIA and Privacy Act responsive records.**

As you know, FOIA law requires that <u>the agency makes the records "promptly available,"</u> which would mean within a few weeks, not months or years. 5 U.S.C.§ 552(a)(3)(A), (a)(6)(C)(i). see *Citizens for Resp. and Ethics v. Federal Election Commission*, 12-004 (D.C.C. 2013); *"FOIA Public Liaisons … shall serve as supervisory officials to whom a [FOIA] requester . . . can raise concerns about the service the requester has received from the FOIA Requester Center, following an initial response from the FOIA Requester Center Staff. **FOIA Public Liaisons shall be responsible for assisting in reducing delays, increasing transparency and understanding of requests' current status, and assisting in the resolution of disputes."** 5 U.S.C § 552(l).*

Sincerely,

James Chelmowski
FOIA Requester

Message

---

**From**: Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
(FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY]
**Sent**: 10/18/2018 6:34:30 PM
**To**: Whiting, Michael [Whiting.Mike@epa.gov]
**Subject**: foia letter
**Attachments**: Chelmowski 10-18.docx

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

Message

| | |
|---|---|
| **From**: | Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY] |
| **Sent**: | 10/18/2018 3:40:11 PM |
| **To**: | Whiting, Michael [Whiting.Mike@epa.gov] |
| **Subject**: | can you please print |
| **Attachments**: | Full-Grant-Partial-Grant-Ex5 Chelmowski.docx |

I think I need to print this on letterhead, have you sign, then scan it and send back to me

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

Mr. James Chelmowski

Ex. 6 Personal Privacy (PP)

Re: Freedom of Information Act Request No. EPA-HQ-2018-009451

Dear Mr. Chelmowski:

This letter is in reference to your Freedom of Information Act (FOIA) request received by the U.S. Environmental Protection Agency on July 11, 2018, in which you requested records relating to copies of the following records for the new FOIAonline Version 3 including ALL FOIAonline version 3 instructional communications (emails, memos, letters, etc.) and FOIAonline version 3 manuals for FOIAonline Administrators, Agencies' Administrator and Agencies' Users.

The Office of Environmental Information has concluded its search for records responsive to your request and is providing 2 user manuals for FOIAonline 3.0. A third manual is being withheld pursuant to 5 U.S.C. § 552(b)(5), is exempt from disclosure because they are pre-decisional and deliberative.

This letter concludes our response to your request.  You may appeal this response by email at hq.foia@epa.gov, or by mail to the National Freedom of Information Office, U.S. EPA, 1200 Pennsylvania Avenue, N.W. (2310A), Washington, DC 20460 (U.S. Postal Service Only). Only items mailed through the United States Postal Service may be delivered to 1200 Pennsylvania Avenue, N.W. Suite 5315, Washington, DC 20004. Your appeal must be made in writing, and it must be received no later than 90 calendar days from the date of this letter. The Agency will not consider appeals received after the 90 calendar day limit. Appeals received after 5:00 pm EST will be considered received the next business day. The appeal letter should include the FOIA tracking number listed above. For quickest possible handling, the subject line of your email, the appeal letter, and its envelope, if applicable, should be marked "Freedom of Information Act Appeal." Additionally, you may seek resolution services from EPA's FOIA Public Liaison at hq.foia@epa.gov or (202)566-1667, or from the Office of Government Information Services (OGIS). You may contact OGIS in any of the following ways: by mail, Office of Government Information Services, National Archives and Records Administration, Room 2510, 8610 Adelphi Road, College Park, MD 20740-6001; e-mail, ogis@nara.gov; telephone, 202-741-5770 or 1-877-684-6448; and facsimile, 202-741-5769.

If you have any questions concerning this response please contact Tim Crawford at Crawford.tim@epa.gov.

Sincerely,

Michael Whiting, Acting Director
eRulemaking and FOIAonline Division
Office of Environmental Information

Message

**From**: Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
(FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY]
**Sent**: 5/3/2018 7:31:00 PM
**To**: Whiting, Michael [Whiting.Mike@epa.gov]
**Subject**: FOIA Request EPA-HQ-2018-005667--for support contract

Hi Mike:
Just got the tracking number for the request asking for documentation of the FOIAonline support contract.
Its from a frequent requester, James Chelmowski—he's not part of an organization or business, but submits requests to
the agency—and I think other agencies VERY frequently.
Seems to just want to tie us up responding.  Don't think there is any other motivation.

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

Message

---

**From**:        Crawford, Tim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
                (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=CD294B9EADFE4ADC8134BC283585C5B4-CRAWFORD, TIMOTHY]
**Sent**:        3/19/2018 4:47:00 PM
**To**:          Gottesman, Larry [Gottesman.Larry@epa.gov]
**Subject**:    RE: James Chelmowski EPA-HQ-2018-004357

thx

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Gottesman, Larry
**Sent:** Monday, March 19, 2018 12:06 PM
**To:** Crawford, Tim <Crawford.Tim@epa.gov>
**Cc:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: James Chelmowski EPA-HQ-2018-004357

Ok

---

**From:** Crawford, Tim
**Sent:** Monday, March 19, 2018 12:02 PM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** RE: James Chelmowski EPA-HQ-2018-004357

I'm going to reassign this to Larry to decide how to close.



Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538

---

**From:** Crawford, Tim
**Sent:** Monday, March 05, 2018 2:03 PM
**To:** Gottesman, Larry <Gottesman.Larry@epa.gov>
**Cc:** Schumacher, Wendy <schumacher.wendy@epa.gov>
**Subject:** James Chelmowski EPA-HQ-2018-004357

Hi Larry/Wendy:

I've gotten the attached training materials that CGI uses to train agencies in response to Mr. C's request noted above.  I've tried to load the file and it will not take.  I've reported to the help desk, but there may be something with the particular file.  I've successfully loaded a Word file as a test so not sure it will work.  We may need to send it to him externally.

On a related note, Scott Albright and I were discussing another request from Mr. C for agency and public user guides.  I mentioned our discussion about the partner's investment in the system and thought you had suggested possible use of an exemption 5 cite, but he was not sure it would fly.  I expect a determination would apply this document as well.

I committed to sending him a few bullets for his consideration, and will include you on the points I can think of—he is trying to wrap up this week, so I expect if no exemptions are used, we can just send him the attached directly.

Good?
-thanks

ED_004848_00000295-00002

Tim Crawford, FOIAonline Program Manager
Office of Enterprise Information Programs
Environmental Protection Agency
crawford.tim@epa.gov
(o) 202.566.1574
(c) 202.603.8538